# EXHIBIT B

1  GLORIA ALLRED SBN 65033
    NATHAN GOLDBERG SBN 62192
2  CHRISTINA CHEUNG, SBN 280148
    LAW OFFICES
3  **ALLRED, MAROKO & GOLDBERG**
    SUITE 1500
4  6300 WILSHIRE BOULEVARD
    LOS ANGELES, CALIFORNIA 90048-5217
5  . Telephone No. (323) 653-6530
    Fax No. (323) 653-1660
6
    **Attorneys for** Plaintiff, **JANE DOE**
7

FILED
Superior Court of California
County of Los Angeles

JAN 0 2 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
        Raul Sanchez

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF LOS ANGELES

10

| | | |
|---|---|---|
| JANE DOE, an Individual, | ) | CASE NO:  BC683411 |
| | ) | [Assigned to Hon. Gail Feuer |
| | ) | Dept. No. 78] |
| Plaintiff, | ) | |
| | ) | **FIRST AMENDED COMPLAINT** |
| vs. | ) | **FOR DAMAGES** |
| | ) | |
| THE WEINSTEIN COMPANY LLC, a | ) | 1.   SEXUAL BATTERY IN |
| Corp.; THE WEINSTEIN COMPANY | ) |      VIOLATION OF CAL. CIV. |
| HOLDINGS LLC, a Corp.; HARVEY | ) |      CODE § 1708.5 |
| WEINSTEIN, an individual;  and DOES 1 | ) | |
| through 25, inclusive, | ) | 2.   GENDER VIOLENCE IN |
| | ) |      VIOLATION OF CAL. CIV. |
| Defendants. | ) |      CODE § 52.4 |
| | ) | |
| | ) | 3.   BATTERY |
| | ) | |
| | ) | 4.   ASSAULT |
| | | |
| | | 5.   NEGLIGENCE |
| | | |
| | | 6.   NEGLIGENT RETENTION |
| | |      OR SUPERVISION |

                              **JURY TRIAL DEMAND**

25  Plaintiff hereby alleges as follows:

26                          **GENERAL ALLEGATIONS**

27      1.      Plaintiff **JANE DOE** ("Plaintiff" or "Doe"), at all relevant times mentioned herein,

28  and currently, resides in the County of Los Angeles, State of California.

1

1    2.    Plaintiff is informed and believes, and based thereon alleges that Defendant **THE**

2  **WEINSTEIN COMPANY LLC** (hereinafter "Weinstein Co.") is now and at all relevant times a

3  corporation or other form of legal entity doing business in the County of Los Angeles, State of

4  California.

5    3.    Plaintiff is informed and believes, and based thereon alleges that Defendant **THE**

6  **WEINSTEIN COMPANY HOLDINGS, LLC** (hereinafter "Weinstein Co. Holdings") is now

7  and at all relevant times a corporation or other form of legal entity doing business in the County of

8  Los Angeles, State of California.

9    4.    **DEFENDANT WEINSTEIN CO. HOLDINGS** and **DEFENDANT**

10 **WEINSTEIN CO.**  hereinafter shall be collectively referred to as  "the Companies."

11   5.    Plaintiff is informed and believes, and based thereon alleges that at all relevant

12 times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling

13 shareholder, subsidiary, affiliate, parent corporation, successor in interest, and/or predecessor in

14 interest of some or all of the other Defendants, and was engaged with some or all of the other

15 Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the

16 other Defendants so as to be liable for their conduct with respect to the matters alleged below.

17   6.    Plaintiff is informed and believes, and based thereon alleges that each Defendant

18 acted pursuant to and within the scope of the relationships alleged above, that each Defendant

19 knew or should have known about, and authorized, ratified, adopted, approved, controlled, and

20 aided and abetted the conduct of all other Defendants.

21   7.    Plaintiff is informed and believes, and based thereon alleges that at all relevant

22 times, the Companies are joint ventures in that each business combined their property, skill or

23 knowledge with intent to carry out a single business undertaking, each has an ownership interest in

24 the business, they have joint control over the business even if they agreed to delegate control, and

25 they have agreed to share the profits and losses of the business and that together, at all relevant

26 times herein, the Companies regularly conducted business in California in the production of films.

27   8.    Plaintiff is informed and believes, and based thereon alleges that Defendant

28 **HARVEY WEINSTEIN** (hereinafter "Weinstein") is an individual who at all relevant times

1  herein, is a resident of the County of New York who regularly came to this County to conduct

2  business.

3          9.      Venue properly lies in this county in that all Defendants regularly conduct business

4  in this county and that the conduct described herein were committed in this county.

5         10.     The true names and capacities, whether individual, corporate, partnership, associate

6  or otherwise, of Defendants sued herein as DOES 1 through 25, inclusive, are currently unknown

7  to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and

8  believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is

9  legally responsible in some manner for the events and happenings referred to herein, and caused

10  injury and damage proximately thereby to Plaintiff as hereinafter alleged.  Plaintiff will seek leave

11  of court to amend this Complaint to show the true names and capacities of the Defendants

12  designated herein as DOES when the same have been ascertained.  Whenever in this complaint

13  reference is made to "Defendants," such allegation shall be deemed to mean the acts of Defendants

14  acting individually, jointly, and/or severally.

15         11.     Except as hereinafter specifically described, Defendants and each of them, are and

16  were the agents and/or employees of the other Defendants, and in acting as described herein were

17  acting within the scope of their authority or employment as agents and/or employees thereof, and

18  with the permission and consent of the other Defendants.

19         12.     In late 2011, Plaintiff met Defendant Weinstein at a party that Defendants were

20  hosting at the Chateau Marmont.  Plaintiff was an actress and informed Weinstein of the same

21  when she was introduced to him at the event.  Upon learning that Plaintiff was an actress,

22  Weinstein offered to assist her with her acting career and requested her telephone number.  She

23  obliged.

24         13.     Over the next few years, Weinstein invited Plaintiff to attend awards show parties

25  that the Defendants hosted and maintained regular communication with Plaintiff every few months

26  thereafter.

27         14.     In late 2015, Plaintiff met Weinstein at the Montage Hotel in Beverly Hills,

28  California to discuss a prospective acting job on a television show called "Marco Polo" as well as

3

1   acting in two to three other projects.  At some point, he said he wanted to masturbate in front of

2   her.  Plaintiff told Weinstein that she did not want him to masturbate in front of her.  Weinstein

3   told her that he would not touch her, but "only" wanted her to watch him.  Despite her telling

4   Weinstein "no," Weinstein proceeded to grip her wrist with one hand while using the other to

5   masturbate in front of her until completion.

6       15.     In early spring of 2016, Weinstein contacted Plaintiff again to meet with him at the

7   Montage Hotel in Beverly Hills to celebrate her upcoming role in Marco Polo giving her the

8   impression that she had been chosen for the part.  Plaintiff agreed.  At some point, Weinstein

9   excused himself and returned wearing a bathrobe.  Before Plaintiff could leave, Weinstein grabbed

10  her and pulled her into the bedroom.  Plaintiff told Weinstein that she did not want to do anything

11  sexual with him.  He forcefully threw Plaintiff onto the bed.  He pulled down her jeans and started

12  to orally copulate her.  Plaintiff pushed Weinstein's head off of her and told him, "Stop!"

13  Weinstein then used his massive weight and strength to force himself on her, pushing his penis

14  inside of her vagina without a condom.  After he withdrew, he gripped her with one hand while

15  using his other hand to masturbate.  Plaintiff finally broke free from his grasp and immediately left

16  the bedroom and suite.

17      16.     Weinstein contacted her thereafter and acted as if nothing had happened.  He told

18  her he was coming to Los Angeles.  Plaintiff swore at him and hung up the phone.

19      17.     Plaintiff never received a job offer for the Marco Polo project even though she had

20  been previously told that she would be a perfect addition for the show.  Nor did she receive any

21  offers for other projects that Weinstein had discussed with her.

22      18.     Prior to the incidents involving Plaintiff, the Companies' executives, officers,

23  directors, managing agents, and employees had actual knowledge of Weinstein's repeated acts of

24  sexual misconduct with women.  In particular, the Companies were aware of Weinstein's pattern

25  of using his power and the promise of procuring jobs to coerce and force actresses to engage in

26  sexual acts with him.

27      19.     Based upon information and belief, the Companies were aware of multiple claims

28  of sexual misconduct against Weinstein, which were settled prior to the initiation of litigation.

4

FIRST AMENDED COMPLAINT FOR DAMAGES

20.     Based upon information and belief, the Companies' knowledge of multiple claims of sexual misconduct against Weinstein is evidenced in their 2015 employment contract with Weinstein.  The contract with Weinstein states that if Weinstein is sued for sexual harassment or other "misconduct" that results in a settlement or judgment against the Companies, Weinstein must reimburse the Companies for such settlements or judgments and that Weinstein must pay the Companies liquidated damages of $250,000 for the first such instance, $500,000 for the second such instance, $750,000 for the third such instance, and $1,000,000 for each additional instance. Moreover, the contract states that as long as Weinstein pays, it constitutes a "cure" for the misconduct and the Companies can take no further action against Weinstein, such as terminating him.

21.     Plaintiff further alleges that the Companies and DOES 1-25 are strictly liable for Defendant Weinstein's actions under the principles of respondeat superior, as alleged herein, and had advance knowledge that Defendant Weinstein would engage in this despicable conduct while acting within the scope of his employment and by their actions and inactions ratified, authorized and condoned this unlawful behavior.

22.     As a direct and proximate result of Defendants' unlawful conduct as alleged hereinabove, Plaintiff has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, and economic harm, all in an amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

23.     The aforementioned conduct by Defendants was willful, wanton, and malicious.  At all relevant times, Defendants acted with conscious disregard of the Plaintiff's rights and feelings. Defendants also acted with the knowledge of or with reckless disregard for the fact that their conduct was certain to cause injury and/or humiliation to the Plaintiff.  Plaintiff is further informed and believes that Defendants intended to cause fear, physical injury and/or pain and suffering to the Plaintiff.  By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary damages from Defendants according to proof.

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit B - Page 15

**FIRST CAUSE OF ACTION**

**(Sexual Battery in Violation of Cal. Civ. Code § 1708.5 Against All Defendants)**

24.     Plaintiff repeats and realleges by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

25.     Cal. Civ. Code Section 1708.5(a) provides: A person commits a sexual battery who does any of the following: (1) acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results. (2) Acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results. (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

26.     Cal. Civ. Code Section 1708.5(d) defines "intimate part" as the sexual organ, anus, groin, or buttocks of any person, or the breast of a female.

27.     Cal. Civ. Code Section 1708.5(f) defines "offensive contact" to mean contact that offends a reasonable sense of personal dignity.

28.     Plaintiff alleges that Defendant Weinstein committed the act of civil sexual battery in violation of Cal. Civ. Code  Section 1708.5, when on or about early 2016, Defendant, willfully, maliciously, intentionally, and without the consent of Plaintiff subjected her to the forceful, harmful and/or offensive touching of Plaintiff's breasts, buttocks, and/or vagina, including viciously raping her by way of vaginal penetration against her will, without her consent, and in spite of her express objection.

29.     Plaintiff further alleges that the Companies and DOES 1-25 are strictly liable for Defendant Weinstein's actions under the principles of respondeat superior, as alleged herein and otherwise had advance knowledge that Defendant Weinstein would engage in this despicable conduct while acting within the scope of his employment and by their actions and inactions ratified, authorized and condoned this unlawful behavior.

30.     As a direct and/or proximate result of Weinstein's unlawful conduct as alleged hereinabove, Plaintiff has suffered physical injury, severe emotional distress, humiliation,

1  embarrassment, mental and emotional distress and anxiety, all in an amount exceeding the

2  jurisdictional minimum of the Superior Court according to proof at trial.

3       31.    As a direct and proximate result of Defendants' unlawful conduct as alleged

4  hereinabove, Plaintiff has suffered economic harm, loss of earnings, and other damages, all in an

5  amount that exceeds the jurisdictional minimum of the Superior Court, according to proof at trial.

6       32.    The aforementioned conduct by Defendants was willful, wanton, and malicious.  At

7  all relevant times, Defendants acted with conscious disregard of the Plaintiff's rights and feelings.

8  Weinstein also acted with the knowledge of or with reckless disregard for the fact that his conduct

9  was certain to cause injury and/or humiliation to the Plaintiff.  Plaintiff is further informed and

10  believes that Defendants intended to cause fear, physical injury and/or pain and suffering to the

11  Plaintiff.  By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary

12  damages from Defendants according to proof at trial.

13                   **SECOND CAUSE OF ACTION**

14    **(Gender Violence in Violation of Cal. Civ. Code § 52.4 Against Defendant Weinstein Only)**

15       33.    Plaintiff repeats and realleges by reference each and every allegation contained

16  hereinabove and incorporates the same herein as though fully set forth herein.

17       34.    Cal. Civ. Code Section 52.4(c) defines "gender violence" as: (1) one or more acts

18  that would constitute a criminal offense under state law that has as an element the use, attempted

19  use, or threatened use of physical force against the person or property of another, committed at

20  least in part based on the gender of the victim, whether or not those acts have resulted in criminal

21  complaints, charges, prosecution, or conviction. (2) A physical intrusion or physical invasion of a

22  sexual nature under coercive conditions, whether or not those acts have resulted in criminal

23  charges, complaints, charges, prosecution, or conviction.  Cal. Civ. Code Section 52.4(e) provides:

24  Notwithstanding any other laws that may establish the liability of an employer for the acts of an

25  employee, this section does not establish any civil liability of a person because of his or her status

26  as an employer, unless the employer personally committed an act of gender violence.

27       35.    Plaintiff alleges that, on or about early 2016, and prior to that, Defendant Weinstein

28  violated Cal. Civ. Code Section 52.4 in that one or more acts he inflicted on Plaintiff constitutes a

1  criminal offense under state law that has an element of use, attempted use, or threatened use of

2  physical force against her person, committed at least in part based on Plaintiff's gender, whether or

3  not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

4      36.   Plaintiff alleges that, on or about early 2016, and prior to that, Defendant Weinstein

5  violated Cal. Civ. Code Section 52.4 in that he engaged in a physical intrusion or physical invasion

6  of a sexual nature under coercive conditions, even if those acts have not yet resulted in criminal

7  complaints, charges, prosecution, or conviction.

8      37.   As a direct and proximate result of Defendant's unlawful conduct as alleged

9  hereinabove, Plaintiff has suffered physical injury, severe emotional distress, humiliation,

10  embarrassment, mental and emotional distress and anxiety, all in an amount exceeding the

11  jurisdictional minimum of the Superior Court according to proof at trial.

12      38.   As a direct and proximate result of Defendant's unlawful conduct as alleged

13  hereinabove, Plaintiff has suffered economic harm and other consequential damages, all in an

14  amount according to proof at trial.

15      39.   The aforementioned conduct by Defendant was willful, wanton, and malicious.  At

16  all relevant times, Defendant acted with conscious disregard of the Plaintiff's rights and feelings.

17  Defendant also acted with the knowledge of or with reckless disregard for the fact that his conduct

18  was certain to cause injury and/or humiliation to the Plaintiff.  Plaintiff is further informed and

19  believes that Defendant intended to cause fear, physical injury and/or pain and suffering to the

20  Plaintiff.  By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary

21  damages from Defendants according to proof at trial.

22      40.   Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution

23  of this action and therefore demands such reasonable attorneys' fees and costs as set by the Court.

24                    **THIRD CAUSE OF ACTION**

25                  **(For Battery Against All Defendants)**

26      41.   Plaintiff repeats and realleges by reference each and every allegation contained

27  hereinabove and incorporates the same herein as though fully set forth herein.

28      42.   In performing the acts described herein, Defendant Weinstein acted with the intent

1  to make a harmful and offensive contact with Plaintiff's person.

2      43.    Defendant Weinstein did, in fact, bring himself into offensive and unwelcome
3  contact with Plaintiff as described hereinabove.

4      44.    At all relevant times, Plaintiff found the contact by Defendant to be offensive to her
5  person and dignity.  At no time did Plaintiff consent to any of the acts by Defendant alleged
6  hereinabove.

7      45.    As a result of Defendant Weinstein's acts as hereinabove alleged, Plaintiff was
8  physically harmed and/or experienced offensive contact with her person.

9      46.    Plaintiff further alleges that the Companies and DOES 1-25 are strictly liable for
10  Defendant Weinstein's actions under the principles of respondeat superior, as alleged herein and
11  otherwise had advance knowledge that Defendant Weinstein would engage in this despicable
12  conduct while acting within the scope of his employment and by their actions and inactions
13  ratified, authorized and condoned this unlawful behavior.

14      47.    As a direct and proximate result of Defendants' unlawful conduct as alleged
15  hereinabove, Plaintiff has suffered physical injury, severe emotional distress, humiliation,
16  embarrassment, mental and emotional distress and anxiety, economic harm and other
17  consequential damages, all in an amount exceeding the jurisdictional minimum of the Superior
18  Court according to proof at trial.

19      48.    The aforementioned conduct by Defendants was willful, wanton, and malicious.  At
20  all relevant times, Defendants acted with conscious disregard of the Plaintiff's rights and feelings.
21  Defendants also acted with the knowledge of or with reckless disregard for the fact that their
22  conduct was certain to cause injury and/or humiliation to the Plaintiff.  Plaintiff is further informed
23  and believes that Defendants intended to cause fear, physical injury and/or pain and suffering to
24  the Plaintiff.  By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary
25  damages from Defendants according to proof at trial.

26                     **FOURTH CAUSE OF ACTION**
27                     **(Assault Against All Defendants)**
28      49.    Plaintiff repeats and realleges by reference each and every allegation contained

9

FIRST AMENDED COMPLAINT FOR DAMAGES

1 | hereinabove and incorporates the same herein as though fully set forth herein.

2 |      50.     When Defendant Weinstein charged at Plaintiff, Weinstein intended to cause

3 | Plaintiff apprehension of an imminent harmful and offensive contact with her person.

4 |      51.     As a result of Defendant Weinstein's acts, Plaintiff was in fact, placed in great

5 | apprehension of imminent harmful and offensive contact with her person.

6 |      52.     In performing the acts alleged hereinabove, Defendant Weinstein acted with the

7 | intent of making contact with Plaintiff's person.

8 |      53.     At no time did Plaintiff consent to any of the acts by Weinstein alleged

9 | hereinabove.

10 |      54.     Defendant's conduct as described above, caused Plaintiff to be apprehensive that

11 | Defendant would subject her to further intentional invasions of her right to be free from offensive

12 | and harmful contact and demonstrated that at all times material herein, Defendant had a present

13 | ability to subject her to an intentional offensive and harmful touching.

14 |      55.     Plaintiff further alleges that the Companies and DOES 1-25 are strictly liable for

15 | Defendant Weinstein's actions under the principles of respondeat superior, as alleged herein and

16 | otherwise had advance knowledge that Defendant Weinstein would engage in this despicable

17 | conduct while acting within the scope of his employment and by their actions and inactions

18 | ratified, authorized and condoned this unlawful behavior.

19 |      56.     As a direct and proximate result of Defendants' unlawful conduct as alleged

20 | hereinabove, Plaintiff has suffered physical injury, severe emotional distress, humiliation,

21 | embarrassment, mental and emotional distress and anxiety, and economic harm, all in an amount

22 | exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

23 |      57.     The aforementioned conduct by Defendants was willful, wanton, and malicious.  At

24 | all relevant times, Defendants acted with conscious disregard of the Plaintiff's rights and feelings.

25 | Defendants also acted with the knowledge of or with reckless disregard for the fact that their

26 | conduct was certain to cause injury and/or humiliation to the Plaintiff.  Plaintiff is further informed

27 | and believes that Defendants intended to cause fear, physical injury and/or pain and suffering to

28 | the Plaintiff.  By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary

1  damages from Defendants according to proof.

2  **FIFTH CAUSE OF ACTION**

3  **(For Negligence against all Defendants)**

4      58.    Plaintiff repeats and realleges by reference each and every allegation contained

5  hereinabove and incorporates the same herein as though fully set forth herein.

6      59.    Defendants committed the negligent actions and/or negligent failures to act, as set

7  forth hereinabove and those acts proximately caused the emotional, physical, and financial injuries

8  visited upon Plaintiff.

9      60.    Defendants owed Plaintiff a duty of care not to cause her emotional distress.

10      61.    Defendants breached this duty of care by way of their own conduct as alleged

11  herein.

12      62.    As a direct and proximate result of Defendants' extreme and outrageous acts,

13  Plaintiff has suffered emotional distress, humiliation, and embarrassment, economic harm, all in

14  amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

15  **SIXTH CAUSE OF ACTION**

16  **(For Negligent Retention or Supervision against the Companies Only)**

17      63.    Plaintiff repeats and realleges by reference each and every allegation contained

18  hereinabove and incorporates the same herein as though fully set forth herein.

19      64.    The Companies had a mandatory duty of care to properly hire, train, retain,

20  supervise, and discipline their employees so as to avoid unreasonable harm to citizens.  With

21  deliberate indifference, the Companies failed to take necessary, proper or adequate measures in

22  order to prevent the violation of Plaintiff's rights and injury to Plaintiff.  Among other acts and/or

23  failures to act, the Companies retained Defendant Weinstein and did not terminate him despite

24  knowing, or should have known of, his long and well-known history of abusing and sexually

25  harassing women based on sex.

26      65.    The Companies breached this duty of care by failing to adequately train employees

27  to not sexually discriminate and/or harass women.  This lack of adequate supervisory training

28  and/or policies and procedures demonstrates a failure to make reasonable attempts and to prevent

11

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  sexually discriminatory behavior toward women.  In addition, the retention of Defendant

2  Weinstein despite his well-known predatory pattern of abuse and harassment was negligent.

3       66.    The Companies had a duty to control Defendant Weinstein in his interactions with

4  women during meetings taking place within the course and scope of his employment in order to

5  prevent the reasonably foreseeable harm that he would sexually harass and/or sexually assault

6  them.

7       67.    The Companies' negligence in supervising and/or retaining Weinstein was a

8  substantial factor in causing Plaintiff's harm.

9       68.    As a direct and proximate result of the Companies' unlawful conduct, Plaintiff has

10  suffered emotional distress, humiliation, and embarrassment, economic harm, all in amount

11  exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

12       69.    The aforementioned conduct by the Companies was willful, wanton, and malicious.

13  At all relevant times, the Companies acted with conscious disregard of the Plaintiff's rights and

14  feelings.  The Companies were aware of the probable dangerous consequences of retaining or

15  adequately supervising Weinstein and allowing him to meet with women under the guise of

16  procuring work for them.  The Companies acted with the knowledge of or with reckless disregard

17  for the fact that Weinstein's conduct was certain to cause injury and/or humiliation to the Plaintiff.

18  By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary damages

19  from the Companies according to proof at trial.

20       **WHEREFORE**, Plaintiff prays judgment be entered in her favor against Defendants, and

21  each of them, as follows:

22       1.    For a money judgment representing compensatory damages including consequential

23           damages, lost wages, earning, and all other sums of money, together with interest

24           on these amounts, according to proof;

25       2.    For an award of money judgment for mental pain and anguish and severe emotional

26           distress, according to proof;

27       3.    For punitive and exemplary damages according to proof;

28       4.    For attorneys' fees and costs;

1    5.    For prejudgment and post-judgment interest; and

2    6.    For such other and further relief as the Court may deem just and proper.

3

4                        **JURY TRIAL DEMANDED**

5    Plaintiff Jane Doe demands trial of all issues by jury.

6

7    DATED: January 2, 2018                ALLRED, MAROKO & GOLDBERG

8

9                                    By: _____
10                                       GLORIA ALLRED
                                         NATHAN GOLDBERG
11                                       CHRISTINA CHEUNG
                                         Attorneys for Plaintiff,
12                                       **JANE DOE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

On **January 2, 2018**, I served the foregoing document described as **FIRST AMENDED COMPLAINT FOR DAMAGES** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Attorneys for Defendants,**
**The Weinstein Company LLC and The Weinstein Company Holdings LLC**

Laura Shelby, Esq.
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
T:  (310) 201-5203
F: (310) 282-6903
Email:  Lshelby@seyfarth.com

[]   **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.  [] **COURTESY COPY BY EMAIL**

[X]   **BY PERSONAL SERVICE:** I caused such envelope to be hand-delivered to the offices of the addressee(s).

[]   **BY FAX:** by transmitting a true copy via facsimile transmission from telecopier number (323) 653-1660 located at 6300 Wilshire Blvd., Ste. 1500, Los Angeles, California 90048.

[]   **BY E-MAIL:** Per agreement to accept service of documents electronically, I caused the documents to be sent to the person(s) at the email address(es) listed above.

[]   **BY FEDERAL EXPRESS:** I caused such document(s) to be delivered via Federal Express in a package designated to be picked up by Federal Express with delivery fees provided for to the addressee(s) designated. I am readily familiar with the business practice of collecting and processing correspondence to be picked up by an employee of Federal Express.

**Executed on January 2, 2018, at Los Angeles, California.**

[X]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[]   (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service is made.

JOSIE PEÑA