# EXHIBIT M

GLORIA ALLRED SBN 65033
NATHAN GOLDBERG SBN 62192
CHRISTINA CHEUNG, SBN 280148
**LAW OFFICES**
**ALLRED, MAROKO & GOLDBERG**
SUITE 1500
6300 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90048-5217
Telephone No. (323) 653-6530
Fax No. (323) 653-1660

**Attorneys for** Plaintiff, **JANE DOE**

**FILED**
Superior Court of California
County of Los Angeles

**NOV 1 4 2017**

Sherri R. Carter, Executive Officer/Clerk
By _M. Sula_, Deputy
Moses Soto

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE DOE, an Individual, | CASE NO: **BC 6 8 3 4 1 1** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. SEXUAL BATTERY IN VIOLATION OF CAL. CIV. CODE § 1708.5 |
| THE WEINSTEIN COMPANY LLC, a Corp.; THE WEINSTEIN COMPANY HOLDINGS LLC, a Corp.; HARVEY WEINSTEIN, an individual;  and DOES 1 through 25, inclusive, | 2. GENDER VIOLENCE IN VIOLATION OF CAL. CIV. CODE § 52.4 |
| Defendants. | 3. BATTERY |
| | 4. ASSAULT |
| | 5. NEGLIGENCE |
| | 6. NEGLIGENT RETENTION OR SUPERVISION |
| | 7. INJUNCTIVE RELIEF |
| | **JURY TRIAL DEMAND** |

Plaintiff hereby alleges as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff **JANE DOE** ("Plaintiff" or "Doe"), at all relevant times mentioned herein, and currently, resides in the County of Los Angeles, State of California.

2.    Plaintiff is informed and believes, and based thereon alleges that Defendant **THE**

1
**COMPLAINT FOR DAMAGES**

ORIGINAL

8L

CIT/CASE: BC683411
LEA/DEF#:

RECEIPT #: 0052880008
DATE PAID: 11/14/17   01:27 PM   310
PAYMENT: $435.00
RECEIVED: $435.00

CHECK:    $435.00
CASH:     $0.00
CHANGE:   $0.00
CARD:     $0.00

1  WEINSTEIN COMPANY LLC (hereinafter "Weinstein Co.") is now and at all relevant times a

2  corporation or other form of legal entity doing business in the County of Los Angeles, State of

3  California.

4      3.    Plaintiff is informed and believes, and based thereon alleges that Defendant **THE**

5  **WEINSTEIN COMPANY HOLDINGS, LLC** (hereinafter "Weinstein Co. Holdings") is now

6  and at all relevant times a corporation or other form of legal entity doing business in the County of

7  Los Angeles, State of California.

8      4.    **DEFENDANT WEINSTEIN CO. HOLDINGS** and **DEFENDANT**

9  **WEINSTEIN CO.**  hereinafter shall be collectively referred to as  "the Companies."

10     5.    Plaintiff is informed and believes, and based thereon alleges that at all relevant

11  times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling

12  shareholder, subsidiary, affiliate, parent corporation, successor in interest, and/or predecessor in

13  interest of some or all of the other Defendants, and was engaged with some or all of the other

14  Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the

15  other Defendants so as to be liable for their conduct with respect to the matters alleged below.

16     6.    Plaintiff is informed and believes, and based thereon alleges that each Defendant

17  acted pursuant to and within the scope of the relationships alleged above, that each Defendant

18  knew or should have known about, and authorized, ratified, adopted, approved, controlled, and

19  aided and abetted the conduct of all other Defendants.

20     7.    Plaintiff is informed and believes, and based thereon alleges that at all relevant

21  times, the Companies are joint ventures in that each business combined their property, skill or

22  knowledge with intent to carry out a single business undertaking, each has an ownership interest in

23  the business, they have joint control over the business even if they agreed to delegate control, and

24  they have agreed to share the profits and losses of the business and that together, at all relevant

25  times herein, the Companies regularly conducted business in California in the production of films.

26     8.    Plaintiff is informed and believes, and based thereon alleges that Defendant

27  **HARVEY WEINSTEIN** (hereinafter "Weinstein") is an individual who at all relevant times

28  herein, is a resident of the County of New York who regularly came to this County to conduct

1  business.

2      9.    Venue properly lies in this county in that all Defendants regularly conduct business
3  in this county and that the conduct described herein were committed in this county.

4      10.    The true names and capacities, whether individual, corporate, partnership, associate
5  or otherwise, of Defendants sued herein as DOES 1 through 25, inclusive, are currently unknown
6  to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and
7  believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is
8  legally responsible in some manner for the events and happenings referred to herein, and caused
9  injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave
10  of court to amend this Complaint to show the true names and capacities of the Defendants
11  designated herein as DOES when the same have been ascertained. Whenever in this complaint
12  reference is made to "Defendants," such allegation shall be deemed to mean the acts of Defendants
13  acting individually, jointly, and/or severally.

14      11.    Except as hereinafter specifically described, Defendants and each of them, are and
15  were the agents and/or employees of the other Defendants, and in acting as described herein were
16  acting within the scope of their authority or employment as agents and/or employees thereof, and
17  with the permission and consent of the other Defendants.

18      12.    In late 2011, Plaintiff met Defendant Weinstein at a party that Defendants were
19  hosting at the Chateau Marmont. Plaintiff was an actress and informed Weinstein of the same
20  when she was introduced to him at the event. Upon learning that Plaintiff was an actress,
21  Weinstein offered to assist her with her acting career and requested her telephone number. She
22  obliged.

23      13.    Over the next few years, Weinstein invited Plaintiff to attend awards show parties
24  that the Defendants hosted and maintained regular communication with Plaintiff every few months
25  thereafter.

26      14.    In late 2015, Plaintiff met Weinstein at the Montage Hotel in Beverly Hills,
27  California to discuss a prospective acting job on a television show called "Marco Polo" as well as
28  acting in two to three other projects. At some point, he said he wanted to masturbate in front of

Exhibit M - Page 38

1    her. Plaintiff told Weinstein that she did not want him to masturbate in front of her. Weinstein

2    told her that he would not touch her, but "only" wanted her to watch him. Despite her telling

3    Weinstein "no," Weinstein proceeded to grip her wrist with one hand while using the other to

4    masturbate in front of her until completion.

5        15.    In early spring of 2016, Weinstein contacted Plaintiff again to meet with him at the

6    Montage Hotel in Beverly Hills to celebrate her upcoming role in Marco Polo giving her the

7    impression that she had been chosen for the part. Plaintiff agreed. At some point, Weinstein

8    excused himself and returned wearing a bathrobe. Before Plaintiff could leave, Weinstein grabbed

9    her and pulled her into the bedroom. Plaintiff told Weinstein that she did not want to do anything

10   sexual with him. He forcefully threw Plaintiff onto the bed. He pulled down her jeans and started

11   to orally copulate her. Plaintiff pushed Weinstein's head off of her and told him, "Stop!"

12   Weinstein then used his massive weight and strength to force himself on her, pushing his penis

13   inside of her vagina without a condom. After he withdrew, he gripped her with one hand while

14   using his other hand to masturbate. Plaintiff finally broke free from his grasp and immediately left

15   the bedroom and suite.

16        16.    Weinstein contacted her thereafter and acted as if nothing had happened. He told

17   her he was coming to Los Angeles. Plaintiff swore at him and hung up the phone.

18        17.    Plaintiff never received a job offer for the Marco Polo project even though she had

19   been previously told that she would be a perfect addition for the show. Nor did she receive any

20   offers for other projects that Weinstein had discussed with her.

21        18.    Prior to the incidents involving Plaintiff, the Companies' executives, officers,

22   directors, managing agents, and employees had actual knowledge of Weinstein's repeated acts of

23   sexual misconduct with women. In particular, the Companies were aware of Weinstein's pattern

24   of using his power and the promise of procuring jobs to coerce and force actresses to engage in

25   sexual acts with him.

26        19.    Based upon information and belief, the Companies were aware of multiple claims

27   of sexual misconduct against Weinstein, which were settled prior to the initiation of litigation.

28        20.    Based upon information and belief, the Companies' knowledge of multiple claims

1  of sexual misconduct against Weinstein is evidenced in their 2015 employment contract with

2  Weinstein.  The contract with Weinstein states that if Weinstein is sued for sexual harassment or

3  other "misconduct" that results in a settlement or judgment against the Companies, Weinstein

4  must reimburse the Companies for such settlements or judgments and that Weinstein must pay the

5  Companies liquidated damages of $250,000 for the first such instance, $500,000 for the second

6  such instance, $750,000 for the third such instance, and $1,000,000 for each additional instance.

7  Moreover, the contract states that as long as Weinstein pays, it constitutes a "cure" for the

8  misconduct and the Companies can take no further action against Weinstein, such as terminating

9  him.

10      21.     Plaintiff further alleges that the Companies and DOES 1-25 are strictly liable for

11  Defendant Weinstein's actions under the principles of respondeat superior, as alleged herein, and

12  had advance knowledge that Defendant Weinstein would engage in this despicable conduct while

13  acting within the scope of his employment and by their actions and inactions ratified, authorized

14  and condoned this unlawful behavior.

15      22.     As a direct and proximate result of Defendants' unlawful conduct as alleged

16  hereinabove, Plaintiff has suffered physical injury, severe emotional distress, humiliation,

17  embarrassment, mental and emotional distress and anxiety, and economic harm, all in an amount

18  exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

19      23.     The aforementioned conduct by Defendants was willful, wanton, and malicious.  At

20  all relevant times, Defendants acted with conscious disregard of the Plaintiff's rights and feelings.

21  Defendants also acted with the knowledge of or with reckless disregard for the fact that their

22  conduct was certain to cause injury and/or humiliation to the Plaintiff.  Plaintiff is further informed

23  and believes that Defendants intended to cause fear, physical injury and/or pain and suffering to

24  the Plaintiff.  By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary

25  damages from Defendants according to proof.

26                              **FIRST CAUSE OF ACTION**

27      **(Sexual Battery in Violation of Cal. Civ. Code § 1708.5 Against All Defendants)**

28      24.     Plaintiff repeats and realleges by reference each and every allegation contained

1 | hereinabove and incorporates the same herein as though fully set forth herein.

2 |     25.    Cal. Civ. Code Section 91708.5(a)  provides: A person commits a sexual battery
3 | who does any of the following: (1) acts with the intent to cause a harmful or offensive contact with
4 | an intimate part of another, and a sexually offensive contact with that person directly or indirectly
5 | results. (2) Acts with the intent to cause a harmful or offensive contact with another by use of his
6 | or her intimate part, and a sexually offensive contact with that person directly or indirectly results.
7 | (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a
8 | sexually offensive contact with that person directly or indirectly results.

9 |     26.    Cal. Civ. Code Section 91708.5(d) defines "intimate part" as the sexual organ,
10 | anus, groin, or buttocks of any person, or the breast of a female.

11 |     27.    Cal. Civ. Code Section 91708.5(f) defines "offensive contact" to mean contact that
12 | offends a reasonable sense of personal dignity.

13 |     28.    Plaintiff alleges that Defendant Weinstein committed the act of civil sexual battery
14 | in violation of Cal. Civ. Code  Section 1708.5, when on or about early 2016, Defendant, willfully,
15 | maliciously, intentionally, and without the consent of Plaintiff subjected her to the forceful,
16 | harmful and/or offensive touching of Plaintiff's breasts, buttocks, and/or vagina, including
17 | viciously raping her by away of vaginal penetration against her will, without her consent, and in
18 | spite of her express objection.

19 |     29.    Plaintiff further alleges that the Companies and DOES 1-25 are strictly liable for
20 | Defendant Weinstein's actions under the principles of respondeat superior, as alleged herein and
21 | otherwise had advance knowledge that Defendant Weinstein would engage in this despicable
22 | conduct while acting within the scope of his employment and by their actions and inactions
23 | ratified, authorized and condoned this unlawful behavior.

24 |     30.    As a direct and/or proximate result of Weinstein's unlawful conduct as alleged
25 | hereinabove, Plaintiff has suffered physical injury, severe emotional distress, humiliation,
26 | embarrassment, mental and emotional distress and anxiety, all in an amount exceeding the
27 | jurisdictional minimum of the Superior Court according to proof at trial.

28 |     31.    As a direct and proximate result of Defendants' unlawful conduct as alleged

Exhibit M - Page 41

1    hereinabove, Plaintiff has suffered economic harm, loss of earnings, and other damages, all in an

2    amount that exceeds the jurisdictional minimum of the Superior Court, according to proof at trial.

3        32.    The aforementioned conduct by Defendants was willful, wanton, and malicious. At

4    all relevant times, Defendants acted with conscious disregard of the Plaintiff's rights and feelings.

5    Weinstein also acted with the knowledge of or with reckless disregard for the fact that his conduct

6    was certain to cause injury and/or humiliation to the Plaintiff. Plaintiff is further informed and

7    believes that Defendants intended to cause fear, physical injury and/or pain and suffering to the

8    Plaintiff. By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary

9    damages from Defendants according to proof at trial.

10       33.    Plaintiff also seeks declaratory relief as set forth below.

11                    **SECOND CAUSE OF ACTION**

12    **(Gender Violence in Violation of Cal. Civ. Code § 52.4 Against All Defendants)**

13       34.    Plaintiff repeats and realleges by reference each and every allegation contained

14    hereinabove and incorporates the same herein as though fully set forth herein.

15       35.    Cal. Civ. Code Section 52.4(c) defines "gender violence" as: (1) one or more acts

16    that would constitute a criminal offense under state law that has as an element the use, attempted

17    use, or threatened use of physical force against the person or property of another, committed at

18    least in part based on the gender of the victim, whether or not those acts have resulted in criminal

19    complaints, charges, prosecution, or conviction. (2) A physical intrusion or physical invasion of a

20    sexual nature under coercive conditions, whether or not those acts have resulted in criminal

21    charges, complaints, charges, prosecution, or conviction. Cal. Civ. Code Section 52.4(d) provides:

22    Not withstanding any other laws that may establish the liability of an employer for the acts of an

23    employee, this section does not establish any civil liability of a person because of her or her status

24    as an employer, unless the employer personally committed an act of gender violence.

25       36.    Plaintiff further alleges that the Companies and DOES 1-25 are strictly liable for

26    Defendant Weinstein's actions under the principles of respondeat superior as alleged herein and

27    otherwise had advance knowledge that Defendant Weinstein would engage in this despicable

28    conduct while acting within the scope of his employment and by their actions and inactions

1 | ratified, authorized and condoned this unlawful behavior.

2 |     37.    Plaintiff alleges that, on or about early 2016, and prior to that, Defendant Weinstein
3 | violated Cal. Civ. Code Section 52.4 in that one or more acts he inflicted on Plaintiff constitutes a
4 | criminal offense under state law that has an element of use, attempted use, or threatened use of
5 | physical force against her person, committed at least in part based on Plaintiff's gender, whether or
6 | not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

7 |     38.    Plaintiff alleges that, on or about early 2016, and prior to that, Defendant Weinstein
8 | violated Cal. Civ. Code Section 52.4 in that he engaged in a physical intrusion or physical invasion
9 | of a sexual nature under coercive conditions, even if those acts have not yet resulted in criminal
10 | complaints, charges, prosecution, or conviction.

11 |     39.    As a direct and proximate result of Defendants' unlawful conduct as alleged
12 | hereinabove, Plaintiff has suffered physical injury, severe emotional distress, humiliation,
13 | embarrassment, mental and emotional distress and anxiety, all in an amount exceeding the
14 | jurisdictional minimum of the Superior Court according to proof at trial.

15 |     40.    As a direct and proximate result of Defendants' unlawful conduct as alleged
16 | hereinabove, Plaintiff has suffered economic harm and other consequential damages, all in an
17 | amount according to proof at trial.

18 |     41.    The aforementioned conduct by Defendants was willful, wanton, and malicious.  At
19 | all relevant times, Defendants acted with conscious disregard of the Plaintiff's rights and feelings.
20 | Defendants also acted with the knowledge of or with reckless disregard for the fact that their
21 | conduct was certain to cause injury and/or humiliation to the Plaintiff.  Plaintiff is further informed
22 | and believes that Defendants intended to cause fear, physical injury and/or pain and suffering to
23 | the Plaintiff.  By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary
24 | damages from Defendants according to proof at trial.

25 |     42.    Plaintiff also seeks injunctive relief as set forth below.

26 |     43.    Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution
27 | of this action and therefore demands such reasonable attorneys' fees and costs as set by the Court.
28 | / / /

Exhibit M - Page 43

1

## THIRD CAUSE OF ACTION

2

### (For Battery Against All Defendants)

3    44.    Plaintiff repeats and realleges by reference each and every allegation contained

4    hereinabove and incorporates the same herein as though fully set forth herein.

5    45.    In performing the acts described herein, Defendant Weinstein acted with the intent

6    to make a harmful and offensive contact with Plaintiff's person.

7    46.    Defendant Weinstein did, in fact, bring himself into offensive and unwelcome

8    contact with Plaintiff as described hereinabove.

9    47.    At all relevant times, Plaintiff found the contact by Defendant to be offensive to her

10   person and dignity. At no time did Plaintiff consent to any of the acts by Defendant alleged

11   hereinabove.

12   48.    As a result of Defendant Weinstein's acts as hereinabove alleged, Plaintiff was

13   physically harmed and/or experienced offensive contact with her person.

14   49.    Plaintiff further alleges that the Companies and DOES 1-25 are strictly liable for

15   Defendant Weinstein's actions under the principles of respondeat superior, as alleged herein and

16   otherwise had advance knowledge that Defendant Weinstein would engage in this despicable

17   conduct while acting within the scope of his employment and by their actions and inactions

18   ratified, authorized and condoned this unlawful behavior.

19   50.    As a direct and proximate result of Defendants' unlawful conduct as alleged

20   hereinabove, Plaintiff has suffered physical injury, severe emotional distress, humiliation,

21   embarrassment, mental and emotional distress and anxiety, economic harm and other

22   consequential damages, all in an amount exceeding the jurisdictional minimum of the Superior

23   Court according to proof at trial.

24   51.    The aforementioned conduct by Defendants was willful, wanton, and malicious. At

25   all relevant times, Defendants acted with conscious disregard of the Plaintiff's rights and feelings.

26   Defendants also acted with the knowledge of or with reckless disregard for the fact that their

27   conduct was certain to cause injury and/or humiliation to the Plaintiff. Plaintiff is further informed

28   and believes that Defendants intended to cause fear, physical injury and/or pain and suffering to

Exhibit M - Page 44

1 | the Plaintiff.  By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary
2 | damages from Defendants according to proof at trial.

3 | ### FOURTH CAUSE OF ACTION

4 | **(Assault Against All Defendants)**

5 | 52.     Plaintiff repeats and realleges by reference each and every allegation contained
6 | hereinabove and incorporates the same herein as though fully set forth herein.

7 | 53.     When Defendant Weinstein charged at Plaintiff, Weinstein intended to cause
8 | Plaintiff apprehension of an imminent harmful and offensive contact with her person.

9 | 54.     As a result of Defendant Weinstein's acts, Plaintiff was in fact, placed in great
10 | apprehension of imminent harmful and offensive contact with her person.

11 | 55.     In performing the acts alleged hereinabove, Defendant Weinstein acted with the
12 | intent of making contact with Plaintiff's person.

13 | 56.     At no time did Plaintiff consent to any of the acts by Weinstein alleged
14 | hereinabove.

15 | 57.     Defendant's conduct as described above, caused Plaintiff to be apprehensive that
16 | Defendant would subject her to further intentional invasions of her right to be free from offensive
17 | and harmful contact and demonstrated that at all times material herein, Defendant had a present
18 | ability to subject her to an intentional offensive and harmful touching.

19 | 58.     Plaintiff further alleges that the Companies and DOES 1-25 are strictly liable for
20 | Defendant Weinstein's actions under the principles of respondeat superior, as alleged herein and
21 | otherwise had advance knowledge that Defendant Weinstein would engage in this despicable
22 | conduct while acting within the scope of his employment and by their actions and inactions
23 | ratified, authorized and condoned this unlawful behavior.

24 | 59.     As a direct and proximate result of Defendants' unlawful conduct as alleged
25 | hereinabove, Plaintiff has suffered physical injury, severe emotional distress, humiliation,
26 | embarrassment, mental and emotional distress and anxiety, and economic harm, all in an amount
27 | exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

28 | 60.     The aforementioned conduct by Defendants was willful, wanton, and malicious.  At

1   all relevant times, Defendants acted with conscious disregard of the Plaintiff's rights and feelings.

2   Defendants also acted with the knowledge of or with reckless disregard for the fact that their

3   conduct was certain to cause injury and/or humiliation to the Plaintiff. Plaintiff is further informed

4   and believes that Defendants intended to cause fear, physical injury and/or pain and suffering to

5   the Plaintiff. By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary

6   damages from Defendants according to proof.

7

### FIFTH CAUSE OF ACTION

8

### (For Negligence against all Defendants)

9     61.    Plaintiff repeats and realleges by reference each and every allegation contained

10   hereinabove and incorporates the same herein as though fully set forth herein.

11     62.    Defendants committed the negligent actions and/or negligent failures to act, as set

12   forth hereinabove and those acts proximately caused the emotional, physical, and financial injuries

13   visited upon Plaintiff.

14     63.    Defendants owed Plaintiff a duty of care not to cause her emotional distress.

15     64.    Defendants breached this duty of care by way of their own conduct as alleged

16   herein.

17     65.    As a direct and proximate result of Defendants' extreme and outrageous acts,

18   Plaintiff has suffered emotional distress, humiliation, and embarrassment, economic harm, all in

19   amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

20

### SIXTH CAUSE OF ACTION

21

### (For Negligent Retention or Supervision against the Companies Only)

22     66.    Plaintiff repeats and realleges by reference each and every allegation contained

23   hereinabove and incorporates the same herein as though fully set forth herein.

24     67.    The Companies had a mandatory duty of care to properly hire, train, retain,

25   supervise, and discipline their employees so as to avoid unreasonable harm to citizens. With

26   deliberate indifference, the Companies failed to take necessary, proper or adequate measures in

27   order to prevent the violation of Plaintiff's rights and injury to Plaintiff. Among other acts and/or

28   failures to act, the Companies retained Defendant Weinstein and did not terminate him despite



1 | knowing, or should have known of, his long and well-known history of abusing and sexually
2 | harassing women based on sex.

3 |      68.    The Companies breached this duty of care by failing to adequately train employees
4 | to not sexually discriminate and/or harass women. This lack of adequate supervisory training
5 | and/or policies and procedures demonstrates a failure to make reasonable attempts and to prevent
6 | sexually discriminatory behavior toward women. In addition, the retention of Defendant
7 | Weinstein despite his well-known predatory pattern of abuse and harassment was negligent.

8 |      69.    The Companies had a duty to control Defendant Weinstein in his interactions with
9 | women during meetings taking place within the course and scope of his employment in order to
10 | prevent the reasonably foreseeable harm that he would sexually harass and/or sexually assault
11 | them.

12 |      70.    The Companies' negligence in supervising and/or retaining Weinstein was a
13 | substantial factor in causing Plaintiff's harm.

14 |      71.    As a direct and proximate result of the Companies' unlawful conduct, Plaintiff has
15 | suffered emotional distress, humiliation, and embarrassment, economic harm, all in amount
16 | exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

17 |      72.    The aforementioned conduct by the Companies was willful, wanton, and malicious.
18 | At all relevant times, the Companies acted with conscious disregard of the Plaintiff's rights and
19 | feelings. The Companies were aware of the probable dangerous consequences of retaining or
20 | adequately supervising Weinstein and allowing him to meet with women under the guise of
21 | procuring work for them. The Companies acted with the knowledge of or with reckless disregard
22 | for the fact that Weinstein's conduct was certain to cause injury and/or humiliation to the Plaintiff.
23 | By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary damages
24 | from the Companies according to proof at trial.

25 | **SEVENTH CAUSE OF ACTION**

26 | **(Claim for Injunctive Relief Against All Defendants)**

27 |      73.    Plaintiff repeats and realleges by reference each and every allegation contained
28 | hereinabove and incorporates the same herein as though fully set forth herein.

1    74.    Plaintiff seeks a Court Order enjoining Defendants from engaging in similar

2    conduct toward other women.

3    **WHEREFORE,** Plaintiff prays judgment be entered in her favor against Defendants, and

4    each of them, as follows:

5    1.    For a money judgment representing compensatory damages including consequential

6          damages, lost wages, earning, and all other sums of money, together with interest

7          on these amounts, according to proof;

8    2.    For an award of money judgment for mental pain and anguish and severe emotional

9          distress, according to proof;

10   3.    For punitive and exemplary damages according to proof;

11   4.    For attorneys' fees and costs;

12   5.    For prejudgment and post-judgment interest;

13   6.    For injunctive relief; and

14   7.    For such other and further relief as the Court may deem just and proper.

15

16                        **JURY TRIAL DEMANDED**

17   Plaintiff Jane Doe demands trial of all issues by jury.

18

19   DATED: November 14, 2017                ALLRED, MAROKO & GOLDBERG

20

21                                          By: _Gloria allred_____

22                                          GLORIA ALLRED
                                            NATHAN GOLDBERG
                                            CHRISTINA CHEUNG
23                                          Attorneys for Plaintiff,
                                            **JANE DOE**

24

25

26

27

28

---
                              13
                    **COMPLAINT FOR DAMAGES**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| GLORIA ALLRED, ESQ.; SBN: 65033<br>NATHAN GOLDBERG, ESQ.; SBN: 62192<br>ALLRED, MAROKO & GOLDBERG<br>6300 WILSHIRE BOULEVARD, SUITE 1500<br>LOS ANGELES, CA 90048<br>TELEPHONE NO.: 323-653-6530    FAX NO.: 323-653-1660 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 14 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By M. Soto, Deputy<br>Moses Soto |

ATTORNEY FOR *(Name)*: JANE DOE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME: JANE DOE v. THE WEINSTEIN COMPANY LLC; THE WEINSTEIN COMPANY HOLDINGS LLC; and HARVEY WEINSTEIN

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: | BC 683411 |
| | | | DEPT: | |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [X] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: (7) SEVEN
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: NOVEMBER 14, 2017

GLORIA ALLRED, ESQ.; SBN: 65033
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**
**ORIGINAL**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit M - Page 49



**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                           CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

Exhibit M - Page 50

| SHORT TITLE: JANE DOE v. THE WEINSTEIN COMPANY LLC; THE WEINSTEIN COMPANY HOLDINGS LLC; and HARVEY WEINSTEIN | CASE NUMBER: BC 683411 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** — Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** — Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**
ORIGINAL

Local Rule 2.3
Page 1 of 4
LA-CV109

BY FAX

| SHORT TITLE: JANE DOE v. THE WEINSTEIN COMPANY LLC; THE WEINSTEIN COMPANY HOLDINGS LLC; and HARVEY WEINSTEIN | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons-See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☒ A6005  Civil Rights/Discrimination | 1, 2, ③ |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

Exhibit M - Page 52

| SHORT TITLE: JANE DOE v. THE WEINSTEIN COMPANY LLC; THE WEINSTEIN COMPANY HOLDINGS LLC; and HARVEY WEINSTEIN | CASE NUMBER |
|---|---|

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
|  | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
|  | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
|  |  | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
|  |  | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
|  | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
|  | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
|  | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
|  | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
|  | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
|  | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
|  |  | ☐ A6160  Abstract of Judgment | 2, 6 |
|  |  | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
|  |  | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
|  |  | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
|  |  | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
|  | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
|  |  | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
|  |  | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
|  |  | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
|  | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
|  |  | ☐ A6123  Workplace Harassment | 2, 3, 9 |
|  |  | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
|  |  | ☐ A6190  Election Contest | 2 |
|  |  | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
|  |  | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
|  |  | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: JANE DOE v. THE WEINSTEIN COMPANY LLC; THE WEINSTEIN COMPANY HOLDINGS LLC; and HARVEY WEINSTEIN | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: 225 N. Canon Drive |
|---|---|
| ☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | |

| CITY: Beverly Hills | STATE: CA | ZIP CODE: 90210 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>CENTRAL</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>NOVEMBER 14, 2017</u>

*Gloria Allred*

(SIGNATURE OF ATTORNEY/FILING PARTY)

GLORIA ALLRED, ESQ.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exhibit M - Page 54

**FILED**
Superior Court of California
FILE STAMP County of Los Angeles

NOTICE SENT TO:

Allred, Gloria, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Blvd., Suite 1500
Los Angeles        CA  90048-5217

**NOV 20 2017**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Senoria C. Jusi

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE DOE | CASE NUMBER |
| | BC683411 |
| Plaintiff(s), VS. | |
| THE WEINSTEIN COMPANY LLC ET AL | **NOTICE OF CASE** |
| Defendant(s). | **MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _March 14, 2018_ at _8:30 am_ in _Dept. 78_ at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**    **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _November 20, 2017_

Judicial Officer
**GAIL RUDERMAN FEUER**

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date: _November 20, 2017_

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Three

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| GLORIA ALLRED \| SBN: 65033<br>ALLRED MAROKO & GOLDBERG<br>6300 WILSHIRE BOULEVARD, SUITE 1500<br>LOS ANGELES, CA 90048<br>TELEPHONE NO.: (323) 653-6530 \| FAX NO. (323) 653-1660 \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name):* Plaintiff: Jane Doe | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 29 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Jenny Choa |

| LOS ANGELES SUPERIOR COURT | |
|---|---|
| STREET ADDRESS: 111 N. HILL STREET | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: LOS ANGELES, CA 90012 | |
| BRANCH NAME: CENTRAL DISTRICT | |

| PLAINTIFF/PETITIONER:  JANE DOE, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  THE WEINSTEIN COMPANY LLC, a Corp.; et al. | BC 683 411    078 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☒ Summons
   b. ☒ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☒ other *(specify documents):* **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION); VOLUNTARY EFFICIENT LITIGATION STIPULATIONS**

3. a. Party served *(specify name of party as shown on documents served):*
   **THE WEINSTEIN COMPANY HOLDINGS LLC, a Corp.**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Corporation Service Company, Agent for Service of Process - by handing to Lynanne Gares, clerk, authorized to accept**

4. Address where the party was served: **251 Little Falls Drive**
   **Wilmington, DE 19808**

5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/17/2017   (2) at *(time):* 04:15 pm

   b. ☐ **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*  or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/32042685 |
|---|---|---|

| PETITIONER:  JANE DOE, an Individual | CASE NUMBER: |
|---|---|
| RESPONDENT:  THE WEINSTEIN COMPANY LLC, a Corp.; et al. | BC 683 411 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☒ On behalf of *(specify):* **THE WEINSTEIN COMPANY HOLDINGS LLC, a Corp.**

    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)

                           ☐ other:

7. **Person who served papers**

    a. Name:  **KEVIN DUNN C/O ASAP Legal, LLC**

    b. Address:  **1607 James M. Wood Blvd.  Los Angeles, CA 90015**

    c. Telephone number:  **(213) 252-2000**

    d. **The fee for service was:**

    e. **I am:**

        (1) ☒ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☐ registered California process server:

            (i) ☐ **owner**    ☐ **employee**    ☐ **independent contractor.**

            (ii) Registration No.:

            (iii) County:

**ASAP** **LS**
LEGAL SOLUTIONS
ATTORNEY SERVICES LLC

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

        Date:  **11/21/2017**

        **ASAP Legal, LLC**
        **1607 James M. Wood Blvd.**
        **Los Angeles, CA 90015**
        **(213) 252-2000**
        **www.legalsolutionasap.com**

        **KEVIN DUNN**                   ▶
       (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)            (SIGNATURE)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
GLORIA ALLRED | SBN: 65033
ALLRED MAROKO & GOLDBERG
6300 WILSHIRE BOULEVARD, SUITE 1500
LOS ANGELES, CA 90048
TELEPHONE NO.: (323) 653-6530 | FAX NO. (323) 653-1660 | E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff: Jane Doe

**FOR COURT USE ONLY**

**FILED**
Superior Court of California
County of Los Angeles

NOV 29 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Jenny Chea

**LOS ANGELES SUPERIOR COURT**
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: JANE DOE, an individual

DEFENDANT/RESPONDENT: THE WEINSTEIN COMPANY LLC, a Corp.; et al.

CASE NUMBER:
BC 683 411    D78

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet
   e. [ ] Cross-complaint
   f. [X] other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION); VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

3. a. Party served *(specify name of party as shown on documents served):*
      **THE WEINSTEIN COMPANY LLC, a Corp.**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **Robert Peck - Agent for Service of Process**

4. Address where the party was served: **9100 Wilshire Blvd., # Suite 700W**
   **Beverly Hills, CA 90212**

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*

   b. [X] **by substituted service.** On *(date):* 11/17/2017 at *(time):* 12:35 pm I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
      **Max Gonzalez - Staff member, authorized to accept**
      Age: 35-45 years Weight: 170 lbs. Hair: brown Sex: Male Height: 5'7" Eyes: Race: Hispanic

      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*     or [X] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/32042689

Exhibit M - Page 58

| PETITIONER: JANE DOE, an individual | CASE NUMBER: |
|---|---|
| RESPONDENT: THE WEINSTEIN COMPANY LLC, a Corp.; et al. | BC 683 411 |

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                            (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

d. ☐ **by other means** *(specify means of service and authorizing code section):*


   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of  *(specify):*
   c. ☐ as occupant.
   d. ☒ On behalf of  *(specify):*  **THE WEINSTEIN COMPANY LLC, a Corp.**
      under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**
   a. Name:  **Ricardo Paz C/O ASAP Legal, LLC**
   b. Address:  **1607 James M. Wood Blvd.  Los Angeles, CA 90015**
   c. Telephone number:  **(213) 252-2000**
   d. **The fee** for service was:
   e. I am:

      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ registered California process server:
         (i) ☐ **owner**       ☐ **employee**       ☒ **independent contractor.**
         (ii) Registration No.: **3267**
         (iii) County: **Los Angeles**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.


   Date: **11/22/2017**

   **ASAP Legal, LLC**
   **1607 James M. Wood Blvd.**
   **Los Angeles, CA 90015**
   **(213) 252-2000**
   **www.legalsolutionasap.com**


   **Ricardo Paz**
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    ▶                        (SIGNATURE)

FOR COURT USE ONLY

Attorney or Party without Attorney:
GLORIA ALLRED, SBN: 65033
ALLRED MAROKO & GOLDBERG
6300 WILSHIRE BOULEVARD, SUITE 1500
LOS ANGELES, CA 90048

TELEPHONE No.: (323) 653-6530       FAX No. (Optional): (323) 653-1660

E-MAIL ADDRESS (Optional):

Attorney for: Plaintiff Jane Doe

Ref No. or File No.:

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES SUPERIOR COURT - CENTRAL DISTRICT

Plaintiff: JANE DOE, an individual

Defendant: THE WEINSTEIN COMPANY LLC, a Corp.; et al.

| PROOF OF SERVICE BY MAIL | HEARING DATE: | TIME: | DEPT.: 78 | CASE NUMBER: BC 683 411 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the SUMMONS;COMPLAINT;CIVIL CASE COVER SHEET;CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION); VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as  follows:

    a. Date of Mailing:                  November 17, 2017

    b. Place of Mailing:               Los Angeles, California

    c. Addressed as follows:        THE WEINSTEIN COMPANY LLC, a Corp.
                                    ATTENTION: Robert Peck -  Agent for Service of Process
                                    9100 Wilshire Blvd. Suite 700W
                                    Beverly Hills, CA 90212

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of  business.

Fee for Service:
**ASAP Legal, LLC**
**1607 James M. Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 252-2000**
**www.legalsolutionasap.com**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on November 22, 2017.

Signature: _____

Tony Hernandez

**PROOF OF SERVICE BY MAIL**

Exhibit M - Page 60

Order#: 32042689/mailproof

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| GLORIA ALLRED, ESQ.; SBN: 65033<br>NATHAN GOLDBERG, ESQ.; SBN: 62192<br>ALLRED, MAROKO & GOLDBERG<br>6300 WILSHIRE BOULEVARD, SUITE 1500<br>LOS ANGELES, CA 90048 | |

TELEPHONE NO.: 323-653-6530   FAX NO. *(Optional):*   323-653-1660
E-MAIL ADDRESS *(Optional):* ccheung@amglaw.com
ATTORNEY FOR *(Name):* JANE DOE

**FILED**
Superior Court of California
County of Los Angeles

**JAN 16 2018**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Nancy Alvarez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

PLAINTIFF/PETITIONER: JANE DOE

DEFENDANT/RESPONDENT: THE WEINSTEIN COMPANY LLC; THE
WEINSTEIN COMPANY HOLDINGS LLC,and HARVEY WEINSTEIN

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>BC683411    78 |
|---|---|

TO *(insert name of party being served):* Phyllis Kupferstein, Esq. on behalf of Defendant, Harvey Weinstein

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 9, 2018

Christina Cheung, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* 1.Civil Case Cover Sheet; 2. Civil Case Cover Sheet Addendum and Statement of Location; 3.Notice of Case Assignment-Unlimited Civil Case; 4.Voluntary Efficient Litigation Stipulations; 5.Alternative Dispute Resolution(ADR)Information Packet; 6. Notice of Case Management Conference; and 7. First Amended Complaint for Damages.

*(To be completed by recipient):*
Date this form is signed: 1/12/2018

Phyllis Kupferstein
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

**PROOF OF SERVICE**

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.  On **January 16, 2018**, I served the within document: **NOTICE AND ACKNOWLEDGMENT OF RECEIPT-CIVIL** on the interested parties:

<u>**Attorneys for Defendant,**</u>
<u>**HARVEY WEINSTEIN**</u>

Phyllis Kupferstein, Esq.
**Kupferstein Manuel LLP**
865 South Figueroa Street, Suite 3338
Los Angeles, California 90017
213-988-7531 main
213-988-7528 direct
213-988-7532 fax
Email:  pk@kupfersteinmanuel.com

[] **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below

[X] **(By Mail):** As Follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

   [] **Courtesy Copy by Email:** pk@kupfersteinmanuel.com

[] **(By Overnight Courier):** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

[] **(By Personal Service):** I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **January 16, 2018**, at Los Angeles, California.


Josie Peña

SEYFARTH SHAW LLP
Gerald L. Maatman, Jr. *(pro hac vice pending)*
E-mail: gmaatman@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

SEYFARTH SHAW LLP
Laura Wilson Shelby (SBN 151870)
E-mail: lshelby@seyfarth.com
Kristen M. Peters (SBN 252296)
E-mail: kmpeters@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendants
THE WEINSTEIN COMPANY, LLC, a Corp., THE
WEINSTEIN COMPANY HOLDINGS LLC., a Corp.

**FILED**
Superior Court of California
County of Los Angeles

FEB 0 1 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By_____, Deputy
Glorietta Robinson

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE DOE, an Individual,<br><br>    Plaintiff,<br><br>    v.<br><br>THE WEINSTEIN COMPANY LLC, a Corp.;<br>THE WEINSTEIN COMPANY HOLDINGS<br>LLC, a Corp.; HARVEY WEINSTEIN, an<br>individual; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No. BC683411<br><br>Assigned to the Honorable Gail Ruderman Feuer;<br>Dept. 78<br><br>**DEFENDANTS THE WEINSTEIN<br>COMPANY, LLC and THE WEINSTEIN<br>COMPANY HOLDINGS, LLC'S ANSWER<br>TO PLAINTIFF'S UNVERIFIED FIRST<br>AMENDED COMPLAINT**<br><br>Complaint Filed   : November 14, 2017<br>Trial Date        : None |

1

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

43774642v.2

ORIGINAL

CT/CASE:   BC683411
LEA/DEF#:

RECEIPT #: CCH505376092
DATE PAID: 02/01/18   03:35 PM
PAYMENT:   $870.00              310
RECEIVED:
        CHECK:              $870.00
        CASH:                 $0.00
        CHANGE:               $0.00
        CARD:                 $0.00

Exhibit M - Page 64

Defendants The Weinstein Company, LLC and The Weinstein Company Holdings, LLC ("Defendants"), for themselves and no other entities or persons, hereby answer the unverified First Amended Complaint ("FAC") of Plaintiff Jane Doe ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 430.10(d) and (e), Defendants deny, generally and specifically, each and every purported cause of action contained in Plaintiff's FAC. Defendants further deny, generally and specifically, that Plaintiff has been damaged in any amount, or at all, by reason of any alleged acts or omissions of Defendants, and/or of its respective employees, agents, representatives, directors, officers, or any other person acting on its behalf. Defendants further deny, generally and specifically, that Plaintiff is entitled to any legal, injunctive or equitable relief within the jurisdiction of this Court.

In further answer to the FAC, and as separate and distinct affirmative and other defenses, Defendants allege as follows, without thereby assuming the burden of proof on any defense on which they would not otherwise have the burden of proof by operation of law:[1]

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST AFFIRMATVE DEFENSE

### (Failure to State a Claim)

1.     The FAC, and each purported cause of action contained therein, fails to state facts sufficient to constitute any cause of action and fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATVE DEFENSE

### (Statute of Limitations)

2.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, Code of Civil Procedure Section 335.1.

## THIRD AFFIRMATVE DEFENSE

### (Scope of Authority)

3.     Defendants cannot be held vicariously liable for the conduct alleged in Plaintiff's FAC

---

[1] By including its affirmative and other defenses, Defendants do not accept that they have the burden of proof for any of the defenses herein, except as specifically required for affirmative defenses as provided by law.

2

1   because such conduct was outside the course and scope of employment of the individual(s) who

2   allegedly engaged in such conduct.

### FOURTH AFFIRMATVE DEFENSE

(No Foreseeability of Harm)

4.      Plaintiff's Fifth and Sixth Causes of Action for Negligence and Negligent Retention or

Supervision are barred because Defendants did not know, and could not have known, of the alleged

undue risk of harm as alleged in the FAC.

### FIFTH AFFIRMATVE DEFENSE

(Good Faith)

5.      Any and all conduct of which Plaintiff complains or which is attributed to Defendants

was a just and proper exercise of management discretion, at all times privileged and justified, and

undertaken for fair and honest reasons, in good faith and without malice.

### SIXTH AFFIRMATVE DEFENSE

(Unauthorized Conduct)

6.      Any conduct alleged by the individual(s) who allegedly engaged in such conduct

occurred outside the scope of employment or agency and without the consent of Defendants.

Defendants did not authorize, condone, ratify, or tolerate any conduct that would constitute sexual

battery, battery, or assault, as alleged in the FAC, but instead prohibited such acts, and such conduct

may not be attributed to Defendants through principles of agency, *respondeat superior*, or otherwise

because, in the employment context, there is no duty to third parties for nefarious acts by employee

tortfeasors that occur outside of the scope of employment.

### SEVENTH AFFIRMATVE DEFENSE

(Standing)

7.      Plaintiff has no standing to bring this action or any action alleged against Defendants.

### EIGHTH AFFIRMATVE DEFENSE

(Unclean Hands)

8.      Plaintiff is barred by the equitable doctrine of unclean hands from asserting any of the

alleged causes of action against Defendants.

3

### NINTH AFFIRMATVE DEFENSE

(Laches)

9.     Plaintiff is barred by the equitable doctrine of laches from asserting any of the alleged causes of action against Defendants.

### TENTH AFFIRMATVE DEFENSE

(Waiver)

10.     Plaintiff is barred by the equitable doctrine of waiver from asserting any of the alleged causes of action against Defendants.

### ELEVENTH AFFIRMATVE DEFENSE

(Estoppel)

11.     Plaintiff is, by her own conduct, estopped from asserting any cause of action against Defendants.

### TWELFTH AFFIRMATVE DEFENSE

(Failure to Mitigate)

12.     Plaintiff has not acted reasonably to protect herself or to mitigate any damages which she alleges she may have sustained.

### THIRTEENTH AFFIRMATVE DEFENSE

(Offset)

13.     To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which she seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receives for the same injury.

### FOURTEENTH AFFIRMATVE DEFENSE

(Ratification)

14.     Plaintiff's FAC, and each and every cause of action alleged therein, is barred in whole or in part to the extent that any conduct by Defendants was ratified, consented to, and/or acquiesced by Plaintiff.

4

### FIFTEENTH AFFIRMATVE DEFENSE

(Collateral Estoppel)

15.    One or more of Plaintiff's causes of action is barred by the doctrine of collateral estoppel.

### SIXTEENTH AFFIRMATVE DEFENSE

(Avoidable Consequences)

16.    Defendants allege that each and every purported cause of action set forth in Plaintiff's FAC is barred, and Plaintiff may not recover damages due to the failure of Plaintiff to take actions to avoid the injuries and damages, if any, alleged in the FAC.

### SEVENTEENTH AFFIRMATVE DEFENSE

(Acts of Third Parties)

17.    The damages sustained by Plaintiff, if any, were proximately caused, in whole or in part, by the negligent, intentional and/or intervening conduct of persons or entities other than Defendants, for which Defendants are not liable or responsible.

### EIGHTEENTH AFFIRMATVE DEFENSE

(Plaintiff's Own Active Negligence)

18.    Plaintiff's claims as alleged in her FAC are barred because she was actively negligent with respect to all the acts and omissions alleged in the FAC.

### NINETEENTH AFFIRMATVE DEFENSE

(Comparative Negligence)

19.    Any damage Plaintiff may have sustained was caused in whole or in part, or was substantially contributed to, by the culpable conduct and want of care on the part of Plaintiff, and Defendants will seek apportionment of responsibility for all injuries, damages, or loss, if any, allocable to Plaintiff's comparative negligence and fault.

### TWENTIETH AFFIRMATVE DEFENSE

(Voluntary Assumption of Risk)

20.    Plaintiff voluntarily assumed the risk of any and all conditions and damages they have alleged in the FAC.

5

## TWENTY-FIRST AFFIRMATVE DEFENSE

(Cause in Fact/Legal Cause)

21.     Plaintiff cannot prove any facts showing that Defendants' conduct was the cause in fact and/or legal cause of the alleged assault.

## TWENTY-SECOND AFFIRMATVE DEFENSE

(Comparative Fault)

22.     In the event that Defendants are held responsible for any of the alleged harm as pled in the FAC and any affirmative relief is granted against Defendants, then Defendants' liability should be proportionate to their contribution to the alleged harm or endangerment, taking into account the contribution of Defendants and/or other persons who were responsible for or who otherwise contributed to the alleged harm or endangerment.

## TWENTY-THIRD AFFIRMATVE DEFENSE

(Superseding Cause)

23.     The acts or omissions of persons other than Defendants were intervening or superseding causes of the injuries, costs and damages allegedly incurred by Plaintiff.

## TWENTY-FOURTH AFFIRMATVE DEFENSE

(Compliance with Law)

24.     At all relevant times herein, the conduct of Defendants alleged in the FAC conformed to all applicable statutes, government regulations and industry standards applicable thereto.

## TWENTY-FIFTH AFFIRMATVE DEFENSE

(Standard of Care)

25.     At all relevant times, Defendants acted with due care and otherwise conducted themselves as reasonable people under the circumstances.

## TWENTY-SIXTH AFFIRMATVE DEFENSE

(No Punitive Damages)

26.     Plaintiff's FAC fails to state facts sufficient to constitute a claim for punitive damages against Defendants pursuant to California Civil Code section 3294.  Plaintiff's allegations are

6

1   conclusory, in that they fail to allege sufficient facts to put Defendants on notice of what particular

2   activities of Defendants were conducted with the intention to injure Plaintiff.

### TWENTY-SEVENTH AFFIRMATVE DEFENSE

(No Punitive Damages)

5   27.   Plaintiff's claim for punitive damages against Defendants cannot be sustained because

6   California law does not provide adequate safeguards to prevent excessive awards of such damages in

7   violation of the California and United States Constitutions.

### TWENTY-EIGHTH AFFIRMATVE DEFENSE

(Right to Raise Additional Defenses and Amend this Answer)

10   28.   Plaintiff has not set out her claims with sufficient particularity to permit Defendants to

11   raise all appropriate defenses.  Defendants have not knowingly or intentionally waived any applicable

12   defenses, but Defendants reserve the right to assert and to rely upon additional defenses not stated here,

13   including such other defenses as may become available or apparent.  Defendants further reserve the right

14   to file an Amended Answer to the FAC, as more facts or legal theories become applicable by means of

15   subsequent disclosures, discovery, procedural issues, or modification of existing statutes and defenses.

16   //

17

18   //

19

20   //

21

22   //

23

24   //

25

26   //

27

28   //

7

43774642v.2

Exhibit M - Page 70

## DEFENDANTS' PRAYER FOR RELIEF (ANSWER)

THEREFORE, Defendants request:

1.  That the FAC, and each purported cause of action contained therein, be dismissed, with prejudice, and that judgment be entered for Defendants;

2.  That Plaintiff take nothing;

3.  That Defendants be awarded its attorneys' fees and costs of suit herein; and

4.  That Defendants be awarded such other and further relief as the Court may deem just and proper.

DATED: February 1, 2018

SEYFARTH SHAW LLP

By: _____
Laura Wilson Shelby
Attorneys for Defendant
THE WEINSTEIN COMPANY, LLC, a Corp.,
THE WEINSTEIN COMPANY HOLDINGS LLC.,
a Corp.

8

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On February 1, 2018, I served the within document(s):

**DEFENDANTS THE WEINSTEIN COMPANY, LLC AND THE WEINSTEIN COMPANY HOLDINGS, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

☐ I sent such document from facsimile machines (310) 201-5219 on February 1, 2018. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Gloria Allred                        Attorneys for Plaintiff JANE DOE
Nathan Goldberg
Christina Cheung                     Tel. (323) 653-6530; Fax (323) 653-1660
ALLRED MAROKO & GOLDBERG
6300 Wilshire Blvd., Suite 1500
Los Angeles, California 90048

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1

PROOF OF SERVICE

1    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2    Executed on February 1, 2018, at Los Angeles, California.

3

4                                                        Laura Thixton

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

44150393v.1                                              Exhibit M - Page 73

ORIGINAL

1    SEYFARTH SHAW LLP
     Gerald L. Maatman, Jr. *(pro hac vice pending)*
2    E-mail: gmaatman@seyfarth.com
     233 South Wacker Drive, Suite 8000
3    Chicago, Illinois 60606-6448
     Telephone:    (312) 460-5000
4    Facsimile:    (312) 460-7000

5    SEYFARTH SHAW LLP
     Laura Wilson Shelby (SBN 151870)
6    E-mail: lshelby@seyfarth.com
     Kristen M. Peters (SBN 252296)
7    E-mail: kmpeters@seyfarth.com
     2029 Century Park East, Suite 3500
8    Los Angeles, California 90067-3021
     Telephone:    (310) 277-7200
9    Facsimile:    (310) 201-5219

10   Attorneys for Defendant
     THE WEINSTEIN COMPANY, LLC, a Corp., THE
11   WEINSTEIN COMPANY HOLDINGS LLC., a Corp.

12

**FILED**
Superior Court of California
County of Los Angeles

FEB - 9 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
        Nancy Alvarez

13          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              FOR THE COUNTY OF LOS ANGELES

15                                                    **BY FAX**

16   JANE DOE, an Individual,                  Case No. BC683411

17              Plaintiff,                     Assigned to the Honorable Gail Ruderman Feuer;
                                               Dept. 78
18        v.
                                               **RESERVATION NO. 180207288032**
19   THE WEINSTEIN COMPANY LLC, a Corp.;
     THE WEINSTEIN COMPANY HOLDINGS           **NOTICE OF APPLICATION AND**
20   LLC, a Corp.; HARVEY WEINSTEIN, an       **VERIFIED APPLICATION OF**
     individual; and DOES 1 through 25, inclusive,  **DEFENDANTS THE WEINSTEIN**
21                                             **COMPANY, LLC AND THE WEINSTEIN**
                Defendants.                    **COMPANY HOLDINGS LLC FOR**
22                                             **ADMISSION** *PRO HAC VICE* **OF GERALD**
                                               **L. MAATMAN**
23
                                               *[Declaration of Laura W. Shelby; and,*
24                                             *[Proposed] Order Filed Concurrently Herewith]*

25                                             Date    : March 15, 2018
                                               Time    : 8:30 a.m.
26                                             Dept.   : 78

27                                             Complaint Filed:   November 14, 2017

28
_____
        NOTICE OF VERIFIED APPLICATION OF GERALD L. MAATMAN, JR. TO APPEAR *PRO HAC VICE*;
                          DECLARATION OF LAURA W. SHELBY

43541117v.1

Exhibit M - Page 74

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND THE STATE BAR**

2    **OF CALIFORNIA AT SAN FRANCISCO:**

3    **PLEASE TAKE NOTICE** that on March 15, 2018, in Department 78 of the Los Angeles

4    Superior Court, located at 111 N. Hill Street, Los Angeles, California 90012, before the Honorable Gail

5    Ruderman Feuer, Defendants The Weinstein Company, LLC and The Weinstein Company Holdings

6    LLC ("Defendants") will, and hereby do, apply pursuant to Rule 9.40 of the California Rules of Court

7    for an order authorizing Gerald I. Maatman, a member of the State Bar of Illinois, and admitted to

8    practice before various federal courts throughout the United States, to appear before this Court *pro hac*

9    *vice* in the above-entitled action.

10    DATED: February 8, 2018            SEYFARTH SHAW LLP

11

12                                By: _____

13                                   Gerald L. Maatman, Jr.

14                                   Laura Wilson Shelby
                                      Kristen M. Peters

15                                  Attorneys for Defendant
                                     THE WEINSTEIN COMPANY, LLC, a Corp.,

16                                     THE WEINSTEIN COMPANY HOLDINGS LLC.,
                                     a Corp.

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF VERIFIED APPLICATION OF GERALD L. MAATMAN, JR. TO APPEAR *PRO HAC VICE*;
DECLARATION OF LAURA W. SHELBY

43541117v.1

Exhibit M - Page 75

**VERIFIED APPLICATION OF GERALD I. MAATMAN TO APPEAR *PRO HAC VICE***

1.      I, Gerald L. Maatman, apply for admission to practice before this Court *pro hac vice*, in order to represent Defendants The Weinstein Company, LLC and The Weinstein Company Holdings LLC ("Defendants") in this action.  In support of this application, I state the following:

2.      My residence address is 775 Sumac Lane, Winnetka, Illinois 60093.  My office address is 131 S. Dearborn Street, Suite 2400, Chicago, Illinois 60603 and my phone number is (312) 460-5000.  I am not a resident of California, nor am I regularly engaged in the practice of law in California.  I have been retained by Defendants to appear in this action.

3.      I have been admitted to practice before all courts listed on the attached Exhibit 1.

4.      I am currently a member in good standing in such courts.

5.      I have not been suspended or disbarred in any court.

6.      I have applied as counsel *pro hac vice* in the following cases in California (1) *Rainoldo Gooding et al v. Vita-Mix Corporation et al.*, Case No. 16-CV-03898 (C.D. Cal.), granted by Judge Otis D. Wright on August 30, 2016; (2) *Haworth, et al. v. Vita-Mix Corp. and Kelly Services, Inc.*, Case No.: 3:17-cv-00461-CAB-BGS (S.D. Cal.), granted by Judge Cathy Ann Bencivengo on March 22, 2017.

7.      Laura Shelby is counsel of record in this action and member in good standing of the California Bar.  Her business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067.  Her office phone number is (310) 277-7200.

DATED: February 8, 2018

Gerald L. Maatman, Jr

## EXHIBIT 1

| Title of Court | Date of Admission |
|---|---|
| Supreme Court of Illinois | 11/05/1981 |
| U.S. District Court for the Northern District of Illinois | 12/17/1981 |
| U.S. Court of Appeals, Seventh Circuit | 05/07/1982 |
| U.S. Supreme Court | 12/03/1984 |
| U.S. Court of Appeals, Second Circuit | 08/29/1997 |
| U.S. District Court for the Central District of Illinois | 09/09/1999 |
| U.S. District Court for the District of Colorado | 07/10/2002 |
| New York State Supreme Court, Appellate Division | 08/23/2007 |
| U.S. District Court for the Southern District of New York | 03/18/2008 |
| U.S. District Court for the Eastern District of New York | 03/18/2008 |
| U.S. Court of Appeals, Ninth Circuit | 07/02/2008 |
| U.S. District Court for the Western District of New York | 09/29/2008 |
| U.S. District Court for the Western District of Michigan | 06/24/2009 |
| U.S. Court of Appeals, Tenth Circuit | 08/24/2009 |
| U.S. Court of Appeals, Eleventh Circuit | 09/08/2009 |
| U.S. Court of Appeals for the First Circuit | 04/20/2012 |
| U.S. Court of Appeals for the Sixth Circuit | 04/26/2013 |
| U.S. District Court for the Western District of Tennessee | 07/22/2013 |
| U.S. District Court for the Southern District of Illinois | 06/30/2015 |
| U.S. District Court for the Southern District of Indiana | 09/10/2015 |
| U.S. District Court for the Southern District of Texas | 10/27/2015 |
| U.S. Court of Appeals for the Fifth Circuit | 11/14/2016 |

2

1

**PROOF OF SERVICE**

2      STATE OF CALIFORNIA          )
                                    )  ss
3      COUNTY OF LOS ANGELES        )

4           I am a resident of the State of California, over the age of eighteen years, and not a party to the
       within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
5      90067-3021. On February 8, 2018, I served the within document(s):

6           **NOTICE OF APPLICATION AND VERIFIED APPLICATION OF DEFENDANTS THE
       WEINSTEIN COMPANY, LLC AND THE WEINSTEIN COMPANY HOLDINGS LLC FOR
7           ADMISSION *PRO HAC VICE* OF GERALD L. MAATMAN**

8      ☐  I sent such document from facsimile machines (310) 201-5219 on _____, 2018. I certify that
           said transmission was completed and that all pages were received and that a report was generated
9          by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a
           copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed
10         envelope(s) addressed to the parties listed below.

11     ☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
           in the United States mail at Los Angeles, California, addressed as set forth below.
12

13     ☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
           below.

14     ☐  by placing the document(s) listed above in a sealed envelope or package provided by an
           overnight delivery carrier with postage paid on account and deposited for collection with the
15         overnight carrier at Los Angeles, California, addressed as set forth below.

16     ☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
           below.
17
       ☐  electronically by using the Court's ECF/CM System.
18

19
       Gloria Allred                          Attorneys for **Plaintiff JANE DOE**
20     Nathan Goldberg
       Christina Cheung
21     **ALLRED MAROKO & GOLDBERG**
       6300 Wilshire Blvd., Suite 1500        Tel. (323) 653-6530
22     Los Angeles, California 90048          Fax (323) 653-1660

23
            I am readily familiar with the firm's practice of collection and processing correspondence for
24     mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with
       postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party
25     served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
       after date of deposit for mailing in affidavit.

26

27

28

                                              1
                                    PROOF OF SERVICE

44269238v.1

1    I declare under penalty of perjury under the laws of the State of California that the above is true

2    and correct.

3    Executed on February 8, 2018, at Los Angeles, California.

4
                                                  James Aguilera
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

44269238v.1

Reservation Printout-BC683411-180207288032                    Page 1 of 1

**THIS IS YOUR CRS RECEIPT**

| INSTRUCTIONS |
| --- |
| Please print this receipt and attach it to the corresponding motion/document as the last page. Indicate the Reservation ID on the motion/document face page (see example). The document will not be accepted without this receipt page and the Reservation ID. |



**RESERVATION INFORMATION**

| | |
| --- | --- |
| Reservation ID: | **180207288032** |
| Transaction Date: | February 7, 2018 |
| Case Number: | BC683411 |
| Case Title: | JANE DOE VS THE WEINSTEIN COMPANY LLC ET AL |
| Party: | WEINSTEIN HARVEY (Defendant/Respondent) |
| Courthouse: | Stanley Mosk Courthouse |
| Department: | 78 |
| Reservation Type: | Motion to be Admitted Pro Hac Vice |
| Date: | 3/15/2018 |
| Time: | 08:30 am |

**FEE INFORMATION (Fees are non-refundable)**

First Paper Fee:   Party asserts first paper was previously paid.

| Description | Fee |
| --- | --- |
| Motion to be Admitted Pro Hac Vice | $500.00 |
| **Total Fees:** | Receipt Number: 1180207K2387 | $500.00 |

**PAYMENT INFORMATION**

| | |
| --- | --- |
| Name on Credit Card: | Seyfarth Shaw LLP |
| Credit Card Number: | XXXX-XXXX-XXXX-1893 |

**A COPY OF THIS RECEIPT MUST BE ATTACHED TO THE CORRESPONDING MOTION/DOCUMENT AS THE LAST PAGE AND THE RESERVATION ID INDICATED ON THE MOTION/DOCUMENT FACE PAGE.**

ORIGINAL

1   SEYFARTH SHAW LLP
    Gerald L. Maatman, Jr. *(pro hac vice pending)*
2   E-mail: gmaatman@seyfarth.com
    233 South Wacker Drive, Suite 8000
3   Chicago, Illinois 60606-6448
    Telephone:    (312) 460-5000
4   Facsimile:    (312) 460-7000

5   SEYFARTH SHAW LLP
    Laura Wilson Shelby (SBN 151870)
6   E-mail: lshelby@seyfarth.com
    Kristen M. Peters (SBN 252296)
7   E-mail: kmpeters@seyfarth.com
    2029 Century Park East, Suite 3500
8   Los Angeles, California 90067-3021
    Telephone:    (310) 277-7200
9   Facsimile:    (310) 201-5219

10  Attorneys for Defendant
    THE WEINSTEIN COMPANY, LLC, a Corp., THE
11  WEINSTEIN COMPANY HOLDINGS LLC., a Corp.

12

13

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                  FOR THE COUNTY OF LOS ANGELES

16                                                          **BY FAX**

17  JANE DOE, an Individual,              Case No. BC683411

18          Plaintiff,                    Assigned to the Honorable Gail Ruderman Feuer;
                                          Dept. 78
19      v.
                                          **RESERVATION NO. 180207288032**
20  THE WEINSTEIN COMPANY LLC, a Corp.;
    THE WEINSTEIN COMPANY HOLDINGS      **DECLARATION OF LAURA W. SHELBY**
21  LLC, a Corp.; HARVEY WEINSTEIN, an   **REGARDING PROOF OF PAYMENT IN**
    individual; and DOES 1 through 25, inclusive, **SUPPORT OF GERALD L. MAATMAN FOR**
22                                        **ADMISSION** *PRO HAC VICE*
            Defendants.
23                                        *[Notice of Hearing on Verified Application of*
24                                        *Defendants for Admission Pro Hac Vice of*
                                          *Gerald I. Maatman; and, [Proposed] Order Filed*
25                                        *Concurrently Herewith]*

26                                        Date    : March 15, 2018
                                          Time    : 8:30 a.m
27                                        Dept.   : 78

28                                        Complaint Filed:    November 14, 2017

                                    1
                      DECLARATION OF LAURA W. SHELBY

43541572v.1

FILED
Superior Court of California
County of Los Angeles

FEB - 9 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
      Nancy Alvarez

# DECLARATION OF LAURA W. SHELBY

I, Laura W. Shelby, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and before this Court, and I am an attorney with the law firm of Seyfarth Shaw LLP ("Seyfarth Shaw"), which is counsel of record for Defendants The Weinstein Company, LLC and The Weinstein Company Holdings LLC ("Defendants") in the above-captioned action. I have knowledge of the facts set forth herein from a review of the documents and files, and from my own personal knowledge, and if called upon to testify, I could and would testify competently thereto in a court of law. I make this declaration is support of the application of Gerald I. Maatman for admission *pro hac vice*.

2.      I caused to be filed with the Los Angeles County Superior Court a Notice of Application and Verified Application of Defendants for Admission *Pro Hac Vice* of Gerald I. Maatman. I caused a check for $50 payable to the State Bar of California to be mailed to the *Pro Hac Vice* Program of the State Bar of California, 180 Howard Street, San Francisco, California 94105, in connection with the Verified Application. Attached hereto as Exhibit A is a true and correct copy of my correspondence to the State Bar of California enclosing the $50.00 fee, dated February 8, 2018

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 8th Day of February 2018 at Los Angeles.

_____
Laura W. Shelby

2
DECLARATION OF LAURA W. SHELBY

43541572v.1

**EXHIBIT  A**

# EXHIBIT "A"

# SEYFARTH SHAW

Seyfarth Shaw LLP

2029 Century Park East, Suite 3500

Los Angeles, California 90067-3021

(310) 277-7200

fax (310) 201-5219

www.seyfarth.com

Writer's direct phone
(310) 201-5203

Writer's e-mail
lshelby@seyfarth.com

WASHINGTON, D.C.

SYDNEY

SHANGHAI

SAN FRANCISCO

SACRAMENTO

NEW YORK

MELBOURNE

LOS ANGELES

LONDON

HOUSTON

CHICAGO

BOSTON

ATLANTA

February 8, 2018

State Bar of California
180 Howard Street
San Francisco, CA 94105-1639

Re:   *Application to Appear as Counsel Pro Hac Vice*
      Jane Doe v. The Weinstein Company, LLC; The Weinstein Company Holdings LLC
      Los Angeles Superior Court Case No. BC683411

Dear Pro Hac Vice Admissions Department:

   Enclosed is a copy of the Defendant's Application to allow Gerald I. Maatman to Appear as Counsel Pro Hac Vice in the above-referenced matter, along with a check in the amount of $50.00 for the fee.

   We appreciate your consideration. Please return a receipt for the fee in the self-addressed stamped envelope provided. Should you have any questions, please do not hesitate to contact me.

   Very truly yours,

   SEYFARTH SHAW LLP

   Laura Wilson Shelby

LWS:bd
Enclosures

44095749v.1

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK

Exhibit M - Page 85

**SEYFARTH SHAW LLP**   233 SOUTH WACKER DRIVE CHICAGO, ILLINOIS 60606
Attorneys

CHECK NO.    **503155**

| REF. # | INVOICE NUMBER | DATE | INV. AMT | INVOICE DESCRIPTION | AMOUNT PAID |
|--------|----------------|------|----------|---------------------|-------------|
| 20389502 | 20180202 | 01-30-18 | 50.00 | J. Aguilera CRINV: 050012681835 | 50.00 |

CHECK DATE
02/01/18

Bank of America
Chicago, IL 60661

FIFTY AND 00/100 Dollars

**SEYFARTH
SHAW**

233 South Wacker Drive Suite 8000 Chicago, IL 60606-6448

CHECK NO.    **503155**

GENERAL ACCOUNT
CHECK AMOUNT

$*****50.00

Seyfarth Shaw LLP

PAY
TO THE
ORDER OF        **THE STATE BAR OF CALIFORNIA**

UNDER $5000 ONE SIGNATURE
**VOID AFTER 180 DAYS**

⑈503155⑈ ⑆071000505⑆ 520174335⑆

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss
**COUNTY OF LOS ANGELES** )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On February 8, 2018, I served the within document(s):

**DECLARATION OF LAURA W. SHELBY REGARDING PROOF OF PAYMENT IN SUPPORT OF GERALD L. MAATMAN FOR ADMISSION *PRO HAC VICE***

☐ I sent such document from facsimile machines (310) 201-5219 on _____, 2018. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Gloria Allred                                        Attorneys for **Plaintiff JANE DOE**
Nathan Goldberg
Christina Cheung
**ALLRED MAROKO & GOLDBERG**
6300 Wilshire Blvd., Suite 1500
Los Angeles, California 90048          Tel. (323) 653-6530
                                                     Fax (323) 653-1660

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1

44269238v.1

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 8, 2018, at Los Angeles, California.

James Aguilera

2

PROOF OF SERVICE

44269238v.1

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Phyllis Kupferstein, Esq. [SBN 105898]
Kupferstein Manuel LLP
865 South Figueroa Street, Suite 3338, Los Angeles, CA 90017

TELEPHONE NO.: 213/988-7531    FAX NO. *(Optional):* 213/988-7532
E-MAIL ADDRESS *(Optional):* pk@kupfersteinmanuel.com
ATTORNEY FOR *(Name):* Defendant Harvey Weinstein

**FILED**
Superior Court of California
County of Los Angeles

FEB 27 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Nancy Alvarez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Jane Doe

DEFENDANT/RESPONDENT: The Weinstein Company, LLC, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | BC683411 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: March 14, 2018    Time: 8:30 a.m.    Dept.: 78    Div.:    Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Defendant Harvey Weinstein
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* November 14, 2017
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint    ☐ cross-complaint    *(Describe, including causes of action):*
      (1) Sexual Battery in violation of Cal. Civ. Code Section 1708.5; (2) Gender Violence in violation of Cal. Civ. Code Section 52.4; (3) Battery; (4) Assault; (5) Negligence; (6) Negligent Retention or Supervision

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**ORIGINAL**

Exhibit M - Page 89

**CM-110**

| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Weinstein Company, LLC, et al. | BC683411 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that Defendant Weinstein assaulted her and that he and the other defendants are responsible for the assaults. Plaintiff seeks general and compensatory damages, emotional distress damages, and attorney's fees and costs. Defendant Weinstein has filed a general denial with affirmative and other defenses.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request   ☐ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☑  days *(specify number):* 7-10

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:

e.  E-mail address:

f.  Fax number:

g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has   ☐ has not   reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Exhibit M - Page 90

**CM-110**

| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Weinstein Company, LLC, et al. | BC683411 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER:  Jane Doe | BC683411 |
| DEFENDANT/RESPONDENT:  The Weinstein Company, LLC, et al. | |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*

   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Defendant Weinstein intends to file a motion for summary judgment and/or adjudication, and may seek a stay of discovery.

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant Weinstein | Written discovery | Per CCP |
| | Depositions | Per CCP |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

Exhibit M - Page 92

CM-110

| PLAINTIFF/PETITIONER: | Jane Doe | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | The Weinstein Company, LLC, et al. | BC683411 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 27, 2018

Phyllis Kupferstein
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

► *Phyllis Kupferstein* (signature)
_____
(SIGNATURE OF PARTY OR ATTORNEY)

►
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Exhibit M - Page 93

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and am not a party to this action.  My address is 865 South Figueroa Street, Suite 3338, Los Angeles, CA 90017.

On February 27, 2018, I served the following document(s):

**DEFENDANT HARVEY WEINSTEIN'S CASE MANAGEMENT STATEMENT**

on the interested parties in this action by placing a true and correct copy of such document(s), enclosed in a sealed envelope, addressed as follows:

Gloria Allred, Esq.
Nathan Goldberg, Esq.
Christina Cheung, Esq.
Allred, Maroko & Goldberg
67300 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90048

Gerald L. Maatman, Esq.
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448

AND

Laura Wilson, Esq.
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021

| | |
|---|---|
| ✓ | I deposited for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Los Angeles, California. |
| | By Facsimile Machine:  The document was transmitted by facsimile transmission to the number(s) indicated and was reported as completed and without error. |
| | By Email:  By electronically transmitting a true, correct and complete copy of the above-referenced document(s), in ".pdf" or other computer readable format, to the court's electronic file and service provider, "One Legal", which transmitted and e-served the same in the course of its ordinary business, pursuant to California Rule of Court 2.251(a)(2)(B), to the parties at the "Email" addresses reflected above. |

I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 27, 2018 in Los Angeles, CA.

Leila A. Fergueson

1

PROOF OF SERVICE

ORIGINAL

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

SEYFARTH SHAW LLP — Gerald L. Maatman, Jr. (pro hac vice pending);
Laura Wilson Shelby (SBN 151870); Kristen M. Peters (SBN 252296)
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021

TELEPHONE NO.: (310) 277-7200     FAX NO. *(Optional):* (310) 201-5219
E-MAIL ADDRESS *(Optional):* lshelby@seyfarth.com; kmpeters@seyfarth.com
ATTORNEY FOR *(Name):* THE WEINSTEIN COMPANY, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

**FILED**
Superior Court of California
County of Los Angeles

FEB 27 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Nancy Alvarez

PLAINTIFF/PETITIONER: Jane Doe, an Individual

DEFENDANT/RESPONDENT: THE WEINSTEIN COMPANY, LLC

| **CASE MANAGEMENT STATEMENT** | | | CASE NUMBER: |
|---|---|---|---|
| *(Check one):* | ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | BC683411 |

**BY FAX**

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 3/14/18          Time: 8:30 a.m.     Dept.: 78       Div.:          Room:

Address of court *(if different from the address above):*

☐  Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):* THE WEINSTEIN COMPANY, LLC and WEINSTEIN COMPANY HOLDINGS LLC
   b. ☐  This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*
      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐  have had a default entered against them *(specify names):*
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒  complaint    ☐  cross-complaint      *(Describe, including causes of action):*
      Plaintiff brings claims for: (1) sexual battery; (2) gender violence; (3) battery, (4) assault; (5) negligence; and (6) negligent retention or supervision.

Page 1 of 5

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|


American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit M - Page 95

CM-110

| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE WEINSTEIN COMPANY, LLC | BC683411 |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Defendants The Weinstein Company and Weinstein Company Holdings, LLC (collectively, "TWC") denies all of Plaintiff's allegations as to TWC. Plaintiff seeks unspecified compensatory, emotional distress and punitive damages.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☒ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Week of July 30, 2018 - Trial.

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☒   days *(specify number):* 5 to 7
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                   f.   Fax number:
e.   E-mail address:                                      g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation (if available).**
(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit M - Page 96

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER:<br>BC683411 |
| DEFENDANT/RESPONDENT: THE WEINSTEIN COMPANY, LLC | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

Exhibit M - Page 97

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Jane Doe | BC683411 |
| DEFENDANT/RESPONDENT: THE WEINSTEIN COMPANY, LLC | |

**11. Insurance**
- a. ☐   Insurance carrier, if any, for party filing this statement *(name):*
- b.   Reservation of rights:   ☐ Yes   ☐ No
- c. ☐   Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐   Bankruptcy ☐   Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
- a. ☐   There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  - ☐   Additional cases are described in Attachment 13a.
- b. ☐   A motion to   ☐   consolidate   ☐   coordinate   will be filed by *(name party):*

**14. Bifurcation**
☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☒   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Defendants intend to file a summary judgment and/or summary adjudication and motions in limine.

**16. Discovery**
- a. ☐   The party or parties have completed all discovery.
- b ☒   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Plaintiff's Deposition | Per CCP |
| Defendants | Written Discovery Requests | Per CCP |

- c. ☒   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
Defendants anticipate having to organize, analyze and review thousands of documents potentially responsive to Plaintiff's claims. This may include the engagement of outside document management and e-discovery vendors to manage different aspects of the document review. Defendants will fully cooperate with the discovery process in this matter.

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE WEINSTEIN COMPANY, LLC | BC683411 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

**20. Total number of pages attached (*if any*):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 27, 2018

Kristen M. Peters
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit M - Page 99

## PROOF OF SERVICE

**STATE OF CALIFORNIA**              )
                                     )   ss
**COUNTY OF LOS ANGELES**            )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On February 27, 2018, I served the within document(s):

### CASE MANAGEMENT STATEMENT

☐ I sent such document from facsimile machines (310) 201-5219 on _____, 2018. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Gloria Allred                          Attorneys for **Plaintiff JANE DOE**
Nathan Goldberg
Christina Cheung
**ALLRED MAROKO &**
**GOLDBERG**                            Tel. (323) 653-6530
6300 Wilshire Blvd., Suite 1500        Fax (323) 653-1660
Los Angeles, California 90048

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 27, 2018, at Los Angeles, California.

James Aguilera

1

PROOF OF SERVICE

44269238v.1

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* Gloria Allred SBN 65033<br>Nathan Goldberg SBN 62192; Christina Cheung SBN 280148<br>Allred, Maroko & Goldberg<br>6300 Wilshire Blvd., Ste. 1500, Los Angeles, CA 90048<br>TELEPHONE NO.: 323-653-6530     FAX NO. *(Optional):* 323-653-1660<br>E-MAIL ADDRESS *(Optional):* cchheung@amglaw.com<br>ATTORNEY FOR *(Name):* Jane Doe | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 2 7 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy<br>Raul Sanchez |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
| STREET ADDRESS: 111 N. Hill Street |
| MAILING ADDRESS: same as above |
| CITY AND ZIP CODE: Los Angeles 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: Jane Doe |
| DEFENDANT/RESPONDENT: The Weinstein Company LLC, et al. |

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)    ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | CASE NUMBER:<br>BC683411 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: March 14, 2018     Time: 8:30 a.m.     Dept.: 78     Div.:     Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff, Jane Doe
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* November 14, 2017
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint    ☐ cross-complaint    *(Describe, including causes of action):*
      (1) Sexual Battery in Violation of Cal. Civ. Code Section 1708.5; (2) Gender Violence in Violation of Cal. Civ. Code Section 52.4; (3) Battery; (4) Assault; (5) Negligence; (6) Negligent Retention or Supervision

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Jane Doe | BC683411 |
| DEFENDANT/RESPONDENT: The Weinstein Company LLC, et al. | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   Plaintiff alleges that Defendant Weinstein sexually assaulted her and that the Company Defendants are also responsible for the sexual assaults. Plaintiff seeks general and compensatory damages, emotional distress damages, and attorneys' fees and costs.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☑ days *(specify number):* 7-10
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Exhibit M - Page 102

CM-110

| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Weinstein Company LLC, et al. | BC683411 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

Exhibit M - Page 103

CM-110

| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Weinstein Company LLC, et al. | BC683411 |

**11. Insurance**
    a.  ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b.  Reservation of rights: ☐ Yes ☐ No
    c.  ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a.  ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b.  ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
    action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a.  ☐ The party or parties have completed all discovery.
    b.  ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written discovery | Per CCP |
| | Depositions | Per CCP |

    c.  ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are
    anticipated *(specify):*

Exhibit M - Page 104

CM-110

| PLAINTIFF/PETITIONER: | Jane Doe | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | The Weinstein Company LLC, et al. | BC683411 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 27, 2018

Christina Cheung, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

Exhibit M - Page 105

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

3

4

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

5

6

       On **February 27, 2018**, I served the forgoing document described as **PLAINTIFF'S CASE MANAGEMENT STATEMENT** on interested parties in this action

7

[]       by placing [] the original [X] a true copy thereof enclosed in sealed envelopes at Los Angeles, California addressed as follows:

8

9

10

**Attorneys for Defendants**
**The Weinstein Company and**
**The Weinstein Company Holdings LLC**

**Attorneys for Defendant**
**Harvey Weinstein**

Phyllis Kupferstein, Esq.

11

12

Laura Shelby, Esq.
Kristen M. Peters, Esq.
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
T:  (310) 201-5203
F: (310) 282-6903
Email:  Lshelby@seyfarth.com
          kmpeters@seyfarth.com

**Kupferstein Manuel LLP**
865 South Figueroa Street, Suite 3338
Los Angeles, California 90017
213-988-7531 main
213-988-7528 direct
213-988-7532 fax
Email:  pk@kupfersteinmanuel.com

13

14

15

16

17

[X]    **By Mail:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

18

       [X]  Courtesy Copy by E-mail to the person(s) at the address(es) set forth above.

19

20

[]     **By E-mail:**  Per agreement to accept service of documents electronically, I caused the above-referenced document(s) to be sent to the person(s) at the address(es) set forth above.

21

22

[]     **By Overnight Courier:** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth above.

23

24

[]     **By Personal Service:** I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth above.

25

26

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

27

       Executed on **February 27, 2018**, at Los Angeles, California.

28

                                                    _____
                                                              Josie Peña

                                                    Exhibit M - Page 106

# ORIGINAL

1 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOHN L. BARBER, SB# 160317
2 | E-Mail: John.Barber@lewisbrisbois.com
CORINNE D. SPENCER, SB# 285290
3 | E-Mail: Corinne.Spencer@lewisbrisbois.com
KELSEY SCHERR, SB# 303314
4 | E-Mail: Kelsey.Scherr@lewisbrisbois.com
633 West 5th Street, Suite 4000
5 | Los Angeles, California 90071
Telephone: 213.250.1800
6 | Facsimile: 213.250.7900

7 | Attorneys for Harvey Weinstein

**FILED**
Superior Court of California
County of Los Angeles

MAR 1 3 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By_____,Deputy
Raul Sanchez

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11

12 | JANE DOE, an Individual,

Plaintiff,

13

vs.

14

THE WEINSTEIN COMPANY LLC, a Corp.;
15 | THE WEINSTEIN COMPANY HOLDINGS
LLC, a Corp.; HARVEY WEINSTEIN, an
16 | individual; and DOES 1 through 25, inclusive,

17 | Defendant.

CASE NO. BC683411

The Hon. Gail Feuer, Dept. 78

**NOTICE OF ASSOCIATION OF
COUNSEL**

Action Filed:    November 14, 2017
Trial Date:     None Set

18

19

20 | TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

21 | PLEASE TAKE NOTICE that John L. Barber, Esq., Corinne D. Spencer, Esq., and Kelsey

22 | Scherr, Esq. of the law firm of LEWIS BRISBOIS BISGAARD & SMITH  LLP, 633 W. 5th

23 | Street, Suite 4000, Los Angeles, CA 90071, telephone (213) 250-1800, fax (213) 250-7900,

24 | hereby associate in with KUPFERSTEIN MANUEL LLP, 865 South Figueroa Street, Suite 3338,

25 | Los Angeles, California  90017, telephone (213) 988-7531, fax (213) 988-7532 as co-counsel for

26 | Defendant HARVEY WEINSTEIN.

27 | ///

28 | ///

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

4841-1890-1855.1

1    All papers, pleadings and filings herein are requested to be served upon the above counsel

2  as provided by law.

3

4

5  DATED: March 13 , 2018                    LEWIS BRISBOIS BISGAARD & SMITH LLP

6

7                                            By: _____

8                                            John Barber
                                             Attorneys for Harvey Weinstein
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    **CALIFORNIA STATE COURT PROOF OF SERVICE**

2          Jane Doe v. The Weinstein Company LLC, et al. - Case No. BC683411

3    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4          At the time of service, I was over 18 years of age and not a party to the action.  My
     business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

5

6          On March 13, 2018, I served the following document(s):  NOTICE OF ASSOCIATION
     OF COUNSEL

7          I served the documents on the following persons at the following addresses (including fax
     numbers and e-mail addresses, if applicable):

8

9          The documents were served by the following means:

      ☒    (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to
10          the persons at the addresses listed above and:

11          ☒        Placed the envelope or package for collection and mailing, following our ordinary
     business practices.  I am readily familiar with the firm's practice for collection and processing
12   correspondence for mailing.  Under that practice, on the same day that correspondence is placed
     for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal
13   Service, in a sealed envelope or package with the postage fully prepaid.

14          I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.

15

16          Executed on March 13, 2018, at Los Angeles, California.

17

18                                    _____
                                      Mary Ann Campi

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**SERVICE LIST**
**Jane Doe v. The Weinstein Company LLC**
**BC683411**

| | |
|---|---|
| Gloria Allred<br>Nathan Goldberg<br>Christina Cheung<br>Allred, Maroko & Goldberg<br>6300 Wilshire Blvd., Suite 1500<br>Los Angeles, CA 90048<br>Tel: (323) 653-6530<br>Fax: (323) 653-1660<br>Email: ccheung@amglaw.com | Attorneys for Plaintiff, JANE DOE |
| Phyllis Kupferstein<br>Kupferstein Manuel LLP<br>865 South Figueroa Street, Suite 3338<br>Los Angeles, CA 90017<br>Tel: (213) 988-7531<br>Fax: (213) 988-7532<br>Email: pk@kupfersteinmanuel.com | Attorneys for Defendant HARVEY WEINSTEIN |
| SEYFARTH SHAW LLP<br>Gerald L. Maatman, Jr.<br>233 South Wacker Drive, Suite 8000<br>Chicago, Illinois 60606-6448<br>Tel: (312) 460-5000<br>Fax: (312) 460-7000 | Attorneys for Defendants, THE WEINSTEIN COMPANY, LLC, a Corp., THE WEINSTEIN COMPANY HOLDINGS LC., a Corp. |
| SEYFARTH SHAW LLP<br>Laura Wilson Shelby<br>Kristen M. Peters<br>2029 Century Park East, Suite 3500<br>Los Angeles, CA 90067-3021<br>Tel: (310) 277-7200<br>Fax: (310) 201-5219<br>Email: lshelby@seyfarth.com<br>Email: kmpeters@seyfarth.com | Attorneys for Defendants, THE WEINSTEIN COMPANY, LLC, a Corp., THE WEINSTEIN COMPANY HOLDINGS LC., a Corp. |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/14/18                                                DEPT.   78

HONORABLE  JOSEPH R. KALIN      JUDGE    A. GARCIA        DEPUTY CLERK

HONORABLE                       JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
#1
            S. JUSI, CA         Deputy Sheriff   NONE           Reporter

| | | | | |
|---|---|---|---|---|
| 8:30 am | BC683411 | Plaintiff Counsel | CHRISTINA CHEUNG (X) | |
| | JANE DOE | | | |
| | VS | Defendant Counsel | KELSEY SCHERR (X) | |
| | THE WEINSTEIN COMPANY LLC ET AL | | PHYLLIS KUPPERSTEIN (X) | |
| | | | KRISTEN PETERS (X) (COURTCALL) | |

**NATURE OF PROCEEDINGS:**

CASE MANAGEMENT CONFERENCE;

Matter is called for hearing.

Court confers with counsel regarding status of the
case and the March 15, 2018 motion for pro hac vice.

After discussion, the Court rules as follows:

Defendant's motion for admission pro hac vice of
Gerald L. Maatman, scheduled for March 15, 2018, is
advanced to this date and heard. The Court states
there is no opposition or objections by any party,
and the motion is GRANTED.

The Order Granting the Verified Application of
Defendants for Admission Pro Hac Vice of Gerald L.
Maatman is signed and filed this date.

The case management conference is continued to June
13, 2018, at 8:30 a.m., in department 78.

Plaintiff is directed to give notice.

Page    1 of   1    DEPT.    78

| MINUTES ENTERED |
|---|
| 03/14/18 |
| COUNTY CLERK |

ORIGINAL

**FILED**
Superior Court of California
County of Los Angeles

MAR 1 4 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Armando Garcia

RECEIVED

FEB - 9 2018

ROOM 102

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

BY FAX

| | |
|---|---|
| JANE DOE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WEINSTEIN COMPANY LLC, a Corp.;<br>THE WEINSTEIN COMPANY HOLDINGS<br>LLC, a Corp.; HARVEY WEINSTEIN, an<br>individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. BC683411<br><br>Assigned to the Honorable Gail Ruderman Feuer;<br>Dept. 78<br><br>**RESERVATION NO. 180207288032**<br><br>**[PROPOSED] ORDER GRANTING THE<br>VERIFIED APPLICATION OF<br>DEFENDANTS FOR ADMISSION *PRO HAC<br>VICE* OF GERALD L. MAATMAN**<br><br>Date     : March 15, 2018<br>Time     : 8:30 a.m.<br>Dept.    : 78<br><br>Complaint Filed:     November 14, 2017 |

1

[PROPOSED] ORDER

43541966v.1

1        This matter having come before this Court on the Verified Application of Defendants The

2  Weinstein Company, LLC and The Weinstein Company Holdings LLC ("Defendants") for admission of

3  Gerald I. Maatman to appear *pro hac vice* in the above-entitled action, upon regular notice, on March

4  15, 2018 at 8:30 a.m. in Department 78 of the Los Angeles Superior Court, located at 111 N. Hill Street,

5  Los Angeles, California 90012, before the Honorable Gail Ruderman Feuer and this Court having

6  considered the submissions of counsel, all counsel having submitted on the Court's tentative ruling, and

7  good cause having been shown,

8        **IT IS HEREBY ORDERED** that the Verified Application of Defendants is granted; and

9        **IT IS HEREBY FURTHER ORDERED** that Gerald I. Maatman, shall be, and hereby is,

10  admitted as counsel *pro hac vice* for Defendants in the above-entitled action.

11

12

13  DATED:  **MAR 1 4 2018**

                                 JOSEPH R. KALIN

14                  HONORABLE ~~GAIL RUDERMAN FEUER~~

                  Judge of the Superior Court of Los Angeles County

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

[~~PROPOSED~~] ORDER

**PROOF OF SERVICE**

| | |
|---|---|
| **STATE OF CALIFORNIA** | ) |
| | ) ss |
| **COUNTY OF LOS ANGELES** | ) |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On February 8, 2018, I served the within document(s):

**[PROPOSED] ORDER GRANTING THE VERIFIED APPLICATION OF DEFENDANTS FOR ADMISSION *PRO HAC VICE* OF GERALD L. MAATMAN**

☐ I sent such document from facsimile machines (310) 201-5219 on _____, 2018. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Gloria Allred
Nathan Goldberg
Christina Cheung
**ALLRED MAROKO & GOLDBERG**
6300 Wilshire Blvd., Suite 1500
Los Angeles, California 90048

Attorneys for **Plaintiff JANE DOE**

Tel. (323) 653-6530
Fax (323) 653-1660

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

44269238v.1

1    I declare under penalty of perjury under the laws of the State of California that the above is true
2   and correct.

3   Executed on February 8, 2018, at Los Angeles, California.

4   _____
                        James Aguilera
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
PROOF OF SERVICE

44269238v.1

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Reserved for Clerk's Stamp

FILED
Superior Court of California
County of Los Angeles

MAR 15 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
Marion Gomez

COURT ADDRESS:
111 N. Hill Street, Los Angeles, CA 90012

PLAINTIFF:
JANE DOE

DEFENDANT:
THE WEINSTEIN COMPANY LLC, et al.

**CIVIL DEPOSIT**

CASE NUMBER:
BC683411

CLERK:  PREPARE A FORM FOR EACH DEPOSITOR PAYING SEPARATELY

**PLEASE REPORT TO THE CLERK'S OFFICE/CASHIER:**
[X] Room 102, Central Civil  [ ] Clerk's Office , Room_____   [X] Department Number  51

BY FAX

| | Distribution Codes | Amt Due | | Distribution Codes | Amt Due |
|---|---|---|---|---|---|
| [ ] 251 | DAILY JURY FEES  Dates:_____  # of day(s)____x$_____ | | [ ] 74 | DEPOSIT IN TRUST | |
| [X] 72 | JURY FEES  Trial Date: none set  (Initial Deposit) $150.00 | 150.00 | [ ] 101 | FIRST PAPERS- GENERAL JURISDICTION | |
| [ ] 252 | REPORTERS FEES  Dates:_____  # of 1/2 day(s)_____x$_____  Full Day_____ | | [ ] 101 | FIRST PAPERS-LIMITED OVER $10,000 | |
| | | | [ ] 141 | With declaration Limited to $10,000  (per B&P 6322.1(a)) | |
| | | | [ ] 130 | Limited to $10,000 | |
| [ ] 721 | SANCTIONS ORDERED ON  Date:_____ | | [ ] 211 | RECLASSIFICATION FEE | |
| [ ] 213 | MOTIONS/APPLICATION TO CONT. HEARING | | [ ] 150 | COMPLEX LITIGATION TRIAL/PLAINTIFF | |
| [ ] 200 | MOTIONS/APPLICATION TO CONT.TRIAL | | [ ] 151 | COMPLEX LITIGATION TRIAL/DEFENDANT | |
| [ ] | Other: | | [ ] | | |

To be paid via:  [ ] Cash  [X] Check  [ ] Certified Check/Money Order  [ ] Credit Card

[ ] On or Before_____   [ ] Forthwith

Payment will be made by  [X] Plaintiff JANE DOE   [ ] Defendant_____

JOHN A. CLARKE, Executive Officer/Clerk

DATE  _____   BY: _____

Deputy Clerk

| TO BE COMPLETED BY DEPOSITOR | CASHIER'S VALIDATION |
|---|---|

Depositor's Name:  Christina Cheung, Esq.

[ ] Plaintiff in Pro Per   [ ] Defendant in Pro Per

[X] Counsel for   [X] Plaintiff  JANE DOE
                              Name of Party
          [ ] Defendant  _____
                              Name of Party

Address of depositor   6300 Wilshire Blvd., Ste. 1500
                              Street
          Los Angeles, CA 90048
                              City/State/Zip

RECEIPT #: CCH621759021
DATE PAID: 03/16/18
PAYMENT RECEIVED:  $150.00
CHECK:  $150.00
CASH:  $0.00
CHANGE:  $0.00
CARD:  $0.00

08:52 AM
310

CIT/CASE: BC683411
LEA/DEF#:

CIV 083 03-04 (Rev. 05/06)
LASC Approved

**CIVIL DEPOSIT**
Distribution: Original - Case File   Copy-Customer

**ORIGINAL**

Exhibit M - Page 116

ORIGINAL

1 | Gloria Allred, Esq. (SBN 65033)
Nathan Goldberg, Esq. (SBN 61292)
2 | Christina Cheung, Esq. (SBN 280148)
ALLRED, MAROKO & GOLDBERG
3 | 6300 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90048
4 | Telephone: (323) 653-6530
Facsimile: (323) 653-1660
5

**FILED**
Superior Court of California
County of Los Angeles

MAR 1 5 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ , Deputy
Judi Lara

6

**Attorneys for Plaintiff, JANE DOE**

7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

FOR THE COUNTY OF LOS ANGELES

9

| | |
|---|---|
| JANE DOE, an individual, | Case No. BC683411 |
| Plaintiff, | [Assigned for All Purposes to Hon. Gail Ruderman Feuer, Dept. 78] |
| vs. | |
| THE WEINSTEIN COMPANY LLC, a Corp.; THE WEINSTEIN COMPANY HOLDINGS LLC, a Corp.; HARVEY WEINSTEIN, an individual;  and DOES 1 through 25, inclusive, | **PLAINTIFF'S NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE** |
| Defendants. | Date:   June 13, 2018<br>Dept.:  78<br>Time:   8:30 a.m.<br>Judge: Hon. Gail Ruderman Feuer |

18 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19 | **PLEASE TAKE NOTICE** that at the Case Management Conference on March

20 | 14, 2018, Judge Kalin continued the Case Management Conference until June 13, 2018 at

21 | 8:30 a.m. in Department 78 of the Superior Court for the County of Los Angeles, located

22 | at 111 N. Hill Street, Los Angeles, CA 90012.

23 | Dated:  March 15, 2018

ALLRED, MAROKO & GOLDBERG

GLORIA ALLRED
NATHAN GOLDBERG
CHRISTINA CHEUNG
**Attorneys for Plaintiff,
JANE DOE**

- 1 -

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

3

4

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

5

6

     On **March 15, 2018**, I served the forgoing document described as **PLAINTIFF'S NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE** on interested parties in this action

7

8

[]     by placing [] the original [X] a true copy thereof enclosed in sealed envelopes at Los Angeles, California addressed as follows:

9

## SEE ATTACHED SERVICE LIST

10

11

[X]   **By Mail:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

12

13

[] Courtesy Copy by E-mail to the person(s) at the address(es) set forth on the attached service list.

14

15

[]   **By E-mail:**  Per agreement to accept service of documents electronically, I caused the above-referenced document(s) to be sent to the person(s) at the address(es) set forth in the attached service list.

16

17

[]   **By Overnight Courier:** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth in the attached service list.

18

19

[]   **By Personal Service:** I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth in the attached service list.

20

21

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

     Executed on **March 15, 2018**, at Los Angeles, California.

23

24

25

Josie Peña

26

27

28

- 2 -

Exhibit M - Page 118

1

**SERVICE LIST**
**Jane Doe v. The Weinstein Company LLC**

2

**LASC Case No.: BC683411**

3

4      Laura Shelby, Esq.                        Attorneys for Defendants,
       Kristen M. Peters, Esq.                   THE WEINSTEIN COMPANY
5      SEYFARTH SHAW LLP                         AND THE WEINSTEIN
       2029 Century Park East, Suite 3500        COMPANY HOLDINGS LLC
6      Los Angeles, CA 90067-3021
       T:  (310) 201-5203
7      F:  (310) 282-6903
       E-mail:  Lshelby@seyfarth.com
8      E-mail:  kmpeters@seyfarth.com

9

10     Gerald L. Maatman, Jr., Esq.              Attorneys for Defendants,
       SEYFARTH SHAW LLP                         THE WEINSTEIN COMPANY
11     233 South Wacker Drive, Suite 8000        AND THE WEINSTEIN
       Chicago, Illinois 60606-6448              COMPANY HOLDINGS LLC
12     T: (312) 460-5000
13     F: (312) 460-7000

14

15     Phyllis Kupferstein, Esq.                 Attorneys for Defendant,
       Kupferstein Manuel LLP                    HARVEY WEINSTEIN
16     865 South Figueroa Street, Suite 3338
       Los Angeles, California 90017
17     213-988-7531 main
       213-988-7528 direct
18     213-988-7532 fax
19     Email:  pk@kupfersteinmanuel.com

20

21     John L. Barber, Esq.                      Attorneys for Defendant,
       Corinne D. Spencer, Esq.                  HARVEY WEINSTEIN
22     Kelsey Scherr, Esq.
       LEWIS BRISBOIS BISGAARD & SMITH LLP
23     633 West 5th Street, Suite 4000
24     Los Angeles, California 90071
       T: 213 .250.1800
25     F: 213.250.7900
       E-Mail: John.Barber@lewisbrisbois.com
26     E-Mail: Corinne.Spencer@lewisbrisbois.com
       E-Mail: Kelsey.Scherr@lewisbrisbois.com
27

28

- 3 -

Exhibit M - Page 119

1   SEYFARTH SHAW LLP
    Gerald L. Maatman, Jr. *(admitted pro hac vice)*
2   E-mail: gmaatman@seyfarth.com
    233 South Wacker Drive, Suite 8000
3   Chicago, Illinois 60606-6448
    Telephone:    (312) 460-5000
4   Facsimile:    (312) 460-7000

5   SEYFARTH SHAW LLP
    Laura Wilson Shelby (SBN 151870)
6   E-mail: lshelby@seyfarth.com
    2029 Century Park East, Suite 3500
7   Los Angeles, California 90067-3021
    Telephone:    (310) 277-7200
8   Facsimile:    (310) 201-5219

9   Attorneys for Defendant
    THE WEINSTEIN COMPANY, LLC; and
10  THE WEINSTEIN COMPANY HOLDINGS LLC.

11

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                     FOR THE COUNTY OF LOS ANGELES

15

16  JANE DOE, an Individual,                 Case No. BC683411

17              Plaintiff,                   Assigned to the Honorable Gail Ruderman Feuer;
                                             Dept. 78
18       v.
                                             **NOTICE OF SUGGESTION ON PENDENCY**
19  THE WEINSTEIN COMPANY LLC, a Corp.;      **OF BANKRUPTCY AND AUTOMATIC**
    THE WEINSTEIN COMPANY HOLDINGS           **STAY OF PROCEEDINGS**
20  LLC, a Corp.; HARVEY WEINSTEIN, an
    individual; and DOES 1 through 25, inclusive,
21                                           Complaint Filed:    November 14, 2017
              Defendants.                    Trial Date:         None Set
22

23

24

25

26

27

28

FILED
Superior Court of California
County of Los Angeles

MAR 21 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
        Nancy Alvarez

ORIGINAL

1    PLEASE TAKE NOTICE that, on March 19, 2018, The Weinstein Company Holdings LLC and

2   all of its wholly-owned domestic subsidiaries, including The Weinstein Company LLC, (collectively, the

3   "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11

4   U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of

5   Delaware (the "Bankruptcy Court").   The Debtors' Chapter 11 cases are pending before the Honorable

6   Judge Mary F. Walrath, United States Bankruptcy Judge, and are being jointly administered under the

7   lead case *In re: The Weinstein Company Holdings LLC*, Case No. 18-10601-MFW (the "Chapter 11

8   Cases").  A copy of the petition is attached hereto as Exhibit A.

9    PLEASE TAKE FURTHER NOTICE that, pursuant to section 362(a) of the Bankruptcy Code, the

10  Debtors' filing of their respective voluntary petitions gives rise to a stay, applicable to all entities, of,

11  among other things:  (a) the commencement or continuation of any judicial, administrative, or other action

12  or proceeding against the Debtors (i) that was or could have been commenced before the commencement

13  of the Chapter 11 Cases or (ii) to recover a claim against the Debtors that arose before the commencement

14  of the Chapter 11 Cases; (b) the enforcement, against any of the Debtors or against any property of each

15  of the Debtors' bankruptcy estates, of a judgment obtained prior to the commencement of the Chapter 11

16  Cases; and (c) any act to obtain possession of property of or from any of the Debtors' bankruptcy estates,

17  or to exercise control over property of any of the Debtors' bankruptcy estates (the "Automatic Stay").[1]

18  No order has been entered in the Chapter 11 Cases granting relief from the Automatic Stay.  Actions taken

19  in violation of the Automatic Stay, and judgments entered or enforced against the Debtors while the

20  Automatic Stay is in effect, are void *ab initio* and without effect.  In light of the foregoing, the above-

21  captioned action is stayed as to Debtors.

---

[1]     Nothing herein shall constitute a waiver of the Debtors' rights to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims against any party to the above-captioned case.  The Debtors expressly reserve all rights to contest any claims that may be asserted against the Debtors.

1

1

2   PLEASE TAKE FURTHER NOTICE that pleadings filed in the Chapter 11 Cases may be obtained free of charge by visiting the website of EPIQ Bankruptcy Motions at http://dm.epiq11.com/twc.  You may also obtain copies of any pleadings by visiting the Court's website at https://ecf.deb.uscourts.gov/ (PACER login and password required) in accordance with the procedures and fees set forth therein.

3

4

5

6   DATED: March 20, 2018                              SEYFARTH SHAW LLP

7

8                                                       By: _____

9                                                          Gerald L. Maatman, Jr.
                                                          Laura Wilson Shelby
10                                                        Attorneys for Defendant
                                                          THE WEINSTEIN COMPANY, LLC, a Corp.,
11                                                        THE WEINSTEIN COMPANY HOLDINGS LLC.,
                                                          a Corp.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF SUGGESTION ON PENDENCY OF BANKRUPTCY AND AUTOMATIC STAY OF PROCEEDINGS
45313890v.1                                                          Exhibit M - Page 122

Exhibit  A

# EXHIBIT A

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| _____ District of Delaware _____ |
| (State) |
| Case number (*if known*): _____ Chapter 11 ____ |

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.

**1. Debtor's name**          The Weinstein Company LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**          20-2652523

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| 99 Hudson Street | |
| Number    Street | Number    Street |
| 4th Floor | |
| | P.O. Box |
| New York, New York 10013 | |
| City          State      Zip Code | City          State      Zip Code |
| | Location of principal assets, if different from principal place of business |
| New York County | |
| County | Number    Street |
| | |
| | City          State      Zip Code |

**5. Debtor's website (URL)**          www.WeinsteinCo.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

page 1

RLF1 18955984v.2

Debtor  The Weinstein Company LLC  Case number (if known) 0620   Doc 1   Filed 03/19/18   2 of 22

Name

**7. Describe debtor's business**

**A.** *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  *See* http://www.uscourts.gov/four-digit-national-association-naics-codes.

____5121____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____

                                          MM / DD / YYYY

         District _____  When _____  Case number _____

                                          MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor *See Rider 1* _____  Relationship _____

         District _____  When _____

                                          MM / DD / YYYY

         Case number, if known _____

2

Name

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No   *See Rider 2*

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____

_____
City                              State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

page 3

| Debtor | The Weinstein Company LLC | Case number (if known) | 4 of 22 |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

☐ $0-$50,000      ☐ $1,000,001-$10 million      ☒ $500,000,001-$1 billion

☐ $50,001-$100,000      ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion

☐ $100,001-$500,000      ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion

☐ $500,001-$1 million      ☐ $100,000,001-$500 million      ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/19/2018__
MM / DD / YYYY

✗ _/s/ Robert Del Genio_      Robert Del Genio
Signature of authorized representative of debtor      Printed name

Title _Chief Restructuring Officer_

**18. Signature of attorney**

✗ _/s/ Mark D. Collins_      Date __03/19/2018__
Signature of attorney for debtor      MM / DD / YYYY

Mark D. Collins
Printed name

Richards, Layton & Finger, P.A.
Firm name

920 North King Street
Number    Street

Wilmington      DE      19801
City      State      ZIP Code

(302) 651-7700      collins@rlf.com
Contact phone      Email address

2981      DE
Bar number      State

page 4

Exhibit M - Page 128

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
                                            :
In re:                                      :   **Chapter 11**
                                            :
**The Weinstein Company LLC,**              :   **Case No. 18-_____ (___)**
                                            :
            **Debtor.**                     :
-----------------------------------------------------------x

### Rider 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "**Debtors**") filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of The Weinstein Company Holdings LLC.

- Avenging Eagle SPV, LLC
- Branded Partners LLC
- Check Hook LLC
- CTHD 2 LLC
- Cues TWC (ASCAP), LLC
- Current War SPV, LLC
- DRT Films, LLC
- DRT Rights Management LLC
- FFPAD, LLC
- HRK Films, LLC
- InDirections LLC
- InteliPartners LLC
- ISED, LLC
- MarcoTwo, LLC
- One Chance LLC
- PA Entity 2017, LLC
- Paddington 2, LLC
- PS Post LLC
- Scream 2 TC Borrower, LLC
- Small Screen Productions LLC
- Small Screen Trades LLC
- Spy Kids TV Borrower, LLC
- Team Players LLC

- The Actors Group LLC
- The Giver SPV, LLC
- The Weinstein Company Holdings LLC
- The Weinstein Company LLC
- Tulip Fever LLC
- TWC Borrower 2016, LLC
- TWC Domestic LLC
- TWC Fearless Borrower, LLC
- TWC Library Songs (BMI), LLC
- TWC Loop LLC
- TWC Mist, LLC
- TWC Polaroid SPV, LLC
- TWC Production-Acquisition Borrower 2016, LLC
- TWC Production, LLC
- TWC Replenish Borrower, LLC
- TWC Short Films, LLC
- TWC Untouchable SPV, LLC
- TWC Waco SPV, LLC
- Twenty O Five Holdings, LLC
- W Acquisition Company LLC
- WC Film Completions, LLC
- Weinstein Books, LLC
- Weinstein Development LLC
- Weinstein Global Funding Corp.
- Weinstein Global Film Corp.
- Weinstein Productions LLC
- Weinstein Television LLC
- WTV Guantanamo SPV, LLC
- WTV JCP Borrower 2017, LLC
- WTV Kalief Browder Borrower, LLC
- WTV Scream 3 SPV, LLC
- WTV Yellowstone SPV, LLC

RLF1 18955984v.2

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **The Weinstein Company LLC,** | : | **Case No. 18-_____ ( )** |
| | : | |
| Debtor. | : | |

----------------------------------------------------------------x

## Rider 2

### Real Property or Personal Property that Needs Immediate Attention

Question 12, among other things, asks the debtor to identify any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

The above-captioned debtor (the "**Debtor**") does not believe it owns or possesses any real or personal property that (i) poses a threat of imminent and identifiable hazard to public health or safety, (ii) needs to be physically secured or protected from the weather, or (iii) includes perishable goods or assets that could quickly deteriorate. The Debtor notes that it is not aware of the exact definition of "imminent and identifiable hazard" as used in this form.

# UNANIMOUS WRITTEN CONSENT
# OF THE BOARD OF MANAGERS OF
# THE WEINSTEIN COMPANY LLC

### March 19, 2018

The undersigned, being all of the members of the Board of Managers (the "**Board**") of The Weinstein Company LLC, a Delaware limited liability company (the "**Company**"), hereby consent in writing, pursuant to the provisions of applicable law, based on the advice of the Company's professionals and advisors, and after thorough discussions, to the following actions and hereby adopt the following resolutions:

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company and by each of its direct and indirect wholly-owned subsidiaries seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Chapter 11 Case**");

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the law firm of Cravath, Swaine & Moore LLP ("**Cravath**"), as bankruptcy co-counsel for the Company, and the law firm of Richards, Layton & Finger, P.A. ("**RL&F**"), as bankruptcy co-counsel for the Company, each under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of FTI Consulting, Inc. ("**FTI**"), to provide the Company with restructuring and interim management services, subject to any requisite bankruptcy court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Moelis & Company LLC ("**Moelis**"), as investment banker for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Epiq Bankruptcy Solutions, LLC ("**Epiq**"), as claims agent and administrative advisor for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

NOW THEREFORE BE IT RESOLVED, that the Company and each of the subsidiaries shall be, and hereby is, authorized and directed to: (a) each file a voluntary petition (collectively, the "**Petition**") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it be further

RESOLVED, that Robert Del Genio and Luke Schaeffer be, and hereby are, appointed as officers of the Company with the titles of Chief Restructuring Officer (the "**CRO**") and Chief Strategy Officer (the "**CSO**"), respectively, and both the CRO and CSO and each of the other officers of the Company or members of the Board of the Company (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Company and each of the subsidiaries to: (a) verify and execute the Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, the Petition and make or cause to be made, prior to execution thereof, any modifications to the Petition or ancillary documents as any such Authorized Person, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (b) verify, execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including authorization to incur debtor-in-possession indebtedness and to enter into debtor-in-possession loan agreements and related documents) necessary or desirable in connection with the foregoing; and (c) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve; and it be further

RESOLVED, that the Authorized Persons of the Company shall be, and each of them, acting alone, hereby is, authorized and empowered to retain, on behalf of the Company: (a) Cravath, as bankruptcy co-counsel for the Company; (b) RL&F, as bankruptcy co-counsel for the Company; (c) FTI, to provide the Company with restructuring and interim management services; (c) Moelis, as investment banker for the Company; (d) Epiq, as claims agent and administrative advisor for the Company; and (e) such additional professionals, including attorneys, accountants, consultants or brokers, in each case as in such officer's or officers' judgment may be necessary or desirable in connection with the Company's Chapter 11 Case and other related matters, on such terms as such officer or officers shall approve; and it be further

RESOLVED, that the Company shall be, and hereby is, authorized to: (a) borrow funds from, provide guaranties to and undertake related financing transactions (the "**Financing Transactions**") with such lenders and other parties and on such terms as may be approved by one or more of the Authorized Persons,

5

as reasonably necessary for the continuing conduct of the business and affairs of the Company and (b) pay related fees and grant security interests in and liens upon, some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such Financing Transactions; and it be further

RESOLVED, that the Board hereby approves the form, terms and provisions of the Asset Purchase Agreement (the "**Stalking Horse Agreement**"), between the Company, its debtor affiliates and Buyer (as defined in the Stalking Horse Agreement), in substantially the form submitted to the Board, with such modifications thereto as the Authorized Persons and the Company's management may deem necessary or advisable; and it be further

RESOLVED, that the Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name of and on behalf of the Company, authorized, directed and empowered to execute and deliver the Stalking Horse Agreement and any documents contemplated by or related to the Stalking Horse Agreement, each in the form or substantially in the form submitted to the Board, with such modifications thereto as the Authorized Persons and the Company's management may deem necessary or advisable; and it be further

RESOLVED, that the Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company, authorized, directed and empowered to file a motion with the Bankruptcy Court (i) seeking approval of bidding procedures to be used to facilitate a potential sale of all or substantially all of the Company's assets pursuant to section 363 of the Bankruptcy Code (the "**Potential Sale Transaction**"), (ii) seeking approval of Buyer as a stalking horse purchaser (the "**Stalking Horse Bidder**") for the Potential Sale Transaction pursuant to the Stalking Horse Agreement and (iii) seeking approval of the payment of certain fees (including expense reimbursement and breakup fees) to the Stalking Horse Bidder, all substantially in accordance with the summary presented to the Board, subject to such modifications thereto as the Authorized Persons and the Company's management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person); and it be further

RESOLVED, that the Authorized Persons shall be, and each of them alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to conduct a further marketing process to identify Potential Sale Transactions under the supervision of the Bankruptcy Court; and it be further

RESOLVED, that the Authorized Persons shall be, and each of them alone, hereby is, authorized, directed and empowered, in the name of and on

6

behalf of the Company, to (a) take actions and negotiate, or cause to be prepared and negotiated, and, subject to Bankruptcy Court approval as required, to execute, deliver, perform and cause the performance of any other agreements (including asset purchase agreements), certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of, and necessary to effectuate, any Potential Sale Transactions to which the Company is or will be a party and (b) request the Bankruptcy Court to approve any Potential Sale Transaction (including the Potential Sale Transaction contemplated by the Stalking Horse Agreement) and for any related relief; and it be further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons of the Company, each of the Authorized Persons of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company and/or the subsidiaries, as applicable, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents, including, without limitation, (a) limited liability company agreements of certain subsidiaries or amendments and/or restatements thereof, in the Company's capacity as sole member of such subsidiaries, and (b) further resolutions authorizing or otherwise facilitating the matters described in these resolutions for any subsidiaries, in the Company's capacity as sole member of such subsidiaries, and to pay all expenses, including filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it be further

RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company and any subsidiaries by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

This Unanimous Written Consent may be executed in one or more counterparts.

[Signature page follows]

7

Exhibit M - Page 135

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Company, have executed this Unanimous Written Consent as of the date first set forth above.

**BOARD OF MANAGERS**

Robert Weinstein

[The Weinstein Company LLC]

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                        :
In re:                                  :  Chapter 11
                                        :
The Weinstein Company LLC,              :  Case No. 18-_____ (___)
                                        :
        Debtor.                         :
-------------------------------------------------------x
```

## CONSOLIDATED LIST OF CREDITORS WHO HAVE THE
## THIRTY (30) LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

The above-captioned debtor and its debtor affiliates (collectively, the "**Debtors**") hereby certify that the *Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* submitted herewith contains the names and addresses of the Debtors' consolidated top thirty (30) unsecured creditors (the "**Top Thirty List**"). The list has been prepared from the Debtors' unaudited books and records as of the Petition Date. The Top Thirty List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top Thirty List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top Thirty List shall not constitute an admission by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date. The failure of the Debtors to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority, and/or amount of any such claim.

Debtor Name  The Weinstein Company LLC

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (If known):_____

Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the thirty (30) largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the thirty (30) largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SARTRACO, INC. C/O LETO BASSUK 777 Brickwell Ave., Ste 600 Miami, FL 33131 | Justin Leto, Larry Bassuk 305-577-8448 JLeto@letobassuk.com; lbassuk@letobassuk.com | Judgement Creditor | D | $17,367,331.00 | | $17,367,331.00 |
| 2 | WANDA PICTURES F18, BlockC, Century Square No. 352, Qingyang Rd. Lanzhou 730030 China | Tian Di 1-880-942-1670 Rhcncpa.com | Film Participant Vendor | | $14,407,220.54 | | $14,407,220.54 |
| 3 | PALISADES MEDIA GROUP INC 1620 26th St. Suite 200S Santa Monica, CA 90404 | CONTACT: Russell Dean PHONE: 310-564-5465 FAX: 310-828-7852 | Trade Vendor | | $13,731,757.06 | | $13,731,757.06 |
| 4 | BOIES, SCHILLER & FLEXNER (1999) LLC 2200 Corporate Blvd. N.W. Boca Raton, FL 33431 | Sherri Venticinque-Presti 561-886-6000 FAX: 561-886-6006 | Film Participant Vendor | | $5,697,646.05 | | $5,697,646.05 |
| 5 | VIACOM INTERNATIONAL 1515 Broadway New York, NY 10036 | W. Keyes Hill-Edgar 212-846-6491 FAX: 201-422-6628 | Trade Vendor | | $5,613,918.95 | | $5,613,918.95 |
| 6 | CROSS CITY FILMS LTD 74 Rivington Street London EC2A 3AY United Kingdom | Layla Zhang 61 2 9357 0700 lz@see-saw-films.com | Trade Vendor | | $5,610,000.00 | | $5,610,000.00 |

page 1

Exhibit M - Page 138

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  BOIES, SCHILLER & FLEXNER LLP 2200 Corporate Blvd. N.W. Boca Raton, FL 33431 | Sherri Venticinque-Presti 561-886-6000 FAX: 561-886-6006 | Professional Services | | $4,499,926.32 | | $4,499,926.32 |
| 8  SONY PICTURES ENTERTAINMENT 10202 West Washington Blvd Culver City, CA 90232 | David A. Steinberg 310-244-6070 FAX: 310-244-8103 | Film Participant Vendor | | $3,720,566.00 | | $3,720,566.00 |
| 9  FINTAGE COLLECTION ACCOUNT MGMT. BV Schipholweg 71 2316 ZL Leiden The Netherlands | Marcel Hoogenberk 31 71 565 9928 marcel.hoogenberk@fintage house.com | Trade Vendor | | $3,327,588.00 | | $3,327,588.00 |
| 10  O'MELVENY & MYERS LLP 1999 Avenue of the Stars 8th Fl Los Angeles, CA  90067-6035 | Matthew Erramouspe 310-553-6700 FAX: 310-246-6779 | Professional Services | | $3,154,077.03 | | $3,154,077.03 |
| 11  LIGHT CHASER ANIMATION Art base one Cuigezhuang Chaoyang District Beijing  100103 China | Zhou Yu Gary@lightchaseranimation. com | Trade Vendor | | $2,250,000.00 | | $2,250,000.00 |
| 12  LAVELY AND SINGER'S CLIENT TRUST 2049 Century Park east, Suite 2400 Los Angeles, CA  90067 | Martin S Singer 310-556-3501 FAX: 310-556-3615 | Trade Vendor | | $2,000,000.00 | | $2,000,000.00 |
| 13  KASIMA, LLC 100 Enterprise Drive, Suite 505 Rockaway, NJ 07866 | Mark Kurtz 201-252-4141 FAX: 201-512-4215 | Trade Vendor | | $1,936,625.00 | | $1,936,625.00 |
| 14  ALLIED INTEGRATED MARKETING 233 Broadway, 13th fl New York, NY 10279 | Adam Cinque 212-819-8144 ACinque@alliedim.com | Trade Vendor | | $1,931,607.82 | | $1,931,607.82 |
| 15  GREENBERG GLUSKER FIELDS 1900 Avenue of the Stars, Suite 2100 Los Angeles, CA 90067-4590 | Bert Fields 310-785-6842 bfields@greenbergglusker.co | Professional Services | | $1,820,078.15 | | $1,820,078.15 |
| 16  BRB INTERNATIONAL, S.A. Autovia Fuencarral-Alcobendas, KM12220 Madrid 28049 Spain | Carlos Biern 31 475 560 300 FAX: 31 475 560 144 info@brbbv.com | Trade Vendor | | $1,750,000.00 | | $1,750,000.00 |
| 17  CREATIVE ARTIST AGENCY 2000 Ave of the Stars, Los Angeles, CA 90067 | Marissa Hughes 424-288-2000 Trustfollowuplz@caa.com | Trade Vendor | | $1,494,537.25 | | $1,494,537.25 |

page 2

Exhibit M - Page 139

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 18 | DEBEVOISE & PLIMPTON LLP 919 Third Avenue, New York, NY 10022 | Helen V. Cantwell 212-909-6000 hcantwell@debevoise.com | Professional Services | | $1,438,254.89 | | $1,438,254.89 |
| 19 | Y THEATRICAL LLC 9130 West Sunset Blvd. Los Angeles, CA 90069 | David Barnes 310-789-7200 david.barnes@yucaipaco.com | Film Participant Vendor | | $1,385,146.00 | | $1,385,146.00 |
| 20 | TECHNICOLOR Dept. no 7658 Los Angeles, CA 90088-7658 | Hunter Simon 805-445-1122 Hunter.Simon@technicolor.com | Trade Vendor | | $1,364,802.87 | | $1,364,802.87 |
| 21 | ACACIA FILMED ENTERTAINMENT 150 Melacon Road, Marksville, LA 71351 | Matthew George 609 330 3930 Matt@acaciafilmedentertainment.com | Trade Vendor | | $1,310,832.65 | | $1,310,832.65 |
| 22 | SPEEDEE DISTRIBUTION, LLC 150 W 22nd St. FL 9, New York, NY 10011-6556 | Glen Basner 917-484-8918 FAX: 917-484-8901 gbasner@filmnation.com | Trade Vendor | | $1,250,000.00 | | $$1,250,000.00 |
| 23 | AMERICAN EXPRESS CARD MEMBER WIRE DEPOSITORY 1 Chase Plaza, New York, NY 10081 | Christina Nunez-Gonzalez 602-537-6385 Christina.E.Nunez-Gonzalez@aexp.com | Trade Vendor | | $1,243,350.14 | | $1,243,350.14 |
| 24 | WALT DISNEY PICTURES AND TELEVISION 500 S Buena Vista St. Burbank, CA 91521 | Chris Arroyo 818-560-1000 Chris.Arroyo@disney.com | Film Participant Vendor | | $1,137,734.00 | | $1,137,734.00 |
| 25 | SEYFARTH SHAW LLP 233 South Wacker Drive Suite 8000 Chicago, IL 60606 | Gerald L. Maatman, Jr. 312-460-7965 gmaatman@seyfarth.com | Professional Services | | $1,114,433.27 | | $1,114,433.27 |
| 26 | 22ND AND INDIANA INCORPORATED C/O Creative Artists Agency 2000 Avenue of the Stars Los Angeles, CA 90067 | Marissa Hughes 424-288-2000 Trustfollowuplz@caa.com | Film Participant Vendor | | $940,706.00 | | $940,706.00 |
| 27 | CANAL PRODUCTIONS C/O Creative Artists Agency 2000 Avenue of the Stars Los Angeles, CA 90067 | Marissa Hughes 424-288-2000 Trustfollowuplz@caa.com | Film Participant Vendor | | $940,706.00 | | $940,706.00 |
| 28 | KANZEON CORP 4020 Mandeville Canyon Rd Los Angeles, CA 90049 | David O. Russell 424-288-2000 Trustfollowuplz@caa.com | Film Participant Vendor | | $940,706.00 | | $940,706.00 |

page 3

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29   PHASE 2 DIGITAL CINEMA CORP. 902 Broadway 9th Fl New York, NY 10010 | Frank Lupo 212-206-8600 flupo@cinedigm.com | Trade Vendor | | $902,806.50 | | $902,806.50 |
| 30   BARNES & THORNBURG 2029 Century Park East, Suite 300 Los Angeles, CA 90067-2904 | Leasa Anderson 310-284-3880 Leasa.Anderson@btlaw.com | Professional Services | | $858,994.84 | | $858,994.84 |

page 4

RLF1 18955984v.2

Exhibit M - Page 141

Fill in this information to identify the case and this filing:

Debtor Name  The Weinstein Company LLC

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (If known): _____

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☐   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒   Other document that requires a declaration  Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and are Not Insiders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/19/2018
MM / DD / YYYY

/s/ Robert Del Genio
Signature of individual signing on behalf of debtor

Robert Del Genio
Printed name

Chief Restructuring Officer
Position or relationship to debtor

RLF1 18955984v.2

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

|  |  |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **The Weinstein Company LLC,** | : Case No. 18-_____ (___) |
| | : |
| Debtor. | : |

-------------------------------------------------------------x

## STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of the above-captioned debtor (the "**Debtor**") certifies that the following corporate entities directly or indirectly own 10% or more of the Debtor:

Woodland Asset Holdings LLC
The Weinstein Company Holdings LLC

Fill in this information to identify the case and this filing:

Debtor Name __The Weinstein Company LLC__

United States Bankruptcy Court for the: __District of Delaware__
                                                                        (State)

Case number (*If known*):_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

|   | Declaration and signature |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐      *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐      *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐      *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐      *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐      *Schedule H: Codebtors (Official Form 206H)*

☐      *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐      *Amended Schedule _____*

☐      *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒      *Other document that requires a declaration* Statement of Corporate Ownership _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/19/2018__              __/s/ Robert Del Genio_____
                     MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                                          Robert Del Genio_____
                                                          Printed name

                                                          Chief Restructuring Officer_____
                                                          Position or relationship to debtor

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                        :
In re:                                  :   Chapter 11
                                        :
The Weinstein Company LLC,              :   Case No. 18-_____ (___)
                                        :
        Debtor.                         :
-----------------------------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), the above-captioned debtor hereby provides the following name and address of the sole holder of its limited liability company interests:

| Name and Address of Interest Holder | Percentage of Interests Held |
|---|---|
| The Weinstein Company Holdings LLC<br>99 Hudson Street, 4th Floor<br>New York, NY 10013 | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  The Weinstein Company LLC

United States Bankruptcy Court for the: District of Delaware
                                              (State)

Case number (If known):

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration* List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/19/2018                    /s/ Robert Del Genio
              MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                          Robert Del Genio
                                          Printed name

                                          Chief Restructuring Officer
                                          Position or relationship to debtor

RLF1 18955984v.2

Exhibit B

# EXHIBIT B

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| _____ District of Delaware_____ |
| (State) |
| Case number (if known): _____ Chapter 11____ |

☐ Check if this is an
  amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.

**1. Debtor's name**
**The Weinstein Company Holdings LLC**

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and doing business as names

**3. Debtor's federal Employer Identification Number (EIN)**
**20-2183837**

**4. Debtor's address**

Principal place of business

**99 Hudson Street**
Number    Street

**4th Floor**

**New York, New York 10013**
City                State        Zip Code

**New York County**
County

Mailing address, if different from principal place of business

Number    Street

P.O. Box

City                State        Zip Code

Location of principal assets, if different from principal place of business

Number    Street

City                State        Zip Code

**Debtor's website (URL)**
**www.WeinsteinCo.com**

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

page 1

RLF1 18952438v.6

Exhibit M - Page 149

Debtor   The Weinstein Company Case   10601   Doc 1   Filed 03/19/18   Number   2 of 31
Name

**7. Describe debtor's business**

A. *Check one:*
☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*
☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. *See* http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____5121_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____   When _____   Case number _____
MM / DD / YYYY

District _____   When _____   Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.   Debtor *See Rider 1*_____   Relationship _____

District _____   When _____
MM / DD / YYYY

Case number, if known _____

RLF1 18952438v.6

Exhibit M - Page 150

**11. Why is the case filed in *this district?***

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No  *See Rider 2*

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|---|---|

_____

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

RLF1 18952438v.6

Exhibit M - Page 151

Debtor
Name  The Weinstein Company

**16. Estimated liabilities**

☐ $0-$50,000                  ☐ $1,000,001-$10 million        ☒ $500,000,001-$1 billion
☐ $50,001-$100,000           ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000          ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million        ☐ $100,000,001-$500 million     ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/19/2018
             MM / DD / YYYY

✗  /s/ Robert Del Genio                          Robert Del Genio
   Signature of authorized representative of debtor    Printed name

   Title Chief Restructuring Officer

**18. Signature of attorney**

✗  /s/ Mark D. Collins                    Date  03/19/2018
   Signature of attorney for debtor              MM / DD / YYYY

   Mark D. Collins
   Printed name

   Richards, Layton & Finger, P.A.
   Firm name

   920 North King Street
   Number    Street

   Wilmington                              DE           19801
   City                                    State        ZIP Code

   (302) 651-7700                          collins@rlf.com
   Contact phone                           Email address

   2981                                    DE
   Bar number                              State

RLF1 18952438v.6

Exhibit M - Page 152

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------x
                                        :
In re:                                  :  Chapter 11
                                        :
The Weinstein Company Holdings LLC,     :  Case No. 18-_____ (___)
                                        :
          Debtor.                       :
------------------------------------------------------------x
```

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "**Debtors**") filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of The Weinstein Company Holdings LLC.

- Avenging Eagle SPV, LLC
- Branded Partners LLC
- Check Hook LLC
- CTHD 2 LLC
- Cues TWC (ASCAP), LLC
- Current War SPV, LLC
- DRT Films, LLC
- DRT Rights Management LLC
- FFPAD, LLC
- HRK Films, LLC
- InDirections LLC
- InteliPartners LLC
- ISED, LLC
- MarcoTwo, LLC
- One Chance LLC
- PA Entity 2017, LLC
- Paddington 2, LLC
- PS Post LLC
- Scream 2 TC Borrower, LLC
- Small Screen Productions LLC
- Small Screen Trades LLC
- Spy Kids TV Borrower, LLC
- Team Players LLC

- The Actors Group LLC
- The Giver SPV, LLC
- The Weinstein Company Holdings LLC
- The Weinstein Company LLC
- Tulip Fever LLC
- TWC Borrower 2016, LLC
- TWC Domestic LLC
- TWC Fearless Borrower, LLC
- TWC Library Songs (BMI), LLC
- TWC Loop LLC
- TWC Mist, LLC
- TWC Polaroid SPV, LLC
- TWC Production-Acquisition Borrower 2016, LLC
- TWC Production, LLC
- TWC Replenish Borrower, LLC
- TWC Short Films, LLC
- TWC Untouchable SPV, LLC
- TWC Waco SPV, LLC
- Twenty O Five Holdings, LLC
- W Acquisition Company LLC
- WC Film Completions, LLC
- Weinstein Books, LLC
- Weinstein Development LLC
- Weinstein Global Funding Corp.
- Weinstein Global Film Corp.
- Weinstein Productions LLC
- Weinstein Television LLC
- WTV Guantanamo SPV, LLC
- WTV JCP Borrower 2017, LLC
- WTV Kalief Browder Borrower, LLC
- WTV Scream 3 SPV, LLC
- WTV Yellowstone SPV, LLC

RLF1 18952438v.6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------x
                                          :
In re:                                    : Chapter 11
                                          :
The Weinstein Company Holdings LLC,       : Case No. 18-_____  (___)
                                          :
          Debtor.                         :
------------------------------------------------------------x
```

**Rider 2**

**Real Property or Personal Property that Needs Immediate Attention**

Question 12, among other things, asks the debtor to identify any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

The above-captioned debtor (the "**Debtor**") does not believe it owns or possesses any real or personal property that (i) poses a threat of imminent and identifiable hazard to public health or safety, (ii) needs to be physically secured or protected from the weather, or (iii) includes perishable goods or assets that could quickly deteriorate. The Debtor notes that it is not aware of the exact definition of "imminent and identifiable hazard" as used in this form.

## UNANIMOUS WRITTEN
## CONSENT OF THE BOARD OF REPRESENTATIVES
## OF THE WEINSTEIN COMPANY HOLDINGS LLC

### March 19, 2018

The undersigned, being all of the members of the Board of Representatives (the "**Board**") of The Weinstein Company Holdings LLC, a Delaware limited liability company (the "**Company**"), hereby consent in writing, pursuant to the provisions of applicable law, based on the advice of the Company's professionals and advisors, and after thorough discussions, to the following actions and hereby adopt the following resolutions:

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company and by each of its direct and indirect wholly-owned subsidiaries listed on Schedule A hereto (the "**Subsidiaries**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Chapter 11 Case**");

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the law firm of Cravath, Swaine & Moore LLP ("**Cravath**"), as bankruptcy co-counsel for the Company, and the law firm of Richards, Layton & Finger, P.A. ("**RL&F**"), as bankruptcy co-counsel for the Company, each under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of FTI Consulting, Inc. ("**FTI**"), to provide the Company with restructuring and interim management services, subject to any requisite bankruptcy court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Moelis & Company LLC ("**Moelis**"), as investment banker for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Epiq Bankruptcy Solutions, LLC ("**Epiq**"), as claims agent and administrative advisor for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

NOW THEREFORE BE IT RESOLVED, that the Company and each of the Subsidiaries shall be, and hereby is, authorized and directed to: (a) each file a voluntary petition (collectively, the "**Petition**") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it be further

RESOLVED, that Robert Del Genio and Luke Schaeffer be, and hereby are, appointed as officers of the Company with the titles of Chief Restructuring Officer (the "**CRO**") and Chief Strategy Officer (the "**CSO**"), respectively, and both the CRO and CSO and each of the other officers of the Company or members of the Board of the Company (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Company and each of the subsidiaries to: (a) verify and execute the Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, the Petition and make or cause to be made, prior to execution thereof, any modifications to the Petition or ancillary documents as any such Authorized Person, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (b) verify, execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including authorization to incur debtor-in-possession indebtedness and to enter into debtor-in-possession loan agreements and related documents) necessary or desirable in connection with the foregoing; and (c) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve; and it be further

RESOLVED, that the Authorized Persons of the Company shall be, and each of them, acting alone, hereby is, authorized and empowered to retain, on behalf of the Company: (a) Cravath, as bankruptcy co-counsel for the Company; (b) RL&F, as bankruptcy co-counsel for the Company; (c) FTI, to provide the Company with restructuring and interim management services; (c) Moelis, as investment banker for the Company; (d) Epiq, as claims agent and administrative advisor for the Company; and (e) such additional professionals, including attorneys, accountants, consultants or brokers, in each case as in such officer's or officers' judgment may be necessary or desirable in connection with the Company's Chapter 11 Case and other related matters, on such terms as such officer or officers shall approve; and it be further

RESOLVED, that the Company shall be, and hereby is, authorized to: (a) borrow funds from, provide guaranties to and undertake related financing transactions (the "**Financing Transactions**") with such lenders and other parties

2

and on such terms as may be approved by one or more of the Authorized Persons, as reasonably necessary for the continuing conduct of the business and affairs of the Company and (b) pay related fees and grant security interests in and liens upon, some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such Financing Transactions; and it be further

RESOLVED, that the Board hereby approves the form, terms and provisions of the Asset Purchase Agreement (the "**Stalking Horse Agreement**"), between the Company, its debtor affiliates and Buyer (as defined in the Stalking Horse Agreement), in substantially the form submitted to the Board, with such modifications thereto as the Authorized Persons and the Company's management may deem necessary or advisable; and it be further

RESOLVED, that the Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name of and on behalf of the Company, authorized, directed and empowered to execute and deliver the Stalking Horse Agreement and any documents contemplated by or related to the Stalking Horse Agreement, each in the form or substantially in the form submitted to the Board, with such modifications thereto as the Authorized Persons and the Company's management may deem necessary or advisable; and it be further

RESOLVED, that the Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company, authorized, directed and empowered to file a motion with the Bankruptcy Court (i) seeking approval of bidding procedures to be used to facilitate a potential sale of all or substantially all of the Company's assets pursuant to section 363 of the Bankruptcy Code (the "**Potential Sale Transaction**"), (ii) seeking approval of Buyer as a stalking horse purchaser (the "**Stalking Horse Bidder**") for the Potential Sale Transaction pursuant to the Stalking Horse Agreement and (iii) seeking approval of the payment of certain fees (including expense reimbursement and breakup fees) to the Stalking Horse Bidder, all substantially in accordance with the summary presented to the Board, subject to such modifications thereto as the Authorized Persons and the Company's management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person); and it be further

RESOLVED, that the Authorized Persons shall be, and each of them alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to conduct a further marketing process to identify Potential Sale Transactions under the supervision of the Bankruptcy Court; and it be further

3

RESOLVED, that the Authorized Persons shall be, and each of them alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to (a) take actions and negotiate, or cause to be prepared and negotiated, and, subject to Bankruptcy Court approval as required, to execute, deliver, perform and cause the performance of any other agreements (including asset purchase agreements), certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of, and necessary to effectuate, any Potential Sale Transactions to which the Company is or will be a party and (b) request the Bankruptcy Court to approve any Potential Sale Transaction (including the Potential Sale Transaction contemplated by the Stalking Horse Agreement) and for any related relief; and it be further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons of the Company, each of the Authorized Persons of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company and/or the subsidiaries, as applicable, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents, including, without limitation, (a) limited liability company agreements of certain subsidiaries or amendments and/or restatements thereof, in the Company's capacity as sole member of such subsidiaries, and (b) further resolutions authorizing or otherwise facilitating the matters described in these resolutions for any subsidiaries, in the Company's capacity as sole member of such subsidiaries, and to pay all expenses, including filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it be further

RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company and any subsidiaries by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

This Unanimous Written Consent may be executed in one or more counterparts.

[Signature page follows]

4

RLF1 18952438v.6

DocuSign Envelope ID: 41FECB27-AA32-4D05-8793-D03838AB19AB

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Company, have executed this Unanimous Written Consent as of the date first set forth above.

**BOARD OF REPRESENTATIVES**

_____

Tarak Ben Ammar
Class A Representative

_____

Lance Maerov
Class A Representative

_____

Robert Weinstein
Class W Representative

_____

Frank Rainone
Class W Representative

[The Weinstein Company Holdings LLC]

DocuSign Envelope ID: 9D6E56A5-6C7F-4258-B58B-90C9240809E9

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Company, have executed this Unanimous Written Consent as of the date first set forth above.

### BOARD OF REPRESENTATIVES

_____
Tarak Ben Ammar
Class A Representative

_____
Lance
Class A Representative

_____
Robert Weinstein
Class W Representative

_____
Frank Rainone
Class W Representative

[The Weinstein Company Holdings LLC]

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Company, have executed this Unanimous Written Consent as of the date first set forth above.

**BOARD OF REPRESENTATIVES**

_____
Tarak Ben Ammar
Class A Representative


_____
Lance Maerov
Class A Representative

_____
Robert Weinstein
Class W Representative


_____
Frank Rainone
Class W Representative

[The Weinstein Company Holdings LLC]

DocuSign Envelope ID: B9A51786-CE41-4295-A580-48E6C08A8DEF

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Company, have executed this Unanimous Written Consent as of the date first set forth above.

### BOARD OF REPRESENTATIVES

_____
Tarak Ben Ammar
Class A Representative


_____
Lance Maerov
Class A Representative


_____
Robert Weinstein
Class W Representative

_____
Frank Rainone
Class W Representative

[The Weinstein Company Holdings LLC]

Schedule A

Avenging Eagle SPV, LLC
Branded Partners LLC
Check Hook LLC
CTHD 2 LLC
Cues TWC (ASCAP), LLC
Current War SPV, LLC
DRT Films, LLC
DRT Rights Management LLC
FFPAD, LLC
HRK Films, LLC
InDirections LLC
InteliPartners LLC
ISED, LLC
MarcoTwo, LLC
One Chance LLC
PA Entity 2017, LLC
Paddington 2, LLC
PS Post LLC
Scream 2 TC Borrower, LLC
Small Screen Productions LLC
Small Screen Trades LLC
Spy Kids TV Borrower, LLC
Team Players LLC
The Actors Group LLC
The Giver SPV, LLC
The Weinstein Company LLC
Tulip Fever LLC
TWC Borrower 2016, LLC
TWC Domestic LLC
TWC Fearless Borrower, LLC
TWC Library Songs (BMI), LLC
TWC Loop LLC
TWC Mist, LLC
TWC Polaroid SPV, LLC
TWC Production-Acquisition Borrower 2016, LLC
TWC Production, LLC
TWC Replenish Borrower, LLC
TWC Short Films, LLC
TWC Untouchable SPV, LLC
TWC Waco SPV, LLC
Twenty O Five Holdings, LLC
W Acquisition Company LLC
WC Film Completions, LLC
Weinstein Books, LLC

Weinstein Development LLC
Weinstein Global Funding Corp.
Weinstein Global Film Corp.
Weinstein Productions LLC
Weinstein Television LLC
WTV Guantanamo SPV, LLC
WTV JCP Borrower 2017, LLC
WTV Kalief Browder Borrower, LLC
WTV Scream 3 SPV, LLC
WTV Yellowstone SPV, LLC

RLF1 18952438v.6

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                        :
In re:                                  :  Chapter 11
                                        :
The Weinstein Company Holdings LLC,     :  Case No. 18-_____ (___)
                                        :
        Debtor.                         :
------------------------------------------------------------x
```

## CONSOLIDATED LIST OF CREDITORS WHO HAVE THE
## THIRTY (30) LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

The above-captioned debtor and its debtor affiliates (collectively, the "**Debtors**") hereby certify that the *Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* submitted herewith contains the names and addresses of the Debtors' consolidated top thirty (30) unsecured creditors (the "**Top Thirty List**"). The list has been prepared from the Debtors' unaudited books and records as of the Petition Date. The Top Thirty List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top Thirty List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top Thirty List shall not constitute an admission by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date. The failure of the Debtors to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority, and/or amount of any such claim.

Debtor Name  The Weinstein Company Holdings LLC

United States Bankruptcy Court for the: District of Delaware
                                                    (State)

Case number (If known): _____

Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the thirty (30) largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the thirty (30) largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SARTRACO, INC. C/O LETO BASSUK 777 Brickwell Ave., Ste 600 Miami, FL  33131 | Justin Leto, Larry Bassuk 305-577-8448 JLeto@letobassuk.com; lbassuk@letobassuk.com | Judgement Creditor | D | $17,367,331.00 | | $17,367,331.00 |
| 2 | WANDA PICTURES F18, BlockC, Century Square No. 352, Qingyang Rd. Lanzhou 730030 China | Tian Di 1-880-942-1670 Rhcncpa.com | Film Participant Vendor | | $14,407,220.54 | | $14,407,220.54 |
| 3 | PALISADES MEDIA GROUP INC 1620 26th St. Suite 200S Santa Monica, CA 90404 | CONTACT: Russell Dean PHONE: 310-564-5465 FAX: 310-828-7852 | Trade Vendor | | $13,731,757.06 | | $13,731,757.06 |
| 4 | BOIES, SCHILLER & FLEXNER (1999) LLC 2200 Corporate Blvd. N.W. Boca Raton, FL  33431 | Sherri Venticinque-Presti 561-886-6000 FAX: 561-886-6006 | Film Participant Vendor | | $5,697,646.05 | | $5,697,646.05 |
| 5 | VIACOM INTERNATIONAL 1515 Broadway New York, NY 10036 | W. Keyes Hill-Edgar 212-846-6491 FAX: 201-422-6628 | Trade Vendor | | $5,613,918.95 | | $5,613,918.95 |
| 6 | CROSS CITY FILMS LTD 74 Rivington Street London EC2A 3AY  United Kingdom | Layla Zhang 61 2 9357 0700 lz@see-saw-films.com | Trade Vendor | | $5,610,000.00 | | $5,610,000.00 |

page 1

Exhibit M - Page 167

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | BOIES, SCHILLER & FLEXNER LLP 2200 Corporate Blvd. N.W. Boca Raton, FL 33431 | Sherri Venticinque-Presti 561-886-6000 FAX: 561-886-6006 | Professional Services | | $4,499,926.32 | | $4,499,926.32 |
| 8 | SONY PICTURES ENTERTAINMENT 10202 West Washington Blvd Culver City, CA 90232 | David A. Steinberg 310-244-6070 FAX: 310-244-8103 | Film Participant Vendor | | $3,720,566.00 | | $3,720,566.00 |
| 9 | FINTAGE COLLECTION ACCOUNT MGMT. BV Schipholweg 71 2316 ZL Leiden The Netherlands | Marcel Hoogenberk 31 71 565 9928 marcel.hoogenberk@fintage house.com | Trade Vendor | | $3,327,588.00 | | $3,327,588.00 |
| 10 | O'MELVENY & MYERS LLP 1999 Avenue of the Stars 8th Fl Los Angeles, CA  90067-6035 | Matthew Erramouspe 310-553-6700 FAX: 310-246-6779 | Professional Services | | $3,154,077.03 | | $3,154,077.03 |
| 11 | LIGHT CHASER ANIMATION Art base one Cuigezhuang Chaoyang District Beijing  100103 China | Zhou Yu Gary@lightchaseranimation. com | Trade Vendor | | $2,250,000.00 | | $2,250,000.00 |
| 12 | LAVELY AND SINGER'S CLIENT TRUST 2049 Century Park east, Suite 2400 Los Angeles, CA  90067 | Martin S Singer 310-556-3501 FAX: 310-556-3615 | Trade Vendor | | $2,000,000.00 | | $2,000,000.00 |
| 13 | KASIMA, LLC 100 Enterprise Drive, Suite 505 Rockaway, NJ 07866 | Mark Kurtz 201-252-4141 FAX: 201-512-4215 | Trade Vendor | | $1,936,625.00 | | $1,936,625.00 |
| 14 | ALLIED INTEGRATED MARKETING 233 Broadway, 13th fl New York, NY 10279 | Adam Cinque 212-819-8144 ACinque@alliedim.com | Trade Vendor | | $1,931,607.82 | | $1,931,607.82 |
| 15 | GREENBERG GLUSKER FIELDS 1900 Avenue of the Stars, Suite 2100 Los Angeles, CA 90067-4590 | Bert Fields 310-785-6842 bfields@greenbergglusker.co | Professional Services | | $1,820,078.15 | | $1,820,078.15 |
| 16 | BRB INTERNATIONAL, S.A. Autovia Fuencarral-Alcobendas, KM12220 Madrid 28049 Spain | Carlos Biern 31 475 560 300 FAX: 31 475 560 144 info@brbbv.com | Trade Vendor | | $1,750,000.00 | | $1,750,000.00 |
| 17 | CREATIVE ARTIST AGENCY 2000 Ave of the Stars, Los Angeles, CA 90067 | Marissa Hughes 424-288-2000 Trustfollowuplz@caa.com | Trade Vendor | | $1,494,537.25 | | $1,494,537.25 |

page 2

Exhibit M - Page 168

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | DEBEVOISE & PLIMPTON LLP 919 Third Avenue, New York, NY 10022 | Helen V. Cantwell 212-909-6000 hcantwell@debevoise.com | Professional Services | | $1,438,254.89 | | $1,438,254.89 |
| 19 | Y THEATRICAL LLC 9130 West Sunset Blvd. Los Angeles, CA 90069 | David Barnes 310-789-7200 david.barnes@yucaipaco.com | Film Participant Vendor | | $1,385,146.00 | | $1,385,146.00 |
| 20 | TECHNICOLOR Dept. no 7658 Los Angeles, CA 90088-7658 | Hunter Simon 805-445-1122 Hunter.Simon@technicolor.com | Trade Vendor | | $1,364,802.87 | | $1,364,802.87 |
| 21 | ACACIA FILMED ENTERTAINMENT 150 Melacon Road, Marksvulle, LA 71351 | Matthew George 609 330 3930 Matt@acaciafilmedentertainment.com | Trade Vendor | | $1,310,832.65 | | $1,310,832.65 |
| 22 | SPEEDEE DISTRIBUTION, LLC 150 W 22nd St. FL 9, New York, NY 10011-6556 | Glen Basner 917-484-8918 FAX: 917-484-8901 gbasner@filmnation.com | Trade Vendor | | $1,250,000.00 | | $$1,250,000.00 |
| 23 | AMERICAN EXPRESS CARD MEMBER WIRE DEPOSITORY 1 Chase Plaza, New York, NY 10081 | Christina Nunez-Gonzalez 602-537-6385 Christina.E.Nunez-Gonzalez@aexp.com | Trade Vendor | | $1,243,350.14 | | $1,243,350.14 |
| 24 | WALT DISNEY PICTURES AND TELEVISION 500 S Buena Vista St. Burbank, CA 91521 | Chris Arroyo 818-560-1000 Chris.Arroyo@disney.com | Film Participant Vendor | | $1,137,734.00 | | $1,137,734.00 |
| 25 | SEYFARTH SHAW LLP 233 South Wacker Drive Suite 8000 Chicago, IL 60606 | Gerald L. Maatman, Jr. 312-460-7965 gmaatman@seyfarth.com | Professional Services | | $1,114,433.27 | | $1,114,433.27 |
| 26 | 22ND AND INDIANA INCORPORATED C/O Creative Artists Agency 2000 Avenue of the Stars Los Angeles, CA 90067 | Marissa Hughes 424-288-2000 Trustfollowuplz@caa.com | Film Participant Vendor | | $940,706.00 | | $940,706.00 |
| 27 | CANAL PRODUCTIONS C/O Creative Artists Agency 2000 Avenue of the Stars Los Angeles, CA 90067 | Marissa Hughes 424-288-2000 Trustfollowuplz@caa.com | Film Participant Vendor | | $940,706.00 | | $940,706.00 |
| 28 | KANZEON CORP 4020 Mandeville Canyon Rd Los Angeles, CA 90049 | David O. Russell 424-288-2000 Trustfollowuplz@caa.com | Film Participant Vendor | | $940,706.00 | | $940,706.00 |

Exhibit M - Page 169

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29   PHASE 2 DIGITAL CINEMA CORP. 902 Broadway 9th Fl New York, NY 10010 | Frank Lupo 212-206-8600 flupo@cinedigm.com | Trade Vendor | | $902,806.50 | | $902,806.50 |
| 30   BARNES & THORNBURG 2029 Century Park East, Suite 300 Los Angeles, CA 90067-2904 | Leasa Anderson 310-284-3880 Leasa.Anderson@btlaw.com | Professional Services | | $858,994.84 | | $858,994.84 |

page 4

RLF1 18952438v.6

Exhibit M - Page 170

**Fill in this information to identify the case and this filing:**

Debtor Name  The Weinstein Company Holdings LLC

United States Bankruptcy Court for the: District of Delaware
                                        (State)

Case number (If known):_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   *Amended Schedule* _____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   *Other document that requires a declaration*  Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and are Not Insiders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/19/2018__                          _/s/ Robert Del Genio_
            MM / DD / YYYY                          Signature of individual signing on behalf of debtor

                                                   Robert Del Genio
                                                   Printed name

                                                   Chief Restructuring Officer
                                                   Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
                                              :
In re:                                        :  Chapter 11
                                              :
The Weinstein Company Holdings LLC,           :  Case No. 18-_____ (___)
                                              :
              Debtor.                         :
-------------------------------------------------------------x
```

## STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of the above-captioned debtor (the "**Debtor**") certifies that the following corporate entities directly or indirectly own 10% or more of the Debtor.

Woodland Asset Holdings LLC

Fill in this information to identify the case and this filing:

Debtor Name  The Weinstein Company Holdings LLC

United States Bankruptcy Court for the: District of Delaware
                                        (State)

Case number (If known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   *Amended Schedule* _____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   *Other document that requires a declaration* Statement of Corporate Ownership

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/19/2018
             MM / DD / YYYY

/s/ Robert Del Genio
Signature of individual signing on behalf of debtor

Robert Del Genio
Printed name

Chief Restructuring Officer
Position or relationship to debtor

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
                      :

In re:                        :  **Chapter 11**
                      :

**The Weinstein Company Holdings LLC,**  :  **Case No. 18-_____ (___)**
                      :

        **Debtor.**               :

---------------------------------------------------------x

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), the above-captioned debtor hereby provides the following name and address of the holders of its limited liability company interests:[1]

| Class A-1 | Ownership % | Shares |
|---|---:|---:|
| 2929 Media LP<br>3030 McKinney<br>Suite 2301<br>Dallas, TX 75204 | 0.910% | 10,000 |
| A-1 Internation Investments BV<br>(Quinta Communications SA)<br>Hertog Hendriksingel 28<br>UNIT B<br>5216 BB's-Hertogenbosch<br>the Netherlands | 3.032% | 33,333 |
| Ambac Private Holdings, LLC<br>One State Street Plaza<br>New York, NY 10004 | 0.910% | 10,000 |
| Direct Solutions, Inc. (Technicolor)<br>2255 N. Ontario Street, Suite 100<br>Burbank, CA 91504 | 1.092% | 12,000 |
| Direct Solutions, Inc. (Technicolor)<br>2255 N. Ontario Street, Suite 100<br>Burbank, CA 91504 | 5.000% | 54,962 |

---

[1] The Company, through its counsel, has been contacted by various lawyers for Georgina Chapman claiming that at least some of Harvey Weinstein's shares have been transferred pursuant to the terms of the divorce agreement between Ms. Chapman and Mr. Weinstein. Such transfers are not reflected in the Company's records.

| | | |
|---|---|---|
| TWCH Investors, Inc.<br>C/O William A. Newman, Esq.<br>420 Lexington Ave., 18th Floor<br>New York, NY  10170 | 5.094% | 56,000 |
| BP-PE2 Inc.<br>C/O The Baupost Group, LLC<br>10 St. James Avenue, Suite 1700<br>Boston, MA  02116 | 1.365% | 15,000 |
| Eton Park TWC Holding Corp.<br>(Eton Park Capital Mgmt.)<br>825 3rd Ave., 8th Floor<br>New York, NY 10022 | 4.094% | 45,000 |
| Group M Movie Entertainment Inc. (WPP)<br>Worldwide Plaza<br>825 8th Avenue<br>New York, NY 10019 | 2.274% | 25,000 |
| HWCH Corp (Highbridge Capital Management)<br>Highbridge Capital Management, LLC<br>9 West 57th St., 27th Floor<br>New York, NY 10019 | 0.910% | 10,000 |
| Launchdock & Co.<br>Hartford Series Fund, Inc: Hartford Capital<br>Appreciation HLS Fund<br>Wellington Management Company, LLP<br>75 State Street<br>Boston, MA 02109 | 2.711% | 29,800 |
| Luxurylines & Co.<br>Hartford Series Fund, Inc: Hartford Capital<br>Appreciation HLS Fund<br>Wellington Management Company, LLP<br>75 State Street<br>Boston, MA 02109 | 2.292% | 25,200 |
| MATWIN LLC (Marathon Asset Management)<br>461 5th Avenue, 11th Floor<br>New York, NY 10017 | 0.455% | 5,000 |
| Maverick Holdings Ltd.<br>C/O Maverick Capital, Ltd.<br>300 Crescent Court, 18th Floor<br>Dallas, TX  75201 | 0.188% | 2,062 |
| Maverick II Holdings, Ltd.<br>C/O Maverick Capital, Ltd.<br>300 Crescent Court, 18th Floor<br>Dallas, TX  75201 | 0.171% | 1,877 |
| Maverick USA II<br>C/O Maverick Capital, Ltd. | 0.097% | 1,061 |

| | | |
|---|---|---|
| 300 Crescent Court, 18th Floor<br>Dallas, TX 75201 | | |
| NAOF Inc. (GLG Partners)<br>C/O GLG Partners Services Ltd<br>The Waterfront Centre, North Church Street, PO Box 2427<br>George Town, Grand Cayman, Cayman Islands | 0.910% | 10,000 |
| Nevo, Aviv<br>12250 Castlegate Drive<br>Los Angeles, CA 90049 | 0.101% | 1,111 |
| Radical Investments LP<br>5424 Deloache Ave.<br>Dallas, TX 75220 | 0.910% | 10,000 |
| RS Movie Holdings LLC<br>Two Manhattanville Road<br>Second Floor<br>Purchase, NY 10577 | 0.091% | 1,000 |
| Salomon, David<br>345 North Maple Drive<br>Suite 205<br>Beverly Hills, CA 90210 | 0.091% | 1,000 |
| Saul, Julian<br>P.O. Box 2128<br>Dalton, GA 30722 | 1.365% | 15,000 |
| SB America 2 Inc.<br>Softbank Corp.<br>1-9-1, Higashi-shimbashi<br>Minato-ku, 105-7303<br>Tokyo, Japan | 0.910% | 10,000 |
| Sofidiv, Inc. (LVMH)<br>1-9-1, Higashi-shimbashi<br>Minato-ku, 105-7303<br>Tokyo, Japan | 0.910% | 10,000 |
| Viola Brothers Productions LLC<br>19 East 57th St.<br>New York, NY 10022 | 0.364% | 4,000 |
| WCH Holdco 2, Inc. (Fidelity)<br>C/O Fidelity Investments<br>E31C<br>82 Devonshire Street<br>Boston, MA 02109-3614 | 1.046% | 11,499 |
| WCH Holdco 3, Inc. (Fidelity)<br>C/O Fidelity Investments<br>E31C<br>82 Devonshire Street<br>Boston, MA 02109-3614 | 0.206% | 2,267 |

| | | |
|---|---|---|
| WCH Holdco, Inc. (Fidelity)<br>C/O Fidelity Investments<br>E31C<br>82 Devonshire Street<br>Boston, MA 02109-3614 | 3.751% | 41,234 |
| The Weinstein Company Holdings LLC<br>99 Hudson Street, 4th Floor<br>New York, NY 10013 | 1.819% | 20,000 |
| Weinstein, Harvey<br>C/O Citrin Cooperman<br>529 5th Avenue<br>New York, NY 10017 | 1.365% | 15,000 |
| Weinstein, Robert<br>C/O Spielman, Koenigsberg & Parker, LLP<br>1745 Broadway, Floor 18<br>New York, NY 10019 | 1.365% | 15,000 |
| Woodland Asset Holdings LLC<br>350 Park Avenue, 11th Floor<br>New York, NY 10022 | 10.000% | 109,924 |

| Class A-2 | Ownership % | Shares |
|---|---|---|
| Goldman Sachs<br>One New York Plaza<br>New York, NY 10004 | 4.55% | 50,000.00 |

| Class B | Ownership % | Shares |
|---|---|---|
| Harvey Weinstein<br>C/O Citrin Cooperman<br>529 5th Avenue<br>New York, NY 10017 | 17.32% | 190,369.62 |
| Harvey Weinstein 2005 GRAT<br>C/O Citrin Cooperman<br>529 5th Avenue<br>New York, NY 10017 | 2.28% | 25,077.08 |
| Robert Weinstein<br>C/O Spielman, Koenigsberg & Parker, LLP<br>1745 Broadway, Floor 18<br>New York, NY 10019 | 17.32% | 190,369.62 |
| Robert Weinstein 2005 GRAT<br>C/O Spielman, Koenigsberg & Parker, LLP<br>1745 Broadway, Floor 18<br>New York, NY 10019 | 2.28% | 25,077.08 |

| Class W | Ownership % | Shares |
|---|---|---|
| Harvey Weinstein<br>C/O Citrin Cooperman<br>529 5th Avenue<br>New York, NY  10017 | 0.23% | 2,507.78 |
| Robert Weinstein<br>C/O Spielman, Koenigsberg & Parker, LLP<br>1745 Broadway, Floor 18<br>New York, NY  10019 | 0.23% | 2,507.78 |

Fill in this information to identify the case and this filing:

Debtor Name  The Weinstein Company Holdings LLC

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (*If known*):_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐  *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

- ☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

- ☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

- ☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

- ☐  *Schedule H: Codebtors (Official Form 206H)*

- ☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

- ☐  *Amended Schedule _____*

- ☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

- ☒  *Other document that requires a declaration* List of Equity Security Holders_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   03/19/2018_____         */s/ Robert Del Genio*_____
          MM / DD / YYYY                            Signature of individual signing on behalf of debtor

                                                 Robert Del Genio_____
                                                 Printed name

                                                 Chief Restructuring Officer_____
                                                 Position or relationship to debtor

RLF1 18952438v.6

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x

In re:                                          Chapter 11

THE WEINSTEIN COMPANY HOLDINGS              Case No. 18-10601 (MFW)
LLC, *et al.*,
                                            Joint Administration Requested
                    Debtors.[1]

---------------------------------------------------------------x

### NOTICE OF FILING OF AMENDED
### LIST OF EQUITY SECURITY HOLDERS FOR
### THE WEINSTEIN COMPANY HOLDINGS LLC

      PLEASE TAKE NOTICE that the above-captioned debtors and debtors in possession hereby file the Amended List of Equity Security Holders for The Weinstein Company Holdings LLC, attached hereto as Exhibit A.

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

RLF1 19035745v.1

Dated: March 20, 2018
Wilmington, Delaware

/s/      *Mark D. Collins*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
David T. Queroli (No. 6318)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

**CRAVATH, SWAINE & MOORE LLP**
Paul H. Zumbro (admitted *pro hac vice*)
George E. Zobitz (admitted *pro hac vice*)
Karin A. DeMasi (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Proposed Attorneys for the*
*Debtors and Debtors in Possession*

- 2 -

RLF1 19035745v.1

Exhibit M - Page 181

**Exhibit A**

RLF1 19035745v.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                     :
In re:                               :  Chapter 11
                                     :
The Weinstein Company Holdings LLC,  :  Case No. 18-10601 (MFW)
                                     :
              Debtor.                :
-------------------------------------------------------x
```

### AMENDED LIST OF EQUITY SECURITY HOLDERS

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), the above-captioned debtor hereby provides the following name and address of the holders of its limited liability company interests:[1]

| Class A-1 | Ownership % | Shares |
|---|---|---|
| 2929 Media LP<br>3030 McKinney<br>Suite 2301<br>Dallas, TX 75204 | 0.910% | 10,000 |
| A-1 Internation Investments BV<br>(Quinta Communications SA)<br>Hertog Hendriksingel 28<br>UNIT B<br>5216 BB's-Hertogenbosch<br>the Netherlands | 3.032% | 33,333 |
| Ambac Private Holdings, LLC<br>One State Street Plaza<br>New York, NY 10004 | 0.910% | 10,000 |
| Direct Solutions, Inc. (Technicolor)<br>2255 N. Ontario Street, Suite 100<br>Burbank, CA 91504 | 1.092% | 12,000 |
| Direct Solutions, Inc. (Technicolor)<br>2255 N. Ontario Street, Suite 100<br>Burbank, CA 91504 | 5.000% | 54,962 |

---

[1] The Company, through its counsel, has been contacted by various lawyers for Georgina Chapman claiming that at least some of Harvey Weinstein's shares have been transferred pursuant to the terms of the divorce agreement between Ms. Chapman and Mr. Weinstein. Such transfers are not reflected in the Company's records.

| | | |
|---|---|---|
| TWCH Investors, Inc.<br>C/O William A. Newman, Esq.<br>420 Lexington Ave., 18th Floor<br>New York, NY 10170 | 5.094% | 56,000 |
| BP-PE2 Inc.<br>C/O The Baupost Group, LLC<br>10 St. James Avenue, Suite 1700<br>Boston, MA 02116 | 1.365% | 15,000 |
| Eton Park TWC Holding Corp.<br>(Eton Park Capital Mgmt.)<br>825 3rd Ave., 8th Floor<br>New York, NY 10022 | 4.094% | 45,000 |
| Group M Movie Entertainment Inc. (WPP)<br>Worldwide Plaza<br>825 8th Avenue<br>New York, NY 10019 | 2.274% | 25,000 |
| HWCH Corp (Highbridge Capital Management)<br>Highbridge Capital Management, LLC<br>9 West 57th St., 27th Floor<br>New York, NY 10019 | 0.910% | 10,000 |
| Launchdock & Co.<br>Hartford Series Fund, Inc: Hartford Capital<br>Appreciation HLS Fund<br>Wellington Management Company, LLP<br>75 State Street<br>Boston, MA 02109 | 2.711% | 29,800 |
| Luxurylines & Co.<br>Hartford Series Fund, Inc: Hartford Capital<br>Appreciation HLS Fund<br>Wellington Management Company, LLP<br>75 State Street<br>Boston, MA 02109 | 2.292% | 25,200 |
| MATWIN LLC (Marathon Asset Management)<br>461 5th Avenue, 11th Floor<br>New York, NY 10017 | 0.455% | 5,000 |
| Maverick Holdings Ltd.<br>C/O Maverick Capital, Ltd.<br>300 Crescent Court, 18th Floor<br>Dallas, TX 75201 | 0.188% | 2,062 |
| Maverick II Holdings, Ltd.<br>C/O Maverick Capital, Ltd.<br>300 Crescent Court, 18th Floor<br>Dallas, TX 75201 | 0.171% | 1,877 |
| Maverick USA II<br>C/O Maverick Capital, Ltd. | 0.097% | 1,061 |

| | | |
|---|---|---|
| 300 Crescent Court, 18th Floor<br>Dallas, TX  75201 | | |
| NAOF Inc. (GLG Partners)<br>C/O GLG Partners Services Ltd<br>The Waterfront Centre, North Church Street, PO Box 2427<br>George Town, Grand Cayman, Cayman Islands | 0.910% | 10,000 |
| Nevo, Aviv<br>12250 Castlegate Drive<br>Los Angeles, CA 90049 | 0.101% | 1,111 |
| Radical Investments LP<br>5424 Deloache Ave.<br>Dallas, TX 75220 | 0.910% | 10,000 |
| RS Movie Holdings LLC<br>Two Manhattanville Road<br>Second Floor<br>Purchase, NY 10577 | 0.091% | 1,000 |
| Salomon, David<br>345 North Maple Drive<br>Suite 205<br>Beverly Hills, CA 90210 | 0.091% | 1,000 |
| Saul, Julian<br>P.O. Box 2128<br>Dalton, GA 30722 | 1.365% | 15,000 |
| SB America 2 Inc.<br>Softbank Corp.<br>1-9-1, Higashi-shimbashi<br>Minato-ku, 105-7303<br>Tokyo, Japan | 0.910% | 10,000 |
| Sofidiv, Inc. (LVMH)<br>1-9-1, Higashi-shimbashi<br>Minato-ku, 105-7303<br>Tokyo, Japan | 0.910% | 10,000 |
| Viola Brothers Productions LLC<br>19 East 57th St.<br>New York, NY 10022 | 0.364% | 4,000 |
| WCH Holdco 2, Inc. (Fidelity)<br>C/O Fidelity Investments<br>E31C<br>82 Devonshire Street<br>Boston, MA 02109-3614 | 1.046% | 11,499 |
| WCH Holdco 3, Inc. (Fidelity)<br>C/O Fidelity Investments<br>E31C<br>82 Devonshire Street<br>Boston, MA 02109-3614 | 0.206% | 2,267 |

| | | |
|---|---|---|
| WCH Holdco, Inc. (Fidelity)<br>C/O Fidelity Investments<br>E31C<br>82 Devonshire Street<br>Boston, MA 02109-3614 | 3.751% | 41,234 |
| The Weinstein Company Holdings LLC<br>99 Hudson Street, 4th Floor<br>New York, NY 10013 | 1.819% | 20,000 |
| Weinstein, Harvey<br>C/O Citrin Cooperman<br>529 5th Avenue<br>New York, NY 10017 | 1.365% | 15,000 |
| Weinstein, Robert<br>C/O Spielman, Koenigsberg & Parker, LLP<br>1745 Broadway, Floor 18<br>New York, NY 10019 | 1.365% | 15,000 |
| Woodland Asset Holdings LLC<br>350 Park Avenue, 11th Floor<br>New York, NY 10022 | 10.000% | 109,924 |

| Class A-2 | Ownership % | Shares |
|---|---|---|
| Goldman Sachs<br>One New York Plaza<br>New York, NY 10004 | 4.55% | 50,000.00 |

| Class B | Ownership % | Shares |
|---|---|---|
| Harvey Weinstein<br>C/O Citrin Cooperman<br>529 5th Avenue<br>New York, NY 10017 | 17.32% | 190,370.62 |
| Harvey Weinstein 2005 GRAT<br>C/O Citrin Cooperman<br>529 5th Avenue<br>New York, NY 10017 | 2.28% | 25,077.08 |
| Robert Weinstein<br>C/O Spielman, Koenigsberg & Parker, LLP<br>1745 Broadway, Floor 18<br>New York, NY 10019 | 17.32% | 190,369.62 |
| Robert Weinstein 2005 GRAT<br>C/O Spielman, Koenigsberg & Parker, LLP<br>1745 Broadway, Floor 18<br>New York, NY 10019 | 2.28% | 25,077.08 |

RLF1 19035746v.2

| Class W | Ownership % | Shares |
|---|---|---|
| Harvey Weinstein<br>C/O Citrin Cooperman<br>529 5th Avenue<br>New York, NY  10017 | 0.2280% | 2,506.78 |
| Robert Weinstein<br>C/O Spielman, Koenigsberg & Parker, LLP<br>1745 Broadway, Floor 18<br>New York, NY  10019 | 0.2281% | 2,507.78 |

Fill in this information to identify the case and this filing:

Debtor Name  __The Weinstein Company Holdings LLC__

United States Bankruptcy Court for the: __District of Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct: .

- ☐  *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

- ☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

- ☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

- ☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

- ☐  *Schedule H: Codebtors (Official Form 206H)*

- ☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

- ☐  *Amended Schedule* _____

- ☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

- ☒  *Other document that requires a declaration* __List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __03/20/2018__              __/s/ Robert Del Genio__
MM / DD / YYYY              Signature of individual signing on behalf of debtor

__Robert Del Genio__
Printed name

__Chief Restructuring Officer__
Position or relationship to debtor

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA**                    )
                                            ) ss
3

**COUNTY OF LOS ANGELES**                   )

4

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On March 21, 2018, I served the within document(s):

5

6

**NOTICE OF SUGGESTION ON PENDENCY OF BANKRUPTCY AND AUTOMATIC STAY OF PROCEEDINGS**

7

8

☐ I sent such document from facsimile machines (310) 201-5219 on _____, 2018. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

9

10

11

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

12

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13

14

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

15

16

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

17

Gloria Allred                          Attorneys for Plaintiff JANE DOE
Nathan Goldberg

18

Christina Cheung                       Tel. (323) 653-6530; Fax (323) 653-1660
**ALLRED MAROKO & GOLDBERG**           Emails:  gallred@amglaw.com

19

6300 Wilshire Blvd., Suite 1500                 ngoldberg@amglaw.com

20

Los Angeles, California 90048

21

Phyllis Kupferstein                    Attorneys for Defendant HARVEY WEINSTEIN
KUPFERSTEIN MANUEL LLP

22

865 S. Figueroa St., Suite 3338        Tel. (213) 988-7531; Fax (213) 988-7532
Los Angeles, California 90017          Email: pk@kupfersteinmanuel.com

23

24

John L. Barber                         Associated Counsel for Defendant HARVEY
Corinne D. Spencer                     WEINSTEIN

25

Kelsey Scherr

26

LEWIS BRISBOIS BISGAARD & SMITH        Tel. (213) 250-1800; Fax (213) 250-7900
633 W. 5th Street, Ste. 4000           Emails:  John.Barber@lewisbrisbois.com

27

Los Angeles, California 90071                   Corinne.Spencer@lewisbrisbois
                                                Kelsey.Scherr@lewisbrisbois.com

28

1

45313890v.1

Exhibit M - Page 189

1   I am readily familiar with the firm's practice of collection and processing correspondence for
    mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with
2   postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party
    served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
3   after date of deposit for mailing in affidavit.

4   I declare under penalty of perjury under the laws of the State of California that the above is true
    and correct.
5

6   Executed on March 21, 2018, at Los Angeles, California.

7   _____
                        Karla Villalobos-Roque
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

Exhibit M - Page 190

ORIGINAL

MC–050

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, bar number, and address):*<br>John L. Barber, SB# 160317;  Kelsey E. Scherr, SB# 303314<br>Lewis Brisbois & Smith LLP<br>633 West 5th Street, Suite 4000<br>Los Angeles, California 90071<br>TELEPHONE NO.: (213) 250-1800    FAX NO. *(Optional):* (213) 250-7900<br>E-MAIL ADDRESS *(Optional):* kelsey.scherr@lewisbrisbois.com<br>ATTORNEY FOR *(Name):* Harvey Weinstein | **FOR COURT USE ONLY**<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>APR 05 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By _____, Deputy<br>Charlotte Robinson |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME: JANE DOE v. THE WEINSTEIN COMPANY LLC; THE
WEINSTEIN COMPANY HOLDINGS LLC; and HARVEY WEINSTEIN

| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>BC683411    D-78 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Harvey Weinstein        makes the following substitution:

1. **Former legal representative**  ☐ Party represented self  ☒ Attorney *(name):* Phyllis Kupferstein, Esq.
2. **New legal representative**  ☐ Party is representing self*  ☒ Attorney
   a. Name: John L. Barber, Esq.    b. State Bar No. *(if applicable):* 160317
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):* LEWIS BRISBOIS BISGAARD & SMITH LLP
      6333 West Fifth Street, Suite 4000
      Los Angeles, CA 90071
   d. Telephone No. *(include area code):* (213) 250-1800
3. The party making this substitution is a  ☐ plaintiff  ☒ defendant  ☐ petitioner  ☐ respondent  ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee

- Personal Representative
- Probate fiduciary
- Corporation

- Guardian ad litem
- Unincorporated
  association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: March 12, 2018
   Harvey Weinstein
   _____    ► _____
   (TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY)

5. ☒  I consent to this substitution.
   Date: March 22, 2018
   Phyllis Kupferstein, Esq
   _____    ► _____
   (TYPE OR PRINT NAME)                    (SIGNATURE OF FORMER ATTORNEY)

6. ☒  I consent to this substitution.
   Date: March 4, 2018
   John L. Barber, Esq.
   _____    ► _____
   (TYPE OR PRINT NAME)                    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)    Page 1 of 2

| | | |
|---|---|---|
| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

MC–050

| CASE NAME:<br>JANE DOE v. THE WEINSTEIN COMPANY LLC; THE WEINSTEIN COMPANY HOLDINGS LLC; and HARVEY WEINSTEIN | CASE NUMBER:<br>BC683411 |
|---|---|

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An* <u>unsigned</u> *copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause. I** am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:
   Lewis Brisbois Bisgaard & Smith LLP, 633 West 5ᵗʰ Street, Suite 4000, Los Angeles, CA 90071

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: April 5, 2018          (2) Place of mailing *(city and state)*: Los Angeles, CA 90071

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 5, 2018

Mary Ann Campi
_____          _____
**(TYPE OR PRINT NAME)**                                    **(SIGNATURE)**

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Gloria Allred, Nathan Goldbert, Christina Cheung
   b. Address *(number, street, city, and ZIP)*: Allred, Maroko & Goldberg, 6300 Wilshire Blvd., Suite 1500, LA, CA 90048

   c. Name of person served: Phyllis Kupferstein
   d. Address *(number, street, city, and ZIP)*: Kupferstein Manuel LLP, 865 South Figueroa St., Suite 3338, LA, CA 90017

   e. Name of person served: Gerald L. Maatman, Jr..
   f. Address *(number, street, city, and ZIP)*: Seyfarth Shaw LLP, 233 South Wacker Drive, Suite 8000, Chicago, IL 60606-6448

   g. Name of person served: Laura Wilson Shelby, Kristen M. Peters
   h. Address *(number, street, city, and ZIP)*: Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, LA, CA 90067-3021

   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:

   ☐   List of names and addresses continued in attachment.

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit M - Page 192