1  LATHAM & WATKINS LLP
2    Marvin S. Putnam (Bar No. 212839)
     *marvin.putnam@lw.com*
3    Joshua G. Hamilton (Bar No. 199610)
     *joshua.hamilton@lw.com*
4  10250 Constellation Blvd., Suite 1100
   Los Angeles, California 90067
5  Telephone:   (424) 653-5500
   Facsimile:   (424) 653-5501
6
7  Attorneys for Defendant Tim Sarnoff

8                UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

| | |
|---|---|
| 11   JANE DOE, an individual, | Case No. 2:18-cv-03725-MWF-MRW |
| 12 | Hon. Michael W. Fitzgerald |
| 13         Plaintiff, | **DEFENDANT TIM SARNOFF'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1412; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 14      v. | |
| 15 | |
| 16   THE WEINSTEIN COMPANY LLC, a corporation; THE WEINSTEIN COMPANY HOLDINGS LLC, a corporation; HARVEY WEINSTEIN, an individual; and DOES 1 through 25, inclusive, | **Request For Judicial Notice And [Proposed] Order Granting Motion to Transfer Filed Concurrently Herewith** |
| 17 | |
| 18 | Date:   June 18, 2018 |
| 19 | Time:   10:00 A.M. |
| 20         Defendants. | Place:   Courtroom 5A |
| 21 | |

22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on June 18, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Michael W. Fitzgerald of the United States District Court for the Central District of California, Western Division, located at Courtroom 5A, 350 West First Street, Los Angeles, California 90012, defendant Tim Sarnoff will, and hereby does, move under 28 U.S.C. § 1412 to transfer the venue of this proceeding to the United States District Court for the Southern District of New York in the interests of justice and for the convenience of the parties.

This motion is based upon this notice of motion, the memorandum of points and authorities in support thereof, the request for judicial notice filed concurrently herewith, the record in this action, oral argument of counsel (if any), and such other matters as the Court may consider.  This motion is made following the conference of counsel pursuant to Local Rule 7-3, which first took place on May 2, 2018.

Dated:  May 21, 2018                    Respectfully submitted,

By /s/ Marvin S. Putnam

LATHAM & WATKINS LLP
Marvin S. Putnam
Joshua G. Hamilton
Attorneys for Defendant Tim Sarnoff

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION.................................................................................. 1

II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY..................................................................................... 4

    A.    Procedural History. .................................................. 6

        1.    Canosa v. Dirk Ziff, et al. ............................... 6

        2.    Geiss, et al. v. The Weinstein Company Holdings LLC, et al..................................... 7

        3.    Doe v. The Weinstein Company Holdings LLC, et al.......................................................... 8

    B.    The Weinstein Company LLC Bankruptcy. .................. 8

III.  LEGAL STANDARD. ....................................................... 9

IV.   ARGUMENT. ................................................................ 10

    A.    Transfer Is In The Interests Of Justice............................ 10

        1.    Transfer Would Promote Economic And Efficient Administration Of The Estate................. 10

        2.    Transfer Promotes Judicial Efficiency. ................ 13

        3.    Presumption In Favor Of Bankruptcy Forum And Plaintiff's Forum Choice Here Warrants Little Weight................................................ 16

        4.    The Remaining Factors Are Neutral....................... 17

    B.    Convenience Of Parties Heavily Favors Transfer. ............ 17

        1.    Transfer Would Be More Convenient and Efficient. ............................................... 18

        2.    Transfer Eases Access To Evidence....................... 19

V.    CONCLUSION. ............................................................. 20

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A. J. Indus., Inc. v. U.S. Dist. Court. for Cent. Dist. of Cal.*,
  503 F.2d 384 (9th Cir. 1974) ..................................................................... 16, 18

*Amazon.com v. Cendant Corp.*,
  404 F. Supp. 2d 1256 (W.D. Wash. 2005) ......................................................... 15

*Bratton v. Schering–Plough Corp.*,
  No. CV 07-0653-PHX-JAT, 2007 WL 2023482 (D. Ariz. July 12,
  2007) ................................................................................................................ 14

*Callaway Golf Co. v. Corp. Trade Inc.*,
  No. 09cv384 L(POR), 2010 WL 743829 (S.D.Cal. Mar. 1, 2010) ............. 13, 14

*Devlin v. Transp. Commc'ns Int'l Union*,
  175 F.3d 121 (2d Cir. 1999) .............................................................................. 14

*Donald v. Curry (In re Donald)*,
  328 B.R. 192 (B.A.P. 9th Cir. 2005) ................................................................. 18

*DRI Cos. v. Sunwize Techs., Inc. (In re DRI Cos.)*,
  552 B.R. 195 (Bankr. C.D. Cal. 2016) ......................................................*passim*

*Elecs. for Imaging, Inc. v. Tesseron, Ltd.*,
  No. C 07-05534 CRB, 2008 WL 276567 (N.D. Cal. Jan. 29, 2008) ................ 15

*In re Enron Corp.*,
  284 B.R. 376 (Bankr. S.D.N.Y. 2002) ............................................................... 13

*Harris v. Vianda, LLC*,
  No. SACV 10-01481-CJC(CWx), 2011 WL 13227850 (C.D. Cal.
  Jan. 21, 2011) ................................................................................................ 10, 16

*Hoefer v. U.S. Dep't of Commerce*,
  No. C 00 0918 VRW, 2000 WL 890862 (N.D. Cal. Jun. 28, 2000) ................ 15

*Madani v. Shell Oil Co.*,
  No. C07-04296 MJJ, 2008 WL 268986 (N.D. Cal., Jan. 30, 2008) .................. 14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

ii

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

*Mendoza v. General Motors, LLC*,
   No. CV 10-2683 AHM (VBKx), 2010 WL 5224136 (C.D. Cal.
   Dec. 15, 2010) ...................................................................................3, 9, 10, 17

*Montana v. Goldin (In re Pegasus Gold Corp.)*,
   394 F.3d 1189 (9th Cir. 2005) ..............................................................................8

*Pacor, Inc. v. Higgins*,
   743 F.2d 984 (3d Cir. 1984) ..................................................................................8

*Poindexter v. Cash Money Records*,
   No. 13 Civ. 5882, 2014 WL 1383781 (S.D.N.Y. Apr. 8, 2014) .......................15

*Rocket Elec. Co. Ltd. L.A. v. One in All JC Corp.*,
   CV 09–9395 SVW (MANx), 2010 WL 11597857 (C.D.Cal. Apr.
   7, 2010)........................................................................................................11, 16

*Senorx, Inc. v. Coudert Bros., LLP*,
   No. C-07-1075 SC, 2007 WL 2470125 (N.D. Cal. Aug. 27, 2007) ........2, 10, 17

*Shatzki v. Abrams*,
   1:09cv02046 LJO DLB, 2010 U.S. Dist. LEXIS 7987 (E.D. Cal.
   Jan. 11, 2010)......................................................................................................17

*Tapia v. Davol, Inc.*,
   562 B.R. 765 (S.D. Cal. 2016) ............................................................................17

*Tulacro v. Chrysler Grp., LLC*,
   No. SACV 10-01956-CJC(CWx), 2011 WL 13227751 (C.D. Cal.
   Feb. 2, 2011)..........................................................................................................9

*U.S. Bank, N.A. v. PHL Variable Ins. Co.*,
   No. 2:11-cv-09517-ODW, 2012 WL 3848630 (C.D. Cal. Sept. 4,
   2012)..............................................................................................................12, 18

## STATUTES

11 U.S.C. § 362..............................................................................................................11

18 U.S.C. § 1962(C)........................................................................................................7

18 U.S.C. § 1962(D)........................................................................................................7

28 U.S.C. § 157(a)...........................................................................................................8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

iii

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

28 U.S.C. § 1404......................................................................*passim*

28 U.S.C. § 1412......................................................................*passim*

28 U.S.C. § 1452...........................................................................6, 8, 9

**RULES**

Fed. R. Bankr. P. 9027(a)(1) ............................................................ 9

Fed. R. Civ. P. 42 ........................................................................... 14

**OTHER AUTHORITIES**

1 Collier on Bankruptcy ¶ 4.05 (Alan N. Resnick & Henry J. Sommer
    eds., 16th ed. 2010)................................................................... 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

In the interests of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Southern District of New York ("SDNY").  Congress specifically enacted a statute to provide for transfer in such situations, where a party to a bankruptcy is also a defendant in cases in multiple jurisdictions.  *See* 28 U.S.C. § 1412 ("Section 1412").  Here, defendants The Weinstein Company, LLC ("TWC") and The Weinstein Company Holdings, LLC ("TWC Holdings" and, with TWC, collectively the "Debtors") have declared bankruptcy, putting this case squarely within the purview of Section 1412.  Upon transfer to SDNY, this case would be adjudicated in the same forum as substantially similar cases, based on overlapping facts and legal theories, already pending in SDNY against twelve of the same defendants.  The interests of justice and convenience of the parties heavily favor transfer.

Plaintiff Jane Doe, an aspiring actress, has accused movie executive Harvey Weinstein, former Chief Executive Officer of TWC Holdings, of sexual assault.  Sadly, plaintiff's claims are not unique; allegations of Harvey Weinstein's years of sexual misconduct and abuse made headlines worldwide when exposed by various investigative reporters in October 2017, adding fuel to the already building #MeToo movement.  Beyond seeking redress from Harvey Weinstein, plaintiff also seeks to hold independent board representatives of TWC Holdings directly and vicariously liable for Harvey Weinstein's alleged crimes, even though they are not alleged to have played any role in, or even been aware of, the alleged assaults or victims.  One such independent board representative—defendant Tim Sarnoff— is lumped in as a "Doe" defendant, despite the absence of a single allegation specific to him or any ostensible wrongdoing.  Apparently he is named because he was an independent board representative—and nothing more.

Plaintiff's lawsuit is not alone in espousing this flawed theory, that attempts

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

1

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

to drag independent board representatives into these cases, and is in fact a copy-cat of two cases already pending in SDNY—one a purported class action and another filed individually by a former TWC employee.

Here, the factors courts apply to determine whether to transfer an action relating to a bankruptcy heavily favor such transfer[1]:

- <u>Judicial efficiency</u>:  Transfer would promote judicial efficiency by having this action proceed along with like actions addressing the same issues: *Canosa v. Dirk Ziff, et al.* (the "*Canosa* Action") and *Geiss v. The Weinstein Company Holdings, LLC, et al.* (the "*Geiss* Action," and together with the *Canosa* Action, the "SDNY Actions").  The foundational legal issue in each action is whether independent board representatives can be held liable for the alleged criminal acts Harvey Weinstein committed alone.  Upon transfer, this case should be deemed related to the *Canosa* Action, which is a carbon-copy of this case, or the *Geiss* Action.  Indeed, the Court in *Canosa* recognized that *Canosa* and *Geiss* have "overlapping issues" and set a status conference to discuss coordinating discovery for those two cases.  *See* Request for Judicial Notice ("RJN"), Ex. 1 (Order Denying Letter Motion for Extension of Time to Answer).  Transfer would ensure a substantial saving of judicial resources while reducing (or even eliminating) the possibility of inconsistent judgments and multiple appeals.  Judicial efficiency also weighs in favor of transfer to SDNY because all fourteen defendants in the *Geiss* Action have appeared and filed detailed motions to dismiss, and plaintiffs have filed a motion in the bankruptcy court to lift the automatic bankruptcy stay as to the Debtors.  RJN, Ex. 2 (the "Lift Stay Motion").  In *Canosa,* nearly all defendants have appeared, *see* RJN, Ex. 3 (Notices of Appearance), and will be filing motions to dismiss by June 29, RJN, Ex. 1.  In contrast, here, only three of

---

[1] *See, e.g., DRI Cos. v. Sunwize Techs., Inc. (In re DRI Cos.)*, 552 B.R. 195, 197 (Bankr. C.D. Cal. 2016) (citing *Senorx, Inc. v. Coudert Bros., LLP*, No. C-07-1075 SC, 2007 WL 2470125, at *1 (N.D. Cal. Aug. 27, 2007)).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

the 13 defendants have been served.  Moreover, the majority of the parties, evidence, and witnesses are located in New York, not California.

• <u>Economic and efficient administration of the bankruptcy estate</u>: Transfer also promotes the economic and efficient administration of the Debtors' estate, as adjudicating the claims in one forum will reduce administrative costs, allow the cases to be adjudicated more efficiently with less cost, and streamline the resolution of claims for which TWC is required to indemnify the board representatives.

• <u>The presumption in favor of the forum where the bankruptcy case is pending</u>:  SDNY, not Delaware, is the most appropriate forum for this case in the context of administering the bankruptcy estate, because only transfer to SDNY will ensure these three substantially similar actions are adjudicated in one forum. Moreover, the *Geiss* Action plaintiffs already have filed a motion to lift the automatic stay in the bankruptcy court, which would allow that action to proceed against the Debtors in SDNY.

• <u>The ability to receive a fair trial</u>:  There can be no dispute that SDNY can provide a fair resolution of this matter.  *See, e.g.*, *Mendoza v. Gen. Motors, LLC*, No. CV 10-2683 AHM (VBKx), 2010 WL 5224136, at *5 (C.D. Cal. Dec. 15, 2010) (approving transfer to SDNY as it is "perfectly capable of interpreting and applying California law").

• <u>The enforceability of any judgment rendered</u>:  Most defendants, including Harvey Weinstein and TWC Holdings, are New York residents.  In contrast, many defendants in this action are not residents of California, the majority of individual defendants have not been served, and this Court may not even have jurisdiction over many of them.

• <u>Plaintiff's original choice of forum</u>:  Plaintiff's choice of forum is entitled to little weight under Section 1412.  Moreover, this factor is far outweighed by the other factors favoring transfer.  Plaintiff's forum choice is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

3

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1   further compromised by her attempt to reach individuals outside of California,

2   which include a New York-based company and its independent board

3   representatives.

4   • Convenience of the parties and access to evidence:  The majority of

5   parties are based in New York, as is the evidence plaintiff needs to prove her

6   claims against all defendants except Harvey Weinstein and the evidence those

7   defendants need to defend themselves.  As only a small minority of parties and a

8   meager amount of evidence are based in California, this factor heavily weighs in

9   favor of transfer to SDNY.

10       In sum, the factors for transfer strongly favor sending this case to SDNY to

11  be adjudicated in the same forum as other substantially similar matters.

12  Accordingly, the Court should transfer the matter to SDNY.

13  **II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY.**

14       Harvey Weinstein is accused of sexual assault and other sexual misconduct

15  in numerous actions in the United States.  However, plaintiff's action is one of just

16  three that attempt to foist liability for those alleged personal assaults on the board

17  representatives of TWC Holdings, namely, this action, the *Canosa* Action, and the

18  *Geiss* Action.

19       In each, plaintiffs named representatives of TWC Holdings' board as

20  defendants: Dirk Ziff, Marc Lasry, Tarak Ben Ammar, Lance Maerov, Richard

21  Koenigsberg, Paul Tudor Jones, Jeff Sackman, James Dolan, and Sarnoff

22  (collectively, the "Board Representative Defendants").[2]  But in each, the Board

23  Representative Defendants are not alleged to be liable on the basis that they had

24  knowledge of; committed; participated in; were even in the same building as

25  Harvey Weinstein when the alleged assaults occurred; or that they even knew of

26  the victims.  Instead, plaintiffs allege in each action that the Board Representative

27  Defendants' positions render them liable based on the same two legal theories:

28

---

[2] Paul Tudor Jones was dismissed from the *Canosa* action on April 24, 2018.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

4

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

*First*, that they were Harvey Weinstein's employer or principal, and are thus liable under principles of respondeat superior.  *See, e.g.,* ECF No. 1-2 (First Amended Complaint) ¶¶ 21, 29, 46, 55 (the Board Representative Defendants "are strictly liable for Defendant Weinstein's actions under the principles of respondeat superior . . ."); RJN, Ex. 4 (*Canosa* Compl.) ¶¶ 175-77 ("As described at length above, Harvey Weinstein's conduct as alleged herein was committed in the scope and furtherance of his employment for [the Board Representative Defendants] . . . [who] are vicariously responsible for the acts of Harvey Weinstein as alleged herein as they ratified and condoned same."); RJN, Ex. 5 (*Geiss* Compl.) ¶¶ 297-98 ("there was an actual or assumed agency relationship . . . between [Harvey] Weinstein and TWC's Board of Directors . . . All acts or omissions . . . were ratified by TWC and TWC's Board of Directors. . .");

*Second*, plaintiffs contend that the Board Representative Defendants are liable for negligently failing to prevent the alleged assaults or for negligently hiring and retaining Harvey Weinstein.  *See, e.g.,* ECF No. 1-2 (First Amended Complaint) ¶¶ 59-62 (Board Representative Defendants "committed the negligent actions and/or negligent failures to act"); RJN, Ex. 4 (*Canosa* Compl.) ¶¶ 225-26 (Board Representative Defendants "failed to use reasonable care to correct or remove Harvey Weinstein."); RJN, Ex. 5 (*Geiss* Compl.) ¶¶ 228-30 ("TWC and its Board of Directors' negligence in supervising and or retaining Harvey Weinstein was a substantial factor in causing harm to Plaintiffs and the Class.").

Most defendants in this and the SDNY Actions, including Harvey Weinstein, TWC Holdings, Dirk Ziff, Marc Lasry, Lance Maerov, and James Dolan, are residents of, or have a principal place of business in, New York.  RJN, Ex. 5 (*Geiss* Compl.) ¶¶ 17-32.  Of the remaining defendants, all but one are residents of or have a principal place of business on the East Coast or in another country.  As the Board Representative Defendants' alleged liability stems from

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

5

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1   their association with TWC Holdings, all—or certainly almost all—of the

2   documents, evidence, and witnesses are located in New York.

3       A.   **Procedural History.**

4           1.   ***Canosa v. Dirk Ziff, et al.***

5       On December 20, 2017, Alexandra Canosa filed in the New York Supreme

6   Court a summons and notice of commencement against TWC Holdings, Harvey

7   Weinstein, and various current and former board representatives of TWC

8   Holdings, including Sarnoff.  *See* RJN, Ex. 4 (*Canosa* Compl.).  The *Canosa*

9   action concerns almost the identical defendants as this case.  In her complaint,

10  Canosa brings twelve causes of action against Harvey Weinstein, Robert

11  Weinstein, the Debtors, and the Board Representative Defendants, including

12  battery, assault, intentional and negligent infliction of emotional distress, negligent

13  supervision and retention, and ratification arising out of Weinstein's alleged sexual

14  assault of her in various hotels.  *Id.* ¶¶ 28-37, 170-374.  Nearly all Board

15  Representative Defendants have appeared in the case.  *See* RJN, Ex. 3 (Notices of

16  Appearance).  As in this action and the *Geiss* Action, Canosa alleges the Board

17  Representative Defendants are liable for Harvey Weinstein's criminal actions by

18  virtue of their board service to his employer, TWC Holdings.  RJN, Ex. 4 (*Canosa*

19  Compl.) ¶¶ 175-77, 225-26.  On May 8, 2018, Sarnoff removed the *Canosa* Action

20  to SDNY pursuant to U.S.C. 28 § 1452, on the ground it is "related to" the

21  Debtors' bankruptcy proceeding.  *See* RJN, Ex. 6 (Notice of Removal).

22      On May 21, 2018, the Court set an initial case management conference for

23  June 18, 2018, and ordered that all defendants file motions to dismiss by June 29,

24  2018.  RJN, Ex. 1.[3]  Further, the Court stated that at the case management

25  conference, "the Court will take up, *inter alia,* issues including the possible

26

27

---

28  [3] The Court declined to accept a briefing schedule that would have provided
    Defendants until July 20, 2018, to file a motion to dismiss.  *Id.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

6

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1  coordination of discovery in this case with discovery in [the *Geiss* Action], which

2  appears to present overlapping issues." *Id.*

3        **2.**    <u>***Geiss, et al. v. The Weinstein Company Holdings LLC, et al.***</u>

4        On December 6, 2017, six plaintiffs (the "*Geiss* Plaintiffs") filed a complaint

5  in the *Geiss* Action—a nationwide putative class action in SDNY—against, among

6  others, Debtors, Harvey Weinstein, and various current and former board

7  representatives of TWC Holdings, including Sarnoff.  RJN, Ex. 5 (*Geiss* Compl.)

8  ¶¶ 17-32.  The *Geiss* Plaintiffs brought fourteen causes of action, including

9  violations of 18 U.S.C. § 1962(C) and (D) (the "RICO" claims), civil battery,

10 assault, intentional and negligent infliction of emotional distress, negligent

11 supervision and retention, and ratification.  *Id.* ¶¶ 192-300.  Sarnoff and the other

12 Board Representative Defendants are named as defendants to the RICO, negligent

13 supervision and retention, and ratification claims.  *Id.*  As elsewhere, the *Geiss*

14 Plaintiffs' claims regarding the Board Representative Defendants are not based on

15 any alleged direct involvement in the alleged assaults, but rather on their service to

16 TWC Holdings' board.  *Id.* ¶¶ 228-30, 297-98.

17       The named *Geiss* Plaintiffs are six female writers and actresses.  The

18 putative class is broad:

19       All women who met with Harvey Weinstein in person (i) to audition
      for or to discuss involvement in a project to be produced or distributed

20       by either TWC Holdings, or, prior to September 30, 2005, Miramax
      LLC, or (ii) in a meeting or event facilitated, hosted, or underwritten

21       by TWC or, prior to September 30, 2005, Miramax LLC.

22 *id*. ¶ 183.

23       On February 20, 2018, Sarnoff and all other then-served defendants filed

24 motions to dismiss.  *See, e.g.,* RJN, Ex. 7 (Sarnoff's Memorandum of Law in

25 Support of Motion to Dismiss the Class Action Complaint).  On April 17, 2018,

26 SDNY ordered the *Geiss* Plaintiffs to file oppositions, if any, by June 1, 2018, and

27 defendants to file replies on or before June 29, 2018.  *See* RJN, Ex. 8 (Order

28 Regulating Proceeding) ¶ 1.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

7

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1   **3.   *Doe v. The Weinstein Company Holdings LLC, et al.***

2   Plaintiff filed this action on November 14, 2017, in the Superior Court of the

3   State of California for the County of Los Angeles.  She filed her first amended

4   complaint on January 2, 2018, ECF No. 1-2, and further amended that complaint

5   on March 19, 2018, to identify nine of the Doe defendants as the Board

6   Representative Defendants, *see, e.g.,* ECF No. 1-3 (Amendment to Complaint to

7   Correct Fictitious Name).  However, none of the Board Representative Defendants

8   other than Sarnoff have been served.  Like Canosa, plaintiff is an individual suing

9   Weinstein for sexual assaults in various hotels.  ECF No. 1-2 (First Amended

10   Complaint) ¶¶ 14-15.  As noted above, Sarnoff and the other Board Representative

11   Defendants' purported liability is based on the theory that they somehow employed

12   Harvey Weinstein when he committed the alleged sexual misconduct and on their

13   alleged negligence in failing to prevent that alleged misconduct.  No party has filed

14   any motions in this action, no case schedule has been set, and no discovery has

15   taken place.  On May 3, 2018, Sarnoff removed this action to this Court pursuant

16   to U.S.C. 28 § 1452, on the ground that it is "related to" the Debtors' bankruptcy

17   proceeding.  *See* ECF 1-1 (Notice of Removal).

18   **B.   The Weinstein Company LLC Bankruptcy.**

19   On March 19, 2018, after this action and the SDNY Actions had

20   commenced, Debtors filed voluntary petitions for relief under chapter 11 of title 11

21   of the United States Code in the United States Bankruptcy Court for the District of

22   Delaware.  This action and the SDNY Actions are "related to" the Debtors'

23   bankruptcy proceedings under 28 U.S.C. § 157(a) because plaintiffs' claims and

24   any cross-claims of co-defendants against the Debtors for contribution or similar

25   claims "could alter the debtor's rights [or] liabilities . . . ."  *Montana v. Goldin (In*

26   *re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005) (*quoting Pacor, Inc.*

27   *v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).  As a result of filing for bankruptcy,

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

8

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1   the actions identified above were immediately and automatically stayed as to the

2   Debtors pursuant to 11 U.S.C. § 362.

3         On April 17, 2018, SDNY ordered the *Geiss* Plaintiffs to seek relief from the

4   automatic stay so they could pursue their action against the Debtors, failing which

5   the Debtors would be dismissed.  RJN, Ex. 8 (Order Regulating Proceeding) ¶ 5.

6   The *Geiss* Plaintiffs filed that motion on April 30, 2018.  RJN, Ex. 2 (Lift Stay

7   Motion).  Amongst other things, the *Geiss* Plaintiffs argued that lifting the

8   automatic stay would be an efficient use of judicial resources and reduce Debtors'

9   burden from duplicative litigations.  *See id.* ¶¶ 24, 25, 28.  Objections are due May

10   24, 2018, and a hearing is scheduled for May 31, 2018.  *Id.* at 1.

11         On April 30, 2018, Sarnoff filed a proof of claim ("Proof of Claim") in the

12   Debtors' bankruptcy proceedings, seeking, amongst other things, indemnity from

13   the Debtors for any legal fees, legal expenses, out-of-pocket expenses, or

14   judgments related to this action and the SDNY Actions.  RJN, Ex. 9 (Sarnoff Proof

15   of Claim) ¶¶ 5-6.

16   **III.   LEGAL STANDARD.**

17         Transfer here should be analyzed under 28 U.S.C. § 1412 because removal

18   was based on 28 U.S.C. § 1452 as this action is "related to" a bankruptcy

19   proceeding.[4]  *See supra* Section II.B.; *see also* 1 COLLIER ON BANKRUPTCY ¶ 4.05

20   (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010); *Mendoza*, 2010 WL

21   5224136, at *4 (analyzing transfer action related to bankruptcy proceeding under

22   principles in 28 U.S.C. § 1412); *Tulacro v. Chrysler Grp., LLC*, No. SACV 10-

23   01956-CJC(CWx), 2011 WL 13227751, at *2 (C.D. Cal. Feb. 2, 2011) (Section

24   1412 applies to transfer motions "even where claims are merely 'related' to a

25

26   [4] This action was removed to this Court on May 3, 2018.  *See* ECF 1 (Notice of

27   Removal).  The Notice of Removal sets forth the bases for which removal was
   appropriate under 28 U.S.C. § 1452 as required by Federal Rule of Bankruptcy

28   Procedure 9027(a)(1).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

9

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1  bankruptcy").

2      Section 1412 provides "[a] district court may transfer a case or proceeding

3  under title 11 to a district court for another district, in the interest of justice *or* for

4  the convenience of the parties."[5]  28 U.S.C. § 1412 (emphasis added).  Transfer of

5  this action to SDNY is appropriate because it serves *both* the interests of justice

6  and the parties' convenience.

7  **IV.    ARGUMENT.**

8      **A.    Transfer Is In The Interests Of Justice.**

9      In determining whether the interests of justice favor transfer under Section

10  1412, courts consider the following factors: "(1) the economical and efficient

11  administration of the bankruptcy estate, (2) the presumption in favor of the forum

12  where the bankruptcy case is pending, (3) judicial efficiency, (4) the ability to

13  receive a fair trial, (5) the state's interest in having local controversies decided

14  within its borders by those familiar with its laws, (6) the enforceability of any

15  judgment rendered, and (7) the plaintiff's original choice of forum."  *Mendoza*,

16  2010 WL 5224136, at *5; *see also In re DRI Cos.*, 552 B.R. at 197 (same) (citing

17  *Senorx, Inc.*, 2007 U.S. Dist. LEXIS 66065, at *1.  Each applicable factor strongly

18  favors transfer to SDNY.

19          **1.    Transfer Would Promote Economic And Efficient**

20                  **Administration Of The Estate.**

21      Under Section 1412, the most important factor "is whether the requested

22  transfer would promote the economic and efficient administration of the estate."

23  *Harris v. Vianda, LLC*, No. SACV 10-01481-CJC(CWx), 2011 WL 13227850, at

24  *3 (C.D. Cal. Jan. 21, 2011) (granting transfer); *see also In re DRI Cos.*, 552 B.R.

25  at 197 ("[T]he most important consideration is whether the requested transfer

26

---

27  [5] Although Sections 1412 and 1404 are distinct, many of the same principles apply
    across both sections.  *Mendoza*, 2010 WL 5224136, at *4 n.5 ("Given the
28  substantial overlap of analysis under the two statutes, the question [of whether to
    apply Section 1404 or Section 1412] is largely academic.").

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
CENTURY CITY

10

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1   would promote the economic and efficient administration of the estate."). Here,

2   this factor strongly favors transfer. Notwithstanding the automatic stay imposed

3   under 11 U.S.C. § 362, the Debtors will continue to be involved in this action and

4   the SDNY Actions and will be compelled to respond to and address issues in each

5   as they arise. Requiring the Debtors to respond to issues in actions proceeding in

6   California and New York is plainly less efficient and more expensive than

7   requiring them to do so in New York alone, particularly because this action is

8   related to the SDNY Actions and the actions can be coordinated. *See infra* at

9   Section IV.A.2. Therefore, this action should be transferred to SDNY.

10        Transfer to SDNY will promote the efficient administration of the Debtors'

11   estate by ensuring that it can provide required discovery in an efficient and cost-

12   effective manner. *See, e.g., Rocket Elec. Co. L.A. v. One in All JC Corp.*, CV 09–

13   9395 SVW (MANx), 2010 WL 11597857, at *7 (C.D. Cal. Apr. 7, 2010)

14   (transferring action under Section 1412 on basis that "administration of the

15   bankruptcy estate would be greatly streamlined if all of the disputes were

16   adjudicated in a single forum."). Harvey Weinstein has already successfully

17   argued in the Bankruptcy proceeding that corporate documents necessary to his

18   defense are in Debtors' possession, custody, and control. *See, e.g.,* RJN, Ex. 10

19   (Motion for Entry of an Order Compelling Limited Discovery Under Rule 2004) ¶¶

20   11, 24 (stating relevant documents such as emails are in Debtors' possession and

21   noting Debtors already produced some such documents).[6] Such documents will be

22   relevant to plaintiff's claims in this action and the SDNY Actions, and Debtors will

23   be called upon to produce them. Further, coordinating the production of those

24   documents in a single jurisdiction is more efficient and cost-effective than the

25   alternative of producing them in multiple cases on opposite coasts. If transferred,

26   discovery in this case can be coordinated with discovery in one of the SDNY

27

28   [6] The transcript and order relating to the May 8, 2018, hearing on Harvey
     Weinstein's motion was not available at the time of this motion.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

11

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1   Actions, as the Court in *Canosa* has already recognized.  *See* RJN, Ex. 1.

2          In addition, transfer will ensure discovery disputes are resolved in one

3   forum, and if this action is transferred to SDNY the chances of repetitive motions

4   on the same or similar issues, possibly with differing results, would be reduced or

5   even eliminated.  *See U.S. Bank, N.A. v. PHL Variable Ins. Co.*, No. 2:11-cv-

6   09517-ODW, 2012 WL 3848630, at *2 (C.D. Cal. Sept. 4, 2012) (transferring

7   action under 28 U.S.C. § 1404 to SDNY where two actions were pending

8   concerning the same issues, holding "[i]n addition to combining discovery (e.g., a

9   single deposition of a . . . witness for all three cases), any discovery motions may

10  be consolidated by the SDNY court.").

11         Moreover, Debtors are not only affected by discovery in this action, but also

12  by Debtors' required indemnification of Sarnoff for any damages and the advance

13  of his legal fees to defend against these claims.  *See* RJN, Ex. 9 (Sarnoff Proof of

14  Claim).  It is likely other Board Representative Defendants will also seek

15  indemnification and advancement, if they have not already done so.  Accordingly,

16  the Debtors will need to monitor this action in order properly to evaluate their

17  potential financial exposure.  Requiring Debtors' counsel to monitor actions

18  pending in California and SDNY will increase the burden, cost, and inefficiency of

19  doing so relative to monitoring actions proceeding only in SDNY, particularly if

20  this action is deemed related to, or otherwise consolidated with, an SDNY Action

21  after transfer.

22         Additionally, TWC's three current board representatives are named as

23  individual defendants in these actions.  If the actions proceed past the motion-to-

24  dismiss stage, those board representatives will have to defend themselves in

25  multiple jurisdictions and respond to overlapping discovery requests, depositions,

26  and motions, which leaves them far less able to focus on maximizing the value of

27  the Debtors' estate.  TWC has reputedly already lost over 25% of its employees

28  and five members of TWC Holdings' board have resigned, so the company can ill-

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

12

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1  afford to lose the support of additional employees and board representatives. *See*

2  RJN, Ex. 11 (Declaration of Robert Del Genio In Support of First Day Relief) ¶¶

3  42-43.  Transferring this action to SDNY, where it could then be adjudicated

4  together with one of the SDNY Actions, will help the Debtors' board

5  representatives and employees avoid the distracting and duplicative work created

6  by multiple similar litigations in different forums, allowing them to focus on

7  ensuring the effective administration of the estate.

8       Finally, transferring this action to SDNY would also benefit the Debtors if

9  the *Geiss* Plaintiffs' motion to lift the automatic stay is granted (and if that stay

10  ultimately is lifted in the other actions as well).  Transfer would then ensure the

11  Debtors are only required to defend themselves in a single forum, reducing the

12  valuable time and resources spent on duplicative litigation on opposite coasts. *See,*

13  *e.g., In re Enron Corp.*, 284 B.R. 376, 398 (Bankr. S.D.N.Y. 2002) (holding "it

14  would be inefficient for claims arising out of the same obligations . . . to proceed

15  simultaneously in two (2) courts").  But even if the motion to lift the automatic

16  stay were somehow not granted, transfer nonetheless would benefit the Debtors'

17  estate because of the Debtors' indemnification obligations and the fact that

18  duplicative discovery will be sought from the Debtors.

19       Transferring this action to SDNY thus provides a range of benefits to the

20  economic and efficient administration of the Debtors' estate.

21       **2.    Transfer Promotes Judicial Efficiency.**

22       The fact that the substantially similar *Canosa* and *Geiss* cases are currently

23  pending in SDNY strongly favors transfer of this case.  If this action is not

24  transferred, this Court will duplicate the substantive and procedural work of

25  SDNY.

26       "An important consideration in determining whether the interests of justice

27  dictate a transfer of venue is the pendency of a related case in the transferee

28  forum." *Callaway Golf Co., v. Corp. Trade Inc.*, No. 09cv384 L(POR), 2010 WL

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
CENTURY CITY

13

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

743829, at *7 (S.D. Cal. Mar. 1, 2010) (*citing Madani v. Shell Oil Co.*, No. C07-04296 MJJ, 2008 WL 268986, *2 (N.D. Cal., Jan. 30, 2008); *Bratton v. Schering–Plough Corp*., No. CV 07-0653-PHX-JAT, 2007 WL 2023482, *5 (D. Ariz. July 12, 2007) ("In general, cases should be transferred to districts where related actions are pending.").  Transfer is warranted where "the possible consolidation of discovery and the conservation of time, energy and money, centralizing the adjudication of similar cases will also avoid the possibility of inconsistent judgments").  *Callaway Golf Co.*, 2010 WL 743829, at *7.

Pursuant to Local Rule 13 of the SDNY Rules For The Division Of Business Among District Judges, a case is related when "the interests of justice and efficiency will be served," which is evaluated with respect to four factors: "whether (A) the actions concern the same or substantially similar parties . . . ; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses."[7]  Here, the legal and factual issues in these actions overlap substantially and the actions are therefore related.  This action and *Canosa* are almost identical in terms of claims against the Board Representative Defendants, as they both: (1) are brought by individual plaintiffs against 12 of the same defendants, including all Board Representative Defendants, *see* ECF No. 1-2 (First Amended Complaint); RJN Ex. 4 (*Canosa* Compl.); (2) allege Harvey Weinstein sexually assaulted plaintiffs in hotels in 2015 and 2016, *see, e.g.,* ECF No. 1-2 ¶¶ 14-15; RJN, Ex. 4 ¶¶ 28-38; (3) assert claims for battery, assault, and negligent retention and supervision, and allege the Board Representative Defendants are liable for Harvey Weinstein's actions under principles of respondeat superior or

---

[7] Whether actions should be consolidated pursuant to Federal Rule Civil Procedure 42 entails similar considerations.  *See, e.g., Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

14

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1   were negligent in failing to prevent the assaults, *see, e.g.,* ECF No. 1-2 ¶¶ 21, 59-

2   62; RJN, Ex. 4 ¶¶ 175-177; and (4) involve parties, evidence, and witnesses

3   predominantly located in New York, not California.  *See, e.g., Poindexter v. Cash*

4   *Money Records*, No. 13 Civ. 5882, 2014 WL 1383781, at *2 (S.D.N.Y. Apr. 8,

5   2014) (deeming cases brought by different plaintiffs against same defendant

6   related where complaints arose out of same facts and contained same causes of

7   action).  Likewise, the *Geiss* Action contains overlapping legal and factual issues

8   with both cases.

9         Accordingly, judicial efficiency weighs in favor of transferring this action to

10  SDNY, where the substantially identical SDNY Actions are pending and where the

11  majority of evidence is located.  Doing so avoids the need for multiple courts to

12  address substantially the same facts, issues, legal arguments, and discovery

13  disputes with the same parties and ensures the efficient resolution of these disputes.

14  *See Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1261 (W.D. Wash.

15  2005) (holding in transfer under 28 U.S.C. § 1404 that "[l]itigation of related

16  claims in the same tribunal is strongly favored because it facilitates efficient,

17  economical and expeditious pre-trial proceedings and discovery and avoids

18  duplic[ative] litigation and inconsistent results").  Conversely, declining to transfer

19  this case to SDNY where it can be litigated alongside the SDNY Actions would

20  result in a "significant waste of time and energy and [] duplicative effort by this

21  [transferor] court."  *See Hoefer v. U.S. Dep't of Commerce*, No. C 00 0918 VRW,

22  2000 WL 890862, at *3 (N.D. Cal. Jun. 28, 2000); *see also Elecs. for Imaging, Inc.*

23  *v. Tesseron, Ltd*., No. C 07-05534 CRB, 2008 WL 276567, at *1 (N.D. Cal. Jan.

24  29, 2008) ("Consideration of the interest of justice, which includes judicial

25  economy, may be determinative to a particular transfer motion[.]").

26        Finally, if the Lift Stay Motion is granted and this Action is transferred and

27  deemed related to one of the SDNY Actions, all of the plaintiffs' claims against all

28  of the defendants in the various actions could be resolved in the same court as to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

15

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1    all defendants at the same time and by the same judge.  Judicial efficiency clearly

2    dictates that the Court transfer this case to SDNY.

3            **3.     Presumption In Favor Of Bankruptcy Forum And**

4                    **Plaintiff's Forum Choice Here Warrants Little Weight.**

5            The factors in favor of transfer significantly outweigh the presumption under

6    Section 1412 favoring transfer to the bankruptcy court in Delaware or any

7    deference to plaintiff's original choice of forum.

8            For the reasons noted above, transferring this action to the bankruptcy court

9    or declining transfer undermines the most important consideration under Section

10   1412—efficient administration of the estate.  *Harris*, 2011 WL 13227850, at *3; *In

11   re DRI Cos.*, 552 B.R. at 197.  Indeed, the *Geiss* Plaintiffs argued in their motion to

12   lift the automatic stay that permitting the *Geiss* Action to proceed in SDNY, rather

13   than in the Delaware court, promotes the efficient conduct of the bankruptcy, as it

14   would "prevent interference with the chapter 11 cases by reducing the burden on

15   the [bankruptcy] Court."  RJN, Ex. 2 (Lift Stay Motion) ¶ 25.  Transferring *this*

16   action to SDNY has the same beneficial effect on the Debtors' estate.  *Rocket Elec.*

17   *Co. L.A.*, 2010 WL 11597857, at *7 (transferring action under Section 1412 on

18   basis that "administration of the bankruptcy estate would be greatly streamlined if

19   all of the disputes were adjudicated in a single forum").

20           Further, declining to transfer this action to SDNY, including by transferring

21   it to the bankruptcy court, would require the parties and courts to twice address the

22   same issues regarding the Board Representative Defendants' alleged respondeat

23   superior liability and negligence, which is both inefficient and creates the risk of

24   inconsistent decisions.  *See infra* Section IV.A.2.

25           Moreover, declining transfer would result in this action proceeding far from

26   the location of the majority of the relevant evidence, witnesses, and parties.  *See*

27   *infra* Section IV.B; *A. J. Indus., Inc. v. U.S. Dist. Court. for Cent. Dist. of Cal.*, 503

28   F.2d 384, 389 (9th Cir. 1974) ("[T]he pendency of an action in another district is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

16

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1   important because of the positive effects it might have in possible consolidation of

2   discovery and convenience to witnesses and parties.").  The obvious efficiencies of

3   coordinated discovery in SDNY would be lost.

4            Section 1412's consideration of the bankruptcy court's location and a

5   plaintiff's original forum choice thus should here warrant little, if any, weight.

6                    **4.    <u>The Remaining Factors Are Neutral</u>.**

7            The remaining factors—ability to receive a fair trial, enforceability of

8   judgment, and familiarity with applicable law—weigh neither for, nor against,

9   transfer.  There is no reason to believe plaintiff would be unable to receive a fair

10  trial or enforce a judgment obtained in SDNY, as many defendants, including

11  Harvey Weinstein, reside in New York and SDNY is plainly able to apply

12  California law.  *See, e.g., Mendoza*, 2010 WL 5224136, at *5 (approving transfer,

13  explaining New York court "is perfectly capable of interpreting and applying

14  California law").

15                **B.    <u>Convenience Of Parties Heavily Favors Transfer</u>.**

16           Because the analysis is disjunctive and the factors for the interests of justice

17  strongly favor transfer, the Court may transfer the action even without considering

18  the convenience of the parties.  Nevertheless, the convenience of the parties here

19  also favors transfer and thus provides an independent basis for transferring this

20  matter to SDNY.

21           Courts in this Circuit analyze a number of factors to weigh the convenience

22  of the parties under Section 1412, including the "1) location of the plaintiff and the

23  defendant; 2) ease of access to necessary proof; 3) convenience of witnesses; 3)

24  [*sic*] availability of subpoena power for the unwilling witnesses; and 4) [*sic*]

25  expenses related to obtaining witnesses."  *In re DRI Cos.*, 552 B.R. at 197 (citing

26  *Senorx, Inc.*, 2007 U.S. Dist. LEXIS 66065, at *1); *Tapia v. Davol, Inc.*, 562 B.R.

27  765, 770 (S.D. Cal. 2016); *Shatzki v. Abrams*, 1:09cv02046 LJO DLB, 2010 U.S.

28  Dist. LEXIS 7987, at *9-10 (E.D. Cal. Jan. 11, 2010).  These factors are "non-

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
CENTURY CITY

17

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1   exclusive," and the analysis "necessarily entails the exercise of discretion based on

2   the totality of circumstances."  *Donald v. Curry (In re Donald)*, 328 B.R. 192, 204

3   (B.A.P. 9th Cir. 2005).[8]

4              **1.      Transfer Would Be More Convenient and Efficient.**

5              The fact that Sarnoff, a California resident, is willing to transfer this action

6   to SDNY so that it can be related to actions already pending there demonstrates the

7   convenience of New York over California in the overall administration of these

8   matters.  As noted above, most defendants are New York residents, and all but

9   three parties to this action live substantially closer to New York than California.

10  Even if this were not the case, litigating multiple, substantially similar cases on

11  opposite sides of the country would be inconvenient for defendants.  Conversely,

12  there is little inconvenience to plaintiff since most defendants do not reside in

13  California (and some may not even be subject to jurisdiction in California).

14  Moreover, plaintiff would still only have to sit for her deposition in California.

15             The overlap between these actions with respect to the Board Representative

16  Defendants, who comprise the majority of the parties, is almost total, and allowing

17  these actions to proceed without transfer maximizes the burden of litigating them

18  without providing any tangible benefit.  Without transfer of this action to SDNY,

19  where discovery and other proceedings can be coordinated, Board Representative

20  Defendants risk having to file and respond to repetitive motions, being subjected to

21  repeated depositions, and having to produce the same or similar records and

22  responses to duplicative document requests and interrogatories.  *A. J. Indus., Inc.*,

23  503 F.2d at 389 ("the pendency of an action in another district is important because

24  of the positive effects it might have in possible consolidation of discovery and

25  convenience to witnesses and parties."); *U.S. Bank, N.A.*, 2012 WL 3848630, at *2

26

27  _____

    [8] While Section 1412, unlike Section 1404, "do[es] not expressly include
    convenience of witnesses," courts in this Circuit have noted that this is part of the
    convenience-of-the-parties analysis.  *See In re Donald*, 328 B.R. at 204 (analysis

28  under Section 1412 "include[s] considerations regarding witnesses"); *In re DRI
    Cos.*, 552 B.R. at 197 (listing convenience of witnesses as a factor).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

18

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1   (granting transfer to SDNY under Section 1404 and holding "[d]iscovery may be

2   more efficient and cost to parties may be lower if the three cases are before the

3   S.D.N.Y court, as many . . . witnesses would likely appear in all three cases.").

4   This burden is amplified by the fact that the majority of documentary evidence and

5   witnesses are in New York.  The inefficiency of the discovery process should this

6   action not be transferred will be particularly acute for the Debtors, who will likely

7   shoulder a significant portion of discovery and its costs.  *See supra* Section IV.A.1.

8   It is also likely that individuals employed by Debtors will be deposed, and

9   subjecting those employees to multiple depositions on the same issues in California

10  as well as New York will unnecessarily burden the Debtors.

11              **2.      Transfer Eases Access To Evidence.**

12              Although plaintiff alleges Harvey Weinstein assaulted her in California, this

13  district has no connection at all to the allegations concerning the Board

14  Representative Defendants because they are not alleged to have taken part in, or

15  even been present for, any alleged misconduct.  In fact, the nexus of the claims

16  against the Board Representative Defendants is in New York, not California,

17  because TWC Holdings is based in New York and the Board Representative

18  Defendants are allegedly liable for Harvey Weinstein's acts only because of their

19  service on TWC Holdings' Board.

20              TWC Holdings' records and documents are all based in New York.  A

21  majority of the other defendants have already appeared in the SDNY Actions and

22  have not challenged jurisdiction there.  As described in detail above, transferring

23  this action would allow the parties far easier and more cost effective access to the

24  vast majority of the evidence regarding plaintiff's claims, and permit the case to

25  proceed against all necessary parties.

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

19

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW

1  V.    **CONCLUSION.**

2        Sarnoff thus respectfully requests the Court transfer this action to the

3  Southern District of New York pursuant to 28 U.S.C. § 1412.  As detailed above,

4  Sarnoff has met his burden to show transfer is in the interests of justice and the

5  best interest of the parties.

6  Dated:  May 21, 2018                     Respectfully submitted,

7                                           By /s/ Marvin S. Putnam

8                                           LATHAM & WATKINS LLP
                                            Marvin S. Putnam
9                                           Joshua G. Hamilton
                                            Attorneys for Defendant Tim Sarnoff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

20

DEFENDANT TIM SARNOFF'S MOTION
TO TRANSFER VENUE
CASE NUMBER: 18-cv-03725-MWF-MRW