Case No.  CV 18-3725-MWF (MRWx)          Date:  June 14, 2018
Title:    Jane Doe -v.- The Weinstein Company LLC, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: DEFENDANT TIM SARNOFF'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1412 [17]

Before the Court is Defendant Tim Sarnoff's Motion to Transfer Venue Under 28 U.S.C. § 1412 (the "Motion"), filed on May 21, 2018. (Docket No. 117). On June 4, 2018, Plaintiff Jane Doe filed a Statement of Non-Opposition to the Motion. (Docket No. 19).

The Court has read and considered the papers filed in connection with the Motion, and determined that the matter is appropriate for submission on the papers without oral argument. The hearing set for June 18, 2018, was therefore vacated. (*See* Docket No. 22).

For the reasons set forth below, the Motion is **GRANTED**. Defendant Tim Sarnoff has demonstrated that, pursuant to 28 U.S.C. § 1412, transfer of this action to the Southern District of New York serves the interest of justice and the convenience of the parties.

**I.    BACKGROUND**

Plaintiff commenced this action in Los Angeles Superior Court on November 14, 2017. (*See* Notice of Removal at ¶ 1 (Docket No. 1)). The initial Complaint named The Weinstein Company LLC ("TWC"), The Weinstein Company Holdings LLC ("TWC Holdings"), Harvey Weinstein, and Does 1 through 25 as defendants. (*Id.*).

CIVIL MINUTES—GENERAL

Case No.  CV 18-3725-MWF (MRWx)          Date:  June 14, 2018
Title:     Jane Doe -v.- The Weinstein Company LLC, et al.

On March 19, 2018, Plaintiff filed an Amended Complaint identifying nine of the Doe Defendants as TWC Holdings Board Representatives, including Defendant Tim Sarnoff. (*Id.*). Sarnoff was served on April 6, 2018, but the other Board Representative Defendants were not served. (*Id.*). In the action, Plaintiff alleges that Harvey Weinstein sexually assaulted her. She alleges that Sarnoff and the other Board Representative Defendants, as board representatives of Weinstein's employer, TWC Holdings, are liable for failing to prevent Weinstein's misconduct. (*See generally* First Amended Complaint ("FAC") (Docket No. 1-2)).

Shortly after Plaintiff filed this action, on March 19, 2018, TWC, TWC Holdings, and affiliates (the "Debtors") declared bankruptcy in the United States District Court for the District of Delaware, jointly petitioning for relief in *In re The Weinstein Company Holdings, LLC, et al.*, No. 18-10601 (Bank. D. Del.) (the "Bankruptcy Action"). (Notice of Removal ¶ 3). The Debtors then filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings, staying all proceedings in this action against the Debtors. (*Id.*).

On May 3, 2018, Sarnoff removed this action to federal court pursuant to 28 U.S.C. § 1452, which permits removal of civil actions that are "related to" bankruptcy proceedings. Sarnoff contended this action is related to the Bankruptcy Action because the outcome of this action may have an effect on the estates being administered in the Bankruptcy Action. (*See generally* Notice of Removal).

Sarnoff now seeks to transfer this action to the United States District Court for the District of New York ("SDNY"), where three other apparently substantially similar cases are pending against several of the same Defendants:

- ***Geiss, et al. v. The Weinstein Company Holdings, LLC, et al.*, No. CV 17-9554-AKH (S.D.N.Y) (the "*Geiss* Action").** The *Geiss* Action, commenced on December 6, 2017, is a putative nationwide class action against, among other defendants, TWC, TWC Holdings, Harvey Weinstein, and various current and former TWC Holdings board representatives, including Sarnoff. (*See* Request for Judicial Notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-3725-MWF (MRWx)                    Date:  June 14, 2018
Title:     Jane Doe -v.- The Weinstein Company LLC, et al.

("RJN"), Ex. 5 ("*Geiss* Complaint") (Docket No. 18-5)).  The claims for relief include battery, assault, negligent supervision and retention, and ratification. (*Id.* at ¶¶ 192-300).  In the *Geiss* Action, motion to dismiss briefing is underway. (*See* RJN, Exs. 7, 8).

- *Canosa v. Dirk Ziff, et al.* **No. CV 18-4115-UA (S.D.N.Y.) (the "*Canosa* Action").**  The *Canosa* Action, which was commenced in the New York Supreme Court on December 20, 2017, alleges 12 claims for relief, including battery, assault, and negligent supervision and retention, against Harvey Weinstein, Robert Weinstein, TWC Holdings, TWC, and the Board Representative Defendants. (*See* RJN, Ex. 4 ("*Canosa* Complain") ¶¶ 28-37, 170-374 (Docket No. 18-4)).  A case management conference is set in the *Canosa* Action for June 18, 2018.  (RJN, Ex. 1).

- *Dulany, et al. v. Miramax Film NY, LLC, et al.*, **No. CV 18-4857-AKH (S.D.N.Y.) (the "*Dulany* Action").**  The *Dulany* Action, a putative class action, was commenced on June 1, 2018.  The plaintiffs allege claims including battery, assault, negligent supervision and retention, and ratification, all arising out of sexual assaults allegedly perpetrated by Harvey Weinstein.  TWC Holdings board representatives, including Sarnoff, are named as defendants. (*See* Defendant Tim Sarnoff's Notice of Pendency of Other Action or Proceeding (Docket No. 26)).

Sarnoff notes that only three of the 13 Defendants in this action have been served, while the majority of the defendants in the *Canosa* and *Geiss* Actions have already appeared. (Mot. at 2-3, 19).

## II.    **LEGAL STANDARD**

"A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.  Courts are split on the issue of whether a proceeding that is "related to" a bankruptcy action, like this one, may be transferred under § 1412, or whether it must be transferred under 28 U.S.C. § 1404.  *Mendoza v. Gen. Motors, LLC*, No. CV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-3725-MWF (MRWx)			Date:  June 14, 2018
Title:	Jane Doe *-v.-* The Weinstein Company LLC, et al.

10-2683-AHM (VBKx), 2010 WL 5224136, *4 (C.D. Cal. Dec. 15, 2010) ("It appears that the Ninth Circuit Court of Appeals has not ruled on the issue, and district courts in the Ninth Circuit have transferred 'related to' proceedings under both statutes."). However, "[g]iven the substantial overlap of analysis under the two statutes, the question is largely academic." *Id.* at *4 n.5.

Although the Court analyzes the transfer pursuant to § 1412, it notes it would reach the same conclusion under § 1404. *See Harris v. Vianda, LLC*, No. SACV 10-1418-CJC (CWx), 2011 WL 13227850, at *1 (C.D. Cal. Jan. 21, 2011) ("Section 1412 has been held to apply to motions to transfer where claims are asserted directly against an estate that is in bankruptcy and even where claims are merely 'related' to a bankruptcy."); *Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv., L.L.C.*, No. CV 06-4693-JCS, 2008 WL 425638, at *1 (N.D. Cal. Feb. 14, 2008) ("Although some courts have held that [28 U.S.C.] § 1404 applies to related proceedings, the majority of courts, including courts in this district, have held that § 1412 applies to such proceedings."); *Creekridge Capital, LLC v. Louisiana Hosp. Center*, LLC, 410 B.R. 623, 628-29 (D. Minn. 2009) (engaging in extensive analysis and review of authorities from various circuits and concluding that section 1412 applies to transfers of "related to" proceedings).

In determining whether a transfer would be in the interest of justice pursuant to § 1412, courts consider the following factors:

> (1) the economical and efficient administration of the bankruptcy estate, (2) the presumption in favor of the forum where the bankruptcy case is pending, (3) judicial efficiency; (4) the ability to receive a fair trial, (5) the state's interest in having local controversies decided within its borders by those familiar with its laws, (6) the enforceability of any judgment rendered, and (7) the plaintiff's original choice of forum.

*Mendoza*, 2010 WL 5224136, at *5 (quoting *Creekridge Capital*, 410 B.R. at 628-29). In addition to considering whether transfer would be in the interests of justice, courts also consider the convenience of the parties by evaluation factors including:  "1) location of the plaintiff and the defendant; 2) ease of access to necessary proof; 3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-3725-MWF (MRWx)           Date:  June 14, 2018
Title:     Jane Doe -v.- The Weinstein Company LLC, et al.

convenience of witnesses; 3) availability of subpoena power for the unwilling witnesses; and 4) expenses related to obtaining witnesses." *In re DRI Companies*, 552 B.R. 195, 197 (C.D. Cal. 2016).

## III. **DISCUSSION**

Sarnoff seeks to transfer this action to SDNY.  However, as noted above, under § 1412, there is a presumption in favor of transfer to the district in which the related bankruptcy action is proceeding.  In this case, that district is the District of Delaware.  Sarnoff argues that the factors in favor of transfer to SDNY far outweigh the presumption in favor of transfer to Delaware.  (*See* Mot. at 16).  As discussed below, the Court agrees.

### A. **Interests of Justice**

The promotion of economical and efficient administration of the bankruptcy estate is the most important factor under § 1412.  *See Harris*, 2011 WL 13227850 at *3.  Sarnoff argues that transfer to SDNY will promote the economical and efficient administration of the estate because the Debtors, who are parties to the *Geiss* and *Canosa* Actions as well as this action, could more efficiently respond to and address substantially similar issues arising out of these actions if they could do so solely in New York, rather than in New York *and* California.  This efficiency might be enhanced if, after transfer, this action is deemed related to the *Geiss* and/or *Canosa* Actions, or even consolidated with them.  *See, e.g., Rocket Elec. Co. L.A. v. One in All JC Corp.*, CV 09–9395 SVW (MANx), 2010 WL 11597857, at *7 (C.D. Cal. Apr. 7, 2010) (transferring action under § 1412 on basis that "administration of the bankruptcy estate would be greatly streamlined if all of the disputes were adjudicated in a single forum.").  Coordinating production of documents and litigation of discovery disputes in a single jurisdiction is more efficient and cost-effective than producing them in multiple cases on opposite coasts.  (Mot. at 11-13).

Sarnoff also argues that such a transfer will promote judicial efficiency, given the substantial similarity of the parties and claims in this action and the actions pending in SDNY.  Transfer may be conducive to the consolidation of discovery and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-3725-MWF (MRWx)			Date:  June 14, 2018
Title:	Jane Doe *-v.-* The Weinstein Company LLC, et al.

conservation of time and money, and decrease the risk of inconsistent judgments.  The possibility of coordination with another pending related case is a "significant factor" weighing in favor of transfer.  *A.J. Indus. v. U.S. Dist. Court*, 503 F.2d 384, 389 (9th Cir. 1974) (analyzing transfer under § 1404); *Unicolors Inc. v. Myth Clothing Co. Inc.*, No. CV-15-9419-CAS (JCx), 2016 WL 738289, at *8 (C.D. Cal. Feb. 22, 2016) ("An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum.") (citations omitted).  Sarnoff notes that, under the Local Rules of the Southern District of New York, if this action is transferred to SDNY, it is likely that it will be deemed related to, or even consolidated with, the *Canosa* Action.  (Mot. at 13-14).

Sarnoff argues that, in this case, transfer to the district in which the Bankruptcy Action is pending rather than to SDNY would undermine the primary purpose of § 1412:  the efficient administration of the estate.  (Mot. at 16).  The plaintiffs in the *Geiss* Action have filed a motion to lift the automatic stay in the Bankruptcy Action.  In that motion, they argue that the *Geiss* Action must proceed in SDNY, rather than the District of Delaware, to promote the efficiency of the bankruptcy proceedings by reducing the burden on the bankruptcy court.  (*Id.* (citing RJN, Ex. 2 ("Motion to Lift Stay")).  Sarnoff argues that this action should be transferred to SDNY rather than Delaware for the same reason.  Moreover, transfer of this action to Delaware would still require the courts and the parties, including the Debtors themselves, to twice address the same issues that underlie this action and the actions in SDNY.  This action would proceed in a district far from the location of the majority of the relevant evidence, witnesses, and parties.  (*Id.* at 16-17).  Many of the efficiencies of transfer would be lost.

Sarnoff notes that the other factors courts consider when evaluating whether transfer is in the interest of justice – the ability to receive a fair trial, the enforceability of the judgment, and familiarity with applicable law – are neutral.  The Court agrees.

On balance, transfer of this action to SDNY is in the interest of justice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-3725-MWF (MRWx)			Date:  June 14, 2018
Title:	Jane Doe *-v.-* The Weinstein Company LLC, et al.

### B. Convenience of the Parties

Sarnoff argues that most of the Defendants in this action, including Harvey Weinstein, TWC Holdings, and several of the Board Representative Defendants, are New York residents.  All but one of the Defendants are residents of or have a principal place of business on the East Coast or in another country.  (Mot. at 5).  He further argues that, without transfer, Defendants will likely have to file and respond to repetitive motions, be subject to repeated depositions, and respond to duplicative discovery requests, as well as fly cross-country to litigate substantially similar actions on both coasts.  Witnesses would also likely have to appear for multiple depositions in both California and New York.  (Mot. at 18-19).

Although Plaintiff alleges the assault occurred in California, all of the evidence bearing on the Board Representative Defendants' liability is in New York, where TWC Holdings is based.  TWC Holdings' records and documents are in New York.  (*Id.* at 19).  Although the physical location of evidence no longer carries much weight in the transfer analysis given that technology has made it easier for documents to be transferred to different locations, ease of access to sources of proof is still a relevant factor to consider.  *See Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009) (analyzing transfer under § 1404).

Plaintiff does not oppose the transfer, and it appears that the action is stayed as to the only other Defendants who have been served.  Weighing all the factors, the Court concludes that transfer to SDNY under § 1412 is appropriate.  As noted above, the Court would reach the same conclusion under § 1404.

### III. CONCLUSION

The Motion is **GRANTED**.

The Clerk of Court is **ORDERED** to transfer this action to the United States District Court for the Southern District of New York.

IT IS SO ORDERED.