UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, an Individual,<br><br>                    Plaintiff,<br><br>                    v.<br><br>THE WEINSTEIN COMPANY LLC; THE WEINSTEIN COMPANY HOLDINGS LLC; HARVEY WEINSTEIN, ROBERT WEINSTEIN, LANCE MAEROV, RICHARD KOENIGSBERG, TARAK BEN AMMAR, DIRK ZIFF, TIM SARNOFF, PAUL TUDOR JONES, JEFF SACKMAN, and JAMES DOLAN,<br><br>                    Defendants. | Index No. 1:18-cv-05414<br>District Judge R.A<br>Magistrate Judge R.W.L.<br><br>**PLAINTIFF JANE DOE'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[Declaration of Marcus Spiegel in Support of Motion for Leave to File a Second Amended Complaint and Proposed Order Filed Concurrently Herewith] |

## NOTICE OF PLAINTIFF'S MOTION FOR LEAVE
## TO AMEND COMPLAINT UNDER RULE 15

Please take notice that upon the exhibits hereto and the accompanying memorandum of law, Plaintiff Jane Doe ("Plaintiff"), through her undersigned counsel, will move before this Court at the Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 1506, New York, New York 10007, at a date and time to be set by the Court, for an order Granting the Plaintiff leave to amend the operative First Amended Complaint by filing a Second Amended Complaint in substantially the form attached to Declaration of Marcus Spiegel in Support of Motion for Leave to File a Second Amended Complaint (hereinafter referred to as "Spiegel Decl.") as Exhibit "1."

# MOTION FOR LEAVE TO AMEND COMPLAINT UNDER RULE 15 AND MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully submits this memorandum of law in support of her motion pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend the Complaint in this Action by filing the proposed Second Amended Complaint in substantially the form attached to the Spiegel Decl. as Exhibit "1."

## PRELIMINARY STATEMENT

Plaintiff seeks leave to amend the operative complaint in this matter to supply pertinent detail bearing on her claims against the nine Director Defendants who served on the Board of Directors of The Weinstein Company LLC and/or The Weinstein Company Holdings LLC (hereinafter collectively referred to as "TWC"). The proposed Second Amended Complaint easily satisfies the liberal standards for leave to amend, and will result in no prejudice to any party if permitted.

In fact, far from prejudicing the parties, the proposed amendments will provide further notice to the Defendants concerning the nature of the claims alleged against them. The new allegations will thus serve to clarify and focus the issues for discovery, motion practice, and trial.

Plaintiff specifically requests leave to amend her complaint as to Defendants TWC, Harvey Weinstein, and Timothy Sarnoff. Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiff is required to seek leave from this Court to amend because these defendants have either answered (Defendants TWC and Harvey Weinstein) or were served more than 21 days ago (Defendant Timothy Sarnoff). The parties in this matter have yet to engage in any discovery or motion practice on the merits in the action, and the trial in the case has not yet been scheduled.

Further, Defendant Sarnoff and Defendant Harvey Weinstein do not oppose Plaintiff's motion. As to Defendants TWC, this matter is stayed because they are in bankruptcy. TWC's

counsel was notified in advance of Plaintiff filing this motion, but they have not responded whether they will oppose the motion as of the time these papers were filed.

Finally, pursuant to Fed. R. Civ. Proc. Rule 15(a)(1)(a), Plaintiff has the right to amend her complaint without leave of court as to Defendants Paul Tudor Jones, Richard Koenigsberg, Robert Weinstein, Dirk Ziff, Jeff Sackman, James Dolan, Lance Maerov, and Tarak Ben Ammar, because Plaintiff has sought to amend the complaint within 21 days of service to these defendants.

In short, there is nothing that might justify denial of a motion to amend and Plaintiff should be permitted to file the proposed Second Amended Complaint.

## BACKGROUND

Plaintiff originally filed this matter in the Superior Court of the State of California for the County of Los Angeles ("State Court") on November 17, 2017 naming The Weinstein Company, LLC, The Weinstein Company Holdings LLC, Harvey Weinstein, and Does 1-25 as Defendants. (Spiegel Decl. ¶ 2, Exh. 2). She filed a First Amended Complaint ("FAC") on January 2, 2018. (Spiegel Decl. ¶ 3, Exh. 3). On February 1, 2018, Defendants The Weinstein Company LLC and The Weinstein Company Holdings LLC (hereinafter collectively referred to as "TWC") filed their answer to Plaintiff's FAC. (Spiegel Decl. ¶ 4, Exh. 4). On February 27, 2018, Defendant Harvey Weinstein filed an answer to Plaintiff's FAC. (Spiegel Decl. ¶ 5, Exh. 5).

On March 19, 2018, Plaintiff filed Doe Amendments identifying each of the Directors of The Weinstein Company, LLC and/or The Weinstein Company Holdings LLC (Paul Tudor Jones, Richard Koenigsberg, Robert Weinstein, Dirk Ziff, Jeff Sackman, James Dolan, Lance Maerov, Tarak Ben Ammar, and Marc Lasry) as well as David Glasser, the former Chief Operating Officer, as Defendants. (Spiegel Decl. ¶ 6, Exh. 6).

Later that day, Defendant The Weinstein Company Holdings LLC filed for Chapter 11 Bankruptcy and the proceedings were effectively stayed as to The Weinstein Company LLC and The Weinstein Company Holdings LLC (hereinafter collectively referred to as "TWC"). (Spiegel Decl. ¶ 7).

The matter was removed to the Central District of California (Dkt. No.1) on May 3, 2018, and transferred to the Southern District of New York on June 14, 2018. (Dkt. No. 27). It was reassigned to Judge Abrams on July 11, 2018.

On July 11, 2018, counsel for Plaintiff, counsel for David Glasser, and counsel for Director Defendant Timothy Sarnoff conferred regarding Plaintiff's potential amendment to the FAC. Plaintiff indicated she intended to add detail bearing on Director Sarnoff and the other Directors Defendants. (Spiegel Decl. ¶ 8.) Accordingly, by stipulation, the parties agreed that 1) Plaintiff intended to seek to amend the FAC, that 2) judicial efficiency and conservation of resources favored extending Defendant Sarnoff's time to respond to any complaint until after the Court ruled on the motion to amend, and 3) if Plaintiff served additional Defendants, judicial efficiency and conservation of resources would also favor a uniform response date for all Defendants to move to dismiss or otherwise respond to the operative complaint. The parties therefore agreed that Plaintiff would move to file her Second Amended Complaint on or before August 3, 2018, and Director Defendants Glasser's and Sarnoff's time to respond would be adjourned until: (a) 30 days after entry of an order denying the motion to amend, in which case they shall respond to the FAC; or (b) 30 days after the filing of a Second Amended Complaint ("SAC") in the event the Court enters an order granting the filing of a SAC. (Dkt. Nos. 20, 21).

In the interim, Plaintiff served seven of the nine remaining[1] Director Defendants via waiver of service of summons (Paul Tudor Jones, Richard Koenigsberg, Robert Weinstein, Dirk Ziff, Jeff Sackman, James Dolan, and Lance Maerov) within the past 21 days. (Spiegel Decl. ¶ 9). Those waivers have been filed with the Court. (See Dkt. Nos. 40, 41, 43-47). When arranging for their waiver of service, Plaintiff offered each Director Defendant the same arrangement as Sarnoff and Glasser – that their time to respond would be adjourned until 30 days after entry of an order denying the motion to amend, or the Second Amended Complaint was filed. Plaintiff agreed to dismiss the matter against Director Defendant Marc Lasry and Defendant David Glasser without prejudice. (*Id.*). Plaintiff has served the last remaining Director Defendant, Tarak Ben Ammar, who resides in France, through Article 10(a) of The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. (See Dkt. No. 56).

The first waivers of service by Director Defendants Jones and Koenigsberg were returned on July 12, 2018, and the balance thereafter. (See Dkt. Nos. 40, 41, 43-47).

Plaintiff circulated the proposed Second Amended Complaint to counsel for Sarnoff, TWC, and Harvey Weinstein at least a week in advance of this filing and invited them to indicate whether they consented to Plaintiff filing the Second Amended Complaint. Defendant Director Sarnoff and Defendant Harvey Weinstein indicated that they do not oppose the motion. Counsel for TWC, which is in Bankruptcy proceedings, did not respond. (Spiegel Decl. ¶ 10).

/ / /

/ / /

/ / /

---

[1] On August 1, 2018 and August 2, 2018, Plaintiff filed stipulations to dismiss without prejudice her claims against Defendants Marc Lasry and David Glasser only. (See Spiegel Decl. ¶ 11-12, Dkt Nos. 59, 61).

**ARGUMENT**

I. **Leave to Amend should Be Granted**

Leave to amend a pleading "shall be freely given when justice so requires." (Fed. R. Civ. P. 15(a)(2); *Forman v. Davis*, 371 U.S. 178, 182 (1962); see also *Richardson Greenshields Secs., Inc. v. Lau,* 825 F.2d 647, 653 n.6 (2d Cir. 1987)). "The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. Am. Express Co.,* 460 F.3d 215, 228 (2d Cir. 2006) (internal quotations omitted). A motion to amend should be denied only for such reasons as "undue delay, bad faith, futility of the amendment," and "resulting prejudice to the opposing party." (*State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981); see also *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D 400, 404 (E.D.N.Y 1995)). None of these factors is present here, and the motion accordingly should be granted.

    A. **The Proposed Amendments Create No Prejudice to Defendants**

Prejudice to the opposing party is "the most important factor" in determining whether leave to amend should be granted or denied. (*Ruotolo v. City of N.Y.,* 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted)). "The party opposing the motion for leave to amend carries the burden of demonstrating that it will be substantially prejudiced by the amendments." (*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs.*, P.C., 246 F.R.D. 143, 148 (E.D.N.Y. 2007); see also *Taberna Capital Mgmt., LLC v. Jaggi*, No. 08 CV 11355, 2010 WL 1424002 (S.D.N.Y. 2010) (same)).

Should they try, defendants cannot carry their burden here. In determining whether amendments would be prejudicial, courts in the Second Circuit "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent

the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "Courts also consider the particular procedural posture of the case." (*Agerbrink v. Model Service LLC*, 155 F.Supp.3d 448, 454 (S.D.N.Y 2016)). Undue prejudice arises when an amendment [comes] on the eve of trial and would result in new problems of proof." (See *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008)).

The amendments proposed here are not prejudicial to any party. Fundamentally, the proposed amendments add factual detail regarding what the Director Defendants knew, when they knew it, and how despite such knowledge they failed to take reasonable steps to strip Harvey Weinstein of the power to abuse women using his position at the Company.

Rather than causing prejudice, the amendments will benefit the parties and the Court by helping to focus and clarify the issues for discovery, motion practice and trial, and by providing even clearer notice to the defendants concerning the claims asserted against them. (See *Kamerman v. Steinberg*, 681F. Supp. 206 (S.D.N.Y. 1988) (permitting amendments that will help focus issues for trial)).

Permitting the proposed amendments is particularly warranted given the inchoate status of these proceedings. From a substantive point of view, the action has barely begun: the parties have engaged in no merits discovery or motion practice in the action. Trial, not set yet, is undoubtedly far in the future.

The case was originally filed in November 2017. Discovery has not yet meaningfully begun. (*See, e.g.*, *State Farm,* 246 F.R.D. at 149 (holding that proposed amendments created no prejudice where "the only discovery that has been completed was conducted in an effort to determine the proper parties to this action, and significant discovery on the merits has yet to commence."); *AEP Energy Servs. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 725–26 (2d Cir.

2010) (no prejudice where amendments will not require parties to expend "significant additional resources to conduct discovery and prepare for trial") (internal quotations omitted)).

No Director Defendant could reasonably be surprised or prejudiced by the fact that Plaintiff now proposes to add more specific allegations relating to their involvement, when they have been not only on notice of her intent to do so, but also aware of similar allegations through other proceedings.

### B. The Proposed Amendments Are Timely and Sought in Good Faith

This amendment is timely as a matter of course as to the recently served Director Defendants Jones, Koenigsberg, Robert Weinstein, Ziff, Sackman, Dolan, Maerov, and Ben Ammar. As noted, July 12, 2018 was the earliest date that any of the Director Defendants (except for Sarnoff) were served. Thus, as to these eight Defendants, this motion falls within the 21-day period provided by Fed.R. Civ. Proc. 15(a)(1)(a) that allows Plaintiff to amend her complaint without leave of court.

With respect to the other Defendants who have been served (and not dismissed by mutual agreement), Defendant Director Sarnoff and Defendant Weinstein do not oppose the motion, and the matter is stayed as to TWC, which has not responded whether they will oppose.

As described above, no prejudice will result from the filing, and Plaintiff has plainly acted in good faith by filing a Second Amended Complaint that has been previously shared with, and is fairly anticipated by, the parties.

/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order granting the motion to amend, and granting such other and further relief as the Court may deem just and proper.

Dated: August 2, 2018

Respectfully submitted,

By: _____
ALLRED, MAROKO & GOLDBERG
    Marcus Spiegel
    Christina Cheung*
Attorneys for Plaintiff Jane Doe

*Admission to SDNY pending*