# Exhibit 5

Phyllis Kupferstein, Esq. (SBN 105898)
Roxanna A. Manuel, Esq. (SBN 209894)
Kupferstein Manuel LLP
865 South Figueroa Street
Suite 3338
Los Angeles, CA 90017
T: (213) 988-7531
F: (213) 988-7532

Attorneys for Defendant
Harvey Weinstein

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 27 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE DOE, an individual, | Case No: BC683411 |
| Plaintiff, | |
| vs. | **DEFENDANT HARVEY WEINSTEIN'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** |
| THE WEINSTEIN COMPANY LLC, a Corp.; THE WEINSTEIN COMPANY HOLDINGS LLC, a Corp.; HARVEY WEINSTEIN, an individual; and DOES 1 through 25, inclusive, | Complaint filed: November 14, 2017 |
| Defendants. | |

Defendant Harvey Weinstein ("Defendant") hereby answers the unverified First Amended Complaint ("Complaint") filed by Plaintiff Jane Doe ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d) and (e), Defendant denies, generally and specifically, each and every allegation contained in the Complaint. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief or that Plaintiff has suffered, or will suffer, any loss or damage in the amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof, on the part of Defendant.

COPY

1

## AFFIRMATIVE AND OTHER DEFENSES

Defendant further asserts the following separate and additional defenses:

### FIRST AFFIRMATIVE OR OTHER DEFENSE

(Failure to State a Cause of Action – As to All Causes of Action)

1. Plaintiff's Complaint and each and every purported cause of action alleged therein, fails to state any claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE OR OTHER DEFENSE

(Statute of Limitations – As to All Causes of Action)

2. Plaintiff's Complaint and each and every purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 338, 340 and 343, and California Government Code §§ 12960 and 12965.

### THIRD AFFIRMATIVE OR OTHER DEFENSE

(Failure to Mitigate - As to All Causes of Action)

3. Plaintiff has failed to exercise reasonable diligence to mitigate her harm/damages (if any were in fact suffered, which is expressly denied) and, therefore, is barred from recovering any damages or any damages awarded should be reduced accordingly.

### FOURTH AFFIRMATIVE OR OTHER DEFENSE

(Estoppel – As to All Causes of Action)

4. Plaintiff's Complaint and each and every purported cause of action alleged therein are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE OR OTHER DEFENSE

(Waiver - As to All Causes of Action)

5. Plaintiff's Complaint and each and every purported cause of action alleged therein are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE OR OTHER DEFENSE

(Laches - As to All Causes of Action)

6. Plaintiff's Complaint and each and every purported cause of action alleged therein

are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Unclean Hands - As to All Causes of Action)

7. Plaintiff's Complaint and each and every purported cause of action alleged therein are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE OR OTHER DEFENSE

(Res Judicata and/or Collateral Estoppel - As to All Causes of Action)

8. The Complaint, and each and every purported cause of action alleged therein, are barred by the doctrine of res judicata and/or collateral estoppel.

## NINETH AFFIRMATIVE OR OTHER DEFENSE

(Offset - As to All Causes of Action)

9. Defendant is entitled to an offset for any monies received by Plaintiff from any source in compensation for her alleged economic and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under Witt v. Jackson, 57 Cal.2d 57 (1961) and its progeny.

## TENTH AFFIRMATIVE OR OTHER DEFENSE

(Standing)

10. Plaintiff has no standing to bring this action or any action alleged against Defendant.

## ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Voluntary Assumption of Risk)

11. Plaintiff voluntarily assumed the risk of any and all conditions and damages she alleges in the Complaint.

## TWELFTH AFFIRMATIVE OR OTHER DEFENSE

(Compliance with Law)

12. At all relevant times, the conduct of Defendant alleged in the Complaint conformed to all applicable statute, government regulations, and industry standards applicable thereto.

## THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Failure to Exhaust Administrative Remedies - As to All Causes of Action)

13. Any recover on Plaintiff's Complaint is barred in that this Court lacks jurisdiction over such claims because Plaintiff has failed to timely and properly exhaust her administrative remedies prior to commencing this civil action as required by law.

## FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

(After Acquired Evidence - As to All Causes of Action)

14. In the event that through the course of discovery or otherwise, Defendant should obtain after-acquired evidence, any recovery on Plaintiff's Complaint, and each and every purported claim alleged therein, is barred in whole or in part.

## FIFTEEN AFFIRMATIVE OR OTHER DEFENSE

(Punitive Damages Bar - As to All Causes of Action)

15 Plaintiff's Complaint and each and every purported cause of action alleged therein, to the extent that it seeks penalties, or punitive or exemplary damages, is barred because it violates Defendant's rights to due process under the United States Constitution, including without limitation the Fourteenth Amendment thereto, and the Constitution of the State of California.

## SIXTEEN AFFIRMATIVE OR OTHER DEFENSE

(No Basis for Punitive Damages - As to All Causes of Action)

16. The Complaint as a whole, and each and every cause of action therein, fails to allege facts which, if proven, would be sufficient to establish malice, oppression, or fraud on the part of Defendant as required by Civil Code §§ 3294 and 3295. Moreover, Defendant did not engage in any conduct with respect to Plaintiff which was malicious, oppressive, or fraudulent and did not authorize, ratify, condone or adopt any such alleged conduct. Accordingly, Plaintiff is not entitled to recover punitive or exemplary damages herein from Defendant.

## SEVENTEEN AFFIRMATIVE OR OTHER DEFENSE

(Comparative Negligence)

17. Any damage Plaintiff may have sustained was caused in whole or in part, or was

4

DEFENDANT HARVEY WEINSTEIN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1  substantially contributed to, by the culpable conduct and want of care on the part of Plaintiff, and
2  Defendant will seek apportionment of responsibility for all injuries, damages, or loss, if any,
3  allocable to Plaintiff's comparative negligence and fault.

### EIGHTEEN AFFIRMATIVE OR OTHER DEFENSE
(Comparative Fault)

6  18.  In the event that Defendant is held responsible for any of the alleged harm
7  pleaded in the Complaint and any affirmative relief is granted against Defendant, then
8  Defendant's liability should be proportionate to his contribution to the alleged harm, taking into
9  account the contribution of Defendant and/or other persons who were responsible for or who
10 otherwise contributed to the alleged harm.

### NINETEEN AFFIRMATIVE OR OTHER DEFENSE
(De Minimis Losses - As to All Causes of Action)

13 19.  The Complaint, and each and every purported cause of action alleged therein, are
14 barred because any losses are de minimus and cannot be recovered.

### TWENTY AFFIRMATIVE OR OTHER DEFENSE
(Good Faith)

17 20.  Defendant acted reasonably, lawfully, and in good faith with reference to Plaintiff
18 at all times material herein based on all relevant facts and circumstances known to him, and in
19 good faith, with the honest, reasonable belief that such actions and conduct were warranted by
20 the facts and circumstances known to him at the time.

### TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE
(Privilege/Justification)

23 21.  Any recovery on the Complaint, or any purported cause of action alleged therein,
24 is barred because Defendant's conduct was at all times privileged, undertaken in good faith
25 and/or justified under applicable state and/or federal law, and for legitimate reasons.

### TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE
(Ratification/Consent)

28 22.  Plaintiff's Complaint, and each and every cause of action therein, is barred in

whole or in part to the extent that any conduct by Defendant was ratified, consented to, and/or acquiesced in by Plaintiff.

### TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(Avoidable Consequences)

23. Defendant alleges that each and every purported cause of action set forth in Plaintiff's Complaint is barred and Plaintiff may not recover damages due to the failure of Plaintiff to take actions to avoid the injuries and damages, if any, alleged in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

(Independent, Intervening or Superseding Cause)

24. Any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendant. Any action on the part of Defendant was not the proximate, legal, or producing cause in fact of any alleged injuries or damages Plaintiff claims to have suffered.

### TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

(No Damages)

25. Any recovery on the Complaint, or any cause of action alleged therein, is barred because Plaintiff cannot establish that she has suffered any damages as a result of any alleged act or omission of Defendant.

### TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

(No Causation/Substantial Factor)

26. Any recovery on the Complaint, or any cause of action alleged therein, is barred because Defendant's conduct was not a substantial factor in or was not otherwise the legal cause or cause in fact of Plaintiff's alleged injuries or damages, if any.

### TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Plaintiff's Active Negligence)

27. Plaintiff's claims as alleged in the Complaint are barred because she was actively negligent with respect to all the acts and omissions alleged in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

(Reservation of Rights -As to All Causes of Action)

28. Defendant presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Defendant has not knowingly or intentionally waived any applicable defenses not stated here, and reserves the right to assert additional defenses and to file an Amended Answer to the Complaint, as more facts or legal theories become applicable by means of subsequent disclosures, discovery, procedural issues, or modification of existing statutes and defenses.

## PRAYER

WHEREFORE, Defendant prays for judgment from this Court as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff on each and every cause of action;
2. That Plaintiff takes nothing by this action;
3. That the Complaint be dismissed in its entirety with prejudice;
4. That Defendant be awarded his attorneys' fees and costs of suit herein to the extent permitted under applicable law; and
5. For such other and further relief as the Court deems just and proper.

DATED: February 27, 2018

KUPFERSTEIN MANUEL LLP

By: _____
Phyllis Kupferstein
Roxanna A. Manuel
Attorneys for Defendant
Harvey Weinstein

7

DEFENDANT HARVEY WEINSTEIN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and am not a party to this action. My address is 865 South Figueroa Street, Suite 3338, Los Angeles, CA 90017.

On February 27, 2018, I served the following document(s):

**DEFENDANT HARVEY WEINSTEIN'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action by placing a true and correct copy of such document(s), enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Gloria Allred, Esq.<br>Nathan Goldberg, Esq.<br>Christina Cheung, Esq.<br>Allred, Maroko & Goldberg<br>67300 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90048 | Gerald L. Maatman, Esq.<br>Seyfarth Shaw LLP<br>233 South Wacker Drive, Suite 8000<br>Chicago, Illinois 60606-6448<br><br>AND<br><br>Laura Wilson, Esq.<br>Seyfarth Shaw LLP<br>2029 Century Park East, Suite 3500<br>Los Angeles, CA 90067-3021 |

| | |
|---|---|
| [✓] | I deposited for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Los Angeles, California. |
| [ ] | By Facsimile Machine: The document was transmitted by facsimile transmission to the number(s) indicated and was reported as completed and without error. |
| [ ] | By Email: By electronically transmitting a true, correct and complete copy of the above-referenced document(s), in ".pdf" or other computer readable format, to the court's electronic file and service provider, "One Legal", which transmitted and e-served the same in the course of its ordinary business, pursuant to California Rule of Court 2.251(a)(2)(B), to the parties at the "Email" addresses reflected above. |

I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 27, 2018 in Los Angeles, CA.

*Leila A. Fergueson*