UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| JANE DOE, an Individual, | 1:18-cv-05414 (RA) |
| Plaintiff, | **DECLARATION** |
| v. | |
| THE WEINSTEIN COMPANY LLC; THE WEINSTEIN COMPANY HOLDINGS LLC; HARVEY WEINSTEIN, ROBERT WEINSTEIN, LANCE MAEROV, RICHARD KOENIGSBERG, TARAK BEN AMMAR, DIRK ZIFF, TIM SARNOFF, PAUL TUDOR JONES, JEFF SACKMAN, and JAMES DOLAN, Defendants. | |

------------------------------------------------------------X

Benjamin Brafman, Esq., an attorney duly admitted to practice before this Court, declares as follows under the penalty of perjury:

1. I am a principal of Brafman & Associates, P.C., and criminal counsel for Defendant Harvey Weinstein ("Defendant") in connection with the pending criminal action *The People of the State of New York v. Harvey Weinstein,* in the Supreme Court of the State of New York, New York County, bearing docket no. 2018NY023971, and an investigation by the United States Attorneys' Office for the Southern District of New York ("SDNY") (the "Criminal Actions").

2. Since 1980, I have been the principal of a boutique law firm engaged in the practice of criminal defense. I submit this Declaration based on my personal knowledge of the Criminal Actions, my review of the Memorandum of Law in support of Defendant's motion seeking an Order staying the action initiated by Plaintiff, Jane Doe ("Plaintiff'), currently pending before the United States District Court Southern District Of New York, Case No.: 1:18-cv-05414, and my review of Plaintiff's Second Amended Complaint ("SAC"). A stay of discovery as to Defendant is necessary to safeguard his liberty interest and constitutional right against self-incrimination.

3. This motion is being made to safeguard the constitutional and due process rights of Defendant which are jeopardized by the continuation of this proceeding, including Defendant's deadline to respond to SAC.

4. Defendant was arrested on May 25, 2018, and charged with the crimes of criminal sexual act in the first degree (Penal Law §130.50(1)), rape in the first degree (Penal Law §130.35(1)), and rape in the third degree (Penal Law §130.25(1)). A grand jury formally indicted Defendant on those charges on May 30, 2018. On June 5, 2018, Mr. Weinstein pleaded not guilty. Four weeks later, on July 2, 2018, the NYDA filed a superseding indictment charging Defendant with the crimes of predatory sexual assault (Penal Law §130.15(2)) (Counts One and Three), criminal sexual act in the first degree (Penal Law §130.5(1)) (Counts Two and Six), rape in the first degree (Penal Law §130.35(1)) (Count Four), and rape in the third degree (Penal Law §130.25(1)) (Count Five).

5. Defendant is also presently the target of a federal criminal investigation out of the SDNY, as well as the target of active criminal investigations of felony sexual assault allegations in both Los Angeles, California, and in London, England.

6. Defendant's arrest and arraignment and formal charges of sexual assault, as well as the other pending investigations, have placed Defendant in the perilous position of having to respond to pleadings and discovery in the instant civil litigation that arises from the same conduct for which he is now under criminal prosecution.

7. It is my understanding from my review of the SAC that Plaintiff is seeking monetary damages for alleged Sexual Battery, Gender Violence, Battery, Assault, and Negligence (SAC ¶¶ 46-85). All of Plaintiff's claims stem from allegations of sexual assault and rape (SAC ¶¶ 27-28).

8. The SAC alleges, *inter alia,* that Plaintiff was sexually assaulted and raped as a result of Defendant's alleged pattern and practice of using his position at TWC to facilitate sexual

misconduct (SAC ¶¶ 23-31). Defendant has and continues to vehemently deny that he engaged in any non-consensual sexual encounters.

9. The alleged conduct in the SAC is the same conduct that is at issue in the Criminal Allegations—sexual assault and rape.

10. Defendant cannot respond to the allegations or give testimony concerning the allegations without also providing testimony that would impact the Criminal Actions. A stay in this action is necessary to safeguard my client's constitutional rights.

11. If this action is not stayed, Defendant will be compelled to assert his Fifth Amendment privilege and be unable to give any testimony on his behalf, or risk incriminating himself. Because of this, Defendant will be left to assert the Fifth Amendment in response to all allegations in the SAC. Further, Defendant cannot be deposed in this proceeding or respond to written interrogatories without the risk of self-incrimination.

12. The need for a stay here is especially important given the nature of the allegations underlying both this action and the Criminal Actions. In sex crime cases, such as the Criminal Actions, the prosecution often seeks to admit propensity or prior bad act evidence which is often barred in other types of prosecutions. The NYDA has already provided formal notice that it will be seeking to admit claimed evidence of reported uncharged similar acts of sexual conduct at trial of the pending superseding indictment. As such, Defendant cannot give testimony and evidence concerning these allegations regardless of whether Plaintiff is involved in the Criminal Actions or Investigations.

13. Being forced to litigate this case and participate in discovery would greatly prejudice Defendant by forcing him to either take the Fifth Amendment and receive an adverse inference, or create potentially incriminating evidence for the prosecution in the Criminal Actions. Absent a stay of this proceeding, my client's ability to defend himself in the Criminal Actions will be severely prejudiced.

14. Defendant is facing charges that carry a maximum prison sentence of up to 25 years to life, and the prospect that additional charges will be filed in the near future. The grave risk to my client's liberty interests and constitutional right to defend himself without forced incrimination outweigh any prejudice to the Plaintiff that could result from a stay. Moreover, it is my understanding that there are multiple defendants involved in this matter, which allows Plaintiff to continue to litigate her claims, despite a stay as to Defendant Weinstein.

15. We are not seeking this Court's sympathy as Mr. Weinstein will defend himself at the appropriate time. Rather, we seek only fairness and a just decision staying these proceedings to safeguard Defendant's constitutional right against self-incrimination.

16. Defendant denies the charges levied against him and is entitled to a full and meritorious defense unencumbered by the weight of civil proceedings which may result in self-incriminating testimony.

Dated: November 14, 2018
      New York, New York

_____
BENJAMIN BRAFMAN, ESQ.