UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JANE DOE, an Individual,                    1:18-cv-05414 (RA)

        Plaintiff,

        v.

THE WEINSTEIN COMPANY LLC; THE
WEINSTEIN COMPANY HOLDINGS
LLC; HARVEY WEINSTEIN, ROBERT
WEINSTEIN, LANCE MAEROV,
RICHARD KOENIGSBERG, TARAK
BEN AMMAR, DIRK ZIFF, TIM
SARNOFF, PAUL TUDOR JONES, JEFF
SACKMAN, and JAMES DOLAN,
Defendants.
-----------------------------------------------------------X

# DEFENDANT HARVEY WEINSTEIN'S MEMORANUDM OF LAW IN SUPPORT OF MOTION TO STAY

**PRELIMINARY STATEMENT**

Defendant Harvey Weinstein by his attorneys Lewis Brisbois Bisgaard & Smith LLP, respectfully submits this memorandum of law in support of his motion to stay this proceeding (as to Mr. Weinstein only) pending resolution of the related criminal case in which he was indicted on felony charges on May 30, 2018.[1]

Mr. Weinstein should not be forced to make "the difficult choice between being prejudiced in the civil litigation," if he asserts his Fifth Amendment privilege, "or from being prejudiced in the criminal litigation if he ... waives that privilege in the civil litigation." *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 97 (2d Cir. 2012) (citing *United States v. 4003-4005 5th Ave.,* 55 F.3d 78, 83 (2d Cir. 1995). Accordingly, this action should be stayed as Mr. Weinstein is presently under criminal indictment for sexual assault and sexual misconduct, and is the subject and/or target of other ongoing criminal investigations arising from alleged conduct similar to that underlying this action. Plaintiff Jane Doe ("Plaintiff") alleges she was sexually assaulted and raped by Defendant in a Los Angeles hotel room. These allegations of sexual misconduct parallel the allegations of sexual misconduct in the New York County District Attorney's Office ("NYDA") criminal case against Mr. Weinstein, as well as the allegations under investigation by the United States Attorney's Office for the Southern District of New York and the Los Angeles County District Attorney's Office.

It is well settled that a civil action should be stayed pending a related criminal action involving similar conduct where the defendant risks incrimination. Here, given the overlap between the criminal and civil matters, a stay is warranted as Mr. Weinstein is unable to respond to the factual allegations of the Second Amended Complaint ("SAC"), respond to or participate in the discovery process, or otherwise litigate this matter, without invocation of his constitutional rights against self-incrimination. If a stay is not granted, Mr. Weinstein will be forced to invoke his Fifth Amendment rights, thus rendering him unable to defend himself in the civil matter. Under

---

[1] Also submitted herewith are the Declarations of Elior D. Shiloh, Esq. (the "Shiloh Dec.") and Benjamin Brafman, Esq. (the "Brafman Dec.").

fundamental principles of due process, Mr. Weinstein is entitled to a stay of this civil action pending resolution of the pending criminal charges.

In the absence of a stay, this action unfairly burdens Mr. Weinstein's constitutional rights to defend himself against the criminal charges and will potentially interfere with a criminal prosecution.

## STATEMENT OF FACTS

On October 17, 2018 Plaintiff filed her SAC seeking monetary damages from Mr. Weinstein, The Weinstein Company Holdings, LLC ("TWCH"), The Weinstein Company, LLC ("TWC"), and eight former directors and board members of TWC (the SAC is Exhibit A to the Shiloh Dec.). Plaintiff alleges six causes of action, all stemming from Mr. Weinstein's alleged acts of sexual misconduct committed while serving as Co-Chairman of TWC. Specifically, against Mr. Weinstein, Plaintiff alleges Sexual Battery in Violation of California *Civil Code* Section 1708.5; Gender Violence in Violation of California *Civil Code* Section 52.4; Battery; Assault; and Negligence (SAC, ¶¶ 46-85).

On May 25, 2018, Mr. Weinstein was arrested in New York and arraigned by the NYDA on charges of criminal sexual act in the first degree (Penal Law §130.50(1)), rape in the first degree (Penal Law §130.35(1)), and rape in the third degree (Penal Law §130.25(1)) (Brafman Dec. ¶ 4). A grand jury formally indicted Mr. Weinstein on those charges on May 30, 2018, in the matter *The People of the State of New York v. Harvey Weinstein*, Docket No. 2018NY023971 (Brafman Dec. ¶ 4). On June 5, 2018, Mr. Weinstein pleaded not guilty (Brafman Dec. ¶ 4). Four weeks later, on July 2, 2018, the NYDA filed a superseding indictment charging Mr. Weinstein with the crimes of predatory sexual assault (Penal Law §130.15(2)) (Counts One and Three), criminal sexual act in the first degree (Penal Law §130.5(1)) (Counts Two and Six), rape in the first degree (Penal Law §130.35(1)) (Count Four), and rape in the third degree (Penal Law §130.25(1)) (Count Five) (Brafman Dec. ¶ 4). Mr. Weinstein is also presently the target of a federal criminal investigation out of the Southern District of New York, as well as the target of active criminal investigations of felony sexual assault allegations in both Los Angeles, California, and London, England (Brafman Dec. ¶

5).[2] The NYDA has also provided formal notice to Mr. Weinstein that it will be seeking to admit claimed evidence of reported uncharged similar acts of sexual conduct at trial of the pending superseding indictment (Brafman Dec. ¶ 12).

## ARGUMENT

### A STAY IS WARRANTED IN LIGHT OF THE PENDING CRIMINAL ACTIONS

A stay should issue here as Mr. Weinstein is presently under criminal prosecution in the State of New York for the same type of conduct for which Plaintiff seeks civil liability in this action. Mr. Weinstein is presently facing criminal charges for rape and sexual misconduct.[3] In this action, Plaintiff alleges Mr. Weinstein sexually assaulted and raped her during two encounters (SAC ¶¶ 27-28). Plaintiff may be a witness in the criminal prosecution and this matter involves the same conduct for which Mr. Weinstein was indicted. As set forth in the Brafman Dec., Mr. Weinstein cannot defend himself against Plaintiff's claims of rape and sexual assault without also giving testimony and other information which may be utilized by the prosecution against him and which will likely prejudice his defense of the ongoing criminal prosecution (Brafman Dec. ¶¶ 10-11). As developed below, a stay is warranted to preserve Mr. Weinstein's Fifth Amendment right against self-incrimination.

"The Fifth Amendment 'not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976) (internal citations omitted). To avoid the conflict created by parallel civil and criminal proceedings, courts may stay civil proceedings "pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action [...]." *United States v.*

---

[2] These investigations and the NYDA prosecution are collectively referred to as the "Criminal Actions".

[3] Mr. Weinstein adamantly denies all allegations of nonconsensual sex.

*Kordel*, 397 U.S. 1, 12 n.27 (1970) (internal citations omitted). "A stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." *Louis Vuitton,* 676 F.3d at 97 (citing *United States v. 4003-4005 5th Ave.,* 55 F.3d 78, 83 (2d Cir. 1995)).

When determining whether the "interests of justice" weigh in favor of a stay courts consider "the extent to which continuing the civil proceeding would unduly burden a defendant's exercise of his rights under the Fifth Amendment […]." *Louis Vuitton,* 676 F.3d at 97 (internal citations omitted). To make this determination the courts weigh the following six factors: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendant has been indicted; 3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; 4) the private interests of and burden on the defendant; 5) the interests of the courts; and 6) the public interest. *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *SEC v. Blaszcak*, 17-civ-3919, 2018 U.S. Dist. LEXIS 2289, *4 (S.D.N.Y. Jan. 3, 2018); *In re Adelphia Communs. Secs. Litig.*, 2003 U.S. Dist. LEXIS 9736 at *7 (E.D. Pa. May 14, 2003); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003); *Walsh Securities, Inc. v. Cristo Prop. Mgmt, Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998). *See also Maloney v. Gordon*, 328 F. Supp.2d 508, 510 (D. Del. 2004).

Those six factors overwhelmingly weigh in favor of granting a stay in this case. There is substantial overlap in the issues presented by the civil and criminal cases. Mr. Weinstein is currently under indictment. The burden on Mr. Weinstein has the potential of being dramatically and unfairly negative if the stay is denied. The interests of the Court and the public both favor resolution of the criminal charges before the civil case is addressed because, among other reasons, it will allow the criminal prosecution to proceed unimpeded and unobstructed by any concerns that may arise in discovery in the civil case. In sum, here, as in *Maloney,* "[t]he public's interest in the integrity of the

criminal case is entitled to precedence over the civil litigant." 328 F. Supp. 2d at 510 (citing *Javier H.*, 218 F.R.D. at 75).

*Factor One: There is Significant Overlap Between the Civil and Criminal Actions*

Courts look at the similarities between the civil and criminal cases because self-incrimination is more likely if there is a significant overlap. *Transworld*, 886 F. Supp. at 1139. Where, as here, the civil and criminal actions involve the same subject matter – allegations of rape and sexual assault – a stay is likely to be granted. *See Crawford & Sons v. Besser*, 298 F. Supp.2d 317, 319 (E.D.N.Y. 2004) (granting stay of all proceedings including service of answers pending resolution of parallel criminal action). Importantly, the civil and criminal actions do not need to be premised on identical facts to create a strong risk of self-incrimination. *See Louis Vuitton*, 676 F.3d at 98. Testimony in a related civil action could constitute admissions of criminal conduct in a criminal prosecution because, "[e]ven where it would not be direct evidence of wrongdoing with respect to the scheme charged in the criminal case, such testimony may be admissible as Fed. R. Evid. 404(b) evidence in any criminal trial." *Id.* (internal citations omitted). Here, the Criminal Actions and civil case, while not involving the same parties, all stem from the same underlying alleged conduct: sexual assault, rape, and Mr. Weinstein's alleged pattern and practice of using his position at TWC to facilitate sexual misconduct (*See* SAC ¶¶ 23-31).

The impossibility for Mr. Weinstein to respond to Plaintiff's allegations or defend himself is exacerbated given the nature of the allegations in this action and the Criminal Actions. In the pending sex crime prosecutions in New York State Court, the prosecution often seeks to admit propensity or prior bad act evidence which is often barred in other types of prosecutions (Brafman Dec. ¶ 12). Here, the NYDA has already provided notice that it will seek to introduce allegations of uncharged similar sexual conduct (Brafman Dec. ¶ 12). As such, Mr. Weinstein cannot give testimony or evidence concerning the allegations in the SAC regardless of whether the Plaintiff is involved in the Criminal Actions, as it is clear the prosecution is going to seek to introduce Plaintiff's allegations as evidence against Mr. Weinstein (Brafman Dec. ¶ 12).

The California Superior Court's decision in *Judy Huth v. William Henry Cosby, Jr.*, BC565560 (Cal. Sup. Ct. Mar. 30, 2016), is instructive. The defendant in that case was in a very similar situation as Mr. Weinstein, in that he was being sued civilly and criminally prosecuted for sexual assault.[4] In *Huth,* the court granted defendant's motion to stay pending a resolution of a related criminal proceeding over plaintiff's objection that the facts and allegations in the civil case were distinct from those in the criminal matter. In so holding, the court reasoned as follows:

> Ms. Huth contends the overlap is virtually nonexistent because Mr. Cosby has been charged with a crime in a different place, at a different time (1974 in this case versus 2005 in Pennsylvania) and involving a different alleged victim. The Court disagrees. ***While there are distinctions between the cases, temporal and otherwise, the allegations both involve sexual assaults. The danger of undermining Mr. Cosby's privilege of self-incrimination is clear***.

*Id.* at 2 (emphasis added).

The United States District Court for the District of Massachusetts came to the same decision when dealing with a similar fact pattern in *Green v. Cosby*, 177 F. Supp. 3d 673, 680 (D. Mass. 2016). In *Green*, Plaintiffs, who had publicly accused the defendant of sexual assault, brought a claim for defamation as a result of the defendant's public response to the allegations of sexual assault. Defendant filed a motion to stay the civil proceedings because he was, at the time, under indictment for sexual assault (of a woman unrelated to the *Green* action). The court granted defendant's motion for a discovery stay holding that even though the "civil and criminal cases at issue […] were not 'entirely parallel," due to the "the unique factual similarities between the allegations [in the civil case] and those contained in the criminal complaint, there [was] substantial risk that discovery provided by Defendant [in the civil case] could be used against him in a criminal trial." *Id*. Here, the facts are more compelling as unlike in *Green*, Plaintiff's allegations involve the same type of conduct at issue in the Criminal Actions. It would be manifestly unjust to permit prosecutors in a criminal case to mine potentially incriminating evidence against a defendant from a

---

[4] The *Huth* decision is Exhibit B to the Shiloh Dec.

6

parallel civil proceeding that they would otherwise not be entitled to in a criminal prosecution. *See Huth*, at 3. *See also, Louis Vuitton*, 676 F.3d at 97, n. 11.

Here, the similarities of the allegations in the civil and criminal matters will undoubtedly place Mr. Weinstein in the "quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case." *Transworld,* 886 F. Supp. at 1140. In addition to the prosecution by the NYDA, the investigations by the Southern District and in Los Angeles and London are ongoing creating additional risk to Mr. Weinstein's liberty interests and constitutional privilege by this action continuing forward (Brafman Dec. ¶ 5).

*Factor Two: Mr. Weinstein is Under Indictment*

"A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Transworld,* 886 F. Supp. at 1139 (granting stay pending related criminal proceeding), *see also Louis Vuitton,* 676 F.3d at 101 ("There is considerable authority for the principle that a stay is most justified where a movant […] is already under indictment for a serious criminal offense and is required at the same time to defend a civil action involving the same subject matter"). Whether the defendant has been indicted is considered "'the most important factor to be considered in the balance of factors [...]." *Maldanado v. City of N.Y.,* No. 17-cv-6618 (AJN), 2018 U.S. Dist. LEXIS 93417, at *4 (S.D.N.Y. June 1, 2018) (internal citations omitted). *See also Hicks v. City of New York*, 268 F. Supp.2d 238, 242 (E.D.N.Y. 2003) ("A court will generally stay a civil proceeding when a criminal investigation has ripened into an indictment against the proponent of a stay").

Mr. Weinstein is currently under indictment for sexual assault and rape. Based upon that factor alone and the serious risks presented as a result, this Court should stay the civil proceeding. *See Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp*, 225 F. Supp.2d 263, 265 (E.D.N.Y. 2002) (granting stay and noting that a stay is especially appropriate where the movant is under criminal indictment); *Stamile v. County of Nassau*, 10-Civ-2632, 2011 U.S. Dist. LEXIS 18697 (E.D.N.Y. Jan. 31, 2011) (granting stay where defendant's indictment indicated that the criminal action had proceeded beyond the investigatory stage).

*Factors Three and Four: Any Harm Plaintiff May Suffer as a Result of the Stay is Outweighed by the Overwhelming Prejudice Mr. Weinstein will Face in the Absence of a Stay*

While Plaintiff has a legitimate interest in the expeditious resolution of its case, the prejudice to Mr. Weinstein and burden on his constitutional rights outweigh Plaintiff's interests. *See Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993) (granting stay and holding that while the stay will be an inconvenience and delay to plaintiffs, "under settled authority the Fifth Amendment is the more important consideration."). *See also United Techs. Corp. v. Dean*, 906 F. Supp. 27, 28 (D. Mass. 1995) (quoting *Corbin v. Federal Deposit Ins. Corp.*, 74 F.R.D. 147, 149-50 (E.D.N.Y. 1977) ("Nonetheless, while a stay may cause some inconvenience and delay to [Plaintiffs], 'protection of defendant's constitutional rights against self-incrimination is the more important consideration.")). "Furthermore, because the civil and criminal issues are so closely intertwined, [Mr. Weinstein] may be put to the choice of invoking [his] Fifth Amendment rights sooner than he ought, if discovery in the civil case is allowed to proceed [against him] in any capacity, *see Javier H.,* 218 F.R.D. at 75 (citation omitted), and he also run[s] the risk of exposing [his] criminal defense strategies to the government, *see In re Adelphia,* 2003 U.S. Dist. LEXIS 9736 at *14." *Maloney,* 328 F. Supp. 2d at 512. *Accord Am. Express*, 225 F. Supp. 2d at 265 (stating that failure to grant a stay may expose defense theories to prosecution or otherwise prejudice the criminal case).

Moreover, the prejudice to Plaintiff in this case is reduced as Plaintiff can continue with her case even in light of a stay as to Mr. Weinstein. Plaintiff has alleged a number of claims against nine defendants. Plaintiff can complete an ample amount of discovery involving the other defendants in this matter while the criminal proceeding against Mr. Weinstein is pending.

*Factors Five and Six: The Interests of the Public and the Court are Best Served by a Stay*

Granting the stay will not harm any public interest and will promote judicial efficiency. This case is brought primarily for the benefit of the Plaintiff, not the public. The public interest is better served through the criminal proceeding as "the public interest in the criminal case is entitled to precedence over the civil litigant." *In re Ivan F. Boesky Sec. Litig.,* 128 F.R.D. 47, 49 (S.D.N.Y.

1989). *See also Crawford & Sons,* 298 F. Supp.2d at 319 ("the public's interest is also served by preserving the integrity of the criminal case"). Additionally, "to the extent any evidence produced by Defendant in discovery here could influence the criminal case, the court notes that 'the public interest in unimpeded criminal law enforcement outweighs the civil interests here." *Green,* 177 F. Supp. 3d at 680 (quoting *SEC v. Telexfree, Inc.*, 52 F. Supp. 3d 349, 353 (D. Mass. 2014)).

Moreover, the delay to the Court is minimal as this case is still in the early stages. Plaintiff filed the operative complaint less than 30 days ago and there is currently no trial date set. Additionally, this stay is sought only as to Mr. Weinstein and the case may proceed forward against the other Defendants. Indeed, staying the case may be better for judicial efficiency. *Maloney,* 328 F. Supp. 2d at 513. As the *Maloney* court explained:

> If the civil action is stayed until the conclusion of the criminal proceedings, then it obviates the need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case. [*In re Adelphia,* 2003 U.S. Dist LEXIS at *15] (citing *Walsh Securities,* 7 F.Supp.2d at 528); *see also Javier H.,* 218 F.R.D. at 75 ("[B]y proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.") (citation omitted). Furthermore, the outcome of the criminal proceedings may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case. *See id.* Thus, staying this case preserves judicial resources and may streamline other aspects of the civil case. As a result, this factor also weighs in favor of granting a stay.

*Id.*

## CONCLUSION

For the reasons set forth herein, this Court should enter an order staying this matter, pending resolution of the ongoing criminal case against Mr. Weinstein.

9

Dated: New York, New York
November 14, 2018

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: <u>/s/ Elior D. Shiloh</u>
Elior D. Shiloh, Esq.
Brian Pete, Esq.
*Attorneys for Defendant Harvey Weinstein*
77 Water Street, Suite 2100
New York, New York 10005
Tel: 212-232-1300