# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JANE DOE, an Individual,

                *Plaintiff,*

    *v.*

THE WEINSTEIN COMPANY LLC;
THE WEINSTEIN COMPANY HOLDINGS
LLC; HARVEY WEINSTEIN, ROBERT
WEINSTEIN, LANCE MAEROV, RICHARD
KOENIGSBERG, TARAK BEN AMMAR, DIRK
ZIFF, TIM SARNOFF, PAUL TUDOR JONES,
JEFF SACKMAN, and JAMES DOLAN,

                *Defendants.*

Civil Action No. 1:18-CV-5414 (RA)

<br>

# MEMORANDUM OF LAW IN SUPPORT OF THE JOINT MOTION OF DEFENDANTS PAUL TUDOR JONES, TIM SARNOFF, AND DIRK ZIFF TO DISMISS COUNTS V AND VI OF THE SECOND AMENDED COMPLAINT

<br>

November 15, 2018

# TABLE OF CONTENTS

Preliminary Statement.................................................................................................... 1

Summary of Allegations ................................................................................................ 3

Legal Standard .............................................................................................................. 6

Argument ....................................................................................................................... 7

I.     THE CLAIMS AGAINST THE OUTSIDE DIRECTORS FAIL BECAUSE THE
SAC IMPERMISSIBLY GROUPS ALL OF THE DIRECTOR DEFENDANTS
TOGETHER WITHOUT ALLEGING FACTS AS TO EACH INDIVIDUAL
DEFENDANT.................................................................................................... 7

II.    PLAINTIFF'S NEGLIGENCE-BASED CLAIMS AGAINST THE OUTSIDE
DIRECTORS FAIL ........................................................................................... 8

    A.   Both Claims Against the Outside Directors Should Be Dismissed Because the SAC
Fails to Allege That the Outside Directors Owed Plaintiff a Duty of Care ........... 8

    B.   The SAC Fails to Allege a Breach by the Outside Directors or That Any Conduct by
the Outside Directors Caused Plaintiff's Alleged Harm ....................................... 10

III.   THE SAC DOES NOT ADEQUATELY ALLEGE A NEGLIGENT SUPERVISION
OR RETENTION CLAIM AGAINST THE OUTSIDE DIRECTORS ............................... 11

    A.   The Outside Directors Did Not Employ Harvey Weinstein ......................... 12

    B.   The SAC Fails to Allege That the Outside Directors Knew or Should Have
Known of Harvey Weinstein's Alleged Propensity for Sexual Assault ............................... 14

    C.   The Alleged Assaults Were Not Committed on or With the Outside Directors'
Property............................................................................................................. 15

Conclusion ................................................................................................................... 17

Page(s)

**Cases**

*Ahluwalia v. St. George's Univ., LLC*,
　63 F. Supp. 3d 251 (E.D.N.Y. 2014),
　*aff'd*, 626 F. App'x 297 (2d Cir. 2015)..............................................................................12, 14

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)...................................................................................................................6

*Atuahene v. City of Hartford*,
　10 F. App'x 33 (2d Cir. 2001) ...............................................................................................7, 8

*Belmont v. MB Inv. Partners, Inc.*,
　708 F.3d 470 (3d Cir. 2013)...................................................................................................9, 10

*Bliss v. Putnam Valley Cent. Sch. Dist.*,
　No. 06-CV-15509, 2011 U.S. Dist. LEXIS 35485 (S.D.N.Y. Mar. 24, 2011) ......................15

*In re Cannavest Corp. Sec. Litig.*,
　307 F. Supp. 3d 222 (S.D.N.Y. 2018).....................................................................................13

*Corley v. Jahr*,
　No. 11-CV-9044, 2014 U.S. Dist. LEXIS 25489 (S.D.N.Y. Feb. 10, 2014).........................13

*D'Amico v. Christie*,
　71 N.Y.2d 76 (1987) ..................................................................................................................9

*Degangi v. Regus Bus Mgmt., LLC*,
　No. 158564/2012, 2013 N.Y. Misc. LEXIS 2047
　(Sup. Ct. N.Y. Cnty. Mar. 28, 2013)..........................................................................................9

*Dilworth v. Goldberg*,
　No. 10-CV-2224, 2011 U.S. Dist. LEXIS 82392 (S.D.N.Y. July 28, 2011) ..........................15

*Doe v. Alsaud*,
　12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) .................................................................10, 14, 16

*Doe v. City of New York*,
　No. 09-CV-9895, 2013 U.S. Dist. LEXIS 30010 (S.D.N.Y. Mar. 4, 2013) ............................6

*Ehrens v. Lutheran Church*,
　385 F.3d 232 (2d Cir. 2004).....................................................................................11, 13, 16

*Empire State Towing & Recovery Ass'n v. Comm'r of Labor*,
　15 N.Y.3d 433 (2010) ..........................................................................................................12, 14

*Hirsch v. Arthur Andersen & Co.*,
  72 F.3d 1085 (2d Cir. 1995) ........................................................................ 16

*J.E. v. Beth Israel Hosp.*,
  295 A.D.2d 281 (1st Dep't 2002) ................................................................. 10

*Khapesi v. City of New York*,
  No. 13-CV-4391, 2014 U.S. Dist. LEXIS 79623 (S.D.N.Y. June 10, 2014) .......................... 14

*Kunz v. New Neth. Routes*,
  64 A.D.3d 956 (3d Dep't 2009) .................................................................... 9

*L-7 Designs, Inc. v. Old Navy, LLC*,
  647 F.3d 419 (2d Cir. 2011) ................................................................. 16-17

*Lauer v. City of New York*,
  95 N.Y.2d 95 (2000) ............................................................................ 8, 9

*Lombard v. Booz-Allen & Hamilton, Inc.*,
  280 F.3d 209 (2d Cir. 2002) ....................................................................... 8

*Naegele v. Archdiocese of N.Y.*,
  39 A.D.3d 270 (1st Dep't 2007) .................................................................. 14

*Naughright v. Robbins*,
  No. 10-CV-8451, 2014 U.S. Dist. LEXIS 148497 (S.D.N.Y. Oct. 17, 2014) ......................... 12

*Noonan v. City of New York*,
  No. 14-CV-4084, 2015 U.S. Dist. LEXIS 83451 (S.D.N.Y. June 26, 2015) .......................... 15

*Norlin Corp. v. Rooney, Pace Inc.*,
  744 F.2d 255 (2d Cir. 1984) ...................................................................... 9

*O'Brien v. Spitzer*,
  7 N.Y.3d 239 (2006) ......................................................................... 12, 14

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
  No. 12-CV-2837, 2012 U.S. Dist. LEXIS 172208 (S.D.N.Y. Dec. 3, 2012),
  *aff'd*, 530 F. App'x 19 (2d Cir. 2013) ..................................................... 7, 8

*Pulka v. Edelman*,
  40 N.Y.2d 781 (1976) ........................................................................... 10

**TABLE OF AUTHORITIES**
**(Continued)**

Page(s)

*Rich v. Fox News Network, LLC*,
　322 F. Supp. 3d 487, 504 (S.D.N.Y. 2018)..............................................................................16

*In re ShengdaTech, Inc. Sec. Litig.*,
　No. 11-CV-1918, 2014 U.S. Dist. LEXIS 112190 (S.D.N.Y. Aug. 12, 2014).......................13

*Stamile v. Cnty. of Nassau*,
　No. 10-CV-2632, 2014 U.S. Dist. LEXIS 39320 (E.D.N.Y. Mar. 25, 2014).........................15

**Other Authorities**

Fed. R. Civ. P. 8(a) ......................................................................................................................7

Fed. R. Civ. P. 12(b)(6)................................................................................................................6

Outside Director[1] Defendants Paul Tudor Jones, Tim Sarnoff, and Dirk Ziff respectfully submit this memorandum of law in support of their joint motion to dismiss the Fifth and Sixth Causes of Action of the Second Amended Complaint (the "SAC"), which are the only causes of action asserted against them.

## PRELIMINARY STATEMENT

In 94 paragraphs, the SAC mentions each of the Outside Directors individually only once, to identify them as Defendants. (SAC ¶¶ 12-14.) Plaintiff Jane Doe's claims arise out of <u>Harvey Weinstein's</u> allegedly deliberate conduct: Plaintiff alleges that Defendant Harvey Weinstein sexually assaulted her twice between 2015 and 2016. Nonetheless, Plaintiff seeks to hold the Outside Directors of Defendants The Weinstein Company Holdings LLC and The Weinstein Company LLC (together, "TWC") liable for negligence and negligent supervision for failing to prevent Harvey Weinstein's alleged conduct. Plaintiff, however, cannot establish that the Outside Directors had an affirmative duty to protect Plaintiff from Harvey Weinstein's alleged predations. Absent such a duty, the Outside Directors cannot be held liable for either of Plaintiff's negligence-based claims. For this reason, and others, the claims against the Outside Directors should be dismissed.

*First,* the SAC fails to plead *any conduct* by any of the individual Outside Directors. Instead, the SAC lumps them together with the other "Director Defendants" to allege that as a group they had knowledge of Harvey Weinstein's alleged propensity for sexual assault, and that they allegedly failed to take appropriate actions in the face of such knowledge. These allegations constitute impermissible group pleading and fail to satisfy Rule 8. The SAC fails to

---

[1] The entities for which these Defendants served as representatives—The Weinstein Company Holdings LLC and The Weinstein Company LLC—were limited liability companies, not corporations. Therefore, as a matter of law, they did not have "directors." We refer to them as "Outside Directors," however, because they are alleged to be "directors" by Plaintiff.

identify which Defendants allegedly took what actions, and thus fails as a matter of law. Indeed, other than the allegations identifying each of the Outside Directors as a Defendant (*see id.* ¶¶ 12-14), the SAC makes no attempt to distinguish between the conduct of TWC's nine "board members," much less that of each individual Outside Director. Courts in this District regularly dismiss complaints where, as here, a plaintiff fails to provide any factual basis to determine how each defendant is liable to that plaintiff.

*Second*, the SAC fails to allege the requisite elements of a negligence claim. Specifically, the SAC fails adequately to allege that (i) the Outside Directors owed Plaintiff a duty of care; (ii) they breached any such duty; and (iii) any alleged breach by the Outside Directors caused Plaintiff's injuries. This is fatal to both of Plaintiff's negligence-based claims. It is well-settled that a company's directors owe duties to the company and its shareholders—not to third-parties or to the public at large. The Outside Directors were independent members of TWC's Board, and Plaintiff does not (and cannot) allege she had any direct dealings with them or any other relationship that would impose upon them a duty of care. This alone is dispositive of both claims. But the SAC also falls short of adequately alleging breach and causation and should be dismissed against the Outside Directors for these independent reasons as well.

*Third*, the SAC fails to plead a negligent supervision or retention claim against the Outside Directors because it fails to plead—and indeed *cannot* plead—a single element of such a claim: that (i) the Outside Directors were in an employee-employer relationship with Harvey Weinstein, (ii) the Outside Directors knew or should have known of Mr. Weinstein's propensity for the conduct that caused the injury prior to the injury's occurrence, and (iii) the underlying tort was committed on the Outside Directors' premises or with their property. Not only does the SAC fail to plead that the Outside Directors employed Harvey Weinstein, it *affirmatively pleads*

that he was employed *by TWC*.  (*See id.* ¶ 23.)  This is fatal to Plaintiff's claim.  Nor does the SAC adequately plead that any of the individual Outside Directors knew of Harvey Weinstein's propensity for sexual misconduct or that the alleged assaults involved property owned by the Outside Directors.  Again, Plaintiff pleads the opposite:  that the alleged assaults were committed with someone else's property, namely TWC's.

Plaintiff has failed to establish the requisite elements for either of her claims against the Outside Directors and, accordingly, those claims should be dismissed as against them.

## SUMMARY OF ALLEGATIONS[2]

Plaintiff alleges that Harvey Weinstein sexually assaulted her once in late 2015 and again in early spring of 2016.  Plaintiff does not allege that any of the Outside Directors participated in or knew about either of those incidents.  (SAC ¶¶ 27-28.)  Although Plaintiff alleges that both of the alleged assaults took place at the Montage Hotel in Beverly Hills, she does not allege that that hotel is or was ever owned by any of the Outside Directors.  (*Id.*)  Plaintiff alleges that she experienced severe emotional injuries as a result of these two assaults.  (*Id.* ¶ 44.)

The SAC alleges that, at the time of the alleged assaults and until October 2017, Harvey Weinstein was the Chairman and co-CEO of TWC, and that he was "*employed by the Companies from 2005 to October 2017.*"  (*Id.* ¶¶ 7, 23 (emphasis added).)  Plaintiff does not allege that the Outside Directors employed Harvey Weinstein.  According to the SAC, the Outside Directors were members of TWC's board of directors (the "Board" or the "TWC Board").  (*Id.* ¶¶ 12-14.)

---

[2] The allegations in the SAC are accepted as true only for the purposes of this Motion to Dismiss.

The SAC mentions each of the Outside Directors only once, and then only to identify him. (*See id*.) The sum of those allegations is that each of the Outside Directors served as a member of the TWC Board and participated in company business in New York. (*See id.*) Plaintiff, however, fails to identify when each of the Outside Directors joined the Board, how long they remained on the Board, the nature of their participation on the Board, and most critically, which Outside Directors, if any, were involved (and how) in any of the events referenced in the SAC. Indeed, except for the allegations identifying each of the Outside Directors as Board members, Plaintiff directs her allegations of wrongdoing generally at the "Director Defendants," a group that includes the Outside Directors, as well as co-defendants and TWC Board members Robert Weinstein (Harvey Weinstein's brother), Lance Maerov, Richard Koenigsberg, Tarak Ben Ammar, James Dolan, and Jeff Sackman (*see id*. ¶ 17), or at "Defendants" generally (*see, e.g.*, *id*. ¶ 87).

Plaintiff alleges that "the Companies' executives, officers, directors, managing agents, and employees had actual knowledge of [Harvey Weinstein's] repeated acts of sexual misconduct with women." (*Id*. ¶ 32.) Nowhere, however, does the SAC identify *when* any of the individual Outside Directors supposedly learned of Harvey Weinstein's misconduct, *how* they learned about it or from whom, or *what* they supposedly knew. Tellingly, according to the SAC, during the relevant time period, the "Human Resources Director's regular practice was to escalate any complaints deemed to be significant to a *particular executive*," **not to the Board** or any of its members. (*Id*. ¶ 36 (emphasis added).)

Instead of alleging facts speaking to the Outside Directors' "actual knowledge" (*see id.* ¶ 32), the SAC contains facts describing what certain unnamed TWC employees "reported witnessing or having knowledge of" regarding Harvey Weinstein's alleged misconduct

(*id*. ¶ 31).  The SAC further alleges that in late 2015, an assistant of Harvey Weinstein wrote a memorandum "outlining specific allegations of sexual harassment and misconduct" by Harvey Weinstein; it is not alleged that she shared that memorandum with the Outside Directors.  (*Id*. ¶ 42.)  Even where unidentified individuals are alleged to have known or reported Harvey Weinstein's malfeasance, Plaintiff does not allege to whom those employees reported the misconduct and—critically—she fails to allege that such reports ever became known to the Outside Directors.  (*Id*. ¶ 32; *see also id*. ¶¶ 39(a), (c), 42.)  In other instances in which Plaintiff alleges specific recipients of complaints by victims or witnesses, those allegations identify the New York Police Department (*id*. ¶ 39(b)), TWC Human Resources (*id.* ¶¶ 36-37), and "senior management" at TWC (*id*. ¶ 37 ) as the recipients, not the Outside Directors.

In a similar vein, the SAC makes the conclusory and wholly unsupported assertion that the Outside Directors knew of "multiple claims of sexual misconduct against [Harvey Weinstein], which were settled prior to the initiation of litigation."  (*Id*. ¶ 34.)  But the SAC contains no facts explaining how any of the Outside Directors became aware of any such alleged settlements or whether the settlements even involved TWC.

Plaintiff also relies heavily on a series of allegations regarding the alleged negotiation of Harvey Weinstein's 2015 employment contract,[3] but fails to identify any action taken by any individual Outside Director.  According to the SAC, in early 2015, "certain corporate executives" notified an unnamed "Board member" about Harvey Weinstein's misconduct, and "some Board members" *unsuccessfully* sought access to Harvey Weinstein's personnel file.  (*Id*. ¶ 38.)  The SAC does not allege that the Outside Directors were among the persons allegedly made aware of Harvey Weinstein's misconduct or that they requested his

---

[3] Paul Tudor Jones was not on the Board at the time Harvey Weinstein's employment agreement was negotiated.

personnel file. Further, although Plaintiff alleges that the Board unanimously approved an employment contract for Harvey Weinstein in November 2015 that required him to pay increasing penalties and reimbursement to TWC should any claim of "misconduct" against him result in a settlement or judgment against the Company, (*id.* ¶ 42), the SAC contains no facts identifying which of the Outside Directors, if any, participated in negotiating Harvey Weinstein's new contract or knew of the alleged purpose of the contract's "cure" provisions.[4]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a claim must have "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Pleadings that are no more than conclusions "are not entitled to the assumption of truth," nor are "naked assertion[s] devoid of further factual enhancement." *Id.* at 678-79 (internal quotation marks omitted); *see Doe v. City of New York*, No. 09-CV-9895, 2013 U.S. Dist. LEXIS 30010, at *17-18 (S.D.N.Y. Mar. 4, 2013) (allegation that defendant knew or should have known of its employee's propensity to rape was not plausible absent factual support, including how defendant allegedly became aware of complaints against its employee).

---

[4] As it stands, Plaintiff does not allege facts to show that any of the Outside Directors were even involved.

**ARGUMENT**

I. **THE CLAIMS AGAINST THE OUTSIDE DIRECTORS FAIL BECAUSE THE SAC IMPERMISSIBLY GROUPS ALL OF THE DIRECTOR DEFENDANTS TOGETHER WITHOUT ALLEGING FACTS AS TO EACH INDIVIDUAL DEFENDANT**

Both claims against the Outside Directors fail because the SAC impermissibly groups the Outside Directors together with the six other Director Defendants and fails to plead facts as to whether each Outside Director took any particular actions or had any particular knowledge. This is insufficient under Rule 8. *See* Fed. R. Civ. P. 8(a). "By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [Plaintiff's] complaint fail[s] to satisfy [Rule 8's] minimum standard." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). This impermissible group pleading requires dismissal of the claims against the Outside Directors. *See, e.g.*, *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12-CV-2837, 2012 U.S. Dist. LEXIS 172208, at *16-18 (S.D.N.Y. Dec. 3, 2012), *aff'd*, 530 F. App'x 19 (2d Cir. 2013).

The SAC alleges that the "Director Defendants," as a group, had knowledge of prior allegations of sexual misconduct against Harvey Weinstein, failed to undertake any actions to stop any further misconduct, and instead, negotiated a new employment contract[5] for Harvey Weinstein in 2015 that "placed no restrictions on his activities and took no steps to protect female employees and females seeking to conduct business with the Companies and HW." (SAC ¶ 40.) Nowhere in the SAC's allegations, however, does Plaintiff identify any action taken by any of the Outside Directors individually, or what knowledge each of the Outside Directors had at any point, if any. Indeed, the SAC mentions each of the Outside Directors individually

---

[5] The SAC does not allege that Paul Tudor Jones was an Outside Director at the time of these negotiations (he was not), nor does the SAC allege when he (or any of the Outside Directors) joined the Board. In fact, Mr. Jones first attended a board meeting in December 2015.

only once, describing their places of residence and identifying them as "directors" on the Board. (*Id.* ¶¶ 12-14.) The remainder of the SAC relies on allegations that the "Director Defendants" took certain actions, without pleading who took which actions when and what part the Outside Directors played in any alleged events. (*See, e.g.*, *id.* ¶¶ 33, 38-40.)[6] Such generalized, group-pleading allegations are insufficient as a matter of law. *See Ochre LLC*, 2012 U.S. Dist. LEXIS 172208, at *16-18; *Atuahene*, 10 F. App'x at 34.

## II. PLAINTIFF'S NEGLIGENCE-BASED CLAIMS AGAINST THE OUTSIDE DIRECTORS FAIL

### A. Both Claims Against the Outside Directors Should Be Dismissed Because the SAC Fails to Allege That the Outside Directors Owed Plaintiff a Duty of Care

Both of Plaintiff's negligence-based claims should be dismissed because the SAC fails to establish a key element of such a claim: that the Outside Directors owed Plaintiff a duty of care. "Without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm." *See Lauer v. City of New York*, 95 N.Y.2d 95, 100 (2000).

To adequately plead a claim of negligence against the Outside Directors, the SAC must (but fails to) allege that (i) the Outside Directors owed Plaintiff a duty of care; (ii) they breached that duty; and (iii) the alleged breach by the Outside Directors caused Plaintiff's injuries. *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002). The SAC asserts that "[e]ach Defendant owed Plaintiff a duty of care to refrain from conduct that imposed an unreasonable risk of injury to her" (SAC ¶ 83), but fails to identify the source of such a duty. That is because there is none. It is black letter law that individuals like the Outside Directors

---

[6] Further, the SAC makes allegations concerning its negligence and negligent supervision or retention claims against "Defendants" generally, without distinguishing between any of the individual Defendants. (*See id.* ¶¶ 80-94.)

have "no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter defendant can exercise such control." *D'Amico v. Christie*, 71 N.Y.2d 76, 88 (1987). The Outside Directors, moreover, did not, merely by virtue of their status as independent representatives of TWC, owe a duty to Plaintiff to prevent a third-party such as Harvey Weinstein from causing her harm. A limited liability company's outside directors owe a duty of care to the LLC and its shareholders or members *only*, and not to third-parties or employees. *See Norlin Corp. v. Rooney, Pace Inc.*, 744 F.2d 255, 264 (2d Cir. 1984); *see also Kunz v. New Neth. Routes*, 64 A.D.3d 956, 957 (3d Dep't 2009) ("individual corporate officers" owed no duty to employees or the public). Plaintiff does not allege that she was a shareholder or member of TWC.

Further, Plaintiff does not allege that she had any relationship with any of the Outside Directors, let alone one that would impose a duty of care. *See Degangi v. Regus Bus Mgmt., LLC*, No. 158564/2012, 2013 N.Y. Misc. LEXIS 2047, at *21-22 (Sup. Ct. N.Y. Cnty. Mar. 28, 2013) (holding that negligence claim by employee against employer for failing to prevent assault by manager of a tenant of the employer was subject to dismissal because no special relationship existed between employer and its tenant or its tenant's manager, and thus there existed no duty to prevent their assault of plaintiff). Indeed, the SAC alleges no interactions at all between any of the Outside Directors and Plaintiff. For this reason alone, both of Plaintiff's negligence-based claims should be dismissed. *Lauer*, 95 N.Y.2d at 100-01.[7]

---

[7] With respect to Plaintiff's negligent supervision or retention claim, the SAC reaches for an independent duty, alleging that "Defendants had a mandatory duty of care to properly hire, train, retain, supervise, and discipline their employees so as to avoid unreasonable harm to citizens." (SAC ¶ 88.) This is meritless. Plaintiff's assertion of a duty by the Outside Directors to "properly hire, train, retain, supervise, and discipline" Harvey Weinstein improperly conflates the Outside Directors with TWC as a corporate entity. The duty of care an independent board member owes to the company or its owners does not extend to day-to-day supervision of employees. *See Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 477, 489-91 (3d Cir. 2013) (affirming dismissal of negligent supervision claim against board members). Indeed, even

**B.** **The SAC Fails to Allege a Breach by the Outside Directors or That Any Conduct by the Outside Directors Caused Plaintiff's Alleged Harm**

Putting aside the absence of a legally cognizable duty running from the Outside Directors to Plaintiff, the SAC fails to allege that each Outside Director took or failed to take any action that breached the (nonexistent) duty of care.[8]  The SAC alleges that the Outside Directors failed to "forbid[] [Harvey Weinstein] from meeting with women alone in hotel rooms to conduct alleged Company business."  (SAC ¶ 84.)  As discussed below, however, the SAC alleges that TWC—not the Outside Directors—employed Weinstein.  Consequently, the SAC, on its face, makes clear that the Outside Directors did not control the manner in which Harvey Weinstein conducted TWC business.  (*See infra*, Section III.A.).

Similarly, the SAC fails to allege that Plaintiff's injuries were caused by any conduct of the individual Outside Directors, another necessary element of a negligence claim.  *See J.E. v. Beth Israel Hosp.*, 295 A.D.2d 281, 283 (1st Dep't 2002) (holding that, even if hospital had duty to prevent sexual assault of plaintiff in postoperative recovery room, negligence claim failed because no evidence that "[plaintiff's] injuries were caused by a breach of [the hospital's] duty to her," as opposed to the conduct of unrelated third parties).  *First*, it is well established that "sexual misconduct and related tortious behavior arise from personal motives." *Doe v. Alsaud,* 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) (quoting *Ross v. Mitsui*

---

if such a duty existed (which it does not), it would not extend to Plaintiff, who is neither a TWC member nor TWC itself.

Plaintiff also alleges that Defendants "had a duty to control Defendant [Harvey Weinstein] in his interactions with women during meetings . . . to prevent the reasonably foreseeable harm that he would sexually harass and/or sexually assault them."  (SAC ¶ 89.)  This too is insufficient.  As a matter of law, the Outside Directors (who had no day-to-day role at TWC) did not have a duty of care to monitor the behavior of TWC's CEO in each meeting he took.  *See Belmont*, 708 F.3d at 477, 489-91.

[8] Of course, "[i]n the absence of duty, there is no breach and without a breach there is no liability."  *Pulka v. Edelman*, 40 N.Y.2d 781, 782 (1976).

*Fudosan*, 2 F. Supp. 2d 522, 531 (S.D.N.Y. 1998)).  The SAC makes no effort to explain how the Outside Directors could have caused someone else to act on the basis of his personal motives.

*Second*, Plaintiff does not adequately allege that the Outside Directors (as opposed to the Director Defendants as a group) became aware of complaints made by others against Harvey Weinstein.  Instead, the SAC relies on conclusory assertions that complaints made by or to certain TWC *employees* conjured an awareness by the Outside Directors of Harvey Weinstein's alleged misconduct.  But this general allegation cannot cure Plaintiff's failure to allege that any of the Outside Directors, specifically, ever gained knowledge of Harvey Weinstein's misconduct.  The Outside Directors could not have prevented Harvey Weinstein's attacks absent knowledge of Harvey Weinstein's alleged prior misconduct.  Absent such allegations, the SAC fails to allege that the Outside Directors caused the alleged harm to Plaintiff.

## III. THE SAC DOES NOT ADEQUATELY ALLEGE A NEGLIGENT SUPERVISION OR RETENTION CLAIM AGAINST THE OUTSIDE DIRECTORS

To state a claim for negligent supervision or retention under New York law, in addition to the elements of negligence (*i.e.*, a duty of care, breach, causation), a plaintiff must also plead "(1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer "knew or should have known of the employee's propensity for the conduct which caused the injury" prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels."  *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (citations and internal quotation marks omitted).  The SAC pleads none of these against the Outside Directors.

## A.     The Outside Directors Did Not Employ Harvey Weinstein

The SAC does not and cannot allege an employer-employee relationship between the Outside Directors and Harvey Weinstein.  Rather, it alleges that it was *TWC*—not the Outside Directors—that employed Harvey Weinstein.  (*See* SAC ¶ 23 ("[Harvey Weinstein] was a director of and employed by the Companies from 2005 to October 2017.").)  This is fatal to Plaintiff's negligent supervision or retention claim.  *See Naughright v. Robbins*, No. 10-CV-8451, 2014 U.S. Dist. LEXIS 148497, at *18 (S.D.N.Y. Oct. 17, 2014) (dismissing negligent hiring, supervision, or retention claim where complaint established person other than defendant employed the alleged tortfeasor); *Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 263 (E.D.N.Y. 2014) (dismissing negligent supervision and retention claim in absence of alleged employer-employee relationship), *aff'd*, 626 F. App'x 297 (2d Cir. 2015).

Even putting this critical concession aside, Plaintiff's claim also fails because independent board members do not "employ" company employees.  The existence of an employee-employer relationship requires the employer to exercise substantial control over the "results produced" by the employee and "the means used to produce the results," *O'Brien v. Spitzer*, 7 N.Y.3d 239, 242 (2006), with the "means used" being the "more important" indicator, *Empire State Towing & Recovery Ass'n v. Comm'r of Labor*, 15 N.Y.3d 433, 437 (2010) (internal quotation marks omitted).

Here, the SAC does not allege that the Outside Directors had the requisite control over the "means" Harvey Weinstein used to produce "results" for the Company.  Rather, the SAC makes the conclusory allegation that "[e]ach Director Defendant had the power to supervise HW [Harvey Weinstein], to limit his contact with female employees or third parties seeking professional opportunities in the entertainment industry, and to take concrete steps to stop him." (SAC ¶ 33.)  That the Director Defendants allegedly "had the power to refuse to renew [Harvey

Weinstein's] employment contract in 2015" (*id.*), or more accurately, that each individual TWC director had the power to vote on that issue, does not mean that they controlled or directed (or even had the power to control or direct) how he conducted TWC's business or any results he produced. The SAC cannot make such allegations because the Outside Directors had no power to supervise the day-to-day decisions Harvey Weinstein made in conducting TWC's business. Notably, courts have recognized that outside directors generally do not have such control over company employees, in large part because outside directors are not "involved in the everyday business" of the company. *In re ShengdaTech, Inc. Sec. Litig.*, No. 11-CV-1918, 2014 U.S. Dist. LEXIS 112190, at *27 (S.D.N.Y. Aug. 12, 2014); *see also In re Cannavest Corp. Sec. Litig.*, 307 F. Supp. 3d 222, 242 (S.D.N.Y. 2018).

Conclusory allegations, like the ones here that the Outside Directors had the power to supervise Harvey Weinstein, do not establish an employee-employer relationship under New York law. *See Corley v. Jahr*, No. 11-CV-9044, 2014 U.S. Dist. LEXIS 25489, at *32-33 (S.D.N.Y. Feb. 10, 2014) (negligent supervision claim failed where complaint did not "allege any facts that permit a plausible inference that [an employer-employee] relationship existed"). Nowhere does the SAC allege that the Outside Directors had any control over what films or shows TWC produced or the ways in which Harvey Weinstein located talent or produced films and television shows for TWC.

In sum, because the SAC has not sufficiently alleged that the Outside Directors had the requisite control over Harvey Weinstein to be his "employers," and because, according to the SAC, TWC (not the Outside Directors) employed Harvey Weinstein, the negligent supervision or retention claim against the Outside Directors fails. *See Ehrens*, 385 F.3d at 235;

*Ahluwalia*, 63 F. Supp. at 263; *O'Brien*, 7 N.Y.3d at 242; *Empire State Towing & Recovery Ass'n*, 15 N.Y.3d at 437.

B.     **The SAC Fails to Allege That the Outside Directors Knew or Should Have Known of Harvey Weinstein's Alleged Propensity for Sexual Assault**

"New York courts have held in employee sexual misconduct cases that an employer is only liable for negligent supervision or retention if it is aware of specific prior acts or allegations against the employee." *Alsaud*, 12 F. Supp. 3d at 680; *see also Naegele v. Archdiocese of N.Y.*, 39 A.D.3d 270, 270 (1st Dep't 2007) (dismissal of negligent supervision claim appropriate where plaintiff did not allege employer's knowledge of specific prior acts similar to alleged tortious acts).

The SAC fails to provide any factual allegations regarding the Outside Directors' alleged knowledge of Harvey Weinstein's alleged "misconduct towards women." (SAC ¶ 38.) Where the SAC does specify certain instances of alleged misconduct, it does not distinguish between any of the nine Director Defendants and fails to allege that any of the Outside Directors, individually, had any knowledge of these alleged prior incidents. (*Id.* ¶ 39.) Nor does the SAC plead facts indicating that the Outside Directors (as opposed to any other Director Defendant) were told of specific prior instances of alleged sexual assault. Indeed, where the SAC contains allegations regarding complaints concerning Harvey Weinstein's misconduct, those allegations identify multiple parties (who are *not* the Outside Directors) as the recipients of those complaints. (*See id.* ¶ 39(b) (New York Police Department), ¶¶ 36-37 (TWC Human Resources and "senior management").) Such allegations are legally insufficient to support an inference of knowledge. *See Khapesi v. City of New York*, No. 13-CV-4391, 2014 U.S. Dist. LEXIS 79623, at *22-29 (S.D.N.Y. June 10, 2014) (dismissal of claim appropriate where complaint alleged that report regarding chaplain's alleged sexual misconduct against prison inmate was made to non-

defendant officer, and additional non-defendants suspected the misconduct); *Dilworth v.
Goldberg*, No. 10-CV-2224, 2011 U.S. Dist. LEXIS 82392, at *86-88 (S.D.N.Y. July 28, 2011)
(dismissing negligent supervision claim against defendant college because complaint lacked facts
showing college's awareness of its employees' torts even where other defendants allegedly knew
about the misconduct), *report and recommendation adopted in relevant part*, 2011 U.S. Dist.
LEXIS 112329 (S.D.N.Y. Sept. 30, 2011); *Bliss v. Putnam Valley Cent. Sch. Dist.*, No. 06-CV-
15509, 2011 U.S. Dist. LEXIS 35485, at *28 (S.D.N.Y. Mar. 24, 2011) (dismissing negligent
supervision claim against individual defendants for whom there was no evidence that they knew
or should have known about a prior incident of sexual behavior toward a student, but not
dismissing the claim against the school district or a defendant who received a complaint about
the prior incident).

Finally, the SAC's empty conclusions that the Outside Directors knew or should have
known of Harvey Weinstein's alleged propensity to engage in tortious conduct are plainly
insufficient. *See Noonan v. City of New York*, No. 14-CV-4084, 2015 U.S. Dist. LEXIS 83451,
at *8-9 (S.D.N.Y. June 26, 2015) (bare assertion that sexual assault by police officers was going
on "for years" is deficient without factual allegations supporting defendant's knowledge of the
alleged tortfeasor's propensity for sexual assault or related acts); *Stamile v. Cnty. of Nassau*, No.
10-CV-2632, 2014 U.S. Dist. LEXIS 39320, at *26-28 (E.D.N.Y. Mar. 25, 2014) (conclusory
allegations that defendant had actual or constructive knowledge of the tortfeasor's propensity to
engage in inmate sexual abuse cannot withstand a motion to dismiss).

C. **The Alleged Assaults Were Not Committed on or With the Outside
Directors' Property**

Finally, the SAC fails to plead that Harvey Weinstein's alleged assaults were
committed on or with the Outside Directors' property, a required element of a negligent

supervision claim.  *See Ehrens*, 385 F.3d at 235-36 (affirming dismissal of negligent retention or supervision claim where alleged assaults took place at perpetrator's and victim's homes, rather than on defendant employer's property); *Alsaud*, 12 F. Supp. 3d at 683-84 (dismissing negligent supervision and retention claim where attack allegedly occurred at hotel room because it did not occur on employer's property).

According to the SAC, both assaults took place at the Montage Hotel in Beverly Hills.  (SAC ¶¶ 27-28.)  The SAC does not, and cannot, allege that any of the Outside Directors have ever owned or controlled the Montage Hotel.  Further, Harvey Weinstein's assaults were allegedly committed *with someone else's* property:  the SAC alleges it was TWC's telephone and credit cards—not the Outside Directors'—that were used to facilitate Harvey Weinstein's alleged assaults.  (*See id.* ¶ 26 ("[Harvey Weinstein] used a phone paid for by the Companies to communicate with her . . . ."); *id.* ¶ 27 ("[Harvey Weinstein] used the Companies' credit cards to pay for his hotel rooms and used the Companies' travel agent to book his travel and hotel stays.").  The SAC's *pro forma* allegation that "[Harvey Weinstein] engaged in unlawful conduct on Defendants' property and/or using Defendants' chattels" (*id.* ¶ 91) is patently insufficient, as it is unsupported by a single factual allegation and once again impermissibly groups all Defendants together.  *See Rich v. Fox News Network, LLC*, 322 F. Supp. 3d 487, 504 (S.D.N.Y. 2018) (negligent supervision and/or retention claim dismissed where plaintiffs did not allege "credible facts showing that [alleged employees] committed tortious conduct on, or using, [defendant's] property").  Moreover, a claim for negligent supervision fails where, as here, a plaintiff's general assertion is directly contradicted by more specific allegations.  *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (rejecting general allegations where they are "contradicted . . . by more specific allegations in the Complaint"); *L-7 Designs, Inc. v.*

*Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (facts in a complaint "assume[d] to be true unless contradicted by more specific allegations or documentary evidence").

Accordingly, Plaintiff's negligent supervision or retention claim against the Outside Directors should be dismissed.

## CONCLUSION

For the reasons discussed above, the SAC's Fifth and Sixth Causes of Action against Messrs. Jones, Sarnoff, and Ziff should be dismissed.

Dated: New York, New York
      November 15, 2018

By:    */s/ James V. Masella, III*
      James V. Masella, III
      (jmasella@pbwt.com)
      Alejandro H. Cruz (acruz@pbwt.com)
      PATTERSON BELKNAP WEBB &
       TYLER LLP
      1133 Avenue of the Americas
      New York, New York 10036
      Telephone:  (212) 336-2000
      Fax:  (212) 336-2222

      *Attorneys for Defendant Paul Tudor Jones*

By:    */s/ Lawrence S. Spiegel*
    Lawrence S. Spiegel[9]
    (lawrence.spiegel@skadden.com)
    Abigail E. Davis
    (abigail.sheehan@skadden.com)
    SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM LLP
    4 Times Square
    New York, New York 10036
    Telephone:  (212) 735-3000
    Fax:  (212) 735-2000/1

*Attorneys for Defendant Dirk Ziff*

By:    */s/ Marvin S. Putnam*
    Marvin S. Putnam[10]
    (marvin.putnam@lw.com)
    Laura R. Washington
    (laura.washington@lw.com)
    (*pro hac vice* admission forthcoming)
    LATHAM & WATKINS LLP
    10250 Constellation Blvd., Suite 1100
    Los Angeles, California 90067
    Telephone: (424) 653-5588
    Fax:  (424) 653-5501

*Attorneys for Defendant Tim Sarnoff*

---

[9] Electronic signature used with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

[10] Electronic signature used with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.