UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, an Individual,<br><br>               Plaintiff,<br><br>       v.<br><br>THE WEINSTEIN COMPANY LLC, THE WEINSTEIN COMPANY HOLDINGS LLC, HARVEY WEINSTEIN, ROBERT WEINSTEIN, LANCE MAEROV, RICHARD KOENIGSBERG, TARAK BEN AMMAR, DIRK ZIFF, TIM SARNOFF, PAUL TUDOR JONES, JEFF SACKMAN, and JAMES DOLAN,<br><br>           Defendants. | Case No. 1:18-cv-05414 (RA)<br><br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT ROBERT WEINSTEIN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

SCHULTE ROTH & ZABEL LLP

919 Third Avenue
New York, New York 10022
Telephone (212) 756-2000
Facsimile (212) 593-5955

*Attorneys for Defendant Robert Weinstein*

Defendant Robert Weinstein respectfully submits this memorandum of law in support of his motion to dismiss the claims against him in Plaintiff's Second Amended Complaint (ECF No. 81) (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

This action arises out of a pair of alleged sexual assaults committed by Harvey Weinstein against plaintiff Jane Doe ("Plaintiff") at a Beverly Hills hotel in 2015 and 2016. The Complaint alleges Plaintiff was an actress who was lured to a hotel by Harvey Weinstein under the guise of meeting to discuss potential acting roles, including in a television show called "Marco Polo." According to Plaintiff, once at the hotel, Harvey Weinstein sexually assaulted her.

Although the Complaint never alleges that anyone but Harvey Weinstein assaulted her, Plaintiff nevertheless seeks to hold many others responsible for his alleged assaults, including Robert Weinstein ("Mr. Weinstein"), who is Harvey Weinstein's younger brother and former business partner at Miramax and The Weinstein Company ("TWC"), as well as eight other individuals who served on TWC's board along with Mr. Weinstein (the "Director Defendants").

Plaintiff bases the two causes of action asserted against Mr. Weinstein and the other Director Defendants—negligence and negligent retention or supervision—not on any alleged actions any of them took against Plaintiff, but instead on their status as directors of TWC. Indeed, the Complaint does not allege that Mr. Weinstein (or, for that matter, any of the Director Defendants) ever even met Plaintiff, participated in Harvey Weinstein's alleged assaults of her, or even knew about those assaults. Instead, Plaintiff impermissibly lumps Mr. Weinstein and the other Director Defendants together, and alleges in conclusory fashion that they all "had the power to supervise" Harvey Weinstein and "knew or reasonably should have known" that he would engage in misconduct of the sort alleged by Plaintiff.

Given the Complaint's reliance on vague allegations regarding all of the Director Defendants as a collective group and its corresponding failure to make individualized factual allegations against Mr. Weinstein (with one conclusory exception discussed below), Mr. Weinstein's grounds for dismissal are identical to those advanced by the other Director Defendants. Accordingly, to avoid unnecessary duplication and in interest of judicial economy, Mr. Weinstein hereby joins in, adopts, and incorporates by reference the arguments set forth in the memorandum of law filed by outside directors Paul Tudor Jones, Tim Sarnoff, and Dirk Ziff in support of their motion to dismiss (the "Outside Directors' Brief") (ECF No. 94). Below we addresses the few allegations in the Complaint specifically relating to Mr. Weinstein and show that the arguments for dismissal in the Outside Directors' Brief apply equally to him.

## ALLEGATIONS REGARDING MR. WEINSTEIN

The "Parties" section of the Complaint identifies Mr. Weinstein as a resident of Greenwich, Connecticut and a former director of TWC and an affiliated holding company. (AC ¶ 8.)[1] It relatedly alleges—although only on information and belief—that Mr. Weinstein attended board meetings for those companies in New York and "otherwise participated in directing the Companies' supervision of [Harvey Weinstein] in New York." (*Id.*) Additionally, in the first paragraph of the "Factual Allegations" section of the Complaint, Plaintiff alleges that Harvey Weinstein and Mr. Weinstein left Miramax in 2005 to form TWC. (*Id.* ¶ 23.)

Beyond those allegations, the Complaint mentions Mr. Weinstein only one other time, alleging—"[b]ased upon information and belief"—that he "paid for prior settlements of claims made by women against his brother, [Harvey Weinstein], after those claims were made known to him as a member of management of Miramax, his prior company with [Harvey Weinstein]." (*Id.*

---

[1] Citations in the form "AC ¶" refer to paragraphs of the Complaint.

¶ 35.)  But the Complaint offers absolutely no detail about these purported "prior settlements," including the nature of the allegations underlying the claims or the scope of Mr. Weinstein's purported knowledge of those claims.  Indeed, the Complaint does not even allege that the claims—which, based on the Complaint's allegations, would have been made prior to 2005—related to sexual misconduct of any type.  Nor does it make *any* allegations regarding what—if anything—Mr. Weinstein knew about the claims or any other actions he took in response to them.

The Complaint does not contain *any* other individualized allegations against Mr. Weinstein.  More specifically, Plaintiff does not make a single allegation suggesting that Mr. Weinstein had any knowledge of Harvey Weinstein's alleged sexual abuse of her, much less that Mr. Weinstein played any role whatsoever in that misconduct.  Indeed, the Complaint does not allege that Mr. Weinstein ever so much as met or interacted with Plaintiff, or that he even knew who she was.

## ARGUMENT

For the same reasons set forth in the Outside Directors' Brief, the Complaint's threadbare allegations regarding Mr. Weinstein are insufficient to adequately plead a claim against him either for negligence or for negligent retention or supervision.

Thus, when the Outside Directors argue that Plaintiff's negligence-based claims must be dismissed because the Complaint fails to adequately allege that (i) they owed a duty of care to Plaintiff; (ii) they breached that duty; or (iii) their alleged breach caused Plaintiff's injuries (Outside Dir. Br. at 8-11), those arguments apply with equal force to Mr. Weinstein, as the Complaint offers absolutely no basis to treat him any differently than the Outside Directors.  Corporate directors and officers owe duties of care to the corporation and its shareholders, not to third parties or company employees who may be harmed by an employee's tortious acts.  (*Id.* at

3

8-9 (citing cases); *see also Airlines Reporting Corp. v. Aero Voyagers, Inc.*, 721 F. Supp. 579, 585 (S.D.N.Y. 1989) (dismissing negligence-based tort claims against individual directors and officers because "a failure to perform a duty owed to the corporation—*i.e.*, to supervise the employees—does not make corporate officers or directors personally liable to third parties").)

Similarly, the Outside Directors' arguments as to why the Complaint fails to adequately allege a negligent supervision or retention claim against them also mandate dismissal of that claim as against Mr. Weinstein. The Complaint does not contain nearly sufficient allegations of fact (i) that Mr. Weinstein was in an employer-employee relationship with Harvey Weinstein; (ii) that he "knew or should have known of the employee's propensity for the conduct which caused the injury" prior to the injury's occurrence; and (iii) that the tort was committed on his premises or with his chattels. (*See id.* at 11-17 (quoting *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004).)

The Complaint does not contain a single factual allegation that possibly could distinguish Plaintiff's negligent supervision claim against Mr. Weinstein from her claim against the Outside Directors with respect to the first and third elements of such a claim. And with respect to the knowledge element, the Complaint's vague allegation regarding Mr. Weinstein's payment of settlements cannot change the analysis, as it provides absolutely no facts sufficient to support an inference that Mr. Weinstein was "aware of specific prior acts or allegations against" Harvey Weinstein for sexual misconduct, let alone sexual assault. (Outside Dir. Br. at 14-15 (quoting *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014)); *see also id.* at 681 ("The prior misconduct, moreover, must be of the same kind that caused the injury; general, unrelated or lesser allegations of prior wrongdoing are insufficient.").) Accordingly, Plaintiff's negligent supervision or retention claim against Mr. Weinstein must be dismissed.

Notably, this is not the first case in which Harvey Weinstein's alleged victims have sought to cast the net of liability against not only him, but also against Mr. Weinstein (and others), despite the failure of the plaintiffs in those cases—like here—to allege that Mr. Weinstein played any role in Harvey Weinstein's alleged abuse of them. Although Mr. Weinstein's motions to dismiss only have been resolved in three such cases, the claims against him in all three cases have been dismissed.[2]

In one such case, Judge Sweet dismissed claims against Mr. Weinstein under the federal sex trafficking statute because, as here, the complaint lacked any factual matter adequately pleading that Mr. Weinstein knew about, or participated in, Harvey Weinstein's alleged wrongdoing against the plaintiff. *See Noble v. Weinstein*, No. 17 Civ. 9260 (RWS), 2018 WL 3863452, at \*12-15 (S.D.N.Y. Aug. 14, 2018). As Judge Sweet recognized, liability against Mr. Weinstein "cannot be established by association alone." *Id.* at \*13. So too here, in the absence of well-pled allegations meeting the well-established elements of Plaintiff's two causes of action, the same result is required—dismissal.

## CONCLUSION

For the reasons set forth above and in the Outside Directors' Brief, the Court should dismiss both causes of action asserted in the Complaint against Defendant Robert Weinstein in their entirety and with prejudice.

---

[2] In addition to *Noble*, Judge Hellerstein dismissed without prejudice the claims asserted against Mr. Weinstein and the other defendants in *Geiss v. The Weinstein Company Holdings LLC*, No. 1:17-cv-09554-AKH (S.D.N.Y. Sept. 13, 2018) (*see* Order (ECF No. 126)), and the plaintiff in *Huett v. The Weinstein Company*, No. 2:18-cv-06012-SVW-MRW (C.D. Cal.) voluntarily dismissed her claims against Mr. Weinstein in the face of Mr. Weinstein's motion to dismiss (*see* Notice of Voluntary Dismissal (ECF No. 33)).

Dated: New York, New York
November 15, 2018

SCHULTE ROTH & ZABEL LLP

By:   /s/ Gary Stein
       Barry A. Bohrer
       Gary Stein
       Brian T. Kohn

       919 Third Avenue
       New York, NY  10022
       Telephone: 212.756.2000
       Facsimile: 212.593.5955
       E-mail: barry.bohrer@srz.com
             gary.stein@srz.com
             brian.kohn@srz.com

*Attorneys for Defendant Robert Weinstein*