**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE, an Individual,

*Plaintiff,*

*v.*

THE WEINSTEIN COMPANY LLC; THE WEINSTEIN COMPANY HOLDINGS LLC; HARVEY WEINSTEIN, ROBERT WEINSTEIN, LANCE MAEROV, RICHARD KOENIGSBERG, TARAK BEN AMMAR, DIRK ZIFF, TIM SARNOFF, PAUL TUDOR JONES, JEFF SACKMAN, and JAMES DOLAN,

*Defendants.*

Civil Action No. 1:18-CV-5414 (RA)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE JOINT MOTION OF DEFENDANTS PAUL TUDOR JONES, TIM SARNOFF AND DIRK ZIFF TO DISMISS COUNTS V AND VI OF THE SECOND AMENDED COMPLAINT**

March 1, 2019

## TABLE OF CONTENTS

**Preliminary Statement** ........ 1

**Argument** ........ 1

**I. PLAINTIFF'S ATTEMPT TO CIRCUMVENT RULE 8 FAILS** ........ 1

**II. PLAINTIFF'S NEGLIGENCE-BASED CLAIMS FAIL** ........ 2

- A. The Outside Directors Did Not Owe Plaintiff a Duty of Care ........ 2
- B. The Outside Directors Did Not Breach a Duty or Cause Plaintiff's Harm ........ 6

**III. PLAINTIFF'S NEGLIGENT SUPERVISION OR RETENTION CLAIM AGAINST THE OUTSIDE DIRECTORS SHOULD BE DISMISSED** ........ 6

- A. Plaintiff Fails to Plead the "Employment" Element ........ 7
- B. Plaintiff Fails to Plead the "Knowledge" Element ........ 8
- C. Plaintiff Fails to Plead the "Premises" Element ........ 9

**IV. AMENDMENT WOULD BE FUTILE** ........ 10

**Conclusion** ........ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahluwalia v. St. George's Univ., LLC*,
63 F. Supp. 3d 251, 263 (E.D.N.Y. 2014),
*aff'd*, 626 F. App'x 297 (2d Cir. 2015)....7

*Appalachian Enters. v. ePayment Solutions Ltd.*,
No. 01-CV-11502, 2004 U.S. Dist. LEXIS 24657 (S.D.N.Y. Dec. 7, 2004)....2

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001)....1

*Burhans v. Lopez*,
24 F. Supp. 3d 375 (S.D.N.Y. 2014)....6

*Calder v. Planned Cmty. Living, Inc.*,
No. 93-CV-8882, 1995 U.S. Dist. LEXIS 10773 (S.D.N.Y. Aug. 1, 1995)....4

*Canosa v. Ziff*,
No. 18-CV-4115, 2019 U.S. Dist. LEXIS 13263 (S.D.N.Y. Jan. 28, 2019)....10

*Connell v. Hayden*,
83 A.D.2d 30 (2d Dep't 1981)....5

*Cooper v. State*,
89 A.D.2d 811 (4th Dep't 1982)....5

*Corley v. Jahr*,
No. 11-CV-9044, 2014 U.S. Dist. LEXIS 25489 (S.D.N.Y. Feb. 10, 2014)....7, 8

*Dilworth v. Goldberg*,
No. 10-CV-2224, 2011 U.S. Dist. LEXIS 82392 (S.D.N.Y. July 28, 2011)....9

*Doe v. Alsaud*,
12 F. Supp. 3d 674 (S.D.N.Y. 2014)....7, 8, 9, 10

*Dooley v. Metro. Jewish Health Sys.*,
No. 02-CV-4640, 2003 U.S. Dist. LEXIS 16520 (E.D.N.Y. July 30, 2003)....4

*Eaves v. Designs for Fin., Inc.*,
785 F. Supp. 2d 229 (S.D.N.Y. 2011)....10

*Ehrens v. Lutheran Church*,
385 F.3d 232 (2d Cir. 2004)....7, 9

Page(s)

*Empire State Towing & Recovery Ass'n, Inc. v. Comm'r of Labor*,
15 N.Y.3d 433 (2010) ....... 8

*Fletcher v. Dakota, Inc.*,
99 A.D.3d 43 (1st Dep't 2012) ....... 3

*Gen. Star Indem. Co. v. Platinum Indem. Ltd.*,
No. 00-CV-4960, 2002 U.S. Dist. LEXIS 29193 (S.D.N.Y. Sept. 26, 2002) ....... 2, 4

*Gonzalez v. City of New York*,
133 A.D.3d 65 (1st Dep't 2015) ....... 5

*Hamilton v. Beretta U.S.A. Corp.*,
96 N.Y.2d 222 (2001) ....... 2

*John Doe 1 v. Bd. of Educ. of Greenport Union Free Sch. Dist.*,
100 A.D.3d 703 (2d Dep't 2012) ....... 9

*Kenneth R. v. Roman Catholic Diocese of Brooklyn*,
229 A.D.2d 159 (2d Dep't 1997) ....... 5-6

*Krystal G. v. Roman Catholic Diocese of Brooklyn*,
34 Misc. 3d 531 (Sup. Ct. Kings Cty. 2011) ....... 7, 8

*Kunz v. New Netherlands Routes, Inc.*,
64 A.D.3d 956 (3d Dep't 2009) ....... 3, 4

*Lauer v. City of New York*,
95 N.Y.2d 95 (2000) ....... 2, 3, 4

*Lewis v. Roosevelt Island Operating Corp.*,
246 F. Supp. 3d 979 (S.D.N.Y. 2017) ....... 4

*Milosevic v. O'Donnell*,
89 A.D.3d 628 (1st Dep't 2011) ....... 9

*Naughright v. Robbins*,
No. 10-CV-8451, 2014 U.S. Dist. LEXIS 148497 (S.D.N.Y. Oct. 16, 2014) ....... 7

*Noonan v. City of New York*,
No. 14-CV-4084, 2015 U.S. Dist. LEXIS 83451 (S.D.N.Y. June 26, 2015) ....... 9

*Pelt v. City of New York*,
No. 11-CV-5633, 2013 U.S. Dist. LEXIS 122848 (S.D.N.Y. Aug. 28, 2013) ....... 4

## TABLE OF AUTHORITIES
## (Continued)

Page(s)

*In re ShengdaTech, Inc. Sec. Litig.*,
No. 11-CV-1918, 2014 U.S. Dist. LEXIS 112190 (S.D.N.Y. Aug. 12, 2014)..........................8

*Sisino v. Island Motocross of New York, Inc.*,
41 A.D.3d 462 (2d Dep't 2007)........................................................................................3

*Strauss v. Belle Realty Co.*,
65 N.Y.2d 399 (1985)........................................................................................................4

*Sullivan v. Barclays PLC*,
No. 13-CV-2811, 2017 U.S. Dist. LEXIS 71668 (S.D.N.Y. Apr. 17, 2017)...........................10

*TechnoMarine SA v. Giftports, Inc.*,
758 F.3d 493 (2d Cir. 2014)..............................................................................................10

*Ulerio v. City of New York*,
No. 18-CV-2155, 2018 U.S. Dist. LEXIS 215166 (S.D.N.Y. Dec. 20, 2018)..........................2

*Weeks v. City of New York*,
181 Misc. 2d 39 (Sup. Ct. Richmond Cty. 1999) .....................................................................8

**Other Authorities**

Fed. R. Civ. P. 8..................................................................................................................1

Individual Rules & Practices of
U.S. District Judge Ronnie Abrams in Civil Cases 4(C).........................................................10

## PRELIMINARY STATEMENT

Plaintiff's opposition[1] to the Motion to Dismiss of Paul Tudor Jones, Tim Sarnoff and Dirk Ziff (the "Outside Directors") seeks to distract from core infirmities of the Second Amended Complaint ("SAC"). This failed diversion, however, highlights why the SAC should be dismissed.

*First*, the Opposition confirms the well-established principle that, absent a special relationship, the Outside Directors owed no duty to protect Plaintiff—a third party—from Harvey Weinstein's ("Weinstein") alleged misconduct. Instead, Plaintiff asks this Court to create a new duty running from an LLC's board of representatives to anyone with whom that LLC's owner and chief executive engaged in allegedly tortious conduct. Plaintiff provides no legal support for this new, limitless duty, and there is none. The law is to the contrary.

*Second*, the Opposition does not identify any alleged breach of duty by the Outside Directors or explain how they caused Plaintiff's injury. Absent such allegations, no claim lies.

*Third*, Plaintiff incorrectly contends that she need not allege the existence of an employment relationship and the use of the employer's property to state a claim for negligent supervision or retention. It is well established, however, that both are required. Nonetheless, Plaintiff fails to allege a single required element of a negligent supervision or retention claim.

The SAC should be dismissed as to the Outside Directors, with prejudice.

## ARGUMENT

### I. PLAINTIFF'S ATTEMPT TO CIRCUMVENT RULE 8 FAILS

Plaintiff's failure to distinguish between any of the "Director Defendants" is not a mere "nuance[]." (Opp. at 10.) As the Opposition recognizes, Rule 8 requires that a complaint give a defendant notice of the claim asserted "*and the ground upon which it rests*." *Atuahene v. City of*

[1] Hereinafter, the "Opposition" or "Opp." (Dkt. No. 116.)

*Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quotations omitted) (emphasis added). Without knowing which "Board member" is alleged to have been notified of complaints about Weinstein's misconduct (SAC ¶ 38), the Outside Directors cannot have fair notice of how each supposedly learned of Weinstein's alleged propensity for sexual assault, an essential element of Plaintiff's claims. *See Appalachian Enters. v. ePayment Solutions Ltd.*, No. 01-CV-11502, 2004 U.S. Dist. LEXIS 24657, at *21 (S.D.N.Y. Dec. 7, 2004). Dismissal is appropriate here because the SAC fails to apprise defendants of which allegations pertain to which defendants. *See Ulerio v. City of New York*, No. 18-CV-2155, 2018 U.S. Dist. LEXIS 215166, at *18 (S.D.N.Y. Dec. 20, 2018).

## II. PLAINTIFF'S NEGLIGENCE-BASED CLAIMS FAIL

### A. The Outside Directors Did Not Owe Plaintiff a Duty of Care

#### 1. Foreseeability Does Not Create a Duty

Plaintiff first argues that because the Outside Directors were allegedly Weinstein's employers, and they knew or should have known Weinstein would harm her, she was a "foreseeable plaintiff" within a "zone of danger" created by Weinstein's actions. (Opp. at 11-12.) As an initial matter, the Outside Directors did not employ Weinstein; TWC did. (*See* Dkt. No. 94 ("Mot.") at 12-14.) Foreseeability alone, moreover, "does not define duty—it merely determines the scope of the duty once it is determined to exist." *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 232 (2001). "Without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm." *Lauer v. City of New York*, 95 N.Y.2d 95, 100 (2000). A duty requires "a special relationship directly between the plaintiff and defendant." *See Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, No. 00-CV-4960, 2002 U.S. Dist. LEXIS 29193, at *9 (S.D.N.Y. Sept. 26, 2002). In other words, the Outside Directors' alleged knowledge of Weinstein's alleged past conduct is insufficient to

create a duty. Here, Plaintiff cannot point to any relationship between her and the Outside Directors creating such a duty because there was none. (*See* Mot. at 9.)

2. Service on the TWC Board Cannot Create a Duty to Plaintiff

Plaintiff also points to case law "holding that a director may be held individually liable to third parties for a corporate tort if he either participated in the tort or else directed, controlled, approved, or ratified the decision that led to the plaintiff's injury." (Opp. at 17 (quotations omitted).) Aside from her failure to allege any such acts of participation, direction, control, or approval, Plaintiff ignores that there must also be a duty owed ***to this Plaintiff***, and the Outside Directors' service as outside representatives does not impose one. *Kunz* is squarely on point: there, the court held that there is no duty on the part of corporate officers and board members "to protect the public, other board members, and employees . . . from offensive conduct and to minimize the harm of any such conduct." *Kunz v. New Netherlands Routes, Inc.*, 64 A.D.3d 956, 957 (3d Dep't 2009) (quotations omitted).[2] The same is true here.

Although Plaintiff takes issue with the well-settled proposition that a company's directors generally owe duties only to the company and its owners (Opp. at 17-18), she cannot point to a single case holding that LLC directors owe a duty to the public to protect it from harm inflicted by an officer of that company. The cases she cites are not to the contrary. *Fletcher v. Dakota, Inc.* stands for the proposition that directors can be held liable for torts in which they personally participated. 99 A.D.3d 43, 49-50, 52 (1st Dep't 2012). Similarly, *Sisino v. Island Motocross of New York, Inc.*, 41 A.D.3d 462, 464-65 (2d Dep't 2007), is a case about the liability of corporate officers (not directors) who were alleged to have been *personally and directly responsible* for a racetrack safety lapse that caused the plaintiff's harm. Plaintiff's remaining cases all involve a

[2] *Kunz* does not, as Plaintiff suggests, discuss whether the defendants "had prior notice of any misconduct." (Opp. at 18.) Without a duty running from a defendant to a plaintiff, prior notice is irrelevant. *Lauer*, 95 N.Y.2d at 100.

plaintiff who was employed by the defendant company, which is not the case here.[3] Indeed, Plaintiff has not alleged ***any*** relationship between herself and the Outside Directors, let alone that she was employed by TWC or the Outside Directors. *See Gen. Star Indem. Co.*, 2002 U.S. Dist. LEXIS 29193, at *7, 9. Absent such a relationship, the Outside Directors did not owe Plaintiff a duty and cannot be held liable as a matter of law. *See Lauer*, 95 N.Y.2d at 100.

3. The Court Should Not Create a Duty

In the absence of any existing duty, Plaintiff proposes a new one: a duty on the part of outside representatives of an LLC to protect the public from tortious acts committed by officers or employees of that LLC if they have supervisory authority over the tortfeasor.[4] (*See* Opp. at 12-13.) This is exactly the type of *ad hoc*, "potentially limitless" liability that courts consistently decline to impose. *Gen. Star Indem. Co.*, 2002 U.S. Dist. LEXIS 29193, at *7; *see Strauss v. Belle Realty Co.*, 65 N.Y.2d 399, 402 (1985); *Kunz*, 64 A.D.3d 956 at 957. Indeed, Plaintiff's proposed duty would not even exclude torts committed outside the employment context or those committed for the tortfeasor's personal motives, as is the case here. (*See* Mot. at 10-11.)

Plaintiff's proposed duty also fails because the SAC does not adequately allege that the Outside Directors employed Weinstein. (*Id.* at 12-14.) Plaintiff's eleventh-hour attempt to introduce Weinstein's 2015 employment agreement is improper,[5] and in any event it merely provides that Weinstein will "report" to the Board of Representatives. (Dkt. No. 117 Ex. A ¶ 2(a).) That provision does not, however, support the SAC's conclusory assertion that the

---

[3] *See Lewis v. Roosevelt Island Operating Corp.*, 246 F. Supp. 3d 979, 984, 993-94 (S.D.N.Y. 2017); *Calder v. Planned Cmty. Living, Inc.*, No. 93-CV-8882, 1995 U.S. Dist. LEXIS 10773, at *2 (S.D.N.Y. Aug. 1, 1995); *Dooley v. Metro. Jewish Health Sys.*, No. 02-CV-4640, 2003 U.S. Dist. LEXIS 16520, at *4-6 (E.D.N.Y. July 30, 2003).

[4] Plaintiff admits that the duty she hopes to impose on the Outside Directors here has not previously been recognized by New York courts, pointing out that courts may recognize new duties based on "[c]hanging social conditions." (Opp. at 12 (quoting *Davis v. S. Nassau Cmtys. Hosp.*, 26 N.Y.3d 563, 577 (2015)).)

[5] The Court should not consider Plaintiff's *de facto* amendment of the SAC. *See, e.g.*, *Pelt v. City of New York*, No. 11-CV-5633, 2013 U.S. Dist. LEXIS 122848, at *8 (S.D.N.Y. Aug. 28, 2013).

Outside Directors had the "power to supervise" Weinstein in his day-to-day operation of TWC.[6] (SAC ¶ 33.) The employment agreement does not, for example, make any of Weinstein's day-to-day actions on behalf of the company subject to approval by the Board.[7] Because the Outside Directors neither controlled Weinstein nor employed him, Plaintiff's authorities are inapposite: in those cases (i) there was a well-established duty based on a relationship between the defendant and plaintiff; (ii) the defendant was the tortfeasor's employer or directly controlled the tortfeasor; and/or (iii) the plaintiff asserted only a claim for negligent hiring, supervision or retention—not a separate claim for common-law negligence.[8]

Plaintiff relies heavily on *Kenneth R. v. Roman Catholic Diocese of Brooklyn*, 229 A.D.2d 159 (2d Dep't 1997), but that case is not on point. In *Kenneth R.*, the court held that a diocese may be liable for the negligent retention and supervision of a priest who sexually abused plaintiffs where those plaintiffs informed priests at the church of the abuse. *Id.* at 164. Here, Plaintiff does not allege that she informed anyone at TWC of the alleged assaults, including the Outside Directors. The *Kenneth R.* plaintiffs, moreover, were parishioners of the defendant

---

[6] Indeed, the employment agreement makes clear that the Outside Directors' authority was circumscribed: though Plaintiff elides the relevant provision to assert that the Outside Directors could request "all" information from Weinstein at any time, the agreement limits that right to information related to the business, its operations or its finances and that was "reasonably necessary to fulfill the Board's fiduciary duties." (*Compare* Opp. at 14, *with* Dkt. No. 117 Ex. A ¶ 11(g).)

[7] *Compare* Dkt. No. 117 Ex. A ¶ 4(b) (Weinstein's allocation of profit-based bonuses to company employees requires Board approval), *with id.* ¶ (2)(a) (Weinstein and Robert Weinstein "shall equally share authority over all operations and the overall direction of the Company" without mention of Board approval).

[8] *See Gonzalez v. City of New York*, 133 A.D.3d 65, 68-70 (1st Dep't 2015) (duty analysis based on governmental entity's decision to provide police officer with a firearm, leading to death of citizen, in part because "the government has a duty to minimize the risk of injury to members of the public"); *Cooper v. State*, 89 A.D.2d 811, 811 (4th Dep't 1982) (governmental entity had duty to protect claimant—a student counselor employed by a state university—from rape by prisoner in its prison).

Plaintiff, relying on *Connell v. Hayden*, 83 A.D.2d 30, 51 (2d Dep't 1981), also argues that the Court should impose a duty on the Outside Directors because they were Weinstein's "agents" who "directed" or "permitted" Weinstein's conduct. (Opp. at 13.) That case, which arose from a summary judgment motion based on personal jurisdiction, involved the liability of a co-employee or supervisor in the context of a professional service corporation, not the potential liability of an outside board representative of an LLC based on acts of an officer of the LLC. It has no application here.

diocese; Plaintiff, on the other hand, has no relationship with TWC (*e.g.*, an employment relationship), let alone with the Outside Directors.

### B. The Outside Directors Did Not Breach a Duty or Cause Plaintiff's Harm

Plaintiff contends that the Outside Directors breached their alleged duty by permitting Weinstein to continue his employment, giving him "resources to commit acts of sexual misconduct" and allowing him to pay fines to the Company to rectify instances of "misconduct." (Opp. at 19.) But Plaintiff does not cite a single case for the proposition that a board's decision to continue to employ an officer of an LLC can be deemed a breach of duty to an unrelated member of the public.

Plaintiff further contends that the Outside Directors caused her injuries because "[a]s a result of [their] actions . . . it was foreseeable that Weinstein would continue his pattern of sexual misconduct" when he met with Plaintiff. (*Id.* at 20.) But just as foreseeability does not create a duty, neither is it sufficient to show causation, a distinct element of a negligence claim. Plaintiff does not explain how the resulting harm could have been foreseeable to the Outside Directors when the SAC does not allege how or when any Outside Director became aware of any allegations against Weinstein.[9]

## III. PLAINTIFF'S NEGLIGENT SUPERVISION OR RETENTION CLAIM AGAINST THE OUTSIDE DIRECTORS SHOULD BE DISMISSED

Recognizing that the SAC fails to meet the pleading standard for a negligent supervision or retention ("negligent supervision") claim, Plaintiff asserts that she need not establish two of the three elements of her cause of action: the "employment" and "premises" elements. (*See* Opp. at 3.) Plaintiff is wrong. Those elements are required, and without pleading them, Plaintiff's

[9] *Burhans v. Lopez*, 24 F. Supp. 3d 375 (S.D.N.Y. 2014), is no help to Plaintiff. In *Burhans*, the court declined to dismiss sexual harassment claims for lack of causation because the plaintiffs had "provided specific factual details such as names, dates and events to support their claims." *Id.* at 383. The SAC does not provide any such specifics with regard to the Outside Directors.

negligent supervision claim fails. *See, e.g.*, *Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 263 (E.D.N.Y. 2014), *aff'd*, 626 F. App'x 297 (2d Cir. 2015).

### A. Plaintiff Fails to Plead the "Employment" Element

The foundation for a negligent supervision claim is an employer-employee relationship between the tortfeasor and the allegedly supervising defendants. *See Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004).[10] To distract from her failure to plead this element, Plaintiff misconstrues the Outside Directors' opening brief, saying that it contends Plaintiff must plead the Outside Directors are a "joint employer of Weinstein" with TWC. (Opp. at 21-22.) It does not. Rather, it highlights that Plaintiff cannot allege that the Outside Directors employed Weinstein because Plaintiff explicitly alleged that ***TWC*** did. (SAC ¶ 23.) This alone mandates dismissal. *See Naughright*, 2014 U.S. Dist. LEXIS 148497, at *18.[11]

Plaintiff next asserts that "where an individual corporate officer and a tortfeasor are both agents of the same employer, there is no separate requirement that such officer also qualify as an 'employer.'" (*See* Opp. at 21-22.) Yet Plaintiff's authorities involved a *direct* supervisor who managed the tortfeasor's day-to-day activities (or who otherwise *directly* facilitated the wrongdoing). For instance, in *Krystal G. v. Roman Catholic Diocese of Brooklyn*, 34 Misc. 3d 531 (Sup. Ct. Kings Cty. 2011), the defendant pastor had "oversight responsibilities" over the tortfeasor and "overruled" school administrators' objections to the tortfeasor's continued

[10] Plaintiff's argument that *Ehrens* "did not involve an individual defendant," only entity defendants, is a distinction without a difference. (Opp. at 22-23.) The law is clear that the "employment" element applies to negligent supervision claims against individual defendants. *See, e.g.*, *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014); *Corley v. Jahr*, No. 11-CV-9044, 2014 U.S. Dist. LEXIS 25489, at *4, 33 (S.D.N.Y. Feb. 10, 2014); *Naughright v. Robbins*, No. 10-CV-8451, 2014 U.S. Dist. LEXIS 148497, at *18-19 (S.D.N.Y. Oct. 16, 2014).

[11] Plaintiff has no meaningful response to *Naughright*, which held that the plaintiff failed to state a negligent supervision claim because—like here—the plaintiff alleged another defendant employed the tortfeasor. 2014 U.S. Dist. LEXIS 148497, at *18.

presence at the school—blocking their efforts "to remove [the tortfeasor] from school premises." *Id.* at 534.[12] Plaintiff makes no such allegations against the Outside Directors.

Last, Plaintiff asserts that the Outside Directors' alleged power to "hire and fire" Weinstein is sufficient to constitute an employment relationship. (Opp. at 24-25.)[13] But an LLC's outside director's ability to vote on personnel decisions does not make him a "supervisor" for purposes of a negligent supervision claim. *See, e.g.*, *In re ShengdaTech, Inc. Sec. Litig.*, No. 11-CV-1918, 2014 U.S. Dist. LEXIS 112190, at *27 (S.D.N.Y. Aug. 12, 2014); *Corley*, 2014 U.S. Dist. LEXIS 25489, at *32-34.[14] Rather, Plaintiff must establish that the Outside Directors controlled the "results" of the tortfeasor's misconduct—and even more importantly, the "means used" to produce those results. *Empire State Towing & Recovery Ass'n, Inc. v. Comm'r of Labor*, 15 N.Y.3d 433, 437 (2010). The SAC contains no allegations to that effect.[15]

### B. Plaintiff Fails to Plead the "Knowledge" Element

Plaintiff does not dispute that she must plead that the Outside Directors were aware of specific prior acts of or allegations against the employee, but instead relies on allegations found nowhere in the SAC to contend she satisfied that requirement against the Outside Directors. (*See* Opp. at 14, 15, 25.)

---

[12] *Krystal G.*, moreover, has been recognized as an "outlier" in its approach to negligent supervision claims. *Alsaud*, 12 F. Supp. 3d at 684.

[13] To be clear, the SAC pleads no such thing. The SAC does not allege facts to support that the Outside Directors "directed and controlled" Weinstein's affairs, and the 2015 employment agreement does not change that. (*Supra* Section II.A.3.)

[14] Plaintiff attempts to distinguish *Corley* as a case involving "joint employers," but that term appears nowhere in *Corley*. (Opp. at 24.) Instead, *Corley* plainly articulates the elements of "a standard negligent supervision claim." *See* 2014 U.S. Dist. LEXIS 25489, at *33-34.

[15] Plaintiff's reliance on *Weeks v. City of New York*, 181 Misc. 2d 39, 45 (Sup. Ct. Richmond Cty. 1999), is misplaced. *Weeks* is a negligent entrustment case decided prior to controlling decisions in *O'Brien* and *Empire State.* Plaintiff's attempt to distinguish *O'Brien* and *Empire State* also misses the mark. The analysis in those cases did not turn on questions of statutory construction; both opinions articulated the "employment" element of negligent supervision claim in the same terms. *See O'Brien*, 7 N.Y.3d at 242; *Empire State*, 15 N.Y.3d at 437-38.

The SAC alleges only that the directors "were aware of multiple claims of sexual misconduct against [Weinstein], which were settled prior to the initiation of litigation." (SAC ¶ 34.) The SAC contains no description of those alleged claims, and more importantly, no indication of when or how they were disclosed, or to which of TWC's nine directors. *See Alsaud*, 12 F. Supp. 3d at 680; *Noonan v. City of New York*, No. 14-CV-4084, 2015 U.S. Dist. LEXIS 83451, at *8-9 (S.D.N.Y. June 26, 2015). Accordingly, Plaintiff has not alleged that the Outside Directors knew of Weinstein's alleged propensity to commit sexual assault. *See, e.g.*, *Dilworth v. Goldberg*, No. 10-CV-2224, 2011 U.S. Dist. LEXIS 82392, at *86-88 (S.D.N.Y. July 28, 2011), *report and recommendation adopted in relevant part*, 2011 U.S. Dist. LEXIS 112329 (S.D.N.Y. Sept. 30, 2011).

**C. Plaintiff Fails to Plead the "Premises" Element**

Plaintiff contends that the "premises" element is also expendable when a corporate officer and tortfeasor are both agents of the same employer. (Opp. at 21-22.) That is not the law. The alleged torts must occur on or with the defendant's property. *See Ehrens*, 385 F.3d at 235-36; *Alsaud*, 12 F. Supp. 3d at 683-84; *John Doe 1 v. Bd. of Educ. of Greenport Union Free Sch. Dist.*, 100 A.D.3d 703, 705 (2d Dep't 2012); *Milosevic v. O'Donnell*, 89 A.D.3d 628, 629 (1st Dep't 2011). Plaintiff offers no meaningful response to these authorities. The Court should not deviate from the "vast weight of authority" requiring Plaintiff to allege the premises element. *Alsaud*, 12 F. Supp. 3d at 683-84.

Plaintiff does not dispute that the alleged assaults took place at a Beverly Hills hotel to which the Outside Directors have no connection. Instead, Plaintiff points to Weinstein's use of "TWC resources" (*i.e.*, "a TWC television project and TWC-paid hotel room") in connection with the alleged torts. (Opp. at 25.) But those "resources" are neither real nor personal property of the Outside Directors, and there is no allegation that TWC—let alone the Outside Directors—

own the hotel. Plaintiff's negligent supervision claim fails because the alleged assault occurred at a private hotel room, not on the Outside Directors' premises. *See Alsaud*, 12 F. Supp. 3d at 681-82 (hotel room was not employer's property); *Canosa v. Ziff*, No. 18-CV-4115, 2019 U.S. Dist. LEXIS 13263, at *40-41 (S.D.N.Y. Jan. 28, 2019) (dismissing negligent supervision claim against TWC directors because attack occurred at hotel, not on defendants' premises).

## IV. AMENDMENT WOULD BE FUTILE

Another amendment cannot cure the defects in Plaintiff's claims against the Outside Directors: additional facts cannot create a duty where none exists or change the location of the alleged assaults. *See Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229, 268-69 (S.D.N.Y. 2011). Plaintiff offers no explanation as to how amendment will cure the infirmities that have persisted in her serial pleadings. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014); *Sullivan v. Barclays PLC*, No. 13-CV-2811, 2017 U.S. Dist. LEXIS 71668, at *10-11 (S.D.N.Y. Apr. 17, 2017) (denying leave to amend "in light of repeated failure to cure deficiencies by amendments previously allowed") (quotations omitted).[16] Leave to amend should be denied. *See Canosa*, 2019 U.S. Dist. LEXIS 13263, at *71-72.

## CONCLUSION

For the reasons discussed above, the SAC's Fifth and Sixth Causes of Action against Messrs. Jones, Sarnoff and Ziff should be dismissed with prejudice.

[16] This Court, moreover, already provided Plaintiff an opportunity to re-plead her case with the benefit of the Outside Directors' opening brief. *See* Individual Rules & Practices in Civil Cases 4(C). Plaintiff declined.

Dated: March 1, 2019
New York, New York

By: */s/ James V. Masella, III*
James V. Masella, III
(jmasella@pbwt.com)
Alejandro H. Cruz
(acruz@pbwt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222

*Attorneys for Defendant Paul Tudor Jones*

By: */s/ Lawrence S. Spiegel*
Lawrence S. Spiegel[17]
(lawrence.spiegel@skadden.com)
Abigail E. Davis
(abigail.sheehan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, New York 10036
Telephone: (212) 735-3000
Fax: (212) 735-2000/1

*Attorneys for Defendant Dirk Ziff*

By: */s/ Marvin S. Putnam*
Marvin S. Putnam[18]
(marvin.putnam@lw.com)
Laura R. Washington
(laura.washington@lw.com)
(admitted *pro hac vice*)
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone: (424) 653-5588
Fax: (424) 653-5501

*Attorneys for Defendant Tim Sarnoff*

[17] Electronic signature used with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

[18] Electronic signature used with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.