**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE, an Individual,

                      Plaintiff,

         v.

THE WEINSTEIN COMPANY LLC, THE
WEINSTEIN COMPANY HOLDINGS LLC,
HARVEY WEINSTEIN, ROBERT WEINSTEIN,
LANCE MAEROV, RICHARD KOENIGSBERG,
TARAK BEN AMMAR, DIRK ZIFF, TIM
SARNOFF, PAUL TUDOR JONES, JEFF
SACKMAN, and JAMES DOLAN,

                    Defendants.

Civil Action No. 1:18-cv-05414 (RA)

**<u>ORAL ARGUMENT REQUESTED</u>**


**DEFENDANT ROBERT WEINSTEIN'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF HIS MOTION TO DISMISS**
**<u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**


SCHULTE ROTH & ZABEL LLP

919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

*Attorneys for Defendant Robert Weinstein*

## PRELIMINARY STATEMENT

What is most significant about Plaintiff's opposition brief ("Opposition" or "Opp.")[1] as it relates to Robert Weinstein is not what it says, but, instead, what it does not say.  Plaintiff does not and cannot point to any allegations in the Second Amended Complaint ("SAC") suggesting that Mr. Weinstein had any dealings with Plaintiff, or that he had anything to do with or even knew about Harvey Weinstein's purported sexual assaults of Plaintiff.  And Plaintiff cannot point to any non-conclusory allegations suggesting that the SAC treats Mr. Weinstein differently from the other former directors of TWC.  To the contrary, the Opposition includes Mr. Weinstein as part of the group of defendants referred to as the "Director Defendants."  (*See* Opp. at 1.)[2]  As the Outside Directors' Reply makes clear, Plaintiffs' allegations are insufficient to sustain a claim against any member of that group, including Mr. Weinstein.

## ARGUMENT

Other than noting that he was a member of TWC's board (Opp. at 1, 4), the Opposition only specifically mentions Mr. Weinstein three times.  And, as set forth below, none of those references comes close to refuting Mr. Weinstein's arguments as to the insufficiency of Plaintiff's claims against him.

First, the Opposition embellishes the SAC's allegation that Mr. Weinstein "paid for prior settlements of claims made by women against his brother" while they worked together at

---

[1] Unless otherwise noted, abbreviations and capitalized terms used herein conform to those used in Robert Weinstein's brief in support of his motion to dismiss (ECF No. 96) ("Mov. Br.").

[2] Accordingly, Mr. Weinstein's Moving Brief argued that all of the arguments made in the brief filed by Outside Directors Paul Tudor Jones, Tim Sarnoff and Dirk Ziff (ECF No. 94) applied equally to him (*see* Mov. Br. at 2)—which nowhere does the Opposition dispute.  For similar reasons, and to avoid unnecessary duplication, Mr. Weinstein relies on and incorporates by reference herein arguments made in the reply briefs filed contemporaneously herewith by those Defendants (ECF No. 123) ("Outside Dir. Reply") and by Director Defendants Lance Maerov and Jeff Sackman (ECF No. 124) ("Maerov-Sackman Reply").  Accordingly, the arguments set forth below are largely limited to issues unique to Mr. Weinstein.

Miramax.  (SAC ¶ 35; *see* Opp. at 4.)  After Mr. Weinstein argued in his Moving Brief that the SAC did not allege what, if anything, he knew about the claims or that they even related to sexual misconduct (Mov. Br. at 3), Plaintiff seeks to bolster her vague allegation by asserting for the first time in her Opposition that those claims were "similar" to claims of sexual misconduct. (Opp. at 4.)  Putting aside that the SAC made the settlement allegation "upon information and belief" in the first place,[3] it is beyond cavil that Plaintiff cannot amend her pleading through her Opposition.  *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998).  Plaintiff simply cannot point to a single allegation in the SAC remotely sufficient to support an inference that Mr. Weinstein's purported role in settling unspecified claims years ago against Harvey Weinstein somehow made him aware of specific prior acts of sexual assault by his brother.

In fact, Judge Sweet deemed an identical allegation that Mr. Weinstein "'paid for prior settlements of claims made by women against [Harvey Weinstein]'" to be insufficient to sustain a claim against Mr. Weinstein in *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018 (quoting plaintiff's complaint)).  This and the plaintiff's other allegations were too conclusory, Judge Sweet held, to adequately plead Mr. Weinstein's knowledge of his brother's alleged scheme to use force against women.  *Id.* at 523-25.  The Opposition offers no reason why the outcome should be any different here.[4]

---

[3] "Though a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' … such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'"  *Vlad-Berindan v. MTA N.Y.C. Transit*, No. 14-cv-675 (RJS), 2014 WL 6982929, at *5 (S.D.N.Y. Dec. 10, 2014) (citations omitted).  As the Moving Brief showed, there is not a single such accompanying fact here.  (*See* Mov. Br. at 3.)

[4] In another of the Opposition's three references to Mr. Weinstein, Plaintiff argues that *Noble* has "no bearing" on this case because it involved an assault that allegedly occurred in 2014.  (Opp. at 15 n.6.)  But the allegation involving the prior settlements goes back to Mr. Weinstein's time at Miramax, long before 2014 or Plaintiff's alleged assaults in 2015 and 2016 (*see* SAC ¶ 23), and hence Judge Sweet's ruling that this allegation is insufficient to plead Mr. Weinstein's knowledge of his brother's alleged sexual misconduct applies equally to Plaintiff's claims.

Next, citing four paragraphs in the SAC, the Opposition argues that Mr. Weinstein "knew of additional claims by women against Harvey Weinstein from when they worked together at Miramax." (Opp. at 15 (citing SAC ¶¶ 31-32, 34-35).)  The allegations from the SAC on which Plaintiff relies tell a different story.  The first two paragraphs do not even mention Mr. Weinstein and, instead, describe the knowledge of *other* TWC and Miramax employees.  But Plaintiff must adequately allege that *Mr. Weinstein* had knowledge of Harvey Weinstein's misconduct—the knowledge of his colleagues is not enough.  *See Snickles v. Gabryszak*, 57 Misc. 3d 1206(A)(table), 2015 WL 13617330, at *4 (Sup. Ct. Erie Cty. Oct. 28, 2015) ("allegations that [defendant] knew of [sexual harasser]'s actions because [plaintiff] complained to [another defendant]" not sufficient), *aff'd*, 153 A.D.3d 1671 (4th Dep't 2017); *Khapesi v. City of New York*, No. 13 civ. 4391(KBF), 2014 WL 2605342, at *7-11 (S.D.N.Y. June 10, 2014) (granting prison officials' motion to dismiss claims arising out of sexual abuse of inmate for lack of sufficient knowledge allegations, even though other prison employees were alleged to have known of misconduct).

The third cited paragraph merely alleges in conclusory fashion that *all* of the "Director Defendants were aware of multiple claims of sexual misconduct against [Harvey Weinstein], which were settled prior to the initiation of litigation" (SAC ¶ 34), and the fourth contains the same vague and inadequate allegation addressed above regarding Mr. Weinstein's purported role in paying for settlements (*id.* ¶ 35).  None of these allegations, singly or in combination, is sufficient to plead that Mr. Weinstein was "aware of specific prior acts or allegations against" Harvey Weinstein for sexual assault, as is necessary to withstand this motion.  (Mov. Br. at 4 (quoting *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014)); *see also* Outside Dir. Reply at 9; Maerov-Sackman Reply at 5-7.)

Moreover, as set forth in the Moving Brief and the other Directors' reply briefs, this is far from the only defect with Plaintiff's claims against Mr. Weinstein—which, as the Opposition underscores, do not remotely satisfy the other elements required to stave off dismissal.

First, the Opposition does not and cannot point to an allegation in the SAC plausibly pleading that Mr. Weinstein or any of the other Director Defendants owed any legally cognizable duty to Plaintiff.  (Outside Dir. Reply at 2-6; Maerov-Sackman Reply at 9-10.)

Additionally, Plaintiff's negligent supervision claim against Mr. Weinstein cannot stand absent adequate allegations that he was Harvey Weinstein's employer.  But in the Opposition, Plaintiff concedes that the SAC alleges that TWC was Harvey Weinstein's "formal employer." (Opp. at 3.)  Stuck with the SAC's allegations, Plaintiff argues (although not specifically as to Mr. Weinstein) that an individual officer or director can be liable for negligent supervision of a tortfeasor-employee whether or not an employer-employee relationship exists.  (*Id.* at 21-22.) Plaintiff is wrong, and the principal case on which she relies, *Krystal G. v. Roman Catholic Diocese of Brooklyn*, 933 N.Y.S.2d 515 (Sup. Ct. Kings Cty. 2011), is an "outlier" on this issue, *Alsaud*, 12 F. Supp. 3d at 684, and in conflict with the overwhelming weight of authority in this circuit.[5]  *See, e.g.*, *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004); *Kovalchik v. City of New York*, No. 09-cv-4546 (RA), 2014 WL 4652478, at *8-9 (S.D.N.Y. Sept. 18, 2014) (Abrams, J.); *Chylinski v. Bank of Am., N.A.*, 630 F. Supp. 2d 218, 222 (D. Conn. 2009) ("courts have not recognized a claim for negligent hiring or retention against a manager, as opposed to the employer itself"); *see also* Outside Dir. Reply at 7; Maerov-Sackman Reply at 2-5.[6]

---

[5] Even if the holding in *Krystal G.* was correct, that case is readily distinguishable because the defendant-pastor was the direct supervisor of the alleged tortfeasor.  *See* 933 N.Y.S.2d at 522-23.  Here, the SAC does not and cannot allege that Mr. Weinstein was Harvey Weinstein's "supervisor" or directed or controlled Harvey Weinstein in any way.

[6] Contrary to Plaintiff's suggestion (*see* Opp. at 14 n.5, 17-18), the fact that Harvey Weinstein was the co-CEO and co-Chairman of TWC rather than an employee in its "middle or lower echelons" does not mean he was employed by

Similarly, the Opposition fails to direct the Court to any allegations in the SAC that either alleged assault of Plaintiff occurred on premises owned by, or using property belonging to, Mr. Weinstein—which also is fatal to the SAC's negligent supervision claim against him.  (*See* Outside Dir. Reply at 9-10; Maerov-Sackman Reply at 7-8.)  That is because there are no such allegations.  To the contrary, the SAC alleges that the assaults occurred at the Montage Hotel in Beverly Hills.  (SAC ¶¶ 27-28.)

Indeed, Plaintiff virtually concedes this point in the Opposition, where she contends only that Harvey Weinstein used "TWC resources" in connection with the two alleged assaults, *i.e.*, "a TWC television project and TWC-paid hotel room."  (Opp. at 25.)  But that does not suffice to state a claim for negligent supervision against TWC, let alone an individual TWC director such as Mr. Weinstein.  For that very reason, Judge Engelmayer recently dismissed negligent supervision claims against TWC, Mr. Weinstein and other TWC directors for failure to plead the premises-or-chattels element in circumstances indistinguishable from those here—where the plaintiff alleged she had been assaulted in hotel rooms paid for by TWC while meeting with Harvey Weinstein to discuss the plaintiff's work on TWC projects.  *Canosa v. Ziff*, No. 18 Civ. 4115 (PAE), 2019 WL 498865, at *2-3, *16 (S.D.N.Y. Jan. 28, 2019); *accord Alsaud*, 12 F. Supp. 3d at 684 (premises-or-chattels element not satisfied where assault occurred in private hotel room).  The same conclusion is compelled here.

---

Mr. Weinstein or the other Directors.  In fact, Plaintiff's attempt to distinguish the Third Circuit's holding in *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470 (3d Cir. 2013), on that ground is simply wrong.  The purported tortfeasor in *Belmont*, just like Harvey Weinstein, was the president of the company, its co-managing partner, and a member of its board.  *Id.* at 478.  Nevertheless, in rejecting the negligent supervision claims against the directors, the Third Circuit found that the requisite employment relationship did not exist.  *See id.* at 488-91.

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in Mr. Weinstein's Moving

Brief and the Outside Directors' briefs, the Court should dismiss both causes of action asserted

against Mr. Weinstein in the SAC in their entirety and with prejudice.

Dated: New York, New York
      March 1, 2019

                  SCHULTE ROTH & ZABEL LLP

                  By:   /s/ Gary Stein
                        Barry A. Bohrer
                        Gary Stein
                        Brian T. Kohn
                        Abigail F. Coster

                        919 Third Avenue
                        New York, NY 10022
                        Telephone: (212) 756-2000
                        Facsimile: (212) 593-5955
                        E-mail: barry.bohrer@srz.com
                                gary.stein@srz.com
                                brian.kohn@srz.com
                                abigail.coster@srz.com

                      *Attorneys for Defendant Robert Weinstein*