**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

May 17, 2019

**VIA ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>David v. The Weinstein Co. LLC, et al., No. 18-cv-05414 (RA)</u>

Dear Judge Abrams:

We represent Plaintiff Wedil David in the above matter. On April 25, 2019, the Court issued an Opinion and Order granting the Director Defendants' motion to dismiss (the "Opinion"), and granting Plaintiff leave to further amend her complaint if she had a good faith basis to do so. Pursuant to that Opinion, we have today filed a Third Amended Complaint on Plaintiff's behalf. For the convenience of the Court and counsel, we are attaching to this letter a redline text comparison of the Third Amended Complaint and the Second Amended Complaint. <u>See</u> Ex A.

The Third Amended Complaint reflects three types of changes to Plaintiff's claims:

      1) Plaintiff has added allegations against the individual Director Defendants to address issues that the Director Defendants raised in support of their motion to dismiss, but were not ultimately decided in the Opinion. For example, the Director Defendants argued that the inclusion of the 2015 employment contract was a "*de facto* amendment of the SAC" and should not be considered by the Court. <u>See</u> Dkt. No. 123, at p. 4. However, other than with respect to Defendant Robert Weinstein, as discussed below, Plaintiff does *not* contend that these additional allegations support a different result on the Director Defendants' motion to dismiss, assuming that the Court adheres to the legal analysis on the chattels and premises element of Plaintiff's negligent supervision and retention claim.[1] Rather, Plaintiff has included these additional allegations in the Third Amended Complaint because they relate to alternative arguments raised by the Director Defendants that were not the basis of the Court's Opinion, but which could become relevant at such time that Plaintiff appeals the dismissal of her claims against the Director Defendants.

---

[1] Plaintiff respectfully disagrees with the Court's grant of the Director Defendants' motion to dismiss, but acknowledges that there is no basis to seek reconsideration of that decision under the standards contained in Local Civil Rule 6.3.



The Honorable Ronnie Abrams<br>
May 17, 2019<br>
Page 2 of 2

  2) Plaintiff has added allegations concerning Defendant Robert Weinstein, which address the deficiencies that the Court identified in the Opinion with respect to Plaintiff's general negligence claim against Robert Weinstein.  As set forth in the Third Amended Complaint, Robert Weinstein is in a materially different position than the other Director Defendants because he was also the Co-Chief Executive Officer of the Companies and had previously helped conceal Defendant Harvey Weinstein's sexual misconduct while at Miramax. In addition, during the relevant period, Robert Weinstein worked from the Companies' Los Angeles office.  Under California law, the question of duty is "decided on a case-by-case basis" and "foreseeability of the risk is a primary consideration in establishing the element of duty."  <u>Weirum v. RKO General, Inc.</u>, 15 Cal. 3d 40, 46 (Cal. 1975).  Based on this difference and the facts set forth in the Third Amended Complaint, Robert Weinstein owed Plaintiff a duty of care and Plaintiff has more than plausibly alleged that his negligent conduct caused Plaintiff to be sexually assaulted and raped by Harvey Weinstein.

  3) Plaintiff has added an additional cause of action against Harvey Weinstein and the Weinstein Companies under the Trafficking Victims Protection Act, 18 U.S.C. § 1591.  This cause of action is not related to any of the matters addressed in the Opinion, but is supported by Judge Engelmeyer's decision in <u>Canosa v. Ziff</u>, No. 18 Civ. 4115, 2019 WL 498865, at *23 (S.D.N.Y. Jan. 28, 2019), which was issued after the Second Amended Complaint in this action was filed.  Harvey Weinstein and the Companies will not be prejudiced by the addition of this claim since they have yet to file an answer or motion to dismiss.

We are available to provide any additional information that the Court requires in connection with the filing of the Third Amended Complaint.

Respectfully submitted,

Douglas H. Wigdor

Enc.

cc: All Counsel of Record (*via* ECF)