# Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Gary Stein
212.756.2441

Writer's E-mail Address
gary.stein@srz.com

September 12, 2019

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Wedil David v. The Weinstein Company LLC, et al.*, No. 1:18-cv-05414 (RA)

Dear Judge Abrams:

We are counsel for Defendant Robert Weinstein ("Mr. Weinstein") in the above-referenced action.  We write in response to the letter from Plaintiff's counsel, dated September 10, 2019 (ECF No. 178), in which Plaintiff asks the Court to conduct a scheduling conference pursuant to Fed. R. Civ. P. 16(b) and direct Mr. Weinstein and the other parties to submit a discovery plan pursuant to Fed. R. Civ. P. 26(f), notwithstanding Mr. Weinstein's pending motion to dismiss the sole claim asserted against him in the Third Amended Complaint ("TAC").

For the reasons set forth below, the ostensible reason for Plaintiff's request—to enable Plaintiff to take discovery of Mr. Weinstein prior to the Court's resolution of his fully-briefed motion to dismiss—is baseless and should be swiftly rejected.  Accordingly, there is no need for a Rule 16(b) conference or submission of a Rule 26(f) discovery plan at this time insofar as Mr. Weinstein is concerned.

Further, to the extent a ulterior purpose of Plaintiff's letter is to have the Court consider, in ruling on Mr. Weinstein's motion to dismiss, an email attached as an exhibit to her letter but nowhere referenced in the TAC, that request is also wholly improper.  And even if the Court were to consider the email, it does nothing to remedy the pleading deficiencies that require dismissal of Plaintiff's claim against Mr. Weinstein.

## I.    There Is No Basis for Allowing Discovery of Mr. Weinstein While His Motion to Dismiss Is Pending.

On November 27, 2018, in connection with setting a briefing schedule on the motions to dismiss the Second Amended Complaint of Mr. Weinstein and the other Defendants, this Court ordered that "[d]iscovery in this case shall be stayed pending resolution of these motions."  (ECF No. 106 (the "Stay Order").)  This Court's Stay Order was consistent with the

The Honorable Ronnie Abrams
September 12, 2019
Page 2

general practice in this courthouse and drew no objection from Plaintiff at the time. Indeed, in the nearly two years since Plaintiff first filed her action, she has never previously suggested that discovery should go forward as to Mr. Weinstein. Nothing has changed and there is no basis to modify the Stay Order now as to Mr. Weinstein.

Plaintiff's two arguments in support of her request are both patently without merit. First, Plaintiff argues that "discovery should be taken on the choice of law and duty issues raised in the motion to dismiss." (ECF No. 178 at 1.) But requesting discovery for the avowed purpose of helping Plaintiff survive a motion to dismiss is wholly improper. It is settled law that courts consider only the sufficiency of the complaint's allegations in deciding Rule 12(b)(6) motions and plaintiffs are not entitled to discovery to help them frame their claim or oppose a motion to dismiss. *See, e.g.*, *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 114 (2d Cir. 2009) ("*before* proceeding to discovery, a complaint must allege facts suggestive of illegal conduct, and a plaintiff whose complaint is deficient under Rule 8 … *is not entitled to discovery*") (emphasis added; citations omitted); *Mayes v. New York City Police Dep't*, No. 10 Civ. 1690 (JSR)(JLC), 2011 WL 2206739, at *2 n.2 (S.D.N.Y. June 6, 2011) (plaintiff "is not entitled to discovery that would support a viable claim prior to the Court's ruling on the motion to dismiss"); *Johnson v. Cnty. of Nassau*, 411 F. Supp. 2d 171, 176 (E.D.N.Y. 2006) (plaintiff's request that court deny motion to dismiss until he had opportunity for discovery "puts the cart before the horse and ignores the fact that discovery has to be tied to a pleading which passes muster under Rule 12(b)(6)").

Accordingly, discovery on the "duty issues raised in [Mr. Weinstein's] motion to dismiss" is unwarranted unless and until the Court *first* rules that the TAC adequately alleges the requisite duty of care—which, as demonstrated in Mr. Weinstein's motion to dismiss, and as tacitly conceded by Plaintiff's request, the TAC fails to do. Moreover, despite her previous suggestion that California law should apply instead of New York law, Plaintiff conceded in her Opposition to the pending dismissal motion that no conflict exists and that a choice of law analysis is not even necessary. (ECF No. 170, at 6, 8.) Given that concession, her request for choice of law discovery not only comes far too late, but also is irrelevant to the pending motion.

Second, Plaintiff argues that even if the Court dismisses the negligence claim against Mr. Weinstein, he is still a witness with information "relevant to the negligence claims against the Companies that are moving forward to discovery." (ECF No. 178, at 1–2.) But that is no reason for subjecting Mr. Weinstein to discovery before his motion to dismiss is resolved. If this Court dismisses Plaintiff's claim against him, Mr. Weinstein would no longer be a party to this action. Any discovery he might be asked to provide (upon service of a proper Rule 45 subpoena) would be as a non-party, and "[a]s a general matter, courts are more sensitive to the burdens of discovery when they would be placed on third parties." *Sahu v. Union Carbide Corp.*, 262 F.R.D. 308, 317 (S.D.N.Y. 2009); *see* Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii) (imposing duty on party issuing non-party subpoena to "take reasonable steps to avoid imposing undue burden or expense" on non-party and authorizing court to protect non-party "from significant expense resulting from compliance"). Accordingly, Mr. Weinstein's status in this action should be resolved before Plaintiff is permitted to seek discovery from him.

The Honorable Ronnie Abrams
September 12, 2019
Page 3

Finally, continuing to stay discovery pending this Court's decision on Mr. Weinstein's motion to dismiss would not prejudice Plaintiff in any conceivable way. As set forth above, even if Plaintiff was permitted to take discovery now, it would have no bearing on the motion to dismiss. Moreover, Plaintiff filed her initial complaint nearly two years ago, yet has never previously sought discovery from Mr. Weinstein. Plaintiff's letter offers *no* explanation for why discovery of Mr. Weinstein all of a sudden is necessary now or how she would suffer *any* prejudice by waiting until the Court's decision on his motion. By contrast, Mr. Weinstein would suffer significant prejudice—including undue burden, legal fees, and loss of the protections afforded non-parties under Rule 45—if he is required to participate in discovery now as a party and the Court subsequently grants his motion to dismiss.

The inappropriateness of Plaintiff's thirteenth-hour request is underscored by the fact that this Court granted Mr. Weinstein's motion to dismiss the negligence claim asserted in Plaintiff's prior complaint for failure to allege the existence of a duty of care. *David v. The Weinstein Co. LLC*, No. 18-cv-5414 (RA), 2019 WL 1864073, at *6–7 (S.D.N.Y. Apr. 24, 2019). As set forth in Mr. Weinstein's briefs in support of his motion to dismiss the TAC (ECF Nos. 168, 176), none of Plaintiff's new allegations—virtually all of which relate to Mr. Weinstein's purported knowledge of Harvey Weinstein's alleged prior misconduct—remedy that fatal deficiency, and it is thus highly likely that Mr. Weinstein's current motion also will be granted.

In sum, the Court should deny Plaintiff's request to require Mr. Weinstein to begin participating in the discovery process and should leave the Stay Order intact insofar as it applies to Mr. Weinstein.[1]

## II.    The Court Should Reject Plaintiff's Improper Last-Ditch Attempt to Raise New Allegations Not Contained in Her Complaint.

Plaintiff purportedly seeks to support her discovery request by relying on an email Mr. Weinstein wrote to Harvey Weinstein in 2015, even though the TAC contains not a single allegation about it. But that email plainly has no bearing on her discovery request and Plaintiff does not genuinely claim that it does. Instead, it is evident that the email was attached to Plaintiff's letter in a backdoor attempt to bolster Plaintiff's Opposition to Mr. Weinstein's motion to dismiss.

Plaintiff's last-ditch attempt to stave off dismissal by injecting new allegations extraneous to the TAC is improper and should be rejected. It is improper because Plaintiff's letter is a de facto sur-reply, which Plaintiff's counsel did not seek or obtain leave to file. *See, e.g.*, *Holland v. JPMorgan Chase Bank, N.A.*, 19 Civ. 00233 (PAE), 2019 WL 4054834, at *3, 7 (S.D.N.Y. Aug. 28, 2019) (proper to disregard plaintiff's "procedurally improper" arguments and

---

[1] In light of the existing Stay Order, it is unnecessary for Mr. Weinstein to move for a stay of discovery. In any event, given the strength of Mr. Weinstein's motion to dismiss, the fact that the motion is fully briefed, the apparent breadth of discovery Plaintiff intends to seek, and the absence of any prejudice to Plaintiff from the short delay needed to resolve the motion, the circumstances here would plainly constitute "good cause" warranting a stay of discovery during the pendency of a motion to dismiss. *See, e.g.*, *O'Sullivan v. Deutsche Bank AG*, 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *3-4 (S.D.N.Y. Apr. 26, 2018) (granting discovery stay); *Picture Patents, LLC v. Terra Holdings LLC*, 07 CIV. 5465 JGK/HBP, 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008) (same).

The Honorable Ronnie Abrams
September 12, 2019
Page 4

exhibits contained in a supplemental pleading filed without permission of the Court after motion to dismiss was fully briefed).  It also is improper because, under well-settled law, Plaintiff is not permitted to supplement the TAC by asserting new factual allegations through documents submitted in opposition to Mr. Weinstein's motion to dismiss.  *See, e.g., Janbay v. Canadian Solar, Inc.*, No. 10 Civ. 4430, 2013 WL 1287326, at *7 (S.D.N.Y. Mar. 28, 2013) ("[A] party is not entitled to amend its complaint through statements made in its opposition memoranda to a motion to dismiss." (citations omitted)); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122–23 (S.D.N.Y. 2010) ("Courts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss.").  For both of these reasons, the Court should disregard Plaintiff's submission of the email in deciding Mr. Weinstein's motion to dismiss.

But even if Mr. Weinstein's email appropriately could be considered by the Court, it provides no support for Plaintiff's negligence claim against him.  Nothing in Mr. Weinstein's email (which Mr. Weinstein voluntarily provided to the authors of the book in which it was published) remotely suggests that he knew that his brother had committed rapes or sexual assaults.  Instead, the email actually demonstrates that Mr. Weinstein believed that Harvey Weinstein's encounters with women were consensual.  And that is no different than the TAC, which alleges that Mr. Weinstein "admitted" that "Harvey was philandering with every woman he could meet" (TAC ¶ 63), and that he was a "bully[] [who] … was arrogant" and "treated people like shit all the time."  (*Id.* ¶ 66; *see also id.* ¶ 74.)

Regardless, even if Mr. Weinstein's email—considered out of context—somehow was interpreted to support Plaintiff's claim that he knew about Harvey Weinstein's alleged rapes or sexual assaults, that still could not save the TAC's negligence claim against Mr. Weinstein.  Simply put (and as addressed in detail in Mr. Weinstein's briefs), the email (like the allegations in the TAC) does not show or suggest that Mr. Weinstein *did* anything to participate in or direct any tortious acts committed by Harvey Weinstein, as would be necessary to plead that Mr. Weinstein owed Plaintiff a duty of care based on his purported misfeasance, as Plaintiff argued in her Opposition.  (*See* ECF No. 176 at 2–9.)  Nor does the email in any way support the existence of a "special relationship" that would be necessary to give rise to a duty based on nonfeasance.  (*See* ECF No. 168 at 9–14.)  Thus, even if Plaintiff had included allegations about the email in the TAC, she would be no closer to adequately alleging that Mr. Weinstein owed her any duty.

Respectfully submitted,

/s/ Gary Stein
Gary Stein


cc:  All Counsel (via ECF)