# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Bryan L. Arbeit**
barbeit@wigdorlaw.com

November 13, 2019

**VIA ECF**

The Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   David v. The Weinstein Co. LLC, et al., No. 18-cv-05414 (RA)(KNF)

Dear Judge Fox:

We represent Plaintiff Wedil David and write to oppose Defendant Harvey Weinstein's request for a court conference to ask for a four month stay of discovery for all parties. See Dkt. No. 189. Harvey Weinstein's counsel, Elior Shiloh, Esq., argues in his letter to Your Honor that a stay is warranted because the "landscape has changed greatly as the motion [to stay before Judge Abrams] was not heard when the criminal trial was imminent." Dkt. No. 189 at p. 2. But at the April 4, 2019 oral argument on the motion to stay, Mr. Shiloh told Judge Abrams that there was a June 3, 2019 "firm criminal trial date," and similarly told Judge Abrams that the "landscape has changed" since Harvey's same motion to stay was denied in a separate civil proceeding. See Ex. 1, Dkt. No. 159, Tr. at 15. Mr. Shiloh also argued at the April 4, 2019 oral argument, as he does here, that "justice calls or cries out for a six month stay here so that somebody can properly defend himself and focus with this criminal counsel on claims that can put him in jails for 25 years to life." See Id. at 18. Despite Mr. Shiloh's representations and arguments, Judge Abrams denied Harvey Weinstein's motion to stay all discovery pending his criminal proceeding while allowing Harvey Weinstein to "identify ***particular*** aspects of the instant action (e.g. deposition, interrogatories, etc.) that he believes will ***unduly burden*** the exercise of his Fifth Amendment rights, and the Court will determine whether to stay these aspects of the litigation." Dkt. No. 134 (emphasis added). Harvey Weinstein's instant application for a four month stay for all parties is inconsistent with Judge Abram's prior order and should not be entertained by Your Honor. As discussed in our letter with a proposed scheduling order, Plaintiff will confer with Harvey Weinstein about the terms of a protective order that can guard against an undue burden on his Fifth Amendments rights in the criminal proceeding, which will obviate the need to stay any aspect of this action.

Finally, while Harvey Weinstein claims in his letter that he is not trying to delay discovery or avoid his discovery obligations, his multiple requests to stay discovery and refusal to participate in



a Rule 26(f) conference say otherwise.  Plaintiff respectfully requests that Your Honor deny Harvey Weinstein's request for a court conference and a four month stay of discovery, and instead so-order the scheduling order proposed by Plaintiff.

Respectfully submitted,

Bryan L. Arbeit

cc:     All Counsel of Record (*via* ECF)