

| | |
|---|---|
| Ira S. Nesenoff | Barbara H. Trapasso |
| Andrew T. Miltenberg | Tara J. Davis |
| ——————— | Diana R. Warshow |
| Stuart Bernstein | Gabrielle M. Vinci |
| | Kara L. Gorycki |
| | Cindy A. Singh |
| | Nicholas E. Lewis |
| | Adrienne D. Levy |
| | Ryaan Nizam |
| | Regina M. Federico |

Philip A. Byler
*Senior Litigation Counsel*
Rebecca C. Nunberg
*Counsel*
Jeffrey S. Berkowitz
*Counsel*
Marybeth Sydor
*Title IX Consultant*

ATTORNEYS AT LAW
nmllplaw.com

February 7, 2020

**VIA ECF**
The Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

>  Re:   ***Wedil David v. The Weinstein Company LLC, et al.***
>          **No. 18-cv-05414 (S.D.N.Y.) (RA) (KNF)**

Dear Judge Fox:

The undersigned represents Defendant Harvey Weinstein ("Mr. Weinstein") in the above-referenced action. This letter responds to the letter dated February 4, 2020, by counsel for Plaintiff Wedil David concerning Mr. Weinstein's failure to respond to Plaintiff's interrogatories and document demands.

*First*, allow me to apologize for missing the teleconference on Tuesday of this week. Although my office filed a Substitution of Counsel for Mr. Weinstein on November 26, 2019, my office was not added to the docket for e-filing notices. Neither I nor my firm received notice of the teleconference. Attached as Exhibit 1 is a copy of the notice, and review of it shows that neither I nor my firm are listed as recipients of the notice. In order to avoid any e-filing notice issue moving forward, I have filed a Notice of Appearance. Had I known of the teleconference, of course I would have been on the call.

*Second*, I first learned of Plaintiff's interrogatories and document requests on Wednesday, February 5, 2020. Although the requests were served on December 23, 2019, I can only speculate that given the Holiday season, the press of certain work after Christmas upon my return to office, passing on to me Plaintiff's discovery requests was overlooked. When Plaintiff's counsel sent his deficiency letter on Friday, January 31, 2020, to Andrew Miltenberg and Diana Warshow, but not to me (see Ex. A to the February 4 letter of Plaintiff's counsel to the Court), Mr. Miltenberg and Ms. Warshow were out of the office that Friday and the following Monday. The foregoing is not intended as an excuse, but rather as an explanation of what happened. Mr. Weinstein did not and does not intend to ignore discovery in this matter. In fact, my office timely responded to a


**NESENOFF &
MILTENBERG**LLP
ATTORNEYS AT LAW

Subpoena served on Juda Engelmayer in this matter. Mr. Weinstein intends to respond to the interrogatories and document requests but needs the time that is discussed below.

*Third*, Mr. Weinstein has not adopted a posture of simply ignoring discovery orders. SDNY Judge Paul Engelmayer did issue an Order dated January 15, 2020, in *Alexandra Canosa v. Harvey Weinstein, et al.*, No. 18 Civ. 4115 (S.D.N.Y.), attached as Ex. B to the February 4 letter of Plaintiff's counsel. But a closer look at that Order and the circumstances of its issuance is warranted. The January 15 Order requires Mr. Weinstein in four *weeks* (which will be **February 12, 2020**) to produce (i) the documents requested in Plaintiff Canosa's July 26, 2019 Document Demand and (ii) personal financial statements as demanded by Plaintiff Canosa's counsel, *or* if the documents are not located and produced, to file a declaration by counsel or you stating what efforts were made to locate the documents explaining why the documents were not located, *and* if Mr. Weinstein does not comply, to pay a $200 fine per day to the registry of the Court for non-compliance. It so happens that prior counsel for Mr. Weinstein did not produce documents by November 19, 2019 (an ordered date), in response to Canosa's July 26, 2019 Document Demand and demand for personal financial statements; however, at the December 12, 2019 Court conference, which was the first Court conference in the *Canosa* case I attended, Judge Engelmayer did not address the July 26, 2019 Document Demand and the personal financial statements, and the December 13, 2019 Order did not expressly address Canosa's July 26, 2019 Document Demand and demand for personal financial statements. Attached as Exhibits 2 and 3 are the December 12 transcript and the December 13 Order in the *Canosa* case. After the December 12, 2019 Court conference where the matter was stayed, Canosa's attorneys complained about not getting documents in response to Canosa's July 26, 2019 Document Demand and demand for personal financial statements. The Honorable Judge Engelmayer then ordered Mr. Weinstein to comply with such demands.

*Fourth*, Mr. Weinstein is fully occupied by the ongoing state court criminal trial, about which we are reading daily in the press. No one can doubt that the stakes are extremely high for Mr. Weinstein and that the criminal trial is taking every bit of his attention and his physical and emotional energy that he can muster. I did not brief the issue of a stay pending the state court criminal trial, but I am dealing with the fact that Mr. Weinstein is just not available. With all due respect, I would kindly suggest that in the fulness of time, orders and demands that Mr. Weinstein attend to civil case discovery responsibilities during an ongoing exhausting criminal trial that has the high stakes it does may be viewed as unnecessary piling on at a time when there is no real prejudice and no good sense in not holding off until the criminal trial is over. Therefore, counsel respectfully renews the request for a stay on discovery pending the completion of criminal trial in order to not prejudice Mr. Weinstein and allow him the adequate time and attention necessary to properly focus on his defense of this civil suit.

          **Respectfully submitted,**
          **NESENOFF & MILTENBERG LLP**

          By: */s/ Philip A. Byler*
cc: All Counsel of Record (via ECF)     Philip A. Byler, Esq.