**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Bryan L. Arbeit**
barbeit@wigdorlaw.com

February 10, 2020

<u>VIA ECF</u>

The Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

     Re:    <u>David v. The Weinstein Co. LLC, et al.</u>, No. 18-cv-05414 (RA)(KNF)

Dear Judge Fox:

We represent Plaintiff Wedil David and write in response to Defendant Harvey Weinstein's request for a stay of discovery in lieu of being ordered to respond to Plaintiff's First Set of Interrogatories and Document Requests ("Discovery Requests"). For the reasons discussed below, Defendant Weinstein's fifth request for a stay of discovery should be denied, and Defendant Weinstein should be ordered to fully respond to Plaintiff's Discovery Requests without asserting objections on or before February 28, 2020.

Defendant Weinstein does not dispute that he was properly served with Plaintiff's discovery requests on December 23, 2019, or that he failed to respond to them. Rather, he claims that those requests were somehow "overlooked" by one of his attorneys. However, a "party is presumed to be adequately represented by the counsel of its choice, and hence the failure of counsel – if such it be – to provide timely discovery responses is imputed to the client." <u>Commodity Futures Trading Comm'n v. Int'l Fin. Servs. (New York), Inc.</u>, 323 F. Supp. 2d 482, 510 n.18 (S.D.N.Y. 2004) (internal quotation omitted).

Defendant Weinstein's neglect is not an isolated occurrence. Defendant Weinstein's counsel suggests that they were not at fault for missing the court conference on February 4, 2020 because they did not receive an ECF notification, but counsel was obliged to file a notice of appearance when they took over from previous counsel. <u>See</u> Electronic Filing Rules and Instructions, Southern District of New York, Rule 20.3. Moreover, we emailed counsel for Defendant Weinstein, Andrew Miltenberg, Esq. and Diana Warshow, Esq., shortly after the February 4, 2020 court conference to alert them about the missed court conference and attached a copy of Plaintiff's February 4, 2020 letter motion. We did not receive a response to this email. The most recent failure to respond is part of a pattern of conduct by Defendant Weinstein's counsel to not respond



to or acknowledge several other emails about discovery matters, including Plaintiff's January 31, 2020 letter requesting a meet and confer in advance of the court conference.

Instead of Mr. Miltenberg or Ms. Warshow responding to our email on February 4, 2020, another member of Defendant Weinstein's civil defense team, Phillip A. Byler, Esq., filed a response on ECF requesting yet another stay of discovery.  This is now the fifth time that Defendant Weinstein has requested to stay discovery.  See Dkt. Nos. 134, 180, 184, 189, 193.  Each of these requests have been denied by Judge Abrams or Your Honor.  Defendant Weinstein has had over two years since this action was originally filed to "allow him adequate time and attention necessary to properly focus on his defense of this civil suit," but he has deliberately chosen not to do so.  See Dkt. No. 203 at p.2.[1]  Defendant Weinstein also claims that his criminal trial is "taking every bit of his attention and his physical and emotional energy," but he is represented by a team of different lawyers in the criminal case.  Moreover, despite the exertions of the criminal matter, Defendant Weinstein still manages to engage in social interactions such as hosting a Super Bowl party.  See Sarah Nathan, *Harvey Weinstein threw Super Bowl party hours before appearing to fall asleep in court*, NEW YORK POST (Feb. 5, 2020), available at https://pagesix.com/2020/02/05/harvey-weinstein-threw-super-bowl-party-hours-before-appearing-to-fall-asleep-in-court/.

For these reasons, Plaintiff respectfully requests that Defendant Weinstein's fifth request for a stay of discovery be denied and instead Defendant Weinstein be ordered to fully respond to Plaintiff's Discovery Requests without asserting objections on or before February 28, 2020.

Respectfully submitted,

Bryan L. Arbeit

cc:   All Counsel of Record (*via* ECF)

---

[1]   The discovery requests in the Canosa action were served on July 26, 2019.  Defendant Weinstein has still not responded to those requests over six months later even though the criminal trial was not pending for five of those months.