**WIGDOR LLP**

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Bryan L. Arbeit**
barbeit@wigdorlaw.com

May 8, 2020

**VIA ECF**

The Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    David v. The Weinstein Co. LLC, et al., No. 18-cv-05414 (RA)(KNF)

Dear Judge Fox:

We represent Plaintiff Wedil David and write in response to Defendant Harvey Weinstein's letter requesting reconsideration or clarification of the Court's February 12, 2020 order requiring Mr. Weinstein to respond to Plaintiff's document requests and interrogatories without asserting objections (the "Order").  Dkt. No. 205.

First, Defendant Weinstein's letter requesting reconsideration is improper since a motion for reconsideration must be made by notice and include "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Local Civil Rule 6.3.   Even if Defendant Weinstein's instant request for reconsideration was properly made, it is still untimely.   A motion for reconsideration must be made within 14 days of the date that the order was issued.  Local Civil Rule 6.3.  Here, the Order was issued 86 days ago, and therefore any motion for reconsideration of the Order is untimely.[1]   The fact that Defendant Weinstein switched counsel for the second time after the Order was issued does not help.  On March 4, 2020, Plaintiff emailed Mr. Ansari a copy of the Order – 65 days ago.  Mr. Ansari does not explain why he waited 65 days without attempting to even make an otherwise untimely motion for reconsideration.  Thus, Defendants' letter requesting reconsideration of the Order is improper and untimely.

Second, Defendant Weinstein's alternative request for clarification is meritless because the Order on its face precludes Defendant Weinstein from asserting any objections, and there is no exception for objections based on privilege.  Contrary to Defendant's assertion, moreover, such orders are not unusual in this District when parties fail to meet discovery obligations. See, e.g., Silva v.

---

[1]    Defendant also had the option of appealing the Court's Order to the District Judge pursuant to Fed. R. Civ. P. 72(a), but he elected not to do so.



Cofresi, No. 13 Civ. 3200, 2014 WL 3809095, at *6 (S.D.N.Y. Aug. 1, 2014); Cohalan v. Genie Indus., Inc., 276 F.R.D 161, 163 (S.D.N.Y. 2011); Eldaghar v. City of New York Department of Citywide Administrative Services, No. 02 Civ. 9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003).  Indeed, Mr. Weinstein's former counsel, an experienced Senior Litigation Counsel at Nesenoff & Miltenberg, understood the Order meant that *all* objections were waived.  Counsel did not seek clarification of the Order and did not assert any objections in Defendant's document responses, including objections based on privilege.  See Ex. 1.[2]  Thus, Defendant's attempt to "clarify" the Court's Order and re-write Defendant's own discovery responses should be rejected.

Finally, Defendant Weinstein's improper and untimely motion for reconsideration, and meritless request for clarification, is part of a general pattern of delay and unnecessary motion practice in this action.  Defendant Weinstein unsuccessfully requested to stay discovery five times.  See Dkt. Nos. 134, 180, 184, 189, 193.  Defendant Weinstein's document production was also deficient since Defendant Weinstein claimed to have no responsive documents in his possession, custody or control other than a single presentation created by his publicist.  Ex. 1.  Plaintiff has been diligently pursuing documents in his counsel's possession, as well as other sources, which Mr. Ansari recently agreed to produce by May 15, 2020.   Mr. Ansari only made the instant request after we objected to his intention to withhold documents based on objections that were waived by the Order.  Thus, Defendant Weinstein's new counsel has not meaningful advanced this action, and his present request for reconsideration or clarification is another of Defendant Weinstein's attempts to forestall discovery in this action.

For these foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Weinstein's improper and untimely request for reconsideration or clarification.

Respectfully submitted,

Bryan L. Arbeit

cc:     All Counsel of Record (*via* ECF)

---

[2]     Defendant Weinstein's failure to serve a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2 – months after it would have been due – is yet another reason that Defendant has waived the right to assert a privilege in response to Plaintiff's discovery requests.  Garner v. City of New York, No. 17-CV-843 (JGK)(KNF), 2018 WL 5818109, at *3-4 (S.D.N.Y. Oct. 17, 2018).