UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEDIL DAVID,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE WEINSTEIN COMPANY LLC, THE WEINSTEIN COMPANY HOLDINGS, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN<br><br>　　　　Defendants. | Civil Action No. 1:18-cv-05414(RA)(KNF) |

**PROTECTIVE ORDER**

1.　　This Protective Order (the "Order") is made pursuant to Federal Rule of Civil Procedure 26(c). It shall apply to and govern all information and material that a Disclosing Party (defined herein) designates as "Confidential" during discovery in the above-captioned action. This includes deposition testimony, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, subpoenas and any and all discovery in any form.

2.　　When used in this Order, the phrase "Disclosing Party" shall refer to the parties to the above-captioned action (the "Parties" and each a "Party") or to non-parties who give testimony or produce documents or other material, and the phrase "Receiving Party" shall refer to the Parties or to non-parties who receive any such testimony, documents or other material. The phrase "Designating Party" shall refer to the Parties or non-parties who designate any discovery material as "Confidential."

3. When used in this Order, the word "Document" encompasses all documents or things described in Federal Rule of Civil Procedure 34(a)(1)(A), including electronically stored information (ESI).

4. A Disclosing Party may designate as "Confidential" any document, material, or information that is not publicly available concerning, relating, or reflecting trade secrets, proprietary business information, or other confidential research, design, development, financial or commercial information; non-public personal information, including, but not limited to, social security numbers, home telephone numbers and addresses, tax returns, medical information, credit information, banking information, and insurance information, information the disclosure of which to another Party or non-party the Disclosing Party reasonably believes would likely result in competitive, commercial, financial, or personal harm to the Disclosing Party, and/or other information for which applicable federal or state law requires confidential treatment.

5. A Disclosing party shall designate material as "Confidential" only to the extent that it believes in good faith that such material is in fact "Confidential." However, pursuant to the stipulated "Production Protocol facilitating Plaintiff's and Weinstein's access to TWC's document review database ("TWC's Review Database"), the Parties agree that all documents and information within TWC's Review Database disclosed to Plaintiff and Weinstein are Confidential and will be treated as such under the terms of this protective order. Any Party may challenge the default confidentiality designation of specific documents produced from TWC's Review Database pursuant to paragraph 16 of this order. In the event of such a challenge, the Parties' agreement to initially treat the documents disclosed to Plaintiff and Weinstein in the TWC Review Database as Confidential under this paragraph shall not be deemed an admission or used as evidence in connection with any confidentiality dispute.

6. If it is impracticable for a Disclosing Party to stamp or identify documents as "Confidential" prior to production, the Disclosing Party shall identify in writing the documents that shall be treated as "Confidential" under this Order until the Disclosing Party has had a reasonable opportunity to stamp or identify the particular documents that are "Confidential."

7. Material designated as "Confidential" may be disclosed only to the following persons:

a. The attorneys working on the above-captioned action on behalf of any Party, including attorneys consulting with or advising any Party to the above-captioned action, in-house attorneys, paralegals, and staff, stenographic and clerical employees and contractors working under the direct supervision of such attorneys and necessary to assist with the above-captioned action;

b. The Receiving Party;

c. Any expert or consultant who is expressly retained to assist in connection with the above-captioned action, with disclosure only to the extent reasonably necessary to perform such work; *provided* that any part of a report created by such expert or consultant relying on or incorporating "Confidential" information in whole or in part shall be designated as "Confidential" by the Party responsible for its creation; and *provided further* that the experts or consultants may not use "Confidential" information to their competitive advantage or for any purpose that does not relate to the above-captioned action.

d. Any fact witness or potential fact witness, including employees or agents of any Party, and attorneys for such witnesses, in connection with their testimony or potential testimony in the above-captioned action or the preparation for such testimony; *provided* that any such individual (i) shall not retain any documents designated as "Confidential" if not already in their possession and (ii) shall be informed, prior to being shown materials designated as "Confidential" that he/she is being shown such materials solely for use in the above-captioned action;

e. Any other person designated by written agreement of the Parties, or by order of the Court;

f. Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings in the above-captioned action including, but not limited to, litigation support personnel, jury consultant, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

g. Court reporters and videographers;

h. Any other persons appointed by the Court (and their support staff) assisting in the above-captioned action, if any; and

i. Any person who either prepared the document or is identified on the face of the document as an addressee or copy addressee.

j. Arbitrators or mediators (and their support staff) assisting in the above-captioned action, if any; and

8. The persons described in paragraphs 8(a)-(g), (i) shall have access to materials designated as "Confidential" only after they have been made aware of the provisions of this Order. Counsel shall require the persons described in paragraphs 8(c)-(f) to manifest their assent to be bound by the provisions of this Order by signing a copy of the annexed "Confidentiality Agreement" prior to being afforded access to materials designated as "Confidential," and such persons shall only have access to such materials once they sign a copy of the annexed "Confidentiality Agreement." Notwithstanding the foregoing sentence, the staff of the vendors described in paragraphs 8(f) shall not be required to sign a copy of the annexed "Confidentiality Agreement" so long as one representative of such vendors does so. Counsel shall retain copies of the signed Confidentiality Agreement forms until counsel has fully complied with the provisions

set forth in paragraph 22 of this Order. Any person receiving material designated as "Confidential" shall not disclose that material to any other person, except in conformance with this Order.

9. Notwithstanding the existence of any information sharing agreement or common interest, the Receiving Party may not share materials designated as "Confidential" with any person or entity other than persons or entities who are permitted to receive such information pursuant to paragraph 8 above, unless the Parties consent or the Court enters an Order that permits such sharing.

10. This Court shall retain jurisdiction over this Order, including any proceedings relating to performance under or compliance with the Order. Individuals or entities who receive materials designated as "Confidential" shall be subject to this Order and to the jurisdiction of this Court concerning this Order.

11. The recipient of any material designated as "Confidential" provided under this Order shall maintain such material in a secure and safe area and take reasonable steps to prevent the unauthorized use and/or dissemination of such material.

12. Material designated "Confidential" shall not be copied, reproduced, summarized, extracted, or abstracted, unless all such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

13. Notwithstanding any other provisions in this Order, outside counsel for a party that is a corporation or other type of business entity may provide summaries or characterizations of the evidence in the case to individuals employed by the party who have responsibility to make decisions regarding the defense or settlement of the case. Nothing in this Order is intended to bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this

litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential material.

14. Subject to paragraph 4 above, Disclosing Parties shall designate "Confidential" materials as follows:

a. In the case of documents produced, interrogatory responses, responses to requests to admit, and the information contained therein, a party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. To the extent a document is produced in a form in which placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document is not practicable, the Designating Party may designate the document as confidential by cover letter, image slip sheet, including the designation in the filename, or by affixing a label to the production media containing the document. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall retain the designation and protection. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed, subject to the provisions in paragraph 6 and below. In the event that a Disclosing Party inadvertently fails to designate material as "Confidential," or incorrectly designates a document which needs to be adjusted, that Disclosing Party may, upon agreement of the parties or order of the Court, stamp or otherwise mark the material as "Confidential" at any reasonable time thereafter. If the designation of material as "Confidential" is made orally, except when done so on the record during a deposition pursuant to paragraph 16 below, the Party making the designation shall memorialize the designation in writing within two (2) business days. To the extent such material may have been disclosed by the Receiving Party to anyone not authorized to receive material designated

"Confidential," the Receiving Party shall make reasonable efforts to retrieve the material promptly and to avoid any further such disclosure. Delay in designating material as "Confidential" shall not, in and of itself, be deemed to have effected a waiver of any of the protections of this Order.

15. Deposition transcripts or portions thereof may be designated "Confidential" either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within five (5) business days after the Designating Party's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. Pending the expiration of the five (5) business days, the entire deposition transcript shall be treated as designated "Confidential." Any party may mark materials designated as "Confidential" as a deposition exhibit. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as "Confidential."

16. Nothing in this Order shall be taken as indicating that any particular material is in fact "Confidential" information or entitled to "Confidential" treatment. No Party shall be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, nor shall a Party that has designated materials as "Confidential" contend that any delay by another Party in objecting to the Designating Party's "Confidential" designation in any way (a) lends support to the Designating Party's "Confidential" designation or (b) invalidates or diminishes in any way the objecting Party's challenge of the "Confidential" designation for any such materials. In the event that any Party disagrees at any stage of these proceedings with such designation, counsel for such Party shall notify counsel for the Designating Party in writing (the "Notice"). The objecting Party shall identify each particular document or other material bearing a designation to which it objects and shall specify the reason(s) for the objection. Within three (3) business days of the receipt of the Notice, counsel for the Parties

(and any non-party involved) shall promptly schedule and hold a meet-and-confer to attempt to resolve the dispute on an informal basis consistent with the requirement to confer in good faith under Federal Rule of Civil Procedure 37(a)(1). If the dispute cannot be resolved, the objecting Party may request from the Court any relief that it deems appropriate (which shall have first been raised no later than during the Parties' meet and confer). In the event of a dispute, the Designating Party shall have the burden of establishing that the material in question is "Confidential." The material in question shall retain its "Confidential" status until the Court rules on any such motion.

17. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any "Confidential" material. Any Party that seeks to file any materials containing "Confidential" information must file such material publicly in redacted form, and comply with the provisions for filing materials under seal contained in the Local Rules and Individual Rules of the Court. The designation of material as "Confidential" shall not constitute evidence as to whether such material may properly be sealed. A Party's failure to contest a Designating Party's designation of material as "Confidential" before the filing of a motion to seal shall not be deemed an admission by the Party who failed to contest the designation that such material should be filed under seal.

18. If a person or Party shows any material containing "Confidential" information to any person other than in the manner authorized by this Order, they must promptly bring all pertinent facts relating thereto to the attention of counsel for the Designating Party and, without prejudice to any other rights and remedies of the Parties or non-parties, make reasonable efforts to retrieve the material promptly and to prevent further dissemination by it or by the person who was the recipient of such material.

19. If a Party has cause to believe that a violation of this Order has occurred or is about to occur, then that Party may petition this Court or any other proper court for appropriate relief. To the extent any Party feels the protections of this Order are not adequate for particular "Confidential" information, that Party may petition the Court for an appropriate amendment to this Order.

20. Nothing in this Order shall preclude any Disclosing Party, or their respective attorneys, from disclosing or using, in any manner or for any purpose, any material or documents that the Disclosing Party has produced in this action.

21. In the event any Receiving Party having possession, custody or control of any material containing "Confidential" information receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any "Confidential" information (a "Third-Party Request"), the Receiving Party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental authority:

a. Promptly, and in any event within two (2) business days of receipt of the Third-Party Request, give written notice to counsel for the Designating Party;

b. Furnish counsel for the Designating Party with a copy of the subpoena, request for production of documents, or other process or order; and

c. Be entitled to comply with the Third Party Request except to the extent that the Designating Party is successful in obtaining an order modifying or quashing the subpoena, or similar order, request for production of documents, or other process or order, provided, however, that the Party receiving the Third Party Request shall await the disposition of any motion to quash or motion for a protective order or similar motion timely filed by the Designating Party before producing any material containing "Confidential" information in response to the Third Party

Request to the extent that doing so does not expose such Receiving Party to sanctions, an order of contempt or the like; provided, however, that nothing in this Order shall require any Party to disregard or violate any order or direction of any governmental authority. The Designating Party asserting the "Confidential" treatment shall have the burden of defending against the Third Party Request.

22. Within sixty (60) business days of the termination of the above-captioned action between any of the Parties, including final appellate action or the expiration of time to appeal or seek further review, the Parties shall take reasonable efforts to see that all material designated as "Confidential" shall be destroyed and the Disclosing Party shall be provided with a certification from the Party to whom it produced "Confidential" information stating that the Disclosing Party's "Confidential" information has been destroyed, provided that this paragraph 23 does not apply to (a) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule, or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule, or regulation; and (b) information saved on backup media in an electronically stored format. Notwithstanding the foregoing, counsel is permitted to retain materials containing "Confidential" information that is embodied in (a) counsel's work product (including but not limited to "Confidential" information reflected in emails or counsel's electronic or paper files); or (b) letters, pleadings, motion papers, transcripts, exhibits, and deposition videos; or (c) any materials that were served or filed with this Court in the above-captioned action.

23. The terms, conditions, and limitations of this Order shall survive the termination of the above-captioned action.

24. This Order is without prejudice to the right of any Party or non-party to seek any other or different confidentiality arrangement or relief from the Court, on notice to all identifiable potentially affected Disclosing Parties.

25. If a Party learns that such Party or such Party's counsel, officers, directors, employees, consultants, experts or other agents have disclosed documents designated "Confidential" in any circumstance not authorized under this Order, such Party must within two (2) business days of learning of such disclosure (a) notify the Designating Party of the disclosure and all pertinent facts relating thereto; (b) make reasonable efforts to prevent disclosure by each unauthorized person who received such information; (c) use reasonable efforts to retrieve all copies of the protected documents disclosed to unauthorized persons; (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order; and (e) request that each such person execute the certification contained in Exhibit A to this Order. Nothing contained herein shall limit the right of the Designating Party to seek relief against the party responsible for such disclosure.

Dated: May 13, 2020

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WEDIL DAVID,<br><br>    Plaintiff,<br><br>v.<br><br>THE WEINSTEIN COMPANY LLC, THE WEINSTEIN COMPANY HOLDINGS, LLC, HARVEY WEINSTEIN and ROBERT WEINSTEIN<br><br>    Defendants. | Civil Action No. 1:18-cv-05414(RA)(KNF) |

## **CONFIDENTIALITY AGREEMENT**

1. I, _____, have received a copy of the Protective Order (the "Order") entered by the Court in *Wedil David v. The Weinstein Company LLC, et al.,* Civil Action No. 1:18-cv-05414(RA). I have read the Order and understand its provisions.

2. I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by this Order, and will not use for purpose other than for the above-captioned action any information designated "Confidential" that I receive in this action, except as otherwise permitted under the Order.

3. I consent to the jurisdiction of the United States District Court for the Southern District of New York to resolve any issues with respect to my compliance with the Order.

_____         _____
Dated                                                                         Signature