UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEDIL DAVID, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WEINSTEIN COMPANY LLC;<br>THE WEINSTEIN COMPANY HOLDINGS LLC; HARVEY WEINSTEIN; and ROBERT WEINSTEIN,<br><br>Defendants. | Index No. 1:18-cv-05414 (RA)(KNF)<br><br>**PRODUCTION PORTOCOL** |

      WHEREAS, in accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff Wedil David ("Plaintiff"), counsel for Harvey Weinstein ("Weinstein") and The Weinstein Company, LLC ("TWC"), (collectively, the "Parties," and each, a "Party") have met and conferred regarding application of the production of electronically stored information ("ESI") set forth in the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, to this case;

      WHEREAS, the Parties have reached agreement on certain of the issues discussed regarding such discovery and have entered into this Stipulation and Order Concerning Protocol for Discovery of Electronically Stored Information ("Stipulation and Order").

      WHEREAS, the Parties have entered into this Stipulation and Order to facilitate the just, speedy, and inexpensive conduct of discovery involving ESI and to promote, to the fullest extent possible, the resolution of disputes regarding the discovery of ESI without Court intervention;

      IT IS HEREBY ORDERED that:

      1.    <u>Scope</u>.

          a. This Stipulation and Order shall govern the discovery of documents and ESI, as described in FED. R. CIV. P. 26, 33, and 34;

          b.    Nothing in this Stipulation and Order shall be construed to supersede or alter any provision of any Federal or Local Rule; and

          c.    All Parties are bound by and subject to the terms of this Stipulation and Order.

2. <u>Disclosure of TWC's Document Review Database</u>

a. The Parties recognize TWC's limited resources and ability to collect, process, review and produce documents. Accordingly, the Parties agree that TWC shall make its document review database ("TWC's Review Database") available to Plaintiff and Weinstein in response to Plaintiff's document requests according to the following protocol. The Parties agree to meet and confer regarding whether additional document discovery may be necessary.

b. TWC will provide Plaintiff and Weinstein with a list of custodians and their job titles whose ESI is stored in TWC's Review Database, including the data source collected (e.g., email, voicemail, shared drive, etc.). Plaintiff and Weinstein will identify from the list of custodians' the ESI that they wish to search and/or review. The Parties will meet and confer about the selected custodians and upon agreement the remaining ESI from custodians that is not requested will be "off-lined" to reduce ESI hosting costs. The Parties may during the course of discovery request that certain archived ESI be reactivated or that additional custodian ESI be added to the database along with a basis for such request and the parties agree to meet and confer regarding such requests.

c. TWC will use search terms to identify potentially privileged documents within TWC's Review Database and sequester potentially privileged documents from Plaintiff and Weinstein. TWC will provide a system generated log that identifies the potentially privileged documents that were sequestered as a result of TWC's search of potentially privileged documents along with a hit report of the search terms used. TWC will not review any documents listed on the system generated log before disclosure of the log to Plaintiff and Weinstein.

d. Plaintiff and Weinstein will have an opportunity to review the system generated log and select specific records that the party believes, in good-faith, are relevant and not privileged. Plaintiff and Weinstein will also be permitted to request TWC apply search terms to potentially privileged documents to identify potentially relevant documents. TWC will review the selected or identified records, and upon confirmation that the documents are not privileged, TWC will make those documents available to the Plaintiff and Weinstein.in TWC's Review Database.

3. <u>Document Productions</u>.

Plaintiff and Weinstein will have the ability to export documents from TWC's Review Database and use those "produced" documents for discovery purposes. However, the Parties agree to provide the other Party with a list of all documents, by Document ID, that the Producing Party intends to export from the TWC's Review Database for their potential use in the litigation concurrently at the time they are downloaded or exported from the database. All documents exported or downloaded from the Database must be assigned with an appropriate Bates number and Confidentiality designation. Bates numbers and Confidentiality designations may be made outside of TWC's Review Database to avoid costs with TWC's eDiscovery vendor. No documents exported from the database shall be used in discovery motions or depositions without endorsed Bates numbers, and notifying the other Party at least **five business days** in advance.

4. <u>Confidential Information</u>.

In recognition that TWC will not review documents in the Review Database prior to disclosure, the Parties agree that all documents and information within TWC's Review Database disclosed to Plaintiff and Weinstein are Confidential and will be treated as such under the terms of any protective order(s) concerning protection of confidential or otherwise sensitive information that may be entered by the Court in these proceedings. Should any Party wish to challenge the default confidentiality designation of specific documents, the Parties agree to follow the protocol contained in the protective order concerning protection of confidential or otherwise sensitive information that may be entered by the Court. The Parties' agreement to initially treat as Confidential all documents and information contained within the Review Database shall not be deemed an admission or used as evidence in connection with any confidentiality dispute.

     5.     <u>Non-Waiver and Claw Back Agreement</u>.

The Parties agree to the following non-wavier and claw back provisions as it relates to privileged information and work product (collectively "Privileged Information").

     a.     The production of Privileged Information or its disclosure via the Parties' access to TWC's Review Database is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

     b.     Upon written notification from the Producing Party to the Receiving Party identifying disclosed Privileged Information, the Receiving Party shall not review the disclosed Privileged Information in any respect; shall within seven days return, sequester, delete or destroy all copies of the disclosed Privileged Information (including any and all work-product containing such Privileged Information); shall take reasonable steps to retrieve such Privileged Information if the Receiving Party disclosed it before being notified; and shall make no further use of such Privileged Information (or work product containing such Privileged Information).

     c.     If the Receiving Party receives documents, ESI, or other forms of information from the Producing Party that, upon inspection or review, appears in any respect to contain or constitute potentially Privileged Information, the Receiving Party shall immediately stop review of such information, promptly sequester the potentially Privileged Information, immediately identify the potentially Privileged Information, and notify the Producing Party.

     6.  The Receiving Party may object to the Producing Party's designation of disclosed information as Privileged Information by providing written notice of such objection within seven days of its receipt of a written demand for the return of the disclosed Privileged Information. The Parties must meet and confer in good faith in an attempt to resolve any dispute regarding the designation of information as Privileged Information. If the Parties are unable to resolve any such dispute, the issue shall be resolved by the Court. However, the Receiving Party agrees not to argue in connection with a dispute over Privileged Information that the information may not have been reviewed by the Producing Party prior to its disclosure or that the Producing Party did not take reasonable steps to prevent disclosure. Pending resolution of any such dispute by the Court, the Receiving Party shall not review and shall not use the disclosed Privileged Information in any respect. This Order shall be interpreted to provide the maximum protection allowed by law.

Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

7. Costs.

    a. Plaintiff and Weinstein shall each be responsible for paying their user's license fees for access to TWC's Review Database that are charged at a rate of $75/user per month.

    b. TWC will provide Plaintiff and Weinstein with access to TWC's Review Database for a period of 60 days and pay for the hosting costs. In the event that Plaintiff or Weinstein requests additional time to access certain documents, the parties will meet and confer as to how long the Review Database will remain available and which party shall pay the continued hosting costs for those requested documents at a rate of $12/GB.

    c. TWC's eDiscovery Vendor, Complete Discovery Source ("CDS") shall provide Plaintiff, Weinstein and their users with basic technical support, such as user access, password resets, and general access to the database.

    d. TWC is not responsible for costs incurred by Plaintiff related to project management fees and costs. Rather, Plaintiff and Weinstein will be responsible for providing its own project management resources and paying for any project management fees arising from Plaintiff's or Weinstein's access to TWC's Review Database. CDS charges project management fees at a rate of $195/hr.

    e. TWC is also not responsible for costs incurred by Plaintiff and Weinstein regarding traditional document productions (converting documents to a specified production format) from TWC's Review Database. CDS charges $350/GB for document productions plus production TIFF conversion, OCR, and endorsements at a rate of $0.01 per page. Plaintiff may, however, use its own resources and/or software to make traditional document productions without using TWC's Review Database.

    f. TWC shall not be responsible for any other costs that may be incurred by Plaintiff or Weinstein's related to the use of TWC's Review Database, including but not limited to, data processing, technical project management, advanced data analytics, document review, preparation of searches, email threading or any other costs that arises from Plaintiff or Weinstein's use of the TWC's Review Database.

    g. This Stipulation and Order shall have no effect on any Party's right to seek reimbursement for costs associated with collection, review, or production of documents or ESI.

8. Reservation of Rights.

Nothing in this Stipulation and Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

Dated: May 13, 2020

                                        SO ORDERED:

                                        */s/ Kevin Nathaniel Fox*
                                        KEVIN NATHANIEL FOX
                                        UNITED STATES MAGISTRATE JUDGE