UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

WEDIL DAVID,                                        1:18-CV-05414 (RA)

                              Plaintiff,            Memorandum of Law
                                                    In Support of Objections
                                                    to Magistrate Judge
                                                    Kevin Fox's May 8, 2020
                  -against-                         and February 12, 2020
                                                    Orders
                                                    Pursuant to FRCP 72(a)

THE WEINSTEIN COMPANY, LLC, THE
WEINSTEIN COMPANY HOLDINGS, LLC,
HARVEY WEINSTEIN, AND ROBERT
WEINSTEIN,

                              Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S
OBJECTIONS TO THE FEBRUARY 12, 2020 AND MAY 8, 2020 ORDERS OF
MAGISTRATE JUDGE KEVIN NATHANIAL FOX RULING THAT THE DEFENDANT
HARVERY WEINSTEIN HAS WAIVED HIS RIGHT TO ASSERT OBJECTIONS TO
PLAINTIFF'S DECEMBER 23, 2019 DISCOVERY DEMANDS**

## BACKGROUND

On November 11, 2018, the Defendant Harvey Weinstein (hereinafter "Mr. Weinstein")

moved to stay this case in its entirety pending his criminal trial. [Dkt No. 86] On April 5 2018, this

Court denied that motion as "overly broad."  However, cognizant that Mr. Weinstein's criminal

case justified consideration, this Court stated, "Defendant Weinstein may identify particular

aspects of the instant action (e.g. depositions, interrogatories, etc.) that he believes will unduly

burden the exercise of his Fifth Amendment rights, and the Court will then determine whether to

stay these aspects of the litigation". [Dkt No. 134]

On September 16, 2019, this case was assigned to Magistrate Judge Kevin Nathanial Fox

whilst dispositive motions were pending before this Court. [Dkt No. 181] On October 18, 2020,

Mr. Weinstein requested that discovery not proceed until rulings on motions to dismiss were entered. [Dkt No. 184] Judge Fox granted Plaintiff's motion to compel counsel for Mr. Weinstein to participate in a FRCP 26 meet-and-confer and to submit a proposed scheduling order by November 12, 2019. [Dkt No. 187] Counsel for Mr. Weinstein participated in the meet-and-confer as ordered, but the parties were unable to come to an agreement on a schedule.  As contemplated by this Court in its April 5, 2018 decision, counsel for Mr. Weinstein requested that the proposed scheduling order commence discovery after the conclusion of Mr. Weinstein's criminal trial scheduled to begin January 6, 2020, and that all discovery be complete by July 15, 2020. [Dkt No. 189] On November 14, 2019, Judge Fox adopted the Plaintiff's proposed scheduling Order [Dkt No. 192] and denied Mr. Weinstein's request for a stay of discovery until the completion of the criminal trial. [Dkt No. 193]

Plaintiff served her first set of discovery demands (comprised of document demands and interrogatories) on Defendant on December 23, 2019   [Dkt No. 200] at the office of Mr. Weinstein's new counsel, Nesenoff & Miltenberg LLP.  Mr. Weinstein's criminal trial commenced as scheduled on January 6, 2020.  As of Friday, January 31, 2020, Mr. Weinstein through new counsel had not yet responded to the aforementioned discovery demands. [Dkt No. 200] By letter filed February 4, 2020, counsel for Plaintiff asked that the Court order Mr. Weinstein to respond without asserting objections which he claimed had been waived due to Mr. Weinstein's failure to respond to discovery demands. [Dkt No. 200], annexed hereto as **EXHBIT A**.  Mr. Weinstein's counsel responded by apologizing to  Judge Fox for a series of technical and attorney/law office errors, not committed in bad faith, that had inadvertently caused him not to received Plaintiff's Discovery Demands until February 5, 2020 and not to have received ECF notice of the teleconference with the Court  scheduled on February 5, 2020. He explained that although he had

filed his substitution of counsel on November 26, 2019, his office had not been added to the docket for E-filing notice and was therefore unaware of the scheduled conference. Counsel for Mr. Weinstein further requested that Judge Fox abstain from ordering Mr. Weinstein to respond to Plaintiff's demands until after the completion of the criminal trial which was then in full progress in the matter of _People of the State of New York v. Harvey Weinstein_, Ind. No. 2673/2019 and 2335/2018, Supreme Court of the State of New York, County of New York. [Dkt No. 203], annexed hereto as **EXHIBIT B**.

On February 12, 2020, whilst Mr. Weinstein was still on trial in the criminal action, Judge Fox ordered that Mr. Weinstein respond to interrogatories and discovery demands by February 20, 2020, "without asserting objections, as objections have been waived perforce of his unjustified failure to respond to the Plaintiff's discovery demands timely." [Dkt No. 205], annexed hereto as **EXHIBIT C**. Judge Fox also denied Mr. Weinstein's letter request that he not be ordered to respond until the conclusion of the trial, stating that the request "rehashes arguments that have been rejected previously," and ordered Mr. Weinstein to file an Answer to Plaintiff's Third Amended Complaint within two days. [Dkt No. 205] Mr. Weinstein's Answer was filed on February 14, 2020, as ordered. [Dkt No. 207] On February 24, 2020 Mr. Weinstein was convicted on two counts in the indictment, and remanded into the custody of the New York City Department of Corrections, while suffering from debilitating health issues requiring medical treatment.

On March 4, 2020, Mr. Weinstein retained the undersigned, of the law firm of Aidala, Bertuna & Kamins, PC, as new counsel in this matter. [Dkt No. 215] On March 11, 2020, Mr. Weinstein was sentenced to an aggregate term of 23 years incarceration and ultimately transferred to the custody of the New York State Department of Corrections. Following Mr. Weinstein's sentencing, the COVID-19 pandemic, particularly in New York, became an emergent and

dangerous crisis. Based on these considerations, the time to respond to the outstanding discovery demand was extended to May 15, 2020. [Dkt No. 236]

On May 7, 2020, the undersigned filed a letter motion seeking reconsideration (or in the alternative, clarification and the limiting of the scope of the ruling so that Mr. Weinstein can still assert objections of attorney-client privilege and attorney work product) of Judge Fox's February 12, 2020 Order holding that Mr. Weinstein had waived objections to Plaintiff's December 23, 2019 discovery demands. [Dkt No. 223], annexed hereto as **EXHIBIT D**.  During a May 8, 2020 teleconference, Judge Fox refused to reconsider his February 12, 2020 Order and restated that Mr. Weinstein had in fact waived any and all objections to Plaintiff's discovery demands, including those objections based on attorney-client privilege and attorney work product. This teleconference was not recorded and Judge Fox has not issued a docket entry Order denying Defendant's motion to reconsider the sanctions contained in his February 12, 2020 Order.  Therefore neither transcript, nor order, is attached hereto.

Pursuant to FRCP 72(a) Mr. Weinstein objects to Judge Fox's refusal to reconsider this harsh, drastic and unwarranted Order imposing draconian sanctions for an inadvertent error by counsel that caused him to miss the original discovery deadline by a matter of weeks. Judge Fox's ruling gravely prejudices Mr. Weinstein by striking at the heart of his most sacred privileges, even though Plaintiff has been in no way prejudiced by the inadvertent oversight of Mr. Weinstein's prior defense counsel.

## **ARGUMENT**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure Mr. Weinstein hereby objects to Magistrate Judge Fox's May 8, 2020 Order denying reconsideration of his February 12, 2020 Order that denied Mr. Weinstein his right to interpose any and all objections, including

attorney-client privilege and attorney work product, to Plaintiff's first set of demands and interrogatories based on untimeliness.  Mr. Weinstein also objects to the underlying February 12, 2020 Order that strips Mr. Weinstein of his most sacred privileges for an inadvertent error of his counsel that caused no prejudice to Plaintiff, which occurred while Mr. Weinstein was on trial in a criminal case and facing a life sentence.

A party typically must file and serve objections to a magistrate judge's non-dispositive pretrial order within 14 days. However, the 14-day deadline is not jurisdictional.  Even if a party fails to object to a magistrate judge's nondispositive order, the district court retains the authority to review the order *sua sponte*.  *Schur v. L.A. Weight Loss Centers, Inc*., 577 F.3d 752, 760-61 (7th Cir. 2009); *Allen v. Sybase, Inc*. 468 F.3d 642, 658 (10th. Cir. 2006); *Hall v. Colvin*, 2017 WL 4339664, at *2 (S.D.N.Y. 2017).   Hence, failure to timely object does not necessarily bar consideration of objections.  *See*, *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 204 (S.D.N.Y. 2013).

In this case, while there was no objection to the February 12, 2020 Order within 14 days, there was a letter motion to the magistrate judge requesting that he reconsider his ruling at a time when it could have been addressed. *See* **EXHIBIT D.**   The magistrate judge's refusal to consider this request to reconsider his Order sanctioning Mr. Weinstein for the inadvertent error of his counsel is itself a ground for objection.  Mr. Weinstein is gravely prejudiced by this sanction because it denies him his most basic privileges. It should be noted by this respected Court that Mr. Weinstein is currently facing additional criminal charges in *People of the State of California v. Harvey Weinstein*, Case No. BA483663, Superior Court of California of the County of Los Angeles. To permit unfettered access to Mr. Weinstein's privilege information, while he faces criminal charges in another jurisdiction, will compound the prejudice in this action, and potentially

prejudice him in other actions, where this sanction has not been dealt, including the criminal prosecution. Moreover, counsel's inadvertent error that gave rise to the sanction caused no prejudice to the Plaintiff.

A District Court may reverse a magistrate judge's determination of a nondispositive issue if it is "clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(a) "Pretrial discovery issues are generally considered non-dispositive matters." _Botta v. Barnhart_, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." _Highland Capital Management, L.P. v. Schneider_. 551 F. Supp 2d 173, 177 (S.D.N.Y 2008). "An order is contrary to law when it fails to apply or misapplies relevant statues, case law or rules of procedure." _Botaa_ 475 F. Supp. 2d at 185.

Courts have recognized that only flagrant disregard will result in waiver, and, absent such flagrance, a party may maintain objections despite late response. _Dey, L.P. v Sepracor, Inc_., 07 CIV. 2353 JGK RLE, 2010 WL 5094406 (S.D.N.Y. Dec. 8, 2010); _D 56, Inc. v Zuckers Gifts, Inc._, 95 CIV 9327(AGS)(DFE), 1996 WL 280797 (S.D.N.Y. May 24, 1996). The record indicates that Mr. Weinstein did not timely respond to the discovery demands made upon him by the Plaintiff as he was heavily engaged in his highly publicized criminal trial, and predecessor counsel had newly appeared as counsel in this action, taking over from yet another prior counsel before him, and had simply missed a communication from the Court and counsel without any exhibition of bad faith. There was no willfulness or cavalier disregard that would warrant waiver in this case, only a set of unique circumstances that Mr. Weinstein's present counsel is seeking to remedy.

The unique circumstances in this case, and the efforts of current counsel, are in line with those cases that declined to impose a finding of waiver. In unusual circumstances, and for good

cause, the failure to act timely will not bar consideration of objections. *See*, <u>Concord Boat Corp.</u> <u>v. Brunswick Corp.</u>, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); Chevron Corp. v. Donziger, 296 F.R.D. 168, 204 (SDNY 2013). Courts in the Second Circuit consider also the "hardship of compliance on the party or witness from whom discovery is sought [and] the good faith of the party resisting discovery." <u>Homeward Residential, Inc. v. Sand Canyon Corp</u>., No. 12 Civ. 7319 (JFK) (JLC), 2017 WL 4676806 (S.D.N.Y. Oct. 17, 2017).

Furthermore, Judge Fox should have reconsidered his Order as requested by counsel for Mr. Weinstein (*See* **<u>EXHIBIT D</u>**) in light of the circumstances.  From the time the demands were made on December 23, 2019 -during a holiday week, and just two weeks prior to the commencement of Mr. Weinstein's criminal trial, which was immediately followed by the COVID-19 pandemic- to the present, the Plaintiff has not been prejudiced in any articulable way, and therefore the sanction of waiver of objections need not apply. <u>Melendez v. Greiner</u>, No. 01 Civ.07888 SAS DF, 2003 WL 22434101 (S.D.N.Y. Oct. 23, 2003). This week, a joint Protective Order (the first draft of which was drafted by this firm on behalf of Mr. Weinstein) and ESI Protocol (the first draft of which was drafted by counsel for TWC) were filed with the Court by the Plaintiff, and approved by Judge Fox with his revisions. Discovery has only now commenced in earnest. As such, no prior delay has prejudiced the Plaintiff. Mr. Weinstein, who is participating actively through his new counsel in this case, should be afforded the opportunity to assert objections where appropriate, so as to not permit the production of requested documents and information when the request "far exceeds the bounds of fair discovery" even if a timely objection has not been made. <u>Kolenc v. Bellizzi</u>, No. 95 CIV. 4494, 1999 WL 92604 (S.D.N.Y. Feb. 22, 1999).

At minimum, Judge Fox's Order should not require the production of material that is

subject to the attorney-client and attorney work product privileges.  Courts have declined to extend the waiver of objections to those objections asserted on the basis of attorney-client privilege and attorney work product. *See*, *AFP Imaging Corp. v Philips Medizin Sys*., 92 CIV. 6211 (LMM), 1993 WL 541194 (S.D.N.Y. Dec. 28, 1993); *Arkwright Mut. Ins. Co. v Natl. Union Fire Ins. Co. of Pittsburgh, Pa*., 90 CIV. 7811 (AGS), 1994 WL 510043 (S.D.N.Y. Sept. 16, 1994).  Mr. Weinstein should be permitted to assert these "sacred" objections of attorney-client privilege and attorney work product so that he will not suffer the drastic and gross prejudicial effect of having those privileged materials viewed by other parties.


## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant **HARVEY WEINSTEIN** respectfully requests that the Court set aside and/or modify Judge Fox's February 12, 2020 and May 8, 2020 Orders to permit Plaintiff to assert objections to Plaintiff's December 23, 2019 document demands and interrogatories, or in the alternative, should the Court not wish to set aside the Order in full, limit the scope of the February 12, 2020 and May 8, 2020 Orders so that Mr. Weinstein may still assert objections to Plaintiff's December 23, 2019 document demands and interrogatories based on attorney-client privilege and attorney work product.


Dated: May 15, 2020          **AIDALA, BERTUNA & KAMINS, PC**
    New York, New York

**By:**    __/S/_____
     IMRAN H. ANSARI, ESQ. (IA-1978)
     546 Fifth Avenue, 6th Floor
     New York, New York 10036
     *Attorneys for Defendant Harvey Weinstein*