# EXHIBIT D

LAW OFFICES OF
## Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO
DIANA FABI SAMSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

**VIA ECF**                                                                                          May 7, 2020

Hon. Kevin N. Fox
United States District Court – Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   **Wedil David v. Harvey Weinstein, et al - Case No.: 1:18-cv-05414-RA-KNF**

Dear Judge Fox,

  We represent the Defendant Harvey Weinstein (hereinafter "Mr. Weinstein") in the above-mentioned matter, having filed our Notice of Appearance as new counsel on March 2, 2020. We respectfully submit this letter in regard to this respected Court's order of February 12, 2020 [Doc. No. 205]. The aforementioned order was entered prior to the undersigned law firm's appearance as counsel to Mr. Weinstein in this matter. As we endeavor to respond to Plaintiff's discovery demands, despite significant logistical hurdles due to the COVID-19 pandemic and the incarceration of our client, we seek reconsideration and/or clarification and limitation as to the Court's February 12, 2020 order.

  The subject order states:

> *"ORDER granting 200 Letter Motion for Discovery. On or before February 20, 2020, defendant Harvey Weinstein ("Weinstein") shall respond to the plaintiff's First Set of Document Requests and Interrogatories without asserting objections, as objections have been waived perforce of his unjustified failure to respond to the plaintiff's discovery demands timely."*

  We have conferred with counsel for Plaintiff in this regard, and have informed them that we will seek reconsideration and/or clarification and limitation of this order. While Mr. Weinstein, through his new counsel, does not intend to further test the patience of the Court, we certainly still seek to protect Mr. Weinstein's rights. During a recent meet-and-confer with counsel for Plaintiff, it was stated that Plaintiff's counsel may take the position that <u>all</u> objections have been waived, including the assertion of attorney-client privilege and attorney work product. We certainly object to this broad reading of the Court's order, and, due to the good-faith efforts of present counsel to comply with outstanding discovery demands, we respectfully request that the Court modify its

1

order and permit Mr. Weinstein to assert all valid objections where appropriate. Should the Court not wish to revisit its prior ruling in full, we request that the Court clarify and limit the scope of its ruling, and permit Mr. Weinstein to, at the very least, assert objections based on attorney-client and work product privilege.

We acknowledge that the Court has issued its order in recognition of precedent that has held the failure to timely respond to discovery demands may constitute a waiver of the ability to assert objections. However, the unique circumstances in this case, and the efforts of current counsel, are in line with those cases that declined to impose a finding of waiver. In unusual circumstances, and for good cause, the failure to act timely will not bar consideration of objections. See, Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (SDNY 1996); Chevron Corp. v. Donziger, 296 F.R.D. 168, 204 (SDNY 2013). Courts in the Second Circuit consider also the "hardship of compliance on the party or witness from whom discovery is sought [and] the good faith of the party resisting discovery." Homeward Residential, Inc. v. Sand Canyon Corp., No. 12 Civ. 7319 (JFK) (JLC), 2017 WL 4676806 (SDNY Oct. 17, 2017). Furthermore, from the time the demands were made -prior to the adjudication of Mr. Weinstein's criminal case and his sentencing which was immediately followed by the COVID-19 pandemic- to the present, the Plaintiff has not been prejudiced in any articulable way, and therefore the sanction of waiver of objections need not apply. Melendez v. Greiner, No. 01 Civ.07888 SAS DF, 2003 WL 22434101 (SDNY Oct. 23, 2003). At present, all parties are in good faith cooperating with one another and participating in the exchange of discovery. This week, a joint proposed Protective Order (the first draft of which was drafted by this firm on behalf of Mr. Weinstein) and ESI Protocol (the first draft of which was drafted by counsel for TWC) was filed with the Court by the Plaintiff, which serves as an indication that discovery has only now commenced in earnest. As such, no prior delay has prejudiced the Plaintiff. Mr. Weinstein, who is participating actively through his new counsel in this case, should be afforded the opportunity to assert objections where appropriate, so as to not permit the production of requested documents and information when the request "far exceeds the bounds of fair discovery" even if a timely objection has not been made. Kolenc v. Bellizzi, No. 95 CIV. 4494, 1999 WL 92604 (S.D.N.Y. Feb. 22, 1999).

We also request that the Court recognize that the production of discovery without limitation will be unduly prejudicial to Mr. Weinstein. Courts have recognized that only flagrant disregard will result in waiver, and, absent such flagrance, a party may maintain objections despite late response. Dey, L.P. v Sepracor, Inc., 07 CIV. 2353 JGK RLE, 2010 WL 5094406 (SDNY Dec. 8, 2010); D 56, Inc. v Zuckers Gifts, Inc., 95 CIV 9327(AGS)(DFE), 1996 WL 280797 (SDNY May 24, 1996). The record indicates that Mr. Weinstein did not timely respond to the discovery demands made upon him by the Plaintiff as he was heavily engaged in his highly publicized criminal trial, and our predecessor counsel had newly appeared as counsel in this action, taking over from yet another prior counsel before him, and had simply missed a communication from the Court and counsel without any exhibition of bad faith. There was no willfulness or cavalier disregard that would warrant waiver in this case, only a set of unique circumstances that Mr. Weinstein's present counsel is seeking to remedy.

Should the Court decline to reconsider its prior order and permit Mr. Weinstein to assert all good faith objections, we request it limit the scope of the ruling to permit Mr. Weinstein to object to the production of material that is subject to attorney-client privilege and attorney work

2

product. Courts have declined to extend the waiver of objections to those objections asserted on the basis of attorney-client privilege and attorney work product. *See*, *AFP Imaging Corp. v Philips Medizin Sys.*, 92 CIV. 6211 (LMM), 1993 WL 541194 (SDNY Dec. 28, 1993); *Arkwright Mut. Ins. Co. v Natl. Union Fire Ins. Co. of Pittsburgh, Pa.*, 90 CIV. 7811 (AGS), 1994 WL 510043 (SDNY Sept. 16, 1994). The parties in this action have agreed upon a proposed Protective Order in which production of discovery of this kind does not constitute a waiver of privilege. However, Mr. Weinstein should be permitted to assert these "sacred" objections of attorney-client privilege and attorney work product at the first instance, and prior to production, in order to avoid unnecessary time and expense in attempting to identify and claw back material, and, most importantly, so that he will not suffer the drastic and gross prejudicial effect of having those privileged materials viewed by other parties.

For the foregoing reasons, we respectfully request that the Court reconsider and/or clarify and limit the scope of its February 12, 2020 order pertaining to the waiver of objections, as discussed herein.

Respectfully Submitted,

*Imran H. Ansari*
Imran H. Ansari, Esq.

CC: All Counsel of Record (via ECF)

3