WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Bryan L. Arbeit**
barbeit@wigdorlaw.com

May 26, 2020

**VIA ECF**

The Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: David v. The Weinstein Co. LLC, et al., No. 18-cv-05414 (RA)(KNF)

Dear Judge Fox:

We represent Plaintiff Wedil David and write to respectfully request that the Court order Defendant Harvey Weinstein ("Defendant" or "Weinstein") to produce all documents responsive to Plaintiff's First Set of Document Requests ("Document Requests") by June 3, 2020, or another date that the Court deems appropriate. As explained below, Plaintiff has made multiple attempts to secure Weinstein's complete document production without court intervention.

On February 12, 2020, this Court ordered Weinstein to respond to the Document Requests without asserting objections by February 20, 2020. Dkt. No. 205 ("February 12 Order"). On February 21, 2020, Defendant served his responses to the Document Requests and claimed in his responses that he did not have responsive documents in his possession, custody or control other than a *single* presentation created by his publicist. Ex. 1. Plaintiff immediately objected to this production as incomplete because Weinstein did not produce documents in the possession of his attorneys, over which Weinstein exercised control. We did not receive a response from Weinstein's former counsel, who had served the document responses. Soon after, Weinstein's current counsel appeared in this case. Dkt. No. 215.

On March 10, 2020, we spoke with Defendant's new counsel, Imran Ansari, Esq., and reiterated our objection to the production. Mr. Ansari acknowledged that his firm, which had represented Weinstein during Defendant's criminal trial, likely had additional responsive documents and would be collecting those documents for review and production.

On April 7, 2020, we emailed Mr. Ansari to inquire about his efforts to gather responsive documents and when a production would be made. On April 15, 2020, Mr. Ansari responded, "I am doing the best I can under exceptional and unprecedented circumstances which have made






things near impossible." We replied the same day telling Mr. Ansari that he did not answer the question about what had been done to collect and review documents, and that we believed that his firm had documents in its possession that should have been produced already. Mr. Ansari did not respond to this email, so on April 23, 2020, we emailed Mr. Ansari to schedule a meet and confer.

On April 28, 2020, we spoke with Mr. Ansari, who informed us that he and his associate were in the process of reviewing thousands of documents and would be able to provide a date for production soon. Mr. Ansari subsequently agreed to make a production by May 15, 2020.[1] On May 7, 2020, Defendant filed a letter requesting the Court to reconsider and/or clarify the February 12 Order. The Court denied that application during a conference call with the parties on May 13, 2020, noting that Defendant's request for reconsideration was untimely and that the February 12 Order required no clarification.

Plaintiff later emailed Mr. Imran to confirm that all responsive documents in his firm's possession would still be produced on May 15, 2020. On May 14, 2020, Mr. Ansari responded by claiming that he did "not guarantee to make a production in full" but only said that he would "endeavor to make a good faith production at the same time we serve our interrogatory response [on May 15, 2020]." Mr. Ansari also notified us that he intended to file objections with Judge Abrams challenging the February 12 Order, and claimed that the scope of Defendant's production would depend on the outcome of these objections. On May 15, 2020, Weinstein served his interrogatory responses but did not produce any documents. Defendant also filed Rule 72(a) objections. Dkt. No. 228.

On May 21, 2020, Mr. Ansari responded to an email from Plaintiff about, among other subjects, Defendant's failure to produce documents on May 15, 2020. Mr. Ansari reiterated that he "never guaranteed" that he would make a document production on May 15, 2020, but that he "would endeavor to make a good faith production on 5/15." (emphasis in original). However, Mr. Ansari did not explain why Defendant had not produced any documents.

On May 21, 2020, we spoke to Mr. Ansari again, in a final attempt to resolve this issue before seeking the Court's intervention. Mr. Ansari still refused to provide a definitive date for a document production and claimed that he was not under a court-ordered deadline to produce documents. Mr. Ansari did say that he would be willing to produce some documents "soon," but only if Plaintiff agreed not to argue that such a production – the contents of which were unknown to Plaintiff – was non-compliant with the February 12, 2020 Order. Plaintiff declined to agree to this condition.

---

[1] Defendant's agreement to produce additional documents by May 15, 2020 is reflected in Plaintiff's May 8, 2020 letter to Court. Dkt. No. 224 ("Plaintiff has been diligently pursuing documents in his counsel's possession, as well as other sources, which Mr. Ansari recently agreed to produce by May 15, 2020.").






To the extent that Defendant asserts that he should not be required to produce documents based on the objections he has filed with Judge Abrams, that argument has no merit. By waiting over three months to file objections to the February 12 Order, Weinstein has waived the right to have the district court review. Rule 72(a) ("A party may not assign as error a defect in the order not timely objected to."); Koehler v. Bank of Bermuda Ltd., No. 18 Civ. 302, 2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003) (explaining that the plain wording of statute and rule requires that objections to a magistrate judge's nondispositive order be timely made to the district judge assigned to the case" and this requirement "clearly reflect the policy that litigation not be unduly delayed in the magistrate judges' courts."); Mestecky v. New York City Dept. of Educ., 13 Civ. 4302 (CBA)(VMS), 2016 WL 7217637, at *2 (E.D.N.Y. Dec. 12, 2016) (citing Rule 72(a) and holding that "plaintiff did not file her objections until February 26, 2016, which was more than fourteen days after the February 5, 2016, Order, so her objections must be dismissed as untimely."). Moreover, Defendant's filing of objections does not explain why no documents have been produced despite a claimed "good faith" endeavor to produce documents by May 15, 2020.

Of equal importance, Defendant has neither sought nor obtained a stay of the Court's February 12 Order from either Your Honor or Judge Abrams. Therefore, that Order remains in effect and Defendant is required to comply with it. See Shim-Larkin v. City of New York, No. 16 Civ. 6099 (AJN), 2019 WL 4688703, at *2 (S.D.N.Y. Sept. 25, 2019) ("The fact that Plaintiff objected to that order did not relieve her of her obligations to comply with it."); Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic, No. 10 Civ. 5256 (KMW), 2011 WL 4111504, at *9 (S.D.N.Y. Sept. 13, 2011) ("Absent a stay of a magistrate judge's order, merely filing an objection to that order does not excuse a party from complying with it.").

Accordingly, the Court should direct Defendant to produce all documents that are responsive to the Document Requests in his possession, custody or control by no later than June 3, 2020 or another date that the Court deems appropriate.

Respectfully submitted,

Bryan L. Arbeit

cc: All Counsel of Record (*via* ECF)