LAW OFFICES OF
*Aidala, Bertuna & Kamins, P.C.*

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO
DIANA FABI SAMSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL.: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH

**VIA ECF**                                                                May 27, 2020

Hon. Kevin N. Fox
United States District Court – Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    **Wedil David v. Harvey Weinstein, et al - Case No.: 1:18-cv-05414-RA-KNF**

Dear Judge Fox,

      We represent the Defendant Harvey Weinstein (hereinafter "Mr. Weinstein") in the above-mentioned matter. We respectfully submit this letter in response to the letter motion filed by the Plaintiff on May 26, 2020 [Doc.No. 229] seeking an order directing Defendant to produce all documents demanded without limitation in Plaintiff's First Set of Document Requests ("Document Requests") by June 3, 2020. Plaintiff's motion should be denied for the following reasons:

      On March 4, 2020, this firm appeared as counsel for Defendant Harvey Weinstein. On March 10, 2020, while our offices were still open, Plaintiff's counsel, Bryan Arbeit, and I discussed the objection he made to Mr. Weinstein's prior counsel as to the sufficiency of the production made in response to Plaintiff's Document Requests by that firm. The undersigned stated that his law firm would assess what documents were in its possession, and review the same, and supplement the production made by prior counsel.

      On March 11, 2020, Mr. Weinstein was sentenced to an aggregate of 23 years following his conviction in New York State Supreme Court, and in the following weeks, faced a multitude of health problems. At the same time, the world was hit with the unprecedented COVID-19 pandemic, that was particularly hard felt in New York. This made any meaningful participation by Mr. Weinstein in his defense impossible for a substantial amount of time. Based on these circumstances, this Court granted an extension of Mr. Weinstein's time to comply with the Court's Order compelling responses to Plaintiff's First Set of Interrogatories ("Interrogatories") to May 15, 2020 [Doc. No. 220]. Mr. Weinstein has complied with this order and has served his response to Plaintiff's Interrogatories on May 15, 2020. There is no existing order compelling a supplemental production to Plaintiff's Document Requests by a date certain. As such, Mr.

Weinstein is **not** in violation of any existing court order regarding the time to serve a supplemental response to the Document Requests.

Following the March 10, 2020 conversation with Mr. Arbeit, this law firm's office was closed pursuant to Governor Andrew Cuomo's executive order - and remains closed to this date. To glean over the unprecedented intervening circumstances over the course of the timeline that Plaintiff's counsel sets forth in his letter is to unreasonably, and rather absurdly, close one's eyes to the events over the past few weeks. Surely, this firm would not subject attorneys and support staff to substantial risk of harm to one's health in violation of a New York State Executive Order to search for documents in the office upon Plaintiff's demand. However, this firm has taken considerable efforts to supplement the document production as set forth below.

On April 15, 2020, during the height of the pandemic in New York City, in response to Plaintiff's email inquiring about this firm's efforts to gather responsive documents, the undersigned responded: *"I am doing the best I can under the exceptional and unprecedented circumstances which made things impossible."* The representation was accurate. At the time, despite the logistical hurdles, and without access to the office, this firm was attempting to cull together documents from the "criminal file." However, it was learned that the e-discovery vendor that hosted these documents during Mr. Weinstein's criminal trial, terminated its hosting of the documents on or about the time of Mr. Weinstein's conviction, and therefore all documents that comprised the "criminal file" were no longer easily remotely and digitally accessible and organized in an e-discovery platform. Despite a perfect storm of logistical hurdles, this firm diligently worked to recreate this file in electronic form so that an e-discovery vendor could be retained and documents be made ready for production.

On April 28, 2020, counsel for the Plaintiff and the undersigned appeared for a scheduled telephonic meet-and-confer. During this call, the undersigned, knowing the logistical hurdles in place, prudently and cautiously, told Mr. Arbeit, in response to his query as to when they can expect a production, that this firm would "**endeavor**" to serve a supplemental response to Plaintiff's Document Requests on May 15, 2020, the same day Mr. Weinstein's response to Plaintiff's Interrogatories was due pursuant to this Court's Order. The statement in Mr. Arbeit's letter that "*Mr. Ansari subsequently agreed to make a production by May 15, 2020.*" is wholly incorrect. In fact, the undersigned has stated *ad nauseam* to Plaintiff's counsel in subsequent calls and emails that I stated this firm would "**endeavor**" to supplement the prior production on May 15, 2020, at the same time as the response to the Interrogatories was served, and has repeatedly requested for Plaintiff's counsel to stop mischaracterizing the statement.[1]

However, during the latter half of the April 28, 2020 call, a disagreement arose as to the scope of this Court's February 12, 2020 Order, and as to whether Mr. Weinstein would be able to assert objections premised on attorney-client and work product privilege in his response to the Document Request. The undersigned believed this to be a valid question, and pointed out to Mr. Arbeit that there are a litany cases where courts declined to extend the waiver to objections

---

[1] Merriam-Webster Dictionary defines "endeavor" as follows: To attempt (something, such as the fulfillment of an obligation) by exertion of effort.

premised on attorney-client and work product privilege.[2] During this call, the undersigned gave notice that in order to protect Mr. Weinstein's rights in light of the drastic and prejudicial effect disclosure of privileged materials may implicate, I would be seeking reconsideration, clarification and/or limitation in scope of the prior Order. On May 13, 2020, Mr. Weinstein's May 7, 2020 application for said relief was denied.

On May 14, 2020, the undersigned once again told Plaintiff's counsel that this firm stated that we would endeavor to serve a production of documents by May 15, 2020 but never guaranteed the production, in light of the logistical hurdles as previously mentioned. During this correspondence, the undersigned informed Plaintiff's counsel that Mr. Weinstein intended to file a Rule 72(a) Objection to the ruling regarding waiver of objections, including those premised on attorney-client and work product privilege. On May 15, 2020, Mr. Weinstein filed his Rule 72(a) Objection, and concurrently served Mr. Weinstein's response to Plaintiff's Interrogatories in compliance with this Court's prior Order regarding the date the response to Plaintiff's Interrogatories was due.

Plaintiff states that Mr. Weinstein did not request as stay in his Rule 72(a) Objection. However, there is no order pertaining to the date upon which a supplemental response to Plaintiff's Document Requests are due. As such, there is no court ordered date to "stay," and any request for such would be premature. In the event that this Court sets a date certain upon which a production, devoid of objections to attorney-client and work product privilege, is due, predating a determination by the Court on the Rule 72(a) Objection, *then* a motion for a stay of *that* date would be procedurally appropriate.

Contrary to the assertion by Mr. Arbeit in his letter to the Court, on May 21, 2020, the undersigned explained, during our meet-and-confer on that date, why Mr. Weinstein did not produce documents on May 15, 2020: (a) we stated we would endeavor to do so, but never made a guarantee and; (b) circumstances regarding the scope of the production should be resolved first pursuant to the pending Rule 72(a) Objection before the Court. Contrary to Mr. Arbeit's spin of the undersigned's words in his letter, I did not "refuse" to provide a definitive date for a document production. I stated that a production in the scope he is requesting would need to wait until after the Rule 72(a) Objection decision is rendered, a date I do not have control of, as such, I could not provide a date.

I further did not say that I would be willing to produce documents "only if Plaintiff agreed not to argue that such a production…was non-compliant with the February 12, 2020 Order". As he conceded in his letter, I stated I would be willing to produce documents: I stated that I could produce documents [this week] yet the production would not be inclusive of material that could be arguably privileged, until there is a decision on the Rule 72(a) Objection. Mr. Arbeit was not satisfied with this offer. I stated in sum substance that if I did make such a production, I would expect that he would make an argument that it was not compliant with the February 12, 2020 Order. I queried him if it is an "all or nothing" situation and he indicated in sum and substance that

---

[2] . *See*, AFP Imaging Corp. v Philips Medizin Sys., 92 CIV. 6211 (LMM), 1993 WL 541194 (SDNY Dec. 28, 1993); Arkwright Mut. Ins. Co. v Natl. Union Fire Ins. Co. of Pittsburgh, Pa., 90 CIV. 7811 (AGS), 1994 WL 510043 (SDNY Sept. 16, 1994).

3

the only production Plaintiff would deem sufficient is one that did not withhold privileged material, in accordance with the contested ruling.

I again will reiterate that Mr. Weinstein is in good faith ready to serve a substantive production of documents to Plaintiff this week, and reserve documents that are arguably privileged, until there is a decision on the Rule 72(a) Objection and the steps to protect our client's ability to object to the disclosure of documents, especially those objections that are premised on attorney-client and work product privilege, have been exhausted. We have offered this previously, on May 21, 2020, but Plaintiff's attorneys were not satisfied with this proposal, and have taken an "all or nothing" stance.

For the foregoing reasons, we respectfully request that the Court deny Plaintiff's motion, allow a decision on Mr. Weinstein's pending Rule 72(a) Objection to be rendered, and hold any order compelling him to respond to Plaintiff's Document Request without limitation by a date certain in abeyance.

Respectfully Submitted,

/S/
Imran H. Ansari, Esq.

CC: All Counsel of Record (via ECF)

4