UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEDIL DAVID, an Individual,

        Plaintiff,

        v.

THE WEINSTEIN COMPANY LLC;
THE WEINSTEIN COMPANY HOLDINGS
LLC; HARVEY WEINSTEIN; and ROBERT
WEINSTEIN,

        Defendants.

Index No. 1:18-cv-05414 (RA)

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT HARVEY WEINSTEIN'S OBJECTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a)

**WIGDOR LLP**

Douglas H. Wigdor
Bryan L. Arbeit

85 Fifth Avenue
New York, New York 10003
dwigdor@wigdorlaw.com
barbeit@wigdorlaw.com

**THE LAW OFFICE OF KEVIN MINTZER, P.C.**

Kevin Mintzer

1350 Broadway, Suite 1400
New York, New York 10018
km@mintzerfirm.com

*Attorneys for Plaintiff Wedil David*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..........................................................................................................ii

PRELIMINARY STATEMENT .....................................................................................................1

FACTUAL BACKGROUND...........................................................................................................2

I.      DEFENDANT'S FIVE ATTEMPTS TO STAY DISCOVERY.........................................2

II.      DEFENDANT'S CONTINUED DISCOVERY DELAYS AND FAILURE TO
TIMELY OBJECT TO THE FEBRUARY ORDER..........................................................5

ARGUMENT ...................................................................................................................................6

I.      STANDARD OF REVIEW ..............................................................................................6

II.      WEINSTEIN WAIVED THE RIGHT TO OBJECT TO THE FEBRUARY
ORDER BY FAILING TO FILE OBJECTIONS FOR OVER THREE MONTHS ..........7

III.      THE FEBRUARY ORDER WAS NEITHER CLEARLY ERRONEOUS NOR
CONTRARY TO LAW .....................................................................................................9

VI.      WEINSTEIN'S UNTIMELY REQUEST FOR RECONSIDERATION TO
JUDGE FOX IS NOT PROPERLY APPEALABLE AND, IN ANY EVENT,
WAS WITHOUT MERIT..................................................................................................14

CONCLUSION..............................................................................................................................18

# TABLE OF AUTHORITIES

## Cases

*Allen v. Sybase, Inc.*,
  468 F.3d 642 (10th Cir. 2006) ................................................ 8

*Alston v. Pafumi*,
  No. 09 Civ. 1978, 2012 WL 6093893 (D. Conn. Dec. 7, 2012) (denying motion .................. 15

*Arnold v. Indep. Health Ass'n, Inc.*,
  No. 17 Civ. 01260, 2019 WL 3955420 (W.D.N.Y. Aug. 22, 2019) ........................................ 11

*Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*,
  No. 11 Civ. 6746, 2015 WL 3404111 (S.D.N.Y. May 27, 2015) ............................................ 8

*Chevron Corp. v. Donziger*,
  296 F.R.D. 168 (S.D.N.Y. 2013) ................................................ 8

*Cohalan v. Genie Indus., Inc.*,
  276 F.R.D 161 (S.D.N.Y. 2011) ................................................ 17

*Concord Boat Corp. v. Brunswick Corp.*,
  169 F.R.D. 44 (S.D.N.Y. 1996) ................................................ 8, 12

*D 56, Inc. v. Zuckers Gifts, Inc.*,
  No. 95 Civ. 9327, 1996 WL 280797 (S.D.N.Y. May 24, 1996) ............................................ 12

*Dey, L.P. v. Sepracor, Inc.*,
  No. 07 Civ. 2353, 2010 WL 5094406 (S.D.N.Y. Dec. 8, 2010) ............................................ 12

*Dubai Islamic Bank v. Citibank, N.A.*,
  No. 99 Civ. 1930, 2002 WL 1628802 (S.D.N.Y. July 23, 2002) .......................................... 6, 8

*Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*,
  No. 02 Civ. 9151, 2003 WL 22455224 (S.D.N.Y. Oct. 28, 2003) .............................. 11, 12, 17

*Grand River Enterprises Six Nations, Ltd. v. King*,
  No. 02 Civ. 5068, 2009 WL 1360686 (S.D.N.Y. May 15, 2009) ............................................ 10

*Gropper v. David Ellis Real Estate, L.P.*,
  No. 13 Civ. 2068, 2014 WL 518234 (S.D.N.Y. Feb. 10, 2014) ............................................ 11

*Hall v. Colvin*,
  No. 14 Civ. 7731, 2017 WL 4339664 (S.D.N.Y. Sept. 29, 2017) .......................................... 8

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
No. 05 MD, 2017 WL 4620988 (E.D.N.Y. Oct. 13, 2017) ...................................... 8

*Koehler v. Bank of Bermuda Ltd.*,
No. 18 Civ. 302, 2003 WL 466206 (S.D.N.Y. Feb. 21, 2003) ................................ 14

*Labarbera v. Absolute Trucking, Inc.*,
No. 08 Civ. 4581, 2009 WL 2496463 (E.D.N.Y. Aug. 12, 2009) ........................... 11

*McAllan v. Von Essen*,
517 F. Supp. 2d 672 (S.D.N.Y. 2007) .................................................................... 6

*McFarlane v. First Unum Life Ins. Co.*,
No. 16 Civ. 7806 (RA), 2017 WL 4564928 (S.D.N.Y. Oct. 12, 2017) .................... 7

*McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*,
293 F. Supp. 3d 394 (S.D.N.Y. 2018) .................................................................... 15

*McNamee v. Clemens*,
No. 09 Civ. 1647, 2014 WL 1338720 (E.D.N.Y. Apr. 2, 2014) ............................. 14

*Mestecky v. New York City Dep't of Educ.*,
No. 13 Civ. 4302, 2016 WL 7217637 (E.D.N.Y. Dec. 12, 2016) ............... 8, 14, 15

*Pirrotti v. Respironics, Inc.*,
No. 11 Civ. 00439, 2013 WL 12251359 (D. Conn. Jan. 3, 2013) .......................... 15

*Rahman v. Smith & Wollensky Rest. Grp., Inc.*,
No. 06 Civ. 6198, 2007 WL 1521117 (S.D.N.Y. May 24, 2007) ................. 11, 16, 17

*Schur v. L. A. Weight Loss Centers, Inc.*,
577 F.3d 752 (7th Cir. 2009) ................................................................................. 7

*Silva v. Cofresi*,
No. 13 Civ. 3200, 2014 WL 3809095 (S.D.N.Y. Aug. 1, 2014) ....................... 13, 17

*South New England Telephone Co. v. Global NAPs, Inc.*,
624 F.3d 123 (2d Cir.2010) .................................................................................. 13

*Walker v. Carter*,
No. 12 Civ. 05384, 2016 WL 6820554 (S.D.N.Y. Feb. 4, 2016) ........................... 10

## Statutes

28 U.S.C. § 636(b)(1)(A) ................................................................................. 6, 14

Fed. R. Civ. P. 72(a) ............................................................................... *passim*

Plaintiff Wedil David ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant Harvey Weinstein's ("Defendant" or "Weinstein") Federal Rule of Civil Procedure ("Rule") 72(a) objections to the February 12, 2020 order of the Honorable Kevin N. Fox ordering Defendant to respond to Plaintiff's First Set of Interrogatories ("Interrogatories") and First Set of Document Requests ("Document Requests") (collectively, "Discovery Requests") without asserting objections ("February Order") and the May 8, 2020 order denying Defendants' untimely motion for reconsideration and/or clarification of the February Order ("May Order").

## PRELIMINARY STATEMENT

Defendant's Rule 72(a) objections are untimely, procedurally defective, and meritless. They are also another example of the very delay tactics that led Judge Fox to issue the February Order requiring Weinstein to respond to Plaintiff's Discovery Requests without asserting objections. Rather than cooperate in discovery, Weinstein unsuccessfully moved to stay discovery *five* times before the February Order and then unjustifiably failed to timely respond to Plaintiff's properly served discovery requests. Under these circumstances, Judge Fox's order requiring Weinstein to respond without objections was predictable and appropriate. The Court should overrule Defendant's objections for the following reasons.

First, after the February Order, Weinstein also delayed nearly 100 days before filing his objections, even though Rule 72(a) requires that any such objection be filed in 14 days. As a result, Defendant waived any right to object to appeal the February Order either before this Court or an appellate court. *See infra* pp. 7 to 9.

Second, even if this Court were to entertain Defendant's untimely Rule 72(a) objection, the February Order is not "clearly erroneous or contrary to law." District courts routinely find

waiver of objections when a party unjustifiability fails to respond to discovery requests. The record before Judge Fox amply supported his finding that Weinstein's failure to timely respond to Plaintiff's Discovery Requests was unjustified. *See infra* pp. 9 to 14.

Finally, Defendant's objection to the May Order denying his request for reconsideration or clarification of the February Order fares no better because that request was procedurally defective and untimely. Moreover, nothing about the February Order required clarification, and Defendant abjectly failed to demonstrate that he was entitled to reconsideration under the standards of Local Civil Rule 6.3. *See infra* pp. 14 to 16.

For these reasons, and as explained in greater detail below, Defendant's Rule 72(a) objections should be overruled.

## FACTUAL BACKGROUND

Defendant has made repeated attempts to forestall discovery through motions to stay and refusals to participate in the discovery process. We summarize Defendant's efforts to forestall discovery that served as the record for the February Order.

## I. DEFENDANT'S FIVE ATTEMPTS TO STAY DISCOVERY

In November 2018, Defendant moved to stay this action pending his criminal trial. Dkt. No. 114. This Court denied Defendant's motion as overbroad and stated that Defendant could move to stay specific aspects of this action that he believes will unduly burden the exercise of his Fifth Amendment rights. Dkt. No. 134.

In September 2019, Plaintiff requested that discovery commence for all Defendants while motions to dismiss were *sub judice*, which Weinstein opposed. Dkt. Nos. 178, 180. Shortly after, this Court filed an Order of Reference to a Magistrate Judge for general pretrial purposes for Plaintiff's claims against Weinstein and The Weinstein Companies only. Dkt. No. 181.

Following this Order of Reference, Defendant refused to schedule a Rule 26(f) conference. Defendant filed a letter asking Judge Fox to stay discovery pending a decision on the motions to dismiss. Dkt. No. 184. One week later, Judge Fox ordered the parties to participate in a Rule 26(f) conference over Defendant's objection and ordered the parties to submit a proposed scheduling order. Dkt. No. 187.

During the parties' Rule 26(f) conference, Defendant refused to agree to begin discovery and insisted that the scheduling order include a stay of discovery until April 1, 2020. See Dkt. No. 188. Plaintiff submitted a proposed scheduling order without a stay of discovery and opposed Defendant's anticipated motion to stay discovery. *Id.* Despite the Court's previous ruling denying Weinstein's overly broad stay request, Defendant submitted a proposed scheduling order with another complete stay of discovery until April 1, 2020. Dkt. No. 189. Soon after, Judge Fox denied Defendant's motion to stay and adopted Plaintiff's proposed scheduling order. Dkt. Nos. 192-193.

On November 26, 2019, Defendant filed, and this Court so ordered, a substitution of counsel order identifying Diana Warshow, Esq. of Nesenoff & Miltenberg, LLP as incoming counsel for Defendant. Dkt. Nos. 194-95. On December 23, 2019, Plaintiff emailed and mailed her Discovery Requests to Defendant's new counsel, Ms. Warshow and Andrew Miltenberg, Esq. Weinstein failed to respond to the Discovery Requests within the period required by Rules 33 and 34 and did not seek any more time to respond. On January 31, 2020, Plaintiff emailed a letter to Defendant's counsel, Mr. Miltenberg and Ms. Warshaw, requesting an explanation for Defendant's failure to respond to the Discovery Requests and a time to meet and confer. See Dkt. No. 200-1. Plaintiff also informed Defendant's counsel that, if the issue was not resolved

promptly, Plaintiff intended to raise the matter during a February 4, 2020 status conference, which Judge Fox previously scheduled.  *Id.*

On February 4, 2020, Plaintiff submitted a letter before the status conference explaining that Weinstein had not responded timely to Plaintiff's discovery requests, nor had Defendant's counsel responded to Plaintiff's letter of January 31, 2020, a copy of which Plaintiff provided to the Court.  Dkt. No. 200.  Plaintiff requested that the Court order Defendant to respond to Plaintiff's Discovery Requests without asserting objections because Defendant unjustifiably failed to respond to Plaintiff's Discovery Requests.  *Id.*  On February 4, 2020, Judge Fox held a telephone status conference, but Weinstein's counsel failed to appear.  Judge Fox made no rulings during the conference.

On February 7, 2020, Mr. Miltenberg and Phillip Byler, Esq. of the same firm filed notices of appearance.  Dkt. Nos. 201-02.  On the same day, Mr. Byler submitted a letter to Court claiming that *he* only learned of Plaintiff's Discovery Requests two days before and claimed that his colleagues were "out of the office" when Plaintiff emailed the January 31, 2020 deficiency letter.  Dkt. No. 203.  Rather than provide responses to Plaintiff's Discovery Requests or even propose a date by which he would do so, Mr. Byler yet again asked Judge Fox to order a stay on discovery pending the completion of the criminal trial.  *Id.*

Plaintiff opposed what was then Defendant's fifth request for a stay of discovery.  Dkt. No. 204.  Plaintiff pointed out that Defendant's counsel had repeatedly failed to respond to Plaintiff's emails about discovery and the missed court conference.  *Id.*  On February 12, 2020, Judge Fox issued the following order:

> On or before February 20, 2020, defendant Harvey Weinstein ("Weinstein") shall respond to the plaintiff's First Set of Document Requests and Interrogatories without asserting objections, as objections have been waived perforce of his unjustified failure to respond to the plaintiff's discovery demands timely.

> Weinstein's request for a stay, Docket Entry No. 203, which rehashes arguments that have been rejected previously, is denied.

Dkt. No. 205.  Judge Fox also ordered Defendant to file an Answer to Plaintiff's Third Amended Complaint since he failed to do so.  *Id.*

## II.  DEFENDANT'S CONTINUED DISCOVERY DELAYS AND FAILURE TO TIMELY OBJECT TO THE FEBRUARY ORDER

Defendant requested a two-week extension, until March 5, 2020, to respond to Plaintiff's Discovery Requests.  Dkt. No. 208.  Plaintiff opposed the requested extension because Defendant did not ask for it until noon on the day of the Court ordered deadline and the reasons provided by Defendant suggested that he was continuing to delay discovery without justification.  Dkt. No. 209.  Judge Fox granted Defendant only an extension to respond to Plaintiff's Interrogatories until February 28, 2020.  On February 21, 2020, as previously ordered by Judge Fox, Defendant served his responses to Plaintiff's Document Requests without asserting any objections, including privilege.  Dkt. No. 210.  Defendant did not respond to Plaintiff's Interrogatories, but was granted an extension to respond until March 14, 2020, which Judge Fox later extended until May 15, 2020.  Dkt. Nos. 216, 220.

On March 2, 2020, Imran Ansari, Esq. of Aidala, Bertuna & Kamins, P.C. filed his notice of appearance along with a proposed substitution of counsel that was so ordered the next day.  Dkt. Nos. 213-15.  About a week later, Plaintiff emailed Mr. Ansari a copy of the February Order.  Dkt. No. 224.

On May 7, 2020, almost three months later, Defendant filed a letter asking for reconsideration and/or clarification of the February Order.  Dkt. No. 223.  The next day, Plaintiff opposed the request.  Dkt. No. 224.  On that same day, during a telephone conference with the

parties, Judge Fox denied Defendant's request for reconsideration of the February Order as untimely and denied Defendant's request for clarification.

On May 15, 2020, 93 days after Judge Fox issued the February Order, Defendant filed Rule 72(a) objections to the February 12 and May Orders. Dkt. No. 228.

## ARGUMENT

### I.   STANDARD OF REVIEW

Weinstein's objections to Judge Fox's rulings lack merit and should be overruled. Under 28 U.S.C. § 636(b)(1)(A), this Court referred Plaintiff's claims to a Magistrate Judge for general pretrial supervision, including discovery matters. Dkt. No. 181. Based on this referral, a Magistrate Judge had broad discretion to adjudicate discovery disputes between the parties. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (citation omitted). ("[A] magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion"); *see also* Local Civil Rule 72.1 Committee Note ("Local Civil Rule 72.1 confirms and continues the Courts' intent to give their Magistrate Judges the maximize powers authorized by law").

Once a Magistrate Judge issues a decision regarding discovery or another non-dispositive matter, Rule 72(a) provides that a "party may serve and file objections to the order within 14 days after being served with a copy." The rule also provides that a "party may not assign as error a defect in the order not timely objected to." *Id.* Accordingly, a party waives objections to a Magistrate Judge's non-dispositive discovery order by failing to file objections within the period permitted by Rule 72(a). *See Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930, 2002 WL 1628802, at *1 (S.D.N.Y. July 23, 2002) ("Plaintiff waived objections to [the Magistrate Judge's] March 29, 2002 Order by filing it three weeks late."); see Rule 72 Advisory Committee

Notes on 1991 Amendment ("The amendment is also intended to assure that objections to magistrate's order that are not timely made shall not be considered").

When a party makes a timely objection to a Magistrate Judge's discovery order, the District Court may reverse the decision if it is "clearly erroneous or contrary to law." Rule 72(a); *McFarlane v. First Unum Life Ins. Co.*, No. 16 Civ. 7806 (RA), 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017). An order is "contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotations omitted).

Applying these principles, the Court should conclude: (1) Weinstein failed to file timely objections to the February Order, thereby waiving his right to appeal that decision; (2) the February Order was neither clearly erroneous nor contrary to law; and (3) the May Order, which declined to consider Defendant's untimely request for reconsideration or clarification of the February Order, is not separately appealable and, in any case, should not be reversed.

## II.   WEINSTEIN WAIVED THE RIGHT TO OBJECT TO THE FEBRUARY ORDER BY FAILING TO FILE OBJECTIONS FOR OVER THREE MONTHS

Defendant argues that although objections to non-dispositive orders by Magistrate Judges "typically" must be filed within 14 days, the Court should still consider his objections to the February Order, which he filed 93 days after the Order was issued. Def. Mem. 5. In support of his argument, he points to two out-of-circuit cases in which courts have recognized that a party's failure to file objections within the time required by Rule 72(a) did not preclude a district court, on its own motion, from revisiting non-dispositive matters decided by a Magistrate Judge. *See Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 (7th Cir. 2009) (holding that district court had authority reconsider motion to amend granted by Magistrate Judge without objection

when it became apparent that the amendment may have defeated diversity jurisdiction); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (concluding that district court could revisit erroneous evidentiary ruling made by Magistrate Judge in the context of ruling on the parties' cross-motions for summary judgment).[1] But these cases do not assist Weinstein's argument, as the Court did not raise the propriety of the February Order *sua sponte*. Rather, Weinstein has presented the issue by his untimely objections.

In the Second Circuit, the universal rule is that objections to a non-dispositive order by a Magistrate Judge are waived if not filed within the time required by Fed. R. Civ. P. 72(a). *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05 MD, 2017 WL 4620988, at *5 (E.D.N.Y. Oct. 13, 2017); *Mestecky v. New York City Dep't of Educ.*, No. 13 Civ. 4302, 2016 WL 7217637, at *2 (E.D.N.Y. Dec. 12, 2016); *Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, No. 11 Civ. 6746, 2015 WL 3404111, at *5 (S.D.N.Y. May 27, 2015); *Dubai Islamic Bank*, 2002 WL 1628802, at *1. Defendant cites *no* authority holding to the contrary.[2] Thus, because Defendant concededly filed his objections well after the 14-day period required by the Rule, the Court should overrule his objections.

---

[1] In *Hall v. Colvin*, No. 14 Civ. 7731, 2017 WL 4339664 (S.D.N.Y. Sept. 29, 2017), also cited by Weinstein, the district court reviewed a report and recommendation ("R&R") by a Magistrate Judge on a *dispositive* issue under Rule 72(b). Even with no objection, the court reviewed the R&R for clear error and found none. *Id.* at *2-3. *Hall* does not affect the standard of review applicable to untimely objections for a non-dispositive matter under Rule 72(a).

[2] The only two other cases cited by Weinstein on this issue are inapposite. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) concerned whether the failure of a non-party to object to a subpoena under Rule 45 and had nothing to do with a review of a Magistrate Judge's order. Likewise, *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 208 (S.D.N.Y. 2013), held that parties which did not object to document requests on jurisdictional grounds objections on that basis; the case has nothing to do with the proper standard of review of a Magistrate Judge's determination of a discovery dispute or the failure to file timely objections.

Even if the Court *could* theoretically overlook the tardiness of Weinstein's objections, Defendant has offered no reason why the Court *should* do so. This is not a case in which Defendant missed a deadline by a day or two. Rather, Weinstein's objections to the February Order were not filed for *79 days* after they were due. That Weinstein himself focused on his criminal trial – which ended two days before any objections to the February Order were due – should have not affected his lawyers' ability to timely file objections. Nor should the Court accept Weinstein's suggestion that his failure to timely object had anything to do with the COVID-19 public health crisis. As noted, any objections to the February Order were due in late February, over two weeks before any shutdown orders in New York went into effect. In sum, Defendant has offered no justification for his egregious failure to file timely objections to the February Order. Thus, the Court should overrule his objections on this basis.

## III. THE FEBRUARY ORDER WAS NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO LAW

Should the Court reach the merits of the February Order, Judge Fox's order should be affirmed. As relevant here, the February Order states that Weinstein "shall respond to the plaintiff's First Set of Document Requests and Interrogatories without asserting objections, as objections have been waived perforce of his unjustified failure to respond to the plaintiff's discovery demands timely." Dkt. No. 205. Weinstein does not make clear on what basis he contends this Order was "clearly erroneous" or "contrary to law," but the substance of his argument appears to be that only a "flagrant disregard" of discovery obligations or "bad faith" can justify a court finding that a party has waived all objections to discovery requests. Def. Mem. 6. But as described below, Defendant's argument fails for three reasons: (1) Weinstein did not make this argument to Judge Fox in response to Plaintiff's motion, and it thus waived; (2) no finding of bad faith or misconduct is necessary for a court to find that a party has waived

discovery objections, including objections based on privilege; and (3) even if such a requirement existed, the record before the Judge Fox amply supported such a conclusion.

In the first place, the Court should reject Defendant's argument because he did not present it to Judge Fox before the February Order. *See Walker v. Carter*, No. 12 Civ. 05384, 2016 WL 6820554, at *4 (S.D.N.Y. Feb. 4, 2016) ("A party's failure to present timely arguments . . . to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's non-dispositive order.") (quoting *Grand River Enterprises Six Nations, Ltd. v. King*, No. 02 Civ. 5068, 2009 WL 1360686, at *3 (S.D.N.Y. May 15, 2009). In responding to Plaintiff's application to request that Defendant be required to respond to Plaintiff's Discovery Requests without objections, Weinstein did *not* argue, as he does to this Court, that a finding of waiver is appropriate only when there has been flagrant discovery abuses or bad faith. Dkt. No. 203. Rather, Defendant asserted, in substance, that his failure to respond resulted from Plaintiff's discovery requests being "overlooked" by his new lawyers and, for the fifth time, sought a stay of discovery. *Id.*[3] In fact, Defendant's opposition letter ignored Plaintiff's request that he be ordered to respond to Plaintiff's Discovery Requests without objection. Thus, Defendant did not make his present argument to Judge Fox before the February Order, and it is therefore waived. *See Walker*, 2016 WL 6820554, at *4; *Grand River Enterprises*, 2009 WL 1360686, at *3.

Even if Weinstein had preserved his current argument, the Court should reject it. "Rules 33(b) and 34 of the Federal Rules of Civil Procedure require responses within 30 days of service

---

[3]     As noted above, this request for a stay of discovery was denied by Judge Fox as "rehash[] [of] arguments that have been rejected previously." Dkt. No. 205.

of interrogatories or document requests, and a party who fails to comply with that obligation may be deemed to have forfeited any objections." *Gropper v. David Ellis Real Estate, L.P.*, No. 13 Civ. 2068, 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014). Thus, courts in this Circuit regularly find that a party who fails to timely respond to discovery requests, without good cause, waives the right to object to such requests. *Arnold v. Indep. Health Ass'n, Inc.*, No. 17 Civ. 01260, 2019 WL 3955420, at *4 (W.D.N.Y. Aug. 22, 2019) ("Plaintiff's failure to timely respond to [defendant's] discovery demands waives any objection which may have been available to her."); *Labarbera v. Absolute Trucking, Inc.*, No. 08 Civ. 4581, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."); *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198, 2007 WL 1521117, at *2 (S.D.N.Y. May 24, 2007) (noting that the court had ordered before that "defendants' failure to respond to plaintiff's document request, which was served on October 19, within thirty days waived all objections to the request."); *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02 Civ. 9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("Since there was an unexcused and unexplained failure to assert objections in a timely manner, I concluded that all of defendant's objections were waived.").

Contrary to Weinstein's argument, moreover, none of the cases cited above suggest that a waiver of objections is only appropriate where a litigant proves "bad faith" or a "flagrant disregard" of discovery obligations. Rather, the cases provide that the burden is on the party who flouted discovery deadlines to demonstrate good cause in order to avoid a finding of waiver. As the court explained in *Eldaghar*, 2003 WL 22455224:

> Given the absence of a valid explanation for defendant's failure to serve
> its objections in a timely manner, the foregoing authorities teach that a

> finding of waiver is appropriate. Any other result would ignore the time limits set forth in the Federal Rules of Civil Procedure, contribute further to the delay in resolving cases and effectively transform Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested, but non-binding, guidelines.

*Id.* at *1.

The cases cited by Weinstein do not state that "only a flagrant disregard" warrants a finding of waiver, as Defendant suggests. Def. Mem. 6. To the contrary, in *Dey, L.P. v. Sepracor, Inc.*, No. 07 Civ. 2353, 2010 WL 5094406, at *3 (S.D.N.Y. Dec. 8, 2010), the court held that plaintiff's untimely production of a privilege log meant that it waived the right to claim privilege, even though the court noted that plaintiff "appears to have acted in good faith." *Id.* at 3. Similarly inapposite is *D 56, Inc. v. Zuckers Gifts, Inc.*, No. 95 Civ. 9327, 1996 WL 280797, at *1 (S.D.N.Y. May 24, 1996). In that case, the court declined to find waiver even though plaintiff had served untimely objections because, in the court's view, plaintiff had reasonably misunderstood a provision of the local rules that could "confuse even a diligent practitioner," and then acted with "alacrity" to produce discovery responses, documents and a privilege log once plaintiff identified the error. *Id.* These circumstances are the opposite of what occurred here. When Plaintiff asked Weinstein to explain why he had failed to respond to her discovery requests, he ignored her inquiry, did not produce the required responses, and once again sought a stay of discovery that had been repeatedly denied.

Weinstein himself acknowledges that, when a party fails to timely serve discovery responses, waiver will be avoided only in "unusual circumstances and for good cause." Def. Mem. 6-7 (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)). Defendant made no such showing to Judge Fox. As a result, the Court's conclusion that Weinstein had waived

all objections to Plaintiff's Discovery Requests fits with the cases in this Circuit, and thus was neither clearly erroneous nor contrary to law.

Finally, even if, contrary to the cases, a waiver of discovery objections would only be appropriate upon a finding of flagrant misconduct by Weinstein, the record before Judge Fox more than supported such a conclusion, which is entitled to deference from this Court. As described above: (i) Weinstein repeatedly sought blanket stays of discovery, even after this Court rejected such a request; (ii) Defendant failed to cooperate in moving discovery forward after his stay requests were denied; (iii) Defendant's attorneys ignored Plaintiff's attempt to secure discovery responses, even after Weinstein had missed the deadline; (iv) Defendant's counsel inexplicably failed to appear at a telephone conference scheduled by Judge Fox, which took place *after* Plaintiff had raised his failure to serve discovery responses; and (v) upon learning that Plaintiff sought the Court's intervention about this issue, Defendant did not immediately try to produce responses or otherwise mitigate his violation of the rules, but asked for another stay of discovery.

Faced with this record, Judge Fox was more than justified in finding that a waiver was appropriate. Moreover, contrary to Defendant's suggestion, in issuing the February Order, the Court did not have to make any specific findings that Plaintiff was prejudiced by Defendant's failure to meet his discovery obligations. "[E]ven if the plaintiff had not expended both time and money in seeking this discovery, the Second Circuit has 'consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions.'" *Silva v. Cofresi*, No. 13 Civ. 3200, 2014 WL 3809095, at *3 (S.D.N.Y. Aug. 1, 2014) (citing *South New England Telephone Co. v. Global NAPs, Inc.,* 624 F.3d 123, 148–49 (2d Cir. 2010)). In any case, Defendant's failure to respond to Plaintiff's Discovery Requests has prejudiced Plaintiff. Aside from the resources Plaintiff has expended in trying to get Weinstein to comply with his obligations, Weinstein's failure to

respond to Plaintiff's requests and his continuing failure to produce responsive documents has contributed to the delayed resolution of this action.

Thus, Weinstein has failed to establish that the February Order was clearly erroneous or contrary to law.

## VI. WEINSTEIN'S UNTIMELY REQUEST FOR RECONSIDERATION TO JUDGE FOX IS NOT PROPERLY APPEALABLE AND, IN ANY EVENT, WAS <u>WITHOUT MERIT</u>

Weinstein also objects to the May Order, in which Judge Fox denied Weinstein's request to "reconsider or clarify" the February Order. Defendant particularly challenges that Judge Fox declined to revise the February Order to permit Weinstein to assert objections on privilege grounds. But there is no basis for this Court to set aside the May Order.

To begin, Weinstein did not have the right to seek reconsideration with Judge Fox. "Unlike motions for reconsideration of district judges' orders, provided for by Local Civil Rule 6.3, there is no provision in the governing statute or the rules of procedure for motions for reconsideration to be made to magistrate judges." *Koehler v. Bank of Bermuda Ltd.*, No. 18 Civ. 302, 2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003). The plain wording of 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) requires "objections to a magistrate judge's nondispositive order be timely made to the district judge assigned to the case." *Mestecky v. New York City Dep't of Educ.*, No. 13 Civ. 4302, 2016 WL 7217637, at *2 (E.D.N.Y. Dec. 12, 2016). As a result, the "proper procedural route would have been to timely contest the initial [] Order – a non-dispositive order – to this Court through Rule 72(a)." *McNamee v. Clemens*, No. 09 Civ. 1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014). Thus, because the relevant rules did not permit Judge Fox to even entertain Weinstein's request for reconsideration, he cannot claim that the denial of that improper request was clearly erroneous or contrary to law. *Mestecky*, 2016 WL

7217637, at *2 (E.D.N.Y. Dec. 12, 2016) (holding that the court "need not countenance" an appeal of a Magistrate Judge's denial of a reconsideration request that had been improperly filed in the first instance).

Assuming that Judge Fox could consider Weinstein's reconsideration request, the reconsideration request was properly denied as untimely. A party must file a motion for reconsideration within 14 days of the date the order. Local Civil Rule 6.3. Here, Weinstein did not seek reconsideration until May 7, 2020, which was 85 days after the February Order. Dkt. No. 223. Defendant's application to Judge Fox did not explain why the Court should overlook its untimeliness, nor did Defendant even acknowledge the time requirements of Local Civil Rule 6.3. *Id.* Thus, it was neither clearly erroneous nor contrary to law for Judge Fox to deny Defendant's untimely request for reconsideration. *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion.") (citations omitted).[4]

Judge Fox's denial of Defendant's untimely reconsideration motion was also substantively correct. Local Civil Rule 6.3 provides that a motion for reconsideration must set forth "the matters or controlling decisions which counsel believes the Court has overlooked." But Weinstein's original response to Plaintiff's application to Judge Fox did not make any arguments against a finding of waiver, and it cited no decisions, controlling or otherwise. Dkt. No. 203.

---

[4] Weinstein's alternative request for "clarification" of the February 12 Order did not change the timeliness requirements. *See Pirrotti v. Respironics, Inc.*, No. 11 Civ. 00439, 2013 WL 12251359, at *2 (D. Conn. Jan. 3, 2013) (affirming decision of Magistrate Judge to treat request for "clarification" of a discovery order as a request for reconsideration, and denying the request as untimely); *Alston v. Pafumi*, No. 09 Civ. 1978, 2012 WL 6093893, at *1 (D. Conn. Dec. 7, 2012) (denying motion for reconsideration and clarification as untimely).

Thus, Judge Fox did not "overlook" anything, and Weinstein's request for reconsideration notably did not argue otherwise. Dkt. No. 223.

Weinstein's attack on the May Order is essentially the same as his critique of the February Order, and the Court should reject it for the reasons as described above. To the extent that Weinstein particularly questions Judge Fox's refusal to reconsider or "clarify" the February Order to permit him to assert objections based on "sacred" privileges (Def. Mem. 4 & 8), Defendant's argument still fails. First, there was no ambiguity in the February Order – the court directed Weinstein to respond to Plaintiff's discovery requests "without asserting objections." This encompassed all objections, including those based on privilege. Thus, there was nothing for Judge Fox to clarify.[5] *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007) (rejecting defendant's argument that previous order of the district court, holding that all objections to plaintiff's document requests were waived, did not include privilege objections). Indeed, Defendant's former counsel was well aware that, because of the February Order, Defendant could not assert objections based on privilege. On February 20, 2020, Weinstein served Responses to Plaintiff's Document Requests, which did not assert any objections based on privilege. Weinstein has also not provided Plaintiff with a privilege log of any kind.[6]

---

[5]    Weinstein's objections do not press the claim that there was anything ambiguous about the February 12 Order. Thus, he has abandoned any challenge to either the February 12 Order or the May 8 Order on that basis.

[6]    The failure to provide such a log would be another independent basis to conclude that Weinstein has waived privilege. *See, e.g., Rahman*, 2007 WL 1521117, at *3 ("It is well established that failure to provide a privilege log in a timely manner may result in waiver of objections on the basis of privilege.").

Contrary to Defendant's argument, moreover, Judge Fox's holding that Defendant waived his right to assert privilege and other objections based on his unjustified failure to respond to Plaintiff's Discovery Requests is neither unusual nor "draconian." *See, e.g.*, *Silva v Cofresi*, No. 13 Civ. 3200, 2014 WL 3809095, at *6 (S.D.N.Y. Aug. 1, 2014); *Cohalan v. Genie Indus., Inc.*, 276 F.R.D 161, 163 (S.D.N.Y. 2011); *Rahman*, 2007 WL 1521117, at *3; *Eldaghar v. City of New York Department of Citywide Administrative Services*, No. 02 Civ. 9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003). Any litigant faced with such a penalty necessarily will incur "some hardship." *Eldaghar*, 2003 WL 22455224, at *2. But the fact that Defendant is facing criminal charges in California for alleged rape and sexual assault of women other than Plaintiff is not a basis to afford Weinstein special protections from orders of this Court, nor to exempt him from the civil discovery requirements that apply to all litigants. In any event, as Defendant acknowledges, the parties have entered into a comprehensive protective order that will afford confidentiality protections to the non-public documents he produces in this case. Dkt No. 226. Thus, Weinstein's purported concerns that documents he might have to produce will cause him prejudice in his California criminal case or other civil actions is speculative.

## CONCLUSION

For the reasons stated above, this Court should overrule Defendant's Objections to the February and May Orders.

Dated: May 29, 2020
   New York, New York

         **WIGDOR LLP**

         By: _____
           Douglas H. Wigdor
           Bryan L. Arbeit

         85 Fifth Avenue
         New York, New York 10003
         Telephone: (212) 257-6800
         dwigdor@wigdorlaw.com
         barbeit@wigdorlaw.com

         **THE LAW OFFICE OF KEVIN MINTZER, P.C.**

         Kevin Mintzer
         1350 Broadway, Suite 1400
         New York, New York 10018
         Telephone: (646) 843-8180
         km@mintzerfirm.com

         *Attorneys for Plaintiff Wedil David*