```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WEDIL DAVID,                                    :
                                                :
                        Plaintiff,              :
    -against-                                   :          ORDER
                                                :       18 CV 5414 (RA) (KNF)
THE WEINSTEIN COMPANY LLC,                      :
THE WEINSTEIN COMPANY HOLDINGS                  :
LLC, HARVEY WEINSTEIN and                       :
ROBERT WEINSTEIN,                               :
                                                :
                        Defendants.             :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

The plaintiff has requested that the Court direct defendant Harvey Weinstein ("Weinstein") to "produce all documents responsive to Plaintiff' First Set of Document Requests ... by June 3, 2020, or another date that the Court deems appropriate." Docket Entry No. 229. Weinstein has opposes that request, see Docket Entry No. 230 and , although he acknowledges possessing responsive document that he could produce to the plaintiff "this week," he has determined to delay supplementing his prior document production owing to an objection he submitted to the assigned district judge, pursuant to Rule 72 (a) of the Federal Rules of Civil Procedure.

Weinstein was directed to supply the Court with binding authority that supports his position that he may delay satisfying his production supplementation obligation by simply lodging a Rule 72(a) objection. See Docket Entry No. 231. In response, Weinstein submitted a letter to the Court in which he concedes that no binding authority supports his position that he may delay meeting his production supplementation obligation by lodging a Rule 72(a) objection. See Docket Entry No. 233. Weinstein contends, however, that as no court order directing him to supplement his document production by a date certain exists, he has not disobeyed any court-issued directive respecting the supplementation of his prior production to the plaintiff.

> A party who has made a disclosure under Rule 26(a)--or who has
>  responded to an interrogatory, request for production, or request
> to admit – must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect

>   the disclosure or response is incomplete or incorrect, and if the
>   additional or corrective information has not otherwise been made
>   known to the other parties during the discovery process or in writing;
>   or (B) as ordered by the court.
>
>   Fed. R. Civ. P. 26(e)(1).

Weinstein has acknowledged that: 1) his response to the plaintiff's First Set of Document Requests is incomplete ; 2) he has readily at hand responsive documents with which to supplement his prior production; and 3) he has delayed disclosing them to the plaintiff.   Weinstein's delay in supplementing his prior document production violates Rule 26(e) of the Federal Rules of Civil Procedure, which requires him to supplement "in a timely manner" when he learns that a production he has made is in some material respect incomplete or incorrect.  Fed. R. Civ. P. 26(e)(1)(A).  Although Weinstein suggests that he may delay fulfilling his production supplementation obligation in the absence of a court order directing that the obligation be met by a date certain, no such order is needed.   This so because the express language of Rule 26(e) makes clear that a party's obligation to supplement timely is triggered immediately upon the party's learning that a prior production the party has made is materially incomplete or incorrect.

As noted above, Weinstein's position, that he may delay meeting his production supplementation obligation because he has lodged a Fed. R. Civ. P. 72(a) objection with the assigned district judge, is not supported by any binding authority.  Weinstein's dilatory approach to his production supplementation obligation  cannot be countenanced by the Court.  Therefore, in the circumstance of this case, and based on Rule 26(e), Weinstein must meet his production supplementation obligation without further delay, except with respect to electronically store information that Weinstein has informed the Court is not yet available to him for production.  With respect to those documents that are stored electronically, Weinstein has advised the Court that they "will be provided to Plaintiff as they become available." Docket Entry No. 233.  This, of course, is what Rule 26(e) requires.

In summary, Weinstein must meet his production supplementation obligation without further

delay, except as that obligation relates to electronically stored information not yet available to him for production, as noted above. The parties are reminded that failing to obey a court order may result in sanctions, including contempt of court. This order resolves Docket Entry No. 229.


Dated: New York, New York
       June 4, 2020

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE