```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/17/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEDIL DAVID,

                Plaintiff,

v.

THE WEINSTEIN COMPANY LLC,
THE WEINSTEIN COMPANY HOLDINGS
LLC, AND HARVEY WEINSTEIN,

                Defendants.

No. 18-CV-5414 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Wedil David brings this action against Defendants Harvey Weinstein, The Weinstein Company LLC, and The Weinstein Company Holdings, asserting claims related to two alleged incidents of sexual assault by Harvey Weinstein. Now before the Court are Harvey Weinstein's objections to Magistrate Judge Fox's February 12, 2020 and May 8, 2020 orders, which directed Weinstein to respond to Plaintiff's first set of discovery requests without the ability to assert objections. For the reasons that follow, Judge Fox's orders are affirmed and Weinstein's objections are overruled.

## BACKGROUND

The Court assumes familiarity with the factual allegations and procedural history of this case, which have been described in its prior opinions. *See, e.g.*, Dkts. 142, 198. The Court therefore only includes those facts necessary to address the instant objections.

Since the inception of this case, Weinstein has sought several stays—of both discovery and the entire action—all of which have been denied to date. *See* Dkts. 86, 184, 189, 203. On November 14, 2018, for instance, Weinstein moved to stay this action pending his criminal trial.

*See* Dkt. 86. This Court denied that motion as "overly broad," but noted that if Weinstein were to "identify particular aspects of the instant action . . . that he believes will unduly burden the exercise of his Fifth Amendment rights," the Court would "then determine whether to stay [those] aspects of the litigation." *See* Dkt. 134.

On September 10, 2019, Plaintiff requested that this Court "conduct a Rule 16(b) scheduling conference and order the parties . . . to confer and submit a Rule 26(f) discovery plan in advance of the scheduling conference." Dkt. 178. On September 16, 2019, this action was referred to Magistrate Judge Fox for general pretrial purposes. *See* Dkt. 181. On October 18, 2019, Weinstein objected to Plaintiff's request for a Rule 26(f) conference because, he claimed, "a substantive meet and confer is [] premature" as the "interests of judicial efficiency . . . will be better served by commencing discovery once [his and Robert Weinstein's] motions [to dismiss]"––which were pending at the time—"are decided and it is determined what parties and claims will be in this case." Dkt. 184. Judge Fox nonetheless ordered the parties to participate in a Rule 26(f) conference. *See* Dkt. 187. The parties subsequently did so, but were unable to agree to a proposed discovery schedule. *See* Dkts. 188, 189. Plaintiff, on one hand, requested that discovery "proceed without restriction or the need for a court conference." Dkt. 188. Weinstein, on the other, requested that discovery be stayed from December 1, 2019 to April 1, 2020 in light of his upcoming criminal trial in state court, which was scheduled to begin on January 6, 2020. *See* Dkt. 189. On November 14, 2019, Judge Fox denied Weinstein's letter motion to stay discovery pending his criminal trial, and adopted Plaintiff's proposed scheduling order. *See* Dkts. 192, 193. Weinstein subsequently retained new counsel. *See* Dkts. 194, 195.

On December 23, 2019, Plaintiff served her first set of discovery demands—document requests and interrogatories—on Weinstein. *See* Pl. Opp'n at 3. Plaintiff sent these demands via

2

email and mail to Weinstein's new counsel at Nesenoff & Miltenberg, LLP. *See id.* Weinstein failed to respond to Plaintiff's discovery requests in the requisite time period, however, and did not respond to her counsel's request for an explanation. *See* Dkt. 200 Ex. A.

In advance of a February 4, 2020 status conference before Judge Fox, which had been previously scheduled, Plaintiff filed a letter arguing that "Weinstein [was] refusing to cooperate in discovery . . . even after multiple attempts to stay this action were denied," and requesting that Judge Fox "order Defendant Weinstein to fully respond to Plaintiff's discovery requests without asserting objections." *See* Dkt. 200. The February 4th conference was then held as scheduled, but Weinstein's counsel failed to appear. *See* Pl. Opp'n at 4.

On February 7, 2020, Weinstein's then-counsel—Philip Byler from Nesenoff & Miltenberg, LLP—filed a letter apologizing for missing the February 4th conference and explaining that "[a]lthough [his] office filed a Substitution of Counsel for Mr. Weinstein on November 26, 2019, [his] office was not added to the docket for e-filing notices," and neither he nor his law firm "received notice of the [February 4th] teleconference." *See* Dkt. 203 at 1. Byler maintained that if he had "known of the teleconference, of course [he] would have been on the call." *See id.* As to Plaintiff's discovery requests, Byler explained that he "first learned of Plaintiff's interrogatories and document requests on Wednesday, February 5, 2020," even though he recognized that "the requests were served on December 23, 2019." *See id.* He stated that he could "only speculate" that Plaintiff's discovery requests were "overlooked" given "the Holiday season" and "the press of certain work after Christmas upon [his] return to office." *See id.* According to Byler, the subsequent deficiency letter served on Weinstein's counsel was sent on Friday, January 31, 2020 "to Andrew Miltenberg and Diana Warshow, but not to [Byler]," and Miltenberg and Warshow were "out of the office that Friday and the following Monday." *See id.*

3

Byler asserted that "Weinstein did not and does not intend to ignore discovery in this matter," and that, to the contrary, Weinstein "intends to respond to the interrogatories and document requests," but needs more time to do so. *See id.* at 1-2. In his February 7th letter, Weinstein's counsel also renewed his request for a stay of discovery pending the conclusion of the state court criminal trial, *see id.* at 2, which Plaintiff opposed, *see* Dkt. 204.

On February 12, 2020, Judge Fox issued an order directing Weinstein to, no later than February 20th, "respond to the plaintiff's First Set of Document Requests and Interrogatories without asserting objections, as objections have been waived perforce of his unjustified failure to respond to the plaintiff's discovery demands timely." *See* Dkt. 205 ("February Order"). Judge Fox also denied Weinstein's request for a stay, as it "rehashe[d] arguments that have been rejected previously." *See id.* Shortly thereafter, on February 21, 2020, Weinstein served his responses to Plaintiff's document requests without asserting any objections. *See* Pl. Opp'n at 5. One week later, Weinstein requested, and was granted, an extension to respond to the interrogatories. *See* Dkts. 211, 216. Judge Fox subsequently extended this deadline to May 15, 2020. *See* Dkt. 220.

On March 3, 2020, Weinstein filed another substitution of counsel, as he had retained new counsel—his current counsel—from Aidala, Bertuna & Kamins, PC. *See* Dkts. 214, 215. Over two months later, on May 7, 2020, Weinstein's current counsel filed a letter seeking reconsideration and/or clarification of the February Order. *See* Dkt. 223. Plaintiff opposed this request. *See* Dkt. 224. During a telephonic conference with the parties on May 8th, Judge Fox orally denied Weinstein's request for reconsideration and/or clarification. *See* Dkt. 222 ("May Order").[1]

---

[1] Dkt. 222 refers to Judge Fox's order scheduling the May 8th conference as Judge Fox did not issue a separate order denying the reconsideration request, and no transcript of the May 8th conference appears on the docket. *See also* Pl. Opp'n at 5-6; Def. Obj. at 4.

4

Weinstein filed the instant Rule 72(a) objections to the February and May Orders on May 15, 2020.  *See* Dkt. 228.  Plaintiff filed her opposition on May 29, 2020, *see* Dkt. 232, and on June 11, 2020, she filed a letter indicating that, according to his attorneys, Weinstein did not intend to file a reply brief, *see* Dkt. 235.

## LEGAL STANDARD

A district court may designate a magistrate judge to "hear and determine any pretrial matter pending before the court."  28 U.S.C. § 636(b)(1)(A).  With respect to non-dispositive matters, such as the discovery orders at issue here, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also Goonewardena v. N.Y. Workers Comp. Bd.*, No. 09-CV-8244 (RA), 2015 WL 3404078, at *1 (S.D.N.Y. May 27, 2015) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation.") (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).  A magistrate judge's order is "clearly erroneous" if the district court "is left with the definite and firm conviction that a mistake has been committed."  *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).  An order is "contrary to law" when it "fail[s] to apply or misapplies relevant statutes, case law or rules of procedure."  *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016) (citation omitted).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference."  *Roth v. United States*, No. 09-CV-8712 (GBD) (LMS), 2011 WL 2947004, at *1 (S.D.N.Y. July 19, 2011).  The standard of review is a "highly deferential" one, such that "magistrate judges are afforded broad discretion in resolving nondispositive disputes and

5

reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (quoting *Thai Lao Lignite*, 924 F. Supp. 2d at 511). Thus, "[t]he party seeking to overturn a magistrate judge's decision [] carries a heavy burden." *State Farm*, 2016 WL 4530890, at *1 (quoting *Thai Lao Lignite*, 924 F. Supp. 2d at 512). Moreover, Rule 72(a) is clear that a party's objections to a magistrate judge's order on a non-dispositive matter must be filed within 14 days after that party is served with a copy of the order and "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

## DISCUSSION

### I. Weinstein's Objections to the February Order

#### A. Weinstein's Objections are Untimely

As a preliminary matter, the Second Circuit and courts within this Circuit have routinely held that failure to file objections to a magistrate judge's order in a timely manner operates as a waiver of such objections. *See, e.g.*, *O'Neal v. Spota*, 744 F. App'x 35, 37 (2d Cir. 2018) (holding that plaintiff's failure to file objections within fourteen days precluded Second Circuit's review of magistrate judge's report and recommendation) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *Rienzi & Sons, Inc. v. Puglisi*, 638 F. App'x 87, 92 (2d Cir. 2016) (declining to consider merits of plaintiff's claim that magistrate judge abused her discretion because plaintiff failed to object in the district court); *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930 (RMB) (THK), 2002 WL 1628802, at *1 (finding that plaintiff waived objections to magistrate judge's discovery order because such objections were filed three weeks late) (citations omitted); *see also* Fed. R. Civ. P. 72(a) Advisory Committee Notes to 1991 Amendment ("This amendment is . . . intended to assure that objections to [a] magistrate's orders that are not timely made shall not be considered.").

Weinstein did not file objections to the February Order until May 15, 2020—almost three months after they were due. *See* Dkt. 228. Indeed, Weinstein acknowledges his delay in objecting to the February Order, but argues that this Court should nonetheless review Judge Fox's order "*sua sponte*." *See* Def. Obj. at 5. This Court declines to do so. Because a party waives its objections to a magistrate judge's non-dispositive order when they are not timely filed, *see Dubai Islamic Bank*, 2002 WL 1628802, at *1, and Weinstein's objections were indisputably filed well after the 14-day period, his objections to the February Order are untimely and may be overruled for this reason alone. *See Small v. Secretary of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("We have adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

### B. The February Order is Not Clearly Erroneous or Contrary to Law

Even if Weinstein's objections to the February Order had been timely filed, they would fail nonetheless. The Court cannot conclude that the February Order—which is "afforded substantial deference," *Roth*, 2011 WL 2947004, at *1—was clearly erroneous or contrary to law.

Federal Rules of Civil Procedure 33 and 34 govern the production and exchange of written discovery in civil cases. As to interrogatories, Fed. R. Civ. P. 33(b)(2) provides that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." As to document requests, Fed. R. Civ. P. 34(b)(2)(A) similarly states that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Courts in this Circuit have noted that a party's failure to timely respond to discovery requests may constitute a waiver of objections to those requests. *See, e.g., Gropper v. David Ellis Real Estate, L.P.*, No. 13 Civ. 2068 (ALC) (JCF), 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014) ("Rules 33(b) and 34 of the Federal Rules of Civil Procedure require responses within 30

7

days of service of interrogatories or document requests, and a party who fails to comply with that obligation may be deemed to have forfeited any objections."); *Labarbera v. Absolute Trucking, Inc.*, No. 08-CV-4581 (DRH) (AKT), 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available").

Weinstein argues that "only flagrant disregard will result in waiver" of objections to discovery requests, and that "absent such flagrance, a party may maintain objections despite [a] late response." *See* Def. Obj. at 6. Contrary to Weinstein's suggestion, however, courts in this Circuit have concluded that a party's failure to timely respond and/or object to discovery requests is sufficient, without more, to find that the party has waived his or her discovery objections. *See, e.g.*, *Labarbera*, 2009 WL 2496463, at *2 (concluding that, because "Defendant did not serve its responses within the permissible time period," Defendant has "fail[ed] to comply with Rule 34(a)" and thus "waived its right to object to Plaintiffs' Discovery Requests"). Moreover, Weinstein has failed to explain why the February Order was clearly erroneous or contrary to law. *See Kamden-Ouaffo v. Balchem Corp.*, No. 17-CV-2810 (PMH), 2020 WL 2319167, at *2 (S.D.N.Y. May 11, 2020) (deferring to the magistrate judge's decision in light of the fact that plaintiff "points to no case law . . . which indicate[s] that [the magistrate judge's] decision is 'clearly erroneous or is contrary to law'"). Weinstein's objections to the February Order are thus overruled.

## II. Weinstein's Objections to the May Order

Weinstein also objects to the May Order, in which Judge Fox verbally denied his request to reconsider or clarify the February Order. *See* Def. Obj. at 7. To the extent that it was even procedurally proper for Weinstein to file a motion for reconsideration with the magistrate judge —as opposed to directly appealing the underlying order to the district court pursuant to Rule

8

72(a)—Judge Fox's decision to deny that motion for reconsideration was neither clearly erroneous nor contrary to law.[2] At a minimum, Weinstein's motion for reconsideration was plainly untimely under Local Civil Rule 6.3, which provides that "a notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen [] days after the entry of the Court's determination of the original motion." *See also Jackson v. Killian*, No. 08 Civ. 4386 (SAS), 2010 WL 2103646, at *1 (S.D.N.Y. May 25, 2010) (dismissing a motion for reconsideration as untimely because it was filed "nearly six months after the expiration of the fourteen-day period specified in Local Civil Rule 6.3"). Thus, his objections to the May Order are overruled as well.

## CONCLUSION

For the foregoing reasons, Weinstein's Rule 72(a) objections are overruled.

SO ORDERED.

Dated: July 17, 2020
New York, New York

Ronnie Abrams
United States District Judge

---

[2] Some courts have held that a motion for reconsideration filed directly with the magistrate judge is "procedurally defective." *See, e.g.*, *Mestecky v. N.Y.C. Dep't of Educ.*, No. 13-CV-4302 (CBA) (VMS), 2016 WL 7217637, at *2 (E.D.N.Y. Dec. 12, 2016) (noting that "district courts in this Circuit have repeatedly held that a motion for reconsideration of a magistrate judge's ruling on a non-dispositive matter is not permitted") (collecting cases); *McNamee v. Clemens*, No. 09-CV-1647 (SJ) (CLP), 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014) (explaining that defendant's motion for reconsideration filed directly with the magistrate judge was "procedurally improper" and that the "proper procedural route would have been to timely contest the initial . . . non-dispositive order . . . through Rule 72(a)"); *Koehler v. Bank of Bermuda Ltd.*, No. M18-302, 2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003) ("Unlike motions for reconsideration of district judges' orders, provided for by Local Civil Rule 6.3[], there is no provision in the governing statute or the rules of procedure for motions for reconsideration to be made to magistrate judges. On the contrary: the plain wording of [28 U.S.C. § 636(b)(1)(A)] and [Fed. R. Civ. P. 72(a)] requires that objections to a magistrate judge's nondispositive order be timely made to the district judge assigned to the case.").