THE LAW OFFICE OF

# Kevin Mintzer, P.C.

1350 BROADWAY, SUITE 2220
NEW YORK, NEW YORK 10018

Kevin Mintzer

Tel: 646-843-8180
km@mintzerfirm.com

September 21, 2020

**VIA ECF**
Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    David v. The Weinstein Co. LLC, et al., No. 18-cv-05414 (RA)(KNF)

Dear Judge Fox:

      We represent Plaintiff Wedil David. We write to request a six-month extension of the fact and expert discovery deadlines in this matter, which are currently September 30, 2020 and October 30, 2020, respectively. This would be the second extension of these deadlines. The Court granted the parties' previous extension request on March 18, 2020. Dkt. No. 218. Counsel for Defendants Harvey Weinstein and The Weinstein Companies ("TWC") have consented to this request.

      The basis for this request is that on September 1, 2020, TWC and affiliated entities filed the Debtors' First Amended Plan of Liquidation (the "Plan") in the Bankruptcy Court for the District of Delaware. *In re Weinstein Company Holdings*, Case No. 18-10601, Dkt. No. 2952 (Bankr. D. Del. Sept. 1, 2020). The Plan, if approved by the Bankruptcy Court, includes a channeling injunction that would mandatorily channel Plaintiff's claims in this action against TWC as well as Plaintiff's dismissed claims against the former directors of TWC into a Sexual Misconduct Claims Fund. Plaintiff would then be required to seek an award from that Fund to be determined by a Claims Fund Administrator, in full resolution of her claims against TWC and the former directors. Once the Claims Fund Administrator determined Plaintiff's award from the Fund, under the Plan, Plaintiff would have two options: 1) accept the full award, in which case *all* of her claims would be resolved, including those claims against Harvey Weinstein; or 2) accept 25% of the award and continue to pursue her claims against Harvey Weinstein *only*.

      Plaintiff opposes the Plan on multiple grounds and intends to object to its confirmation before the Bankruptcy Court. Nevertheless, the Plan is apparently supported by the Debtors, the Unsecured Creditors Committee, and other stakeholders in the TWC bankruptcy. It is thus possible that the Plan will be confirmed over Plaintiff's objection. If so, given what we have described above, such an event would resolve most, and possibly all, of Plaintiff's claims in this action. Plaintiff would at most be permitted to pursue her claims against Harvey Weinstein, and only then if she was willing to forgo 75% of her award.

Hon. Kevin N. Fox
September 21, 2020
Page 2

Plaintiff has nearly completed document discovery from Defendants, including a substantial ESI production from TWC per the protocol that the Court approved. However, it is not in the interest of Plaintiff or any of the parties to incur the significant costs of depositions, including a deposition of an incarcerated Harvey Weinstein or TWC officers and directors, without knowing if the Plan will be confirmed. Based on the timeline of the bankruptcy process as we understand it, the Bankruptcy Court will likely render a decision on Plan confirmation by the end of 2020. If the Plan is not confirmed and Plaintiff is thus permitted to continue litigating her claims against all Defendants, our proposed discovery schedule will allow the parties approximately three months to complete the necessary depositions.

Accordingly, we respectfully request that the Court extend the fact discovery deadline until March 30, 2021 and the expert discovery deadline until April 30, 2021. No other existing deadlines would be affected by this request, and as noted above, Defendants have consented to this extension.

We thank the Court for its consideration and are available to answer any questions concerning this request.

Respectfully submitted,

Kevin Mintzer

cc:   All Counsel of Record (*via* ECF)